| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Michael D. Sirota, Esq.<br>msirota@coleschotz.com<br>Felice R. Yudkin, Esq.<br>fyudkin@coleschotz.com<br>Rebecca W. Hollander, Esq.<br>rhollander@coleschotz.com<br><br>*Proposed Counsel to Debtors* | **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>(212) 446-4900 Facsimile<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>joshua.sussberg@kirkland.com<br>Christopher T. Greco, P.C. (*pro hac vice* pending)<br>christopher.greco@kirkland.com<br>Rachael M. Bentley (*pro hac vice* pending)<br>rachael.bentley@kirkland.com<br><br>*-and-*<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>(312) 862-2000<br>(312) 862-2200 Facsimile<br>Alexandra Schwarzman, P.C. (*pro hac vice* pending)<br>alexandra.schwarzman@kirkland.com<br><br>*Proposed Counsel to Debtors* |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |
| In re:<br><br>DBI MIDCO, INC.<br><br>                        Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |
| In re:<br><br>BLUEPRINT REGISTRY, LLC,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |

65783/0001-44873367

| In re: | Chapter 11 |
|---|---|
| DBI INVESTORS, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| DBI HOLDCO II, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| DAVID'S BRIDAL CANADA, INC., | Case No. 23-_____ (___) |
| Debtor. | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES AND
(II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of David's Bridal, LLC (the "Lead Case") and that the cases be administered under a consolidated caption, as follows:

---

[1] A detailed description of the Debtors, their business, and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of James Marcum, Chief Executive Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

65783/0001-44873367

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-_____ (___) |
| Debtors.[1] | (Jointly Administered) |

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (defined below).

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than David's Bridal, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: David's Bridal, LLC, Case No. 23-[●](●); DBI Midco, Inc., Case No. 23-[●](●); DBI Investors, Inc., Case No. 23-[●](●); DBI Holdco II, Inc., Case No. 23-[●](●); David's Bridal Canada, Inc., Case No. 23-[●](●); and Blueprint Registry, LLC, Case No. 23-[●](●). The docket in Case No. 23-[●] (●) should be consulted for all matters affecting these cases.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

7. As set forth in the First Day Declaration, the Debtors are international bridal and special occasion retailers. The Debtors sell a broad assortment of bridal gowns, bridesmaid dresses, special occasion dresses and accessories. As of the date hereof, the Debtors and their non-debtor subsidiaries operate 294 stores across the United States, Canada, and United Kingdom and franchise 8 stores in Mexico. The Debtors are headquartered in Conshohocken, Pennsylvania and currently employ approximately 10,000 employees.

8. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The six (6) Debtor entities

4

that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Block Fi, Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2022) (directing joint administration of chapter 11 cases); *In re Nat'l Realty Inv. Advisors, LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (same); *In re Alliant Tech., L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Dec. 23, 2021) (same); *In re Christopher & Banks Corp.*, No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021) (same); *In re RTW Retailwinds, Inc.*, No. 20-18445 (JKS) (Bankr. D.N.J. July 15, 2020) (same); *In re Modell's Sporting Goods, Inc.*, No. 20-14179 (VFP) (Bankr. D.N.J. Mar. 16, 2020) (same).[2]

11. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; rather, parties in interest will benefit from (a) the cost reductions associated with the joint administration of these chapter 11 cases, and (b) ease of reference to the Lead Case throughout the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

13. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## Waiver of Memorandum of Law

14. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Rules because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other court.

## Notice

16. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Matthew Furlong, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Alan Brody, Esq.; (d) counsel for

1903P Loan Agent, LLC, in its capacity as First In Last Out Agent, (i) Riemer & Braunstein LLP, Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and (ii) Lowenstein Sandler LLP, Kenneth A. Rosen, Esq.; (e) counsel for CPPIB Credit Investments III Inc. and its affiliates and managed accounts, in their capacity as lenders under the Prepetition Senior Superpriority Term Loan Agreement, Weil, Gotshal & Manges LLP, Matt Barr, Esq., Matthew P. Goren, Esq. and F. Gavin Andrews, Esq.; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the offices of the attorneys general for the states in which the Debtors operate; (i) the National Association of Attorneys General; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein.

DATED: April 17, 2023

Respectfully submitted,

**COLE SCHOTZ P.C.**

By: */s/Michael D. Sirota*
    Michael D. Sirota, Esq.
    Felice R. Yudkin, Esq.
    Rebecca W. Hollander, Esq.
    Court Plaza North
    25 Main Street
    Hackensack, NJ 07601
    (201) 489-3000
    (201) 489-1536 Facsimile
    Email: msirota@coleschotz.com
        fyudkin@coleschotz.com
        rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
    Joshua A. Sussberg, P.C. (*pro hac vice* pending)
    Christopher T. Greco, P.C. (*pro hac vice* pending)
    Rachael M. Bentley (*pro hac vice* pending)
    601 Lexington Avenue
    New York, New York 10022
    (212) 446-4800
    (212) 446-4900 Facsimile
    Email: joshua.sussberg@kirkland.com
        christopher.greco@kirkland.com
        rachael.bentley@kirkland.com

*-and-*

    Alexandra Schwarzman, P.C. (*pro hac vice* pending)
    300 North LaSalle Street
    Chicago, Illinois 60654
    (312) 862-2000
    (312) 862-2200 Facsimile
    Email: alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

8

# EXHIBIT A

## Proposed Order

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**COLE SCHOTZ P.C.**<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Michael D. Sirota, Esq.<br>msirota@coleschotz.com<br>Felice R. Yudkin, Esq.<br>fyudkin@coleschotz.com<br>Rebecca W. Hollander, Esq.<br>rhollander@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>(212) 446-4900 Facsimile<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>joshua.sussberg@kirkland.com<br>Christopher T. Greco, P.C. (*pro hac vice* pending)<br>christopher.greco@kirkland.com<br>Rachael M. Bentley (*pro hac vice* pending)<br>rachael.bentley@kirkland.com<br>-*and*-<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>(312) 862-2000<br>(312) 862-2200 Facsimile<br>Alexandra Schwarzman, P.C. (*pro hac vice* pending)<br>alexandra.schwarzman@kirkland.com<br><br>*Proposed Counsel to Debtors* |

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. Case No. 23-_____ (___)<br><br>Judge: _____<br><br>(Joint Administration Requested) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI

65783/0001-44873367

Page (2)
Debtor:           DAVID'S BRIDAL, LLC, *et al.*
Case No.:         23-_____ (_____)
Caption of Order: ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11
                  CASES AND (II) GRANTING RELATED RELIEF

# ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through six (6), is hereby ORDERED.

---

Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335).  The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

65783/0001-44873367

| | |
|---|---|
| Page (3) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to direct the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Page (4)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-_____ (_____)
Caption of Order:  ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11
                   CASES AND (II) GRANTING RELATED RELIEF

1. The Motion is **GRANTED** as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-[●] (●).

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

4. All pleadings, papers, and documents shall be filed in the Lead Case shall bear the caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.*, | Case No. 23-_____ (___) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

| | |
|---|---|
| Page (5) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF |

6. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than David's Bridal, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: David's Bridal, LLC, Case No. 23-[●](●); DBI Midco, Inc., Case No. 23-[●](●); DBI Investors, Inc., Case No. 23-[●] (●); DBI Holdco II, Inc., Case No. 23-[●](●); David's Bridal Canada, Inc., Case No. 23-[●] (●); and Blueprint Registry, LLC, Case No. 23-[●](●). The docket in Case No. 23-[●] (●) should be consulted for all matters affecting these cases.

7. All lists, schedules, and statements shall be filed and docketed in the specific Debtor's case to which they are applicable.

8. The Debtors shall file individual monthly operating reports for each Debtor and such reports shall be docketed in the Lead Case.

9. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

10. If pleadings, papers, or documents have been filed in any of the above-captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) refile the pleading, paper, or document in the Lead Case within three (3) business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties.

| | |
|---|---|
| Page (6) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF |

11.    The Clerk shall file a copy of this order in the Lead Case and each of the affiliated Debtor cases.

12.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

14.    This Order shall be effective immediately upon entry.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.    Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

17.    A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

18.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

65783/0001-44873367