| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Court Plaza North | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 25 Main Street | 601 Lexington Avenue |
| P.O. Box 800 | New York, New York 10022 |
| Hackensack, New Jersey 07602-0800 | (212) 446-4800 |
| (201) 489-3000 | (212) 446-4900 Facsimile |
| (201) 489-1536 Facsimile | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Michael D. Sirota, Esq. | joshua.sussberg@kirkland.com |
| msirota@coleschotz.com | Christopher T. Greco, P.C. (*pro hac vice* pending) |
| Felice R. Yudkin, Esq. | christopher.greco@kirkland.com |
| fyudkin@coleschotz.com | Rachael M. Bentley (*pro hac vice* pending) |
| Rebecca W. Hollander, Esq. | rachael.bentley@kirkland.com |
| rhollander@coleschotz.com | |
| | *-and-* |
| *Proposed Counsel to Debtors* | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | (312) 862-2000 |
| | (312) 862-2200 Facsimile |
| | Alexandra Schwarzman, P.C. (*pro hac vice* pending) |
| | alexandra.schwarzman@kirkland.com |
| | |
| | *Proposed Counsel to Debtors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

65783/0001-45026829

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) AUTHORIZING DAVID'S BRIDAL, LLC TO ACT AS FOREIGN
REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing David's Bridal, LLC ("David's Bridal") to act as the Foreign Representative (as defined herein) on behalf of the Debtors' estates in the Canadian Proceeding (as defined herein) and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the Debtors, their business, and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of James Marcum, Chief Executive Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

65783/0001-45026829

4. The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Appointment of Foreign Representative**

5. David's Bridal Canada, Inc. (the "Canadian Entity") is a wholly-owned subsidiary of David's Bridal. The Debtors' Canadian operations are primarily run through the Canadian Entity.

6. David's Bridal, as the proposed Foreign Representative (as defined herein), will shortly seek ancillary relief in Canada on behalf of the Debtors' estates in a court of proper jurisdiction in Ontario, Canada (the "Canadian Court") pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 (as amended, the "CCAA"). The purpose of the ancillary proceeding (the "Canadian Proceeding") is to request that the Canadian Court recognize the Debtors' chapter 11 cases as "foreign main proceedings" under the applicable provisions of the CCAA to, among other things, protect the Debtors' assets and operations in Canada.

7. To commence the Canadian Proceeding, the Debtors require authority for a Debtor entity to act as the "foreign representative"[3] on behalf of the Debtors' estates (the "Foreign Representative"). Therefore, the Debtors request authority to appoint David's Bridal as such Foreign Representative.

8. More specifically, section 46 of the CCAA provides in part:

---

[3] A "foreign representative" is defined in section 45(1) of the CCAA to mean "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor company, to

(a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or
(b) act as a representative in respect of the foreign proceeding."

Document    Page 4 of 14

    a.    **Application for recognition of a foreign proceeding.** — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.

    b.    **Documents that must accompany application.** — . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . .

CCAA, R.S.C., Ch. C-36, § 46 (1985) (Can.).

9.    Accordingly, for David's Bridal to seek recognition as the Foreign Representative in the Canadian Proceeding, and thereby apply to have the Debtors' chapter 11 cases recognized by the Canadian Court, this Court must enter an order authorizing David's Bridal to act as the Foreign Representative in the Canadian Proceeding. If the order is granted, David's Bridal will be able to file the order with the Canadian Court as the instrument authorizing David's Bridal to act as the Foreign Representative pursuant to section 46 of the CCAA.[4]

## Basis for Relief

10.    Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. Further, section 1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

---

[4] To the extent the Court requires, the Debtors consent to the use of the "Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters" issued by the Judicial Insolvency Network and available online at www.jin-global.org (the "JIN Guidelines").

65783/0001-45026829

11. The Debtors respectfully submit that sections 1505 and 1107 of the Bankruptcy Code confer upon David's Bridal, as a debtor in possession, sufficient rights, powers, and duties to act as a Foreign Representative of the Debtors' estates in the Canadian Proceeding. To avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, explicitly authorizing David's Bridal to act as the Foreign Representative of the Debtors' estates in the Canadian Proceeding.

12. Authorizing David's Bridal to act as the Foreign Representative on behalf of the Debtors' estates in the Canadian Proceeding will allow for coordination between these chapter 11 cases and the Canadian Proceeding, and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. Indeed, courts across various jurisdictions have granted relief similar to that requested herein in other large chapter 11 cases where a debtor has foreign assets or operations requiring a recognition proceeding. *See, e.g.*, *In re Armstrong Flooring, Inc., et al.,* Case No. 22-10426 (MFW) (Bankr. D. Del. May 11, 2022); *In re Grupo Aeromexico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. July 1, 2020); *In re Skillsoft Corporation, et al.*, Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020); *In re LATAM Airlines Grp. S.A., et al.*, Case No. 20-11254 (JLG) (Bankr. May 28, 2020); *In re Imerys Talc America, Inc., et al.*, Case No. 19-10289 (LSS) (Bankr. D. Del. February 14, 2019). Accordingly, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### The Requirements of Bankruptcy Rule 6003 are Satisfied

13. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and

irreparable harm." Here, the immediate relief is necessary because the appointment of the Foreign Representative is a necessary precondition to the Debtors' commencement of the Canadian Proceeding, pursuant to which the Foreign Representative, on behalf of the Debtors, will seek, among other things, the Canadian Court's granting of a stay of proceedings to protect the Debtors' assets and operations there. The Debtors believe an immediate and orderly transition into chapter 11 (along with commencement of the Canadian Proceeding) is critical to the success of these chapter 11 cases and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Waiver of Memorandum of Law

14. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Notice

15. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Matthew Furlong, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Alan Brody, Esq.; (d) counsel for 1903P Loan Agent, LLC, in its capacity as First In Last Out Agent, (i) Riemer & Braunstein LLP, Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and (ii) Lowenstein Sandler LLP, Kenneth

A. Rosen, Esq.; (e) counsel for CPPIB Credit Investments III Inc. and its affiliates and managed accounts, in their capacity as lenders under the Prepetition Senior Superpriority Term Loan Agreement, Weil, Gotshal & Manges LLP, Matt Barr, Esq., Matthew P. Goren, Esq. and F. Gavin Andrews, Esq.; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the offices of the attorneys general for the states in which the Debtors operate; (i) the National Association of Attorneys General; (j) the Securities Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** and respectively, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

*[Remainder of page intentionally left blank]*

DATED: April 17, 2023            Respectfully submitted,

**COLE SCHOTZ P.C.**

By:    */s/Michael D. Sirota*
       Michael D. Sirota, Esq.
       Felice R. Yudkin, Esq.
       Rebecca W. Hollander, Esq.
       Court Plaza North
       25 Main Street
       Hackensack, NJ 07601
       (201) 489-3000
       (201) 489-1536 Facsimile
       Email: msirota@coleschotz.com
                fyudkin@coleschotz.com
                rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
       Joshua A. Sussberg, P.C.
       Christopher T. Greco, P.C.
       Rachael M. Bentley
       (*pro hac vice* pending)
       601 Lexington Avenue
       New York, New York 10022
       (212) 446-4800
       (212) 446-4900 Facsimile
       Email: joshua.sussberg@kirkland.com
                christopher.greco@kirkland.com
                rachael.bentley@kirkland.com

*-and-*
       Alexandra Schwarzman, P.C.
       (*pro hac vice* pending)
       300 North LaSalle Street
       Chicago, Illinois 60654
       (312) 862-2000
       (312) 862-2200 Facsimile
       Email: alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

# EXHIBIT A

## Proposed Order

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**COLE SCHOTZ P.C.**<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Michael D. Sirota, Esq.<br>msirota@coleschotz.com<br>Felice R. Yudkin, Esq.<br>fyudkin@coleschotz.com<br>Rebecca W. Hollander, Esq.<br>rhollander@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800<br>(212) 446-4900 Facsimile<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>joshua.sussberg@kirkland.com<br>Christopher T. Greco, P.C. (*pro hac vice* pending)<br>christopher.greco@kirkland.com<br>Rachael M. Bentley (*pro hac vice* pending)<br>rachael.bentley@kirkland.com<br>*-and-*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>(312) 862-2000<br>(312) 862-2200 Facsimile<br>Alexandra Schwarzman, P.C. (*pro hac vice* pending)<br>alexandra.schwarzman@kirkland.com<br><br>*Proposed Counsel to Debtors* |
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.*,<br><br>Debtors.[1] |

Chapter 11

Case No. Case No. 23-_____ (___)

Judge: _____

(Joint Administration Requested)

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI

Page (2)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-_____ (_____)
Caption of Order:    ORDER (I) AUTHORIZING DAVID'S BRIDAL, LLC TO ACT AS FOREIGN REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF

## ORDER (I) AUTHORIZING DAVID'S BRIDAL, LLC TO ACT AS FOREIGN REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF

   The relief set forth on the following pages, numbered three (3) through five (5), is hereby ORDERED.

---

Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335).  The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

2

| | |
|---|---|
| Page (3) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) AUTHORIZING DAVID'S BRIDAL, LLC TO ACT AS FOREIGN REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF |

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing David's Bridal, LLC ("David's Bridal") to act as foreign representative on behalf of the Debtors' estates pursuant to section 1505 of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

65783/0001-45026829

| | |
|---|---|
| Page (4) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____  (_____) |
| Caption of Order: | ORDER (I) AUTHORIZING DAVID'S BRIDAL, LLC TO ACT AS FOREIGN REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF |

1. The Motion is **GRANTED** as set forth herein.

2. David's Bridal is hereby authorized to act as the Foreign Representative on behalf of the Debtors' estates in connection with the Canadian Proceeding. As Foreign Representative, David's Bridal shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including (a) seeking recognition of the Debtors' chapter 11 cases in the Canadian Proceeding, (b) requesting that the Canadian Court lend assistance to this Court in protecting the Debtors' property, and (c) seeking any other appropriate relief from the Canadian Court that David's Bridal deems just and proper in the furtherance of the protection of the Debtors' estates.

3. This Court requests the aid and assistance of the Canadian Court to recognize the Debtors' chapter 11 cases as a "foreign main proceeding" and David's Bridal as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4. For the purposes of communicating with the Canadian Court (should it be necessary), this Court may utilize the JIN Guidelines issued by the Judicial Insolvency Network as this Court determines is just and proper.

5. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

65783/0001-45026829

| | |
|---|---|
| Page (5) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) AUTHORIZING DAVID'S BRIDAL, LLC TO ACT AS FOREIGN REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF |

6. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby satisfied by the contents of the Motion or otherwise waived.

7. The Debtors shall serve by regular mail a copy of this Interim Order and Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after entry of this Order.

8. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

9. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

65783/0001-45026829