**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (*pro hac vice* pending)
christopher.greco@kirkland.com
Rachael M. Bentley (*pro hac vice* pending)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (*pro hac vice* pending)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-_____ (____)<br><br>(Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335)  The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (a) restating and enforcing the worldwide automatic stay,

anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code (as defined

herein), and (b) approving the form and manner of notice related thereto, substantially in the form

attached as **Exhibit 2** to the Order (the "Notice").

2.      The Debtors further seek authority, but not direction, to translate this Motion, the

Order, and/or the Notice into other languages to better inform creditors, governmental units, and

interested parties of the relief requested herein.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

---

[2] A detailed description of the Debtors, their business, and the facts and circumstances supporting these
chapter 11 cases is set forth in the *Declaration of James Marcum, Chief Executive Officer of the Debtors, in Support
of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously
herewith.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day
Declaration.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections are sections 105(a), 362, 365, and 525 of title 11 of the United States Code (the "Bankruptcy Code") and rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

6.      As set forth in the First Day Declaration, the Debtors are international bridal and special occasion retailers.  The Debtors sell a broad assortment of bridal gowns, bridesmaid dresses, special occasion dresses and accessories.  As of the date hereof, the Debtors and their non-debtor subsidiaries operate 294 stores across the United States, Canada, and United Kingdom and franchise 8 stores in Mexico.  The Debtors are headquartered in Conshohocken, Pennsylvania and currently employ approximately 10,000 employees.

7.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Debtors' Global Operations

8.      As more fully described in the First Day Declaration, the Debtors' operations and organizational structure span the globe in three operating segments: (a) the United States, which consists of 8 entities, 6 of which are Debtors in these chapter 11 cases; (b) Canada, which consists of one entity that is a Debtor in these chapter 11 cases; and (c) the United Kingdom, which consists of one entity that is not a Debtor in these chapter 11 cases.  The Debtors are also joint-venture

3

partners in four Hong Kong entities, that own factories in Sri Lanka and China, that are integral to the Debtors' operations.  The global reach of the Debtors' businesses requires partnerships with various third-party vendors and suppliers that provide goods and services necessary to maintain the Debtors' continued operations.  In the ordinary course of business, the Debtors rely on, and incur obligations to, suppliers of goods and/or services and other creditors that are based outside the United States.  These goods and services are highly specialized and vital to preserving the value of the Debtors' businesses.

9.    The Debtors rely on certain non-U.S. vendors to continue the uninterrupted flow of merchandise (the "<u>Merchandise</u>") through their supply and distribution network.  Without continued support from their non-U.S. vendors, the Debtors would face severe interruptions to their supply chain.  Importantly, any disruption to the Debtors' supply chain could result in a significant loss of operational efficiency, decreasing the value of their businesses and impairing stakeholder value at the outset of these chapter 11 cases.

10.    Many of the Debtors' foreign suppliers lack meaningful, if any, relationships with the United States.  Non-U.S. creditors and contract counterparties may be unfamiliar with the chapter 11 process, the scope of a debtor in possession's authority to operate its business, and/or the importance and implications of the automatic stay.  Certain of the Debtors' non-U.S. creditors—and others—may attempt to seize assets located outside of the United States or take other actions violating the automatic stay to the detriment of the Debtors, their estates, and creditors.  By this Motion, the Debtors seek to better inform non-U.S. creditors of the automatic stay and other protections of the Bankruptcy Code, thereby deterring adverse action.

11.    Finally, the Debtors are party to certain leases and executory contracts, including master service agreements, equipment lease agreements, and marketing and advertising

4

agreements.  Non-U.S. counterparties thereto could attempt to terminate such leases or contracts

upon the commencement of these chapter 11 cases pursuant to *ipso facto* provisions, violating

sections 362 and 365 of the Bankruptcy Code.  Similarly, governmental units outside the United

States may attempt to deny, suspend, terminate, or otherwise place conditions upon certain

licenses, permits, charters, or other similar grants held by a chapter 11 debtor and required for the

Debtors' ongoing business operations, violating section 525 of the Bankruptcy Code.

12.    The Debtors seek the relief requested herein out of an abundance of caution and to

assist them in most effectively informing non-U.S. creditors of the broad protections offered by

the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge

the rights afforded to them under the Bankruptcy Code with this Motion.  Instead, the Debtors seek

to affirm those rights and believe that an order from this Court will help protect the Debtors against

improper actions taken by, and provide clarity for, non-U.S. parties in interest.

### Basis for Relief

**I.**    **Relief Should Be Granted Hereunder to Most Effectively Enforce the Automatic Stay, the Anti-Discrimination Provisions, and the *Ipso Facto* Protections of the Bankruptcy Code.**

13.    As a result of the commencement of these chapter 11 cases, and by operation of

section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other

things, taking any action to obtain possession of property of the estate or to exercise control over

property of the estate.  *See* 11 U.S.C. § 362(a)(3).  The injunction contained in section 362 of

the Bankruptcy Code is a core protection for debtors, providing them with a "breathing spell from

[their] creditors" that is essential to the Debtors' ability to reorganize successfully.  *See In re Univ.

Med. Ctr.,* 973 F.2d 1065, 1074 (3d Cir. 1992).

14.    Given its fundamental importance to a debtor's reorganization, courts broadly

construe the Bankruptcy Code's automatic stay provisions.  *See, e.g.*, H.R. Rep. No. 95-595, 95th

5

Cong., 1st Sess. 340 (1977); *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The

scope of the automatic stay is undeniably broad."); *In re NextWave Pers. Commc'ns., Inc.,* 244

B.R. 253, 271 (Bankr. S.D.N.Y. 2000).  As such, the automatic stay has been held to preclude

unilateral actions by non-debtor parties to terminate contracts without court order, protecting a

debtor's property and contracts wherever located and whomever held by.  *See, e.g., NLRB v.

Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms

of a contract against a creditor, the creditor is "precluded from . . . enforcing the contract terms"

of an executory contract prior to the assumption by the debtor); *In re Mirant*, 440 F.3d 238, 252–

53 (5th Cir. 2006) (holding that the automatic stay prohibited termination of debtor's contract

without further relief).

15.    Furthermore, automatic stay protections apply regardless of where the property of the

debtor's estate is located outside of the United States.  *See, e.g.*, *In re Nortel Networks, Inc.,* 669

F.3d 128, 138 (3d Cir. 2011) ("Since 1987, United States courts have uniformly upheld the

extraterritorial application of the automatic stay.") (citation omitted); *In re Bernard L. Madoff Inv.

Secs. LLC,* Case No. 08-1789 (BRL), 2012 WL 1570859 (S.D.N.Y. May 4, 2012) (upholding

extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's

lawsuit); *In re Nortel Networks Corp.,* 426 B.R. 84, 90 (Bankr. D. Del. 2010).  The Bankruptcy

Court has authority to fashion appropriate remedies for violations of the automatic stay.  *See, e.g.,*

11 U.S.C. §§ 105(a), 362(k); *see In re C.W. Mining Co.,* 625 F.3d 1240, 1246 (10th Cir. 2010)

(holding that a debtor may pursue remedies regarding a stay violation by contempt motion pursuant

to Bankruptcy Rules 9020 and 9014); *see also In re Meadows,* 396 B.R. 485, 498 (6th Cir. BAP

2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with

attorney fees expressly allowable under § 362(k).")

16.     In addition to the automatic stay, other provisions of the Bankruptcy Code provide important protections to debtors.  Section 525 of the Bankruptcy Code prohibits governmental units from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to a debtor; (b) placing conditions upon such grant to a debtor; or (c) discriminating against a debtor with respect to such grant, solely because the debtor is a debtor under the Bankruptcy Code, may have been insolvent before the commencement of a chapter 11 case, or is insolvent during the pendency of a chapter 11 case. 11 U.S.C. § 525(a); *see also In re Exquisito Servs., Inc.*, 823 F.2d 151, 155 (5th Cir. 1987) ("[T]he impetus behind section 525(a) is to prevent governmental units from frustrating the policies of the Bankruptcy Code by discriminating against persons seeking relief under that Code.").

17.     Additionally, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—thereby invalidating "*ipso facto*" provisions.  Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors.  *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984).   Third parties must continue to perform under executory contracts until they are assumed or rejected.  *See In re Calpine Corp.,* No. 06-10678, 2009 Bankr. LEXIS 1041, at *15 (Bankr. S.D.N.Y. May 7, 2009).

18.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a). Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g., In re LTL Mgmt., LLC,* 638 B.R. 291, 319–22 (Bankr. D.N.J. 2022) (finding preliminary injunction pursuant to section 105(a) that extends

automatic stay to third parties was appropriate); *MacArthur Co. v. Johns-Manville Corp.,* 837 F.2d 89, 93 (2d Cir. 1988); *United States v. Sutton,* 786 F.2d 1305, 1307 (5th Cir. 1986). Such orders are appropriate where, as here, they are essential to a debtor's reorganization efforts and do not burden creditors. *See, e.g., McCartney v. Integra Nat. Bank N.,* 106 F.3d 506, 510 (3d Cir. 1997) (extending stay pursuant to general equitable powers under section 105(a) where stay protection was essential to debtor's efforts to reorganize); *In re Momentum Mfg. Corp.,* 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

19.     The application of the protections afforded a debtor by sections 362, 365, and 525 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. *See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of—[among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."); *id.* § 365(e)(1) ("[A]ny right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because" of an *ipso facto* provision); *id.* § 525(a) ("[A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against [. . .] a person that is or has been a debtor under this title.").

20.     Despite the automatic effect of these provisions, non-U.S. creditors unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States even though the Debtors have filed voluntary petitions. Such unilateral self-help, litigation, or collection actions could adversely affect the Debtors' efficient administration of these chapter

11 cases and result in irreparable harm to the estates and interested parties.[3]  Although the automatic

stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the Petition

Date, the Debtors believe that an order from the Court is necessary and appropriate in light of the

Debtors' global operations to best facilitate creditor compliance with the Bankruptcy Code.

Service of the Notice as set forth herein will advance the efficient administration of these chapter

11 cases in the best interests of the Debtors, their estates, and creditors.

22.     The requested relief will help the Debtors inform non-U.S. creditors and interested

parties of debtor protections that may be unfamiliar to them.  It will help ensure that (a) parties to

unexpired leases and executory contracts with the Debtors continue to perform their duties and

obligations thereunder, (b) creditors are less likely to seize the Debtors' assets or take other actions

violating the automatic stay, and (c) governmental units do not unfairly discriminate or take action

against the Debtors in violation of the Bankruptcy Code.  The requested relief will facilitate the

Debtors' orderly transition into chapter 11 and minimize disruptions to their businesses.[4]

22.     Bankruptcy courts in the Third Circuit and others have entered orders restating and

enforcing the protections set forth in sections 362, 365, and 525 of the Bankruptcy Code under

comparable circumstances.  *See, e.g., In re Voyager Digital Holdings, Inc.,* No. 21-10943 (MEW)

(Bankr. S.D.N.Y. July 7, 2022) [Docket No. 55] (enforcing and restating the provisions of sections

362 and 365 of the Bankruptcy Code); *In re Blockfi, Inc.*, Case No 22-19361 (MBK) (Bankr. D.N.J

Nov. 30, 2022) [Docket No. 56]; *In re EHT US1, Inc.,* Case No. 21-10036 (CSS) (Bankr. D. Del.

Jan. 18, 2021) [Docket No. 53]; *In re Mallinckrodt PLC,* Case No. 20-12522 (JTD) (Bankr. D.

---

[3] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party.  The Debtors expressly reserve the right to contest any claims that may be asserted against the Debtors.

[4] As necessary, the Debtors anticipate translating this Motion, the Order, and/or the Notice into other languages in order to better inform creditors, governmental units, and interested parties of the relief requested herein.

65783/0001-44930371

Del. Oct. 14, 2020) [Docket No. 215]; *In re Skillsoft Corporation,* Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020) [Docket No. 80]; *In re The Hertz Corporation,* No. 20-11218 (MFW) (Bankr. D. Del. May 27, 2020) [Docket No. 184]; *In re Ver Techs. Holdco LLC,* Case No. 18-10834 (KGG) (Bankr. D. Del. May 4, 2018) [Docket No. 230]; *In re True Religion Apparel, Inc.,* No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017) [Docket No. 59].

## **Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

23.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) for the reasons set forth herein.

## **Notice**

24.    The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the District of New Jersey; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Matthew Furlong, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Alan Brody, Esq.; (d) counsel for 1903P Loan Agent, LLC, in its capacity as First In Last Out Agent, (i) Riemer & Braunstein LLP, Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and (ii) Lowenstein Sandler LLP, Kenneth A. Rosen, Esq.; (e) counsel for CPPIB Credit Investments III Inc. and its affiliates and managed accounts, in their capacity as lenders under the Prepetition Senior Superpriority Term Loan Agreement, Weil, Gotshal & Manges LLP, Matt Barr, Esq., Matthew P. Goren, Esq. and F. Gavin Andrews, Esq.; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the offices of the attorneys general for the states in which the Debtors operate; (i) the National Association of Attorneys General; (j) any party that is entitled to notice pursuant to Local Rule

9013-5(c); and (k) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need

be given.

### Waiver of Memorandum of Law

25.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### No Prior Request

26.     No prior request for the relief sought in this Motion has been made to this or any

other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially

in the form attached hereto as **Exhibit A,** granting the relief requested herein and such other and

further relief as the Court deems appropriate.

11

DATED: April 17, 2023        Respectfully submitted,

**COLE SCHOTZ P.C.**

By:    */s/Michael D. Sirota*
      Michael D. Sirota, Esq.
      Felice R. Yudkin, Esq.
      Rebecca W. Hollander, Esq.
      Court Plaza North
      25 Main Street
      Hackensack, NJ 07601
      (201) 489-3000
      (201) 489-1536 Facsimile
      Email: msirota@coleschotz.com
            fyudkin@coleschotz.com
            rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
      Joshua A. Sussberg, P.C. (*pro hac vice* pending)
      Christopher T. Greco, P.C. (*pro hac vice* pending)
      Rachael M. Bentley (*pro hac vice* pending)
      601 Lexington Avenue
      New York, New York 10022
      (212) 446-4800
      (212) 446-4900 Facsimile
      Email: joshua.sussberg@kirkland.com
            christopher.greco@kirkland.com
            rachael.bentley@kirkland.com

*-and-*
      Alexandra Schwarzman, P.C. (*pro hac vice* pending)
      300 North LaSalle Street
      Chicago, Illinois 60654
      (312) 862-2000
      (312) 862-2200 Facsimile
      Email: alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (*pro hac vice* pending)
christopher.greco@kirkland.com
Rachael M. Bentley (*pro hac vice* pending)
rachael.bentley@kirkland.com
-and-
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (*pro hac vice* pending)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. Case No. 23-_____ (___) |
| Debtors. [1] | Judge: _____ |
| | (Joint Administration Requested) |

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335).  The location of debtor

Page (2)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-_____ (_____)
Caption of Order:  ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
                   AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
                   *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND
                   (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY,
ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE
BANKRUPTCY CODE, AND (II) APPROVING THE RELATED FORM
<u>AND MANNER OF NOTICE</u>**

The relief set forth on the following pages, numbered three (3) through eight (8), is hereby ORDERED.

---

David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

Page (3)
Debtor:                    DAVID'S BRIDAL, LLC, *et al.*
Case No.:                  23-_____ (_____)
Caption of Order:          ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
                           AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
                           *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND
                           (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors")[3] for entry of an order (this "Order"), (a) restating and enforcing the

worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of

the Bankruptcy Code and (b) approving the form and manner of notice, all as more fully set forth

in the Motion; and upon the First Day Declarations; and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing

Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for

the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012

(Simandle, C.J.); and this Court having found that this Court may enter a final order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on

the Motion were appropriate and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court; and this Court having determined that the legal and factual bases set forth in the

Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] A complete list of the Debtors in these chapter 11 cases is attached hereto as **Exhibit 1**.

Page (4)
Debtor:                     DAVID'S BRIDAL, LLC, *et al.*
Case No.:                   23-_____ (_____)
Caption of Order:           ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
                            AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
                            *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND
                            (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**:

1.      Subject to section 362 of the Bankruptcy Code, all persons (including individuals,

partnerships, corporations, and other entities and all those acting on their behalf) and governmental

units, whether of the United States, any state or locality therein or any territory or possession

thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality

or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined

from:

      a.      commencing or continuing (including the issuance or employment of
        process) any judicial, administrative, or other action or proceeding against
        the Debtors that was or could have been commenced before the
        commencement of the Debtors' chapter 11 cases or recovering a claim
        against the Debtors that arose before the commencement of the Debtors'
        chapter 11 cases;

      b.      enforcing, against the Debtors or against property of their estates, a
        judgment or order obtained before the commencement of the Debtors'
        chapter 11 cases;

      c.      taking any action, whether inside or outside the United States, to obtain
        possession of property of the Debtors' estates, wherever located, or to
        exercise control over property of the Debtors' estates;

      d.      taking any action to create, perfect, or enforce any lien against the property
        of the Debtors' estates;

| Page (5) | |
| --- | --- |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE |

    e.    taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

    f.    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

    g.    offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

    h.    commencing or continuing any proceeding concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

2.    Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases or (b) commencement of these cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

3.    Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a

Page (6)
Debtor:                     DAVID'S BRIDAL, LLC, *et al.*
Case No.:                   23-_____ (_____)
Caption of Order:           ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
                            AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
                            *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND
                            (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

4.      For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

5.      The form of Notice, attached hereto as **__Exhibit 2__**, is approved.  The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.  The Debtors are further authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in these chapter 11 cases to any foreign party in interest at the Debtors' discretion.

6.      Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

7.      This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

| | |
|---|---|
| Page (7) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-_____ (_____) |
| Caption of Order: | ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE |

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; (f) a waiver of any claims the Debtors or their estates may have against the Rejection Counterparties; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.

10.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated, expired or otherwise no longer an executory contract or unexpired lease.

Page (8)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-_____ (_____)
Caption of Order:    ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
                     AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
                     *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND
                     (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

13.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby satisfied by the contents of the Motion or

otherwise waived.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

15.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion

on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2)

business days after entry of this Order.

16.     Any party may move for modification of this Order in accordance with Local Rule

9013-5(e).

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

## <u>EXHIBIT 1</u>

**List of Debtors**

1.  David's Bridal, LLC

2.  DBI Midco, Inc.

3.  DBI Holdco II, Inc.

4.  DBI Investors, Inc.

5.  Blueprint Registry, LLC

6.  David's Bridal Canada, Inc.

**<u>EXHIBIT 2</u>**

**Form of Notice**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (*pro hac vice* pending)
christopher.greco@kirkland.com
Rachael M. Bentley (*pro hac vice* pending)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (*pro hac vice* pending)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.*, | Case No. 23-_____ (___) |
| Debtors. [1] | (Joint Administration Requested) |

## NOTICE OF ENTRY OF AN ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

**PLEASE TAKE NOTICE** that on April 17, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors' chapter 11 cases are pending before the Honorable ____ ___, United States Bankruptcy Judge, and are being jointly administered under the lead case *David's Bridal, LLC, et al.*, Case No. 23-____ (__).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction that is applicable to all entities and protects the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and* Ipso Facto *Protections of the Bankruptcy Code and (II) Approving the Form and Manner of Notice* (the "Order") [Docket No. [__]], entered on [____], 2023, and attached hereto as **Exhibit A**, all persons (including individuals, partnerships, corporations, and other entities, and all those acting on their

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims that may be asserted against them.

2

behalf) wherever located, persons party to a contract or agreement with the Debtors, and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf) are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

PLEASE TAKE FURTHER NOTICE that a complete list of the Debtors in these chapter 11 cases is attached to the Order as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against, the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing, except as permitted by the Court under applicable law.

65783/0001-44930371

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings that may result in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** nothing in the Order expands, enlarges, or limits the rights afforded to any party under the Bankruptcy Code, nor does the Order modify the rights provided under section 362(b) of the Bankruptcy Code, and all rights of parties in interest to assert that any action is subject, or not subject, to the stay and injunction contemplated by section 362 of the Bankruptcy Code and the Order, including because of the operation of section 362(b) of the Bankruptcy Code, are preserved.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by accessing the Debtors' publicly available website at https://omniagentsolutions.com/DavidsBridal.

DATED: April 17, 2023                    Respectfully submitted,

                                         **COLE SCHOTZ P.C.**

                                         By:_____*/s/Michael D. Sirota*_____
                                                 Michael D. Sirota, Esq.
                                                 Felice R. Yudkin, Esq.
                                                 Rebecca W. Hollander, Esq.
                                                 Court Plaza North
                                                 25 Main Street
                                                 Hackensack, NJ 07601
                                                  (201) 489-3000
                                                  (201) 489-1536 Facsimile
                                                 Email: msirota@coleschotz.com
                                                         fyudkin@coleschotz.com
                                                         rhollander@coleschotz.com

                                         **KIRKLAND & ELLIS LLP**
                                         **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                                 Joshua A. Sussberg, P.C. (*pro hac vice* pending)
                                                 Christopher T. Greco, P.C. (*pro hac vice* pending)
                                                 Rachael M. Bentley (*pro hac vice* pending)
                                                 601 Lexington Avenue
                                                 New York, New York 10022
                                                  (212) 446-4800
                                                  (212) 446-4900 Facsimile
                                                 Email: joshua.sussberg@kirkland.com
                                                         christopher.greco@kirkland.com
                                                         rachael.bentley@kirkland.com
                                         *-and-*
                                                 Alexandra Schwarzman, P.C. (*pro hac vice* pending)
                                                 300 North LaSalle Street
                                                 Chicago, Illinois 60654
                                                  (312) 862-2000
                                                  (312) 862-2200 Facsimile
                                                 Email: alexandra.schwarzman@kirkland.com

                                         *Proposed Counsel to Debtors*

65783/0001-44930371