**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.*, | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER
### 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT
### AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL
### <u>ADVISOR, EFFECTIVE AS OF THE PETITION DATE</u>

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

David's Bridal, LLC and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),[2] hereby file this application (the "**Application**") for entry of an order pursuant to Sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the employment and retention of Berkeley Research Group, LLC ("**BRG**") to serve as financial advisor to the Debtors as of the commencement of these chapter 11 cases in accordance with the proposed order attached hereto as **Exhibit A**. In support of the Application, the Debtors respectfully state as follows:

## JURISDICTION, VENUE AND STATUORY PREDICATES

1.      The United States Bankruptcy Court for the District of New Jersey (this "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of the United States Bankruptcy Court District of New Jersey (the "**Local Rules**").

---

[2] All capitalized terms used but not otherwise defined in this Section shall have the same meanings ascribed to them in the Engagement Letter (defined below).

## BACKGROUND

4.      On April 17, 2023 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5.      These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 69].

6.      Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of James Marcum, Chief Executive Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First-Day Motions* filed on April 17, 2023 [Docket No. 21].

## RELIEF REQUESTED

7.      By this Application, the Debtors seek entry of an order: (a) authorizing the Debtors to retain and employ BRG pursuant to the terms and subject to the conditions set forth in the engagement letter dated February 20, 2023, a copy of which is annexed to this Application as **Exhibit B** (the "**Engagement Letter**"); and (b) granting certain related relief. In support of this Application, the Debtors submit the Declaration of Stephen Coulombe, a Managing Director of BRG (the "**Coulombe Declaration**"), annexed hereto as **Exhibit C**.

## QUALIFICATIONS OF BRG

8.      Considering the size and complexity of these chapter 11 cases, the Debtors require a qualified and experienced financial advisor with the resources, capabilities, and experience of BRG. BRG has significant qualifications and experience in providing the services contemplated herein. BRG's Corporate Finance practice consists of senior financial, management consulting,

accounting, and other professionals who specialize in providing restructuring, transaction advisory, litigation support, solvency, and valuation assistance and providing a focus on viable solutions that maximize value for companies and creditors, typically in distressed business settings. BRG has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational companies in crisis or those in need of performance improvement in specific financial and operational areas across a wide array of industries. BRG's services include forensic analysis, plan development and implementation, and advice on sale/merger transactions. Moreover, the professionals at BRG have assisted and advised debtors, creditors, creditors' committees, bondholders, investors, and others in numerous bankruptcy cases, including *Intelsat S.A.; RentPath Holdings, Inc.; Stage Stores, Inc.; The Hertz Corporation, LLC; Liberty Power Holdings, LLC; Hospital Acquisition LLC (a.k.a LifeCare); rue21; Sports Authority Holdings, Inc.; The Wet Seal, LLC; Centric Brands, Inc.; Destination Maternity Corporation; Modell's Sporting Goods, Inc.; Avenue Stores, LLC; Specialty Retail Shops Holding Corp. (a.k.a. Shopko); Christopher & Banks Corporation; American Apparel LLC; Le Tote, Inc.; California Pizza Kitchen, Inc; Mood Media Corporation; Videology, Inc.; Brookstone Holdings Corp., LLC;* and *Michigan Sporting Goods Distributors.*[3] BRG's business, experience, and expertise are further described in the Coulombe Declaration.

9.      The individuals who are expected to work on this matter (the "**BRG Personnel**") have significant restructuring and industry experience assisting distressed companies with financial and operational challenges and working with management teams and boards of directors of large companies facing financial challenges similar to those of the Debtors. The BRG Personnel will work closely with the Debtors' management and other professional advisors throughout the

---

[3] The professionals were employed in certain of these engagements prior to joining BRG.

chapter 11 process.  By virtue of the expertise of its restructuring personnel, BRG is well qualified to provide services to and represent the Debtors' interests in these cases.

10.      In addition, as a result of performing prepetition advisory work for the Debtors, working closely with the Debtors' management and other professionals, BRG has acquired significant knowledge of the Debtors' businesses and is familiar with the Debtors' financial affairs, capital structure, operations, and related matters. Accordingly, BRG has experience, expertise, and relevant knowledge regarding the Debtors to assist the Debtors in these cases.

11.      For the foregoing reasons, BRG is both qualified and uniquely suited to deal effectively and efficiently with matters that may arise in these cases. Accordingly, the Debtors submit that the retention of BRG on the terms and conditions set forth in this Application is in the best interests of the Debtors' estates and creditors. Thus, this Application should be granted.

## **SCOPE OF SERVICES**

12.      Prior to the Petition Date, the Debtors and BRG entered into the Engagement Letter, which governs their relationship except as explicitly set forth herein or in the Proposed Order. The terms and conditions of the Engagement Letter were negotiated at arms-length and reflect the parties' mutual agreement as to the substantial efforts that will be required under this engagement.

13.      Subject to further order of this Court, the services the BRG Personnel expect to perform during the course of their retention to support and assist the Debtors throughout the chapter 11 process (collectively, the "**Services**") is set forth below.[4]

---

[4] The summaries of the terms of the Engagement Letter in this Application are provided for purposes of convenience only. Certain of the work streams outlined in the Engagement Letter were completed prior to the Petition Date or superseded by the filing of these cases. In the event of any inconsistency between the summaries contained in this Application and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter control unless otherwise set forth in this Application or the order approving same.

(a)   Support the development of restructuring plans, financing, and strategic alternatives for the Debtors;

(b)   Prepare various financial analyses to support restructuring alternatives including liquidity forecast, four wall profitability, expense levels, and others as necessary;

(c)   Provide advice to management on cash conservation measures and liquidity forecasting after analyzing and stress testing weekly cash flows under various scenarios;

(d)   Advise the Debtors relative to negotiating with existing lenders and stakeholders;

(e)   Participate in board calls as requested;

(f)   Assist the Debtors with the communications and negotiations with various third parties to support restructuring alternatives;

(g)   Other services as requested or directed by the Debtors' officers and board of directors (the "**Board**") or other Debtors' personnel as authorized by the foregoing and agreed to by BRG; and

(h)   Assist the Debtors with activities relating to the bankruptcy including, as appropriate, testimony if requested.

## <u>NO DUPLICATION OF SERVICES</u>

14.   BRG will coordinate all tasks with counsel to achieve case efficiencies and avoid duplication of efforts. The Debtors believes it is necessary to employ BRG as its financial advisor to render the foregoing professional services. In light of BRG's substantial experience and expertise and the complex nature of the Debtors' business and financial affairs, the Debtors believe that BRG is well qualified to advise them in these bankruptcy cases.

65783/0001-45313682v2

## BRG'S DISINTERESTEDNESS

15.     To the best of the Debtors' knowledge and based upon and subject to the disclosures made in the Coulombe Declaration filed contemporaneously herewith, BRG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and the Debtors are satisfied that (i) BRG represents no interest adverse to the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates; (ii) BRG together with its Managing Directors and Directors do not have any financial interest in or business with the Debtors; (iii) BRG has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee; and (iv) BRG has no connection with the bankruptcy judge approving the employment of BRG as the Debtors' financial advisor.  BRG has not provided, and will not provide, any professional services to any creditors, other parties in interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

## TERMS OF RETENTION

16.     BRG advised the Debtors that it intends to charge its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG.  The professional fees shall be calculated by multiplying the hours worked by the standard hourly billing rates in effect for the specific personnel involved. The hourly rates charged by BRG for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services being provided. In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business. To the extent BRG requires services of its international divisions or personnel

from specialized practices, the standard hourly rates for that international division or specialized practice will apply.

17.     BRG has advised the Debtors that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). BRG has also advised the Debtors that it intends to make application to the Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this case. BRG's compensation for services rendered on behalf of the Debtors shall be fixed by the Court after due application.

18.     For professional services, fees are based on BRG's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals who provide services to the Debtors. The current standard hourly rates, for BRG Personnel that are expected to work on this engagement are as follows:[5]

| Position | Hourly Rate |
| --- | --- |
| Managing Directors | $1,050 - $1,250 |
| Directors & Associate Directors | $810 - $990 |
| Professional Staff | $395 - $795 |
| Support Staff | $175 - $350 |

These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective. The standard hourly rates for

---

[5] The ranges herein are for BRG professionals in the Corporate Finance practice group who may practice in bankruptcy and non-bankruptcy related matters. They exclude BRG professionals in other industry practice groups who may also provide specialized services in these chapter 11 cases. To the extent such other professionals provide services, they will charge their standard hourly rates as they would in non-bankruptcy matters and in no event do their standard hourly rates exceed the ranges set forth below for the Corporate Finance practice group.

the BRG experts anticipated to be assigned to this engagement are as follows: Stephen Coulombe ($1,250), Bob Duffy ($1,250), and Michael Brown ($900).

19.    To the extent BRG requires services of personnel from specialized practices or its international divisions, the standard hourly rates for that specialized practice or international division will apply.

20.    Consistent with BRG's policy with respect to its other clients, BRG will charge for all other services provided and for other charges and disbursements incurred in rendering services to the Debtors. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses. Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged for separately.

21.    BRG will also request compensation for any time and expenses (including, without limitation, reasonable legal fees and expenses, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of BRG's performance of these services.

22.    Regardless of the time and manner of interim compensation, BRG understands that, subject to this Court's orders, BRG will be required to follow the procedures for final allowance of fees at the end of the cases.

23.    BRG provided pre-petition services to the Debtors. In the ninety (90) days prior to the Petition Date, the Debtors paid BRG $1,438,510.64 for professional services performed and

expenses incurred, inclusive of unapplied advance payments, in the amount of $37,372.31 (the "**Cash on Account**"), which BRG holds in retainer, pursuant to the terms of the Engagement Letter. As of the Petition Date, no amounts remained outstanding with respect to the invoice(s) issued by BRG.

24.     Due to the ordinary course and unavoidable reconciliation of fees and submission of expenses immediately prior, and subsequent to the Petition Date, BRG may have incurred, but not invoiced, fees and reimbursable expenses that relate to the pre-petition period. BRG intends to apply such amounts against the Cash on Account. As agreed to with the Debtors, the remainder of the Cash on Account will not be segregated by BRG in a separate account and will be held as a general retainer as security for post-petition services and expenses.

25.     No promises have been received by BRG, nor any employee thereof, as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the employees of BRG regarding the sharing of revenue or compensation, neither BRG nor any of its employees has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Code Section 504 and Bankruptcy Rule 2016.

## ALLOWANCE OF COMPENSATION

26.     The Debtors understand that BRG intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, the Proposed Order, orders of the Court, and guidelines established by the U.S. Trustee (the "**U.S. Trustee Guidelines**") regarding submission and approval of fee applications.

27.     Given the numerous issues that BRG may be required to address in the performance of their services, BRG's commitment to the variable level of time and effort necessary to address

- 10 -

all such issues as they arise, and the market prices for such services for engagements of this nature

in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements

set forth herein are reasonable under the standards set forth in Section 328(a) of the Bankruptcy

Code.

## USE OF CONTRACTORS

28.     Notwithstanding anything in this Application to the contrary, to the extent that BRG

uses the services of independent contractors or subcontractors (the "**Contractors**") in these cases,

BRG shall (i) pass-through the cost of Contractors to the Debtors at the same rate that BRG pays

the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are

subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file

with the Court such disclosures required by Bankruptcy Rule 2014.

## INDEMNIFICATION

29.     The Debtors provide BRG with an indemnity as detailed in the Engagement Letter

(the "**Indemnity**").  The Indemnity provides that the Debtors shall indemnify and hold harmless

BRG, its members, principals, employees, representatives, agents, counsel and affiliates against

any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses

and disbursements including, without limitation, defending any action, suit, proceedings or

investigation (whether or not in connection with proceedings or litigation in which BRG is a party),

directly or indirectly, caused by, relating to, based upon, arising out of or in connection with the

engagement of BRG or any Services rendered pursuant to this engagement, unless there is a final

non-appealable order of a court of competent jurisdiction finding BRG directly liable for gross

negligence or willful misconduct. The Debtors and BRG believe that the Indemnity is customary

and reasonable for engagements of this type and should be approved.

65783/0001-45313682v2

30.     The terms and conditions of the indemnification provisions were negotiated by the Debtors and BRG at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of the proposed order, are reasonable and in the best interests of the Debtors, their estates, and creditors in light of the fact that the Debtors require BRG's services to successfully reorganize.

**BASIS FOR RELIEF**

**A. This Court Should Permit the Debtors to Retain and Employ BRG Pursuant to Sections 327 and 328 on the Terms in the Engagement Letter.**

31.     The Debtors submit that the retention of BRG under the terms described herein is appropriate under Sections 327(a), 328, and 1107(b) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

(a)     is not a creditor, an equity security holder, or an insider;

(b)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

32.     Further, Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under Section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the

case." 11 U.S.C. § 1107(b).  BRG's prepetition relationship with the Debtors is therefore not an

impediment to BRG's retention as the Debtors' post-petition financial advisor.

33.      Section 328(a) of the Bankruptcy Code authorizes the employment of a professional

person "on any reasonable terms and conditions of employment, including on a retainer, on an

hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

34.      Further, Bankruptcy Rule 2014(a) requires that an application for retention

include:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional
> services to be rendered, any  proposed arrangement for compensation, and,
> to the best of the applicant's knowledge, all of the [firm's] connections with
> the debtor, creditors, any other party in  interest, their  respective  attorneys
> and  accountants,  the  United States trustee, or any person employed in the
> office of the United States trustee.

Fed. R. Bankr. P. 2014.

35.      The Debtors submit that approval of the retention of BRG in accordance with the

terms and conditions of the Engagement Letter is warranted. As discussed above and in the

Coulombe Declaration, BRG satisfies the disinterestedness standard of section 327(a) of the

Bankruptcy Code. BRG has been advising the Debtors prior to the Petition Date and has already

expended significant effort to assisting the Debtors in preparing for the chapter 11 filing. BRG's

Services are needed post-petition to continue to provide expert advice and to enable the Debtors

to discharge their duties as debtors in possession.

36.      As described above, BRG has extensive experience and an excellent reputation in

providing high quality financial advisory services to debtors and creditors in reorganizations,

mergers and acquisitions, and other restructurings. BRG has become familiar with the Debtors'

business operations, capital structure, financing documents, and other material information. The

Debtors believe that BRG is well-qualified to provide the Services to the Debtors in a cost-effective and efficient manner.

37.     For the foregoing reasons, this Court should grant the relief requested in this Application.

## NOTICE

38.     Notice of this Application has been given to (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Paul J. Labov, Esq. and Bradford J. Sandler, Esq.; (c) counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Attn: Matthew Furlong, Esq., Julia Frost-Davies, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Attn: Alan Brody, Esq.; (d) counsel for 1903P Loan Agent, LLC, in its capacity as First In Last Out Agent, (i) Riemer & Braunstein LLP, Attn: Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and (ii) Lowenstein Sandler LLP, Attn: Kenneth A. Rosen, Esq.; (e) counsel for CPPIB Credit Investments III Inc. and its affiliates and managed accounts, in their capacity as Prepetition Senior Superpriority Term Loan Lenders, (i) Weil, Gotshal & Manges LLP, Attn: Matt Barr, Esq., Matthew P. Goren, Esq. and F. Gavin Andrews, Esq. and (ii) Wollmuth Maher & Deutsch LLP, Attn: Paul R. DeFilippo, Esq., James N. Lawlor, Esq., and Joseph F. Pacelli, Esq.; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; and (h) any party that has filed a  notice of appearance.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

65783/0001-45313682v2

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and grant the Debtors such other and further relief as may be just and proper.

DATED:  May 12, 2023                 Respectfully submitted,

                                     **DAVID'S BRIDAL, LLC, et al.**

                                     */s/ James Marcum*
                                     James Marcum
                                     Chief Executive Officer

- 15 -

# **EXHIBIT A**

## **PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com
-*and*-
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

***Proposed Counsel to Debtors***

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.* | Case No. 23-13131 (CMG) |
| Debtors. [1] | Jointly Administered |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

(Page 2)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

### ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered three (3) through six (6), is hereby

**ORDERED**.

65783/0001-45313682v2

(Page 3)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

Upon the application (the "**Application**")[2] of the Debtors for entry of an order, pursuant to Sections 327(a) and 328(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014 (a) and 2016 (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-2 of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), authorizing the Debtors to employ and retain BRG as financial advisor, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached to the Application; and upon consideration of the declaration of Stephen Coulombe (the "**Coulombe Declaration**") and the First Day Declaration; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Application, the Engagement Letter, the hearing thereon, and opportunity for objection having been given; and this Court being satisfied based on the representations made in the Application and in the Coulombe Declaration that the terms and conditions of BRG's employment, including, but not limited to, the fee structure set forth in the Engagement Letter and summarized in the Application and Coulombe Declaration, are reasonable as required by Section 328(a) of the Bankruptcy Code; and this Court finding that BRG does not hold or represent interests adverse to the Debtors' estates and is a "disinterested person," as defined

---

[2] Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Application.

(Page 4)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

in Section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and the

relief requested in the Application being in the best interests of the Debtors and their estates and

creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 1107 of the United States Bankruptcy Code (the

"**Bankruptcy Code**"), Bankruptcy Rules 2014 (a) and 2016 (the "**Bankruptcy Rules**"), and Local

Rules 2014-1 and 2016-2 of the United States Bankruptcy Court for the District of New Jersey

(the "**Local Rules**"), the Debtors are authorized to retain and employ BRG as financial advisors

to the Debtors, effective as of the Petition Date, pursuant to the terms of the Engagement Letter,

the Application and the Coulombe Declaration, as modified by this Order.

3.      BRG shall file interim and final fee applications for allowance of its compensation

and reimbursement of its expenses in accordance with sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable,

orders of this Court, including an arrangement for interim compensation.

4.      The terms of the Engagement Letter, as modified herein are approved and the

indemnification, contribution, and reimbursement provisions as set forth therein are approved,

subject, during the pendency of these cases, to the following modifications:

65783/0001-45313682v2

(Page 5)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

(a)     BRG shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution, or reimbursement is approved by the Court.

(b)     Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify BRG, or provide contribution or reimbursement to BRG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BRG's gross negligence, willful misconduct, bad faith or self-dealing to which the Debtors have not consented, (ii) for a contractual dispute in which the Debtors allege the breach of BRG's contractual obligations to maintain the confidentiality of non-public information unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co..,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtors consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) to be a claim or expense for which BRG should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order.

(c)     If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in these cases, and (ii) the entry of an order closing these chapter 11 cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application therefor in this Court, and the Debtors may not pay any such amounts to BRG before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BRG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BRG. All parties in interest shall retain the right to object to any demand by BRG for indemnification, contribution, or reimbursement.

(d)     Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

- 5 -

(Page 6)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

5.      Notwithstanding anything to the contrary in the Application or the Coulombe Declaration, BRG shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of BRG's fee applications in the cases.  In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records shall be in compliance with the Local Bankruptcy Rules and shall be subject to the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6.      To the extent BRG uses the services of Contractors in these cases and seeks to pass through the fees and/or costs of the Contractors to the Debtors, BRG shall: (a) pass through the fees of such Contractors to the Debtors at the same rate that BRG pays the Contractors; (b) seek reimbursement for the actual costs of the Contractors only; (c) ensure that the Contractors are subject the same conflict checks as required for BRG; and (d) file with the Court such disclosures required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, order of the Court, and applicable law.

7.      In connection with any increase in BRG's rates, BRG shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee of creditors appointed in this case, prior to filing a fee statement or fee application reflecting such an increase.

65783/0001-45313682v2

(Page 7)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.　　　BRG is authorized to apply the Cash on Account to satisfy any unbilled or other remaining prepetition fees and expenses BRG becomes aware of during its ordinary course billing review and reconciliation.  BRG is authorized to maintain the balance of the Cash on Account until the conclusion of its representation of the Debtors, at which time BRG may apply such balance against its final invoices or otherwise return the funds.

9.　　　To the extent the Debtors wish to expand the scope of BRG's services beyond those services set forth in the Application or this Order, inclusive of the utilization of any BRG affiliates to perform services for the Debtors, the Debtors shall be required to seek further approval from this Court.  The Debtors shall file notice of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in this chapter 11 case, and any party requesting notice under Bankruptcy Rule 2002.  If no such party files an objection within 14 days of the Debtors' filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

- 7 -

(Page 8)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, et al. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE |

10.    To the extent that there may be any inconsistency between the terms of the Application, the Coulombe Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

11.    During the pendency of these chapter 11 cases, the arbitration provision in the Engagement Letter shall not be applicable.

12.    During the pendency of the Chapter 11 cases, the Fees and Expenses provision of the Engagement Letter shall be revised to provide that the 1% interest per month late charge, bi-weekly billing and seven (7) day review of invoices will not be applicable.

13.    The terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.    The relief granted herein shall be binding upon any trustee or other successor of the Debtors.  The relief granted herein shall also be binding in the event the bankruptcy proceeding is dismissed.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

16.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

65783/0001-45313682v2

**<u>EXHIBIT B</u>**

**<u>ENGAGEMENT LETTER</u>**

**BRG** · · · · · · · · · · · · · · · · · ·
· · · · · · · · · · · · · · · · · · **INTELLIGENCE THAT WORKS**

**CONFIDENTIAL**

February 20, 2023

Via Email

James A. Marcum
Chief Executive Office
David's Bridal
1001 Washington St
Conshohocken, PA 19428
JMarcum@dbi.com

**Re: David's Bridal – Financial Advisory Services**

Dear Jim:

This letter confirms the engagement of Berkeley Research Group, LLC ("BRG") to provide financial advisory and consulting services to David's Bridal, LLC, (collectively with its direct and indirect subsidiaries and affiliates, the "Client"). This letter and any attachments set forth the agreement ("Agreement") between the parties.

**SCOPE OF SERVICES**

The scope of services under this engagement shall consist of the following activities ("Services"):

- **Cash Flow / Balance Sheet Optimization:** Identify opportunities to create liquidity through store rationalization, inventory management, and vendor payables while providing advice concerning vendor and tactical issues as appropriate;
- **Cost Optimization (Store and SG&A):** Identify and implement opportunities to create a leaner structure to allow the company to focus on top line expansion. Key area of focus is execution and tracking initiatives to P&L line items for transparency;
- **Operationalize Plans to Re-Brand and Refine Model:** Support evaluation of core vs. non-core and plans to implement any divestitures and changes to core business; and
- **Support Future State Planning:** Assist in short-term and long-term business planning; support development of recommendations to achieve operational and strategic priorities;
- **Other Services:** Provide other services as requested or directed by the CEO, the board of directors of the Company (the "Board") or other Company personnel as authorized by the Board and agreed to by BRG.

It is understood and agreed that BRG's Services may include advice and recommendations, but that all decisions in connection with the implementation of such advice and recommendations will be the responsibility of Client.

**FEES & EXPENSES**

Client will pay BRG professional fees, which will be based on the actual hours charged at BRG's standard hourly rates, which are in effect when the Services are rendered ("Professional Fees"). Hourly rates may

99 High Street, 27th Floor | Boston, MA 02110
Berkeley Research Group, LLC | 877.696.0391 | www.thinkbrg.com



change in the future from time to time, after notice to client, and are typically adjusted annually. BRG's current hourly rates are as follows:

| | |
|---|---|
| Managing Directors | $1,050 – $1,250 |
| Directors & Associate Directors | $810 – $990 |
| Professional Staff | $395 – $795 |
| Support Staff | $175 – $350 |

In addition to Professional Fees, BRG will be reimbursed for direct out-of-pocket expenses including, but not limited to, travel, costs of reproduction, typing, research, communications, computer usage, legal counsel, any applicable sales or excise taxes, and other direct expenses, plus an amount equal to three percent (3%) of BRG's Professional Fees to cover internal project related expenses (including but not limited to technology, fax, phone, supplies, and photocopies). BRG will provide a reasonably itemized statement of expenses incurred on this engagement and shall provide copies of original invoice or other documentation on itemized expenses over $75 upon request. Client shall reimburse BRG for reasonable itemized expenses less than $75 without a copy of the original invoice or other documentation.

BRG will bill for Services every two (2) weeks and will provide customary descriptions regarding the Services rendered. BRG will provide additional details regarding Services rendered upon request by Client. BRG's invoices statements shall be paid within seven (7) days of the invoice date. Client agrees that it will review BRG's invoices upon receipt and will advise BRG of any objection to or dispute with the invoice and the work reflected in the invoice within seven (7) days of the invoice date.

Without liability, BRG reserves the right to withhold delivery of Services, testimony, reports or data (written or oral), or suspend work, if the account on this engagement is not current. A late payment charge of one percent (1%) per month (or the maximum rate permitted by law, whichever is less) may be added to any outstanding invoices that are past 30 days due.

Please remit payments by wire to:
Account Name: Berkeley Research Group, LLC
Account No:    8026286672
Bank:          PNC Bank, N.A.
ABA No:        031207607
remitadvice@thinkbrg.com

**CASH ON ACCOUNT**

Initially, Client will forward to BRG the amount of $150,000, which funds will be held "on account" to be applied to BRG's Professional Fees, charges and disbursements for the engagement (the "Initial Cash on Account"). To the extent that this amount exceeds BRG's fees, charges and disbursements upon the completion of the engagement, BRG will refund any unused portion. Client agrees to increase or supplement the Initial Cash on Account from time to time during the course of the engagement in such amounts as Client and BRG mutually shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be sufficient to fund Professional Fees, charges, and disbursements to be incurred. Such requested increase will be invoiced to Client after mutual agreement is reached.

Upon transmittal of an invoice, BRG may immediately draw upon the Initial Cash on Account (as replenished from time to time) in the amount of the invoice. Client agrees upon submission of each such



invoice to promptly wire the invoice amount to BRG as replenishment of the Initial Cash on Account (together with any supplemental amount to which BRG and Client mutually agree), without prejudice to Client's right to advise BRG of any differences it may have with respect to such invoice. BRG has the right to apply to any outstanding invoice (including amounts billed prior to the date hereof), up to the remaining balance, if any, of the Initial Cash on Account (as may be supplemented from time to time) at any time subject to (and without prejudice to) Client's opportunity to review BRG's invoices.

## COMPANY RESPONSIBILITIES

Client agrees that the delivery of Services and Professional Fees charged are dependent on timely and effective cooperation from the Client. Accordingly, Client shall furnish to BRG financial information and other information regarding the business of Client as BRG may reasonably request in connection with the Agreement. Client also represents that information furnished to BRG during the engagement (i) will be true and correct in all material respects, and (ii) will not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which such statements are made, in each case as of the date on which such Client information is provided, or as of the date indicated in such Client information, as applicable. If at any time during the term of this engagement, the Company becomes aware that the Company Information is or becomes inaccurate, incomplete or misleading in any material respect the Company shall promptly notify BRG. Client agrees to keep BRG advised of developments materially affecting Client or its financial position. Client shall make decisions and take further actions, as Client determines in its sole discretion, relating to any recommendations made by BRG in connection with this Agreement.

BRG shall not make any management decisions on behalf of Client and will not be responsible for Client's decision to pursue, or not to pursue, any business strategy or to implement, or not implement, recommendations made by BRG. As part of the Services, BRG may be requested to assist Client (and its legal or other advisors) in negotiating with Client's creditors and equity holders and with other interested parties. In the event that BRG participates in such negotiations, the representations made and the positions advanced will be those of Client and its management, not BRG or its employees.

## CONFIDENTIALITY

BRG shall not disclose any confidential or privileged Client information to any third party; provided, however, that BRG may disclose confidential or privileged information (a) to BRG's employees, affiliates, vendors or agents who provide Services in connection with this engagement, (b) with Client's written consent, or (c) when legally required to do so. Both parties agree that confidential and proprietary information will not be construed to include information that is available from public sources or sources not subject to obligations of confidentiality to Client. Work papers associated with BRG's consulting Services are the confidential property of BRG, but in the event such work papers contain Client's confidential or privileged information, such work papers will be subject to this Confidentiality provision. This Confidentiality provision shall continue after the cessation of Services under the Agreement.

## OWNERSHIP OF DELIVERABLES & DATA

Client acknowledges and agrees that BRG is the sole owner of any deliverables it provides in connection with the Services, including, without limitation, all copyrights, trademarks, patents and trade secrets and other intellectual property rights (including, without limitation, goodwill) therein, and all rights attendant thereto. BRG hereby grants to Client a non-exclusive, royalty-free irrevocable right to use the deliverables



for its own internal purposes. To the extent that Client wishes to disclose to any third party, other than existing lenders, the work product of BRG, it will so advise BRG prior to such disclosure. BRG may require any third party to execute a non-reliance and release letter acceptable to BRG in form and substance. Further, BRG will not assume, or be deemed to have assumed, any responsibility, obligation or liability to any third party to which any advice, report or other work product is disclosed or otherwise made available.

Client represents and warrants that Client has any and all necessary right, title, license and authority (including any and all necessary permissions from third-party owners) to transfer to BRG, grant access to BRG or allow BRG to use for the purpose of rendering Services to Client, any and all of the data or other information that Client provides to BRG for such purpose. Client agrees to indemnify BRG against any liabilities, including liabilities arising from claims brought by third parties and any and all costs of defense, arising from such transfer, access or use of data or other information provided.

**CONFLICTS OF INTEREST**

BRG is engaged by many other companies and individuals. It is possible that some of BRG's past, current or future clients had, have or may have disputes or other matters that are adverse to or may not be consistent with the interests of Client. BRG reserves the right to undertake unrelated engagements during and after this engagement by Client, consistent with BRG's internal policies. BRG will not be required to disclose any such unrelated engagements to Client. BRG will institute procedures to protect the confidentiality of information provided by Client in the course of this engagement.

**ARBITRATION**

This Agreement shall be interpreted and controlled by the laws of the state of Delaware. Any controversy, dispute, or claim between Client on the one hand and BRG on the other hand of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this agreement, including any claim based on contract, tort, or statute, ("Claims") shall be resolved at the request of any party to this agreement, by final and binding arbitration, administered either by (a) Judicial Arbitration & Mediation Services, Inc. (JAMS), pursuant to Streamlined Arbitration Rules & Procedures or (b) the American Arbitration Association ("AAA") (with a sole arbitrator) in accordance with its Commercial Arbitration Rules, and judgment upon any award rendered by the arbitrator may be entered by any State or Federal Court having jurisdiction thereof. Any such arbitration shall take place exclusively in New York The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in any arbitration or litigation brought in connection with this Agreement, as well as reasonable attorneys' fees and costs incurred in appealing or in connection with any action to enforce any judgment entered by the arbitrator in any court having jurisdiction. If a party to any arbitration proceeding filed in connection with this Agreement fails to pay any costs of the arbitration required to be paid by such party in the time required for payment, the arbitrator is authorized to provide an appropriate remedy, including an entry of a default and an arbitration award on the merits against such party.

**INDEMNITY & LIMITATION OF LIABILITY**

Client agrees to indemnify and hold harmless BRG against any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements including, without limitation, defending any action, suit, proceedings or investigation (whether or not in connection with proceedings or litigation in which BRG is a party), directly or indirectly, caused by, relating to, based upon, arising out of or in connection with the engagement of BRG or any Services rendered pursuant to this engagement, unless



there is a final non-appealable order of a court of competent jurisdiction finding BRG directly liable for gross negligence or willful misconduct. These indemnification provisions extend to the members, principals, employees, representatives, agents, counsel and affiliates of BRG.

The parties shall not be liable to each other for any delays resulting from circumstances or causes beyond its reasonable control, including, without limitation, fire or other casualty, act of God, strike or labor dispute, war or other violence, or any law, order or requirement of any governmental agency or authority.

Notwithstanding the indemnification and any other terms of this Agreement, the parties shall not be liable to each other for any consequential, incidental, special or punitive damages, nor shall BRG be liable for direct compensatory damages in excess of the 3X fees actually received by BRG for the performance of Services hereunder.

**TERMINATION**

Client or BRG may terminate this engagement upon seven (7) days' written notice. In the event the engagement is terminated prior to the completion of Services, Clients agrees to pay BRG for all undisputed Professional Fees and expenses incurred through the termination date.

**OTHER TERMS**

In the event BRG is requested by Client, pursuant to subpoena or other legal process to produce any documents or to provide testimony relating to engagements for Client in judicial or administrative proceedings to which BRG is not a party, Client shall reimburse BRG at standard billing rates for all professional time and expenses, including reasonable attorneys' fees, incurred in preparing for and responding to requests for documents and providing testimony.

Client will only use any advice, report or work product produced under this engagement for making its own internal business decisions. Client will solely rely on its own analysis and review to make any investment or other business decision. BRG will not render an assurance report or assurance opinion as part of this engagement, nor will the Services constitute an audit, review or examination of any entity's financial statements or prospective financial statements in accordance with generally accepted auditing standards or other applicable professional standards. None of the Services or any report will constitute any legal opinion or advice, nor will the Services or any reports constitute a fairness opinion, investment or accounting advice. BRG will not conduct a review to detect fraud or illegal acts, nor will BRG render any opinion as to the fairness or advisability of any proposed transaction. In addition, Client acknowledges that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by BRG as the same may be subject to further work, revision and other factors which may mean that such drafts are substantially different from any final report issued by BRG. Client will not use the report or work product under this engagement for any use beyond the use set forth in this letter.

Unless otherwise explicitly stated, all provisions of this Agreement shall survive the expiration or termination of this engagement. Neither party may assign, transfer or delegate any of the rights or obligations hereunder without the prior written consent of the other party. The section headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. This engagement letter and its terms and conditions constitute the entire Agreement between BRG and Client with respect to the subject matter hereof and supersedes all other oral and written representations, understandings or agreements relating to the subject matter hereof. No waiver,



amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.

This Agreement may be executed in one or more counterparts, each of which may be signed and transmitted via facsimile or PDF electronic delivery with the same validity as if it were an ink-signed document.

Sincerely,

Robert Duffy
Managing Director

AGREED AND ACCEPTED:

David's Bridal, LLC

By _____     Dated _2-28-2023_____

James A. Marcum, CEO

## EXHIBIT C

## COULOMBE DECLARATION

65783/0001-45313682v2

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF STEPHEN COULOMBE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC <u>AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE</u>

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

I, Stephen Coulombe, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, to the best of my knowledge, information and belief, that:

1.      I am a Managing Director of Berkeley Research Group, LLC ("**BRG**"), a professional services firm with numerous offices throughout the country.  I am duly authorized to execute and submit this declaration (the "**Declaration**") on behalf of BRG in support of the *Debtors' Application for Entry of an Order Under 11 U.S.C. §§ 327(a) and 328 Authorizing the Employment and Retention of Berkeley Research Group, LLC as Financial Advisor, Effective as of the Petition Date* (the "**Application**").[2]

2.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or relate to matters within the personal knowledge of other professionals at BRG and are based on information provided by such professionals.

## BRG QUALIFICATIONS

3.      BRG's Corporate Finance practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing financial, business, and strategic assistance typically in distressed business settings.  BRG has a wealth of experience in providing financial consulting in distressed scenarios and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States, including *Intelsat S.A.; RentPath Holdings, Inc.; Stage Stores, Inc.; The Hertz Corporation, LLC; Liberty Power Holdings, LLC; Hospital Acquisition LLC (a.k.a LifeCare); rue21; Sports Authority Holdings, Inc.; The Wet Seal, LLC; Centric Brands, Inc.; Destination Maternity Corporation; Modell's Sporting Goods, Inc.; Avenue Stores, LLC;*

---

[2] Capitalized terms used but not otherwise defined in this Declaration have the meaning given to them in the Application.

*Specialty Retail Shops Holding Corp. (a.k.a. Shopko); Christopher & Banks Corporation; American Apparel LLC; Le Tote, Inc.; California Pizza Kitchen, Inc; Mood Media Corporation; Videology, Inc.; Brookstone Holdings Corp., LLC;* and *Michigan Sporting Goods Distributors.*[3] BRG professionals have significant restructuring and industry experience assisting distressed companies with financial and operational challenges, and BRG regularly assists large and complex businesses similar to the Debtors.

4.    The individuals who are expected to work on this matter (the "**BRG Personnel**") have significant restructuring and industry experience assisting distressed companies with financial and operational challenges and working with management teams and boards of directors of large companies facing financial challenges similar to those of the Debtors. By virtue of the expertise of its restructuring personnel, BRG is well qualified to provide services to and represent the Debtors' interests in these chapter 11 cases.

5.    On April 17, 2023, BRG was engaged as financial advisor to the Debtors pursuant to that certain engagement letter attached as **Exhibit B** to the Application (the "**Engagement Letter**"). Both prior to the formal execution of the Engagement Letter and subsequent thereto, BRG developed an in-depth understanding of the Debtors' financial history, business operations, and the industry in which the Debtors operate. BRG has worked closely with the Debtors' management and other professionals since it was engaged, and has become well acquainted with the Debtors' operations, debt structure, creditors, business, and related matters. Accordingly, BRG has developed significant relevant experience regarding the Debtors that will assist BRG in providing effective and efficient services in these chapter 11 cases.

---

[3] The professionals were employed in certain of these engagements prior to joining BRG.

## <u>SERVICES TO BE PERFORMED</u>

6.      A summary of the services the BRG Personnel expect to perform during the course of their retention to support and assist the Debtors throughout the chapter 11 process (collectively, the "**Services**") is set forth below:[4]

(a)      Support the development of restructuring plans, financing, and strategic alternatives for the Debtors;

(b)      Prepare various financial analyses to support restructuring alternatives including liquidity forecast, four wall profitability, expense levels, and others as necessary;

(c)      Provide advice to management on cash conservation measures and liquidity forecasting after analyzing and stress testing weekly cash flows under various scenarios;

(d)      Advise the Debtors relative to negotiating with existing lenders and stakeholders;

(e)      Participate in board calls as requested;

(f)      Assist the Debtors with the communications and negotiations with various third parties to support restructuring alternatives;

(g)      Other services as requested or directed by the Debtors' officers and board of directors (the "**Board**") or other Debtors' personnel as authorized by the foregoing and agreed to by BRG; and

(h)      Assist the Debtors with activities relating to the bankruptcy including, as appropriate, testimony if requested.

---

[4] The summaries of the terms of the Engagement Letter in this Application are provided for purposes of convenience only. Certain of the work streams outlined in the Engagement Letter were completed prior to the Petition Date or superseded by the filing of these cases. In the event of any inconsistency between the summaries contained in this Application and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter control unless otherwise set forth in this Application or the order approving same.

## PROFESSIONAL COMPENSATION

7.      For professional services, fees are based on BRG's standard hourly rates. The

proposed rates of compensation, subject to final Court approval, are the customary hourly rates in

effect when services are performed by the professionals and paraprofessionals who provide

services to the Debtors. The hourly rates charged by BRG for the services provided by its personnel

differ based upon, among other things, each professional's level of experience, geographic

differentials, and types of services being provided. To the extent BRG requires services of its

international divisions or personnel from specialized practices, the standard hourly rates for that

international division or specialized practice will apply. Hourly rates are subject to periodic

adjustment (typically annually) to reflect promotions and other changes in personnel

responsibilities, increases in experience, and increases in the cost of doing business. The current

standard hourly rates, for BRG Personnel that are expected to work on this engagement are as

follows:[5]

| Position | Hourly Rate |
|---|---|
| Managing Directors | $1,050 - $1,250 |
| Directors & Associate Directors | $810 - $990 |
| Professional Staff | $395 - $795 |
| Support Staff | $175 - $350 |

8.      These standard hourly rates are subject to periodic adjustment, which shall be noted

on the invoices for the first time period in which the revised rates become effective. The standard

---

[5] The ranges herein are for BRG professionals in the Corporate Finance practice group who may practice in bankruptcy
and non-bankruptcy related matters. They exclude BRG professionals in other industry practice groups who may also
provide specialized services in these chapter 11 cases. To the extent such other professionals provide services, they
will charge their standard hourly rates as they would in non-bankruptcy matters and in no event do their standard
hourly rates exceed the ranges set forth below for the Corporate Finance practice group.

hourly rates for the BRG experts anticipated to be assigned to this engagement are as follows: Stephen Coulombe ($1,250), Bob Duffy ($1,250), and Michael Brown ($900).

9.     To the extent BRG requires services of personnel from specialized practices or its international divisions, the standard hourly rates for that specialized practice or international division will apply.

10.     To the extent BRG uses the services of Contractors in these cases and seeks to pass through the fees and/or costs of the Contractors to the Debtors, BRG shall: (a) pass through the fees of such Contractors to the Debtors at the same rate that BRG pays the Contractors; (b) seek reimbursement for the actual costs of the Contractors only; (c) ensure that the Contractors are subject the same conflict checks as required for BRG; and (d) file with the Court such disclosures required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, order of the Court, and applicable law.

11.     Consistent with BRG's policy with respect to its other clients, BRG will charge for all other services provided and for other charges and disbursements incurred in rendering services to the Debtors. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses. Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged for separately.

12.     BRG will also request compensation for any time and expenses (including, without limitation, reasonable legal fees and expenses, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory,

or other proceedings, including, without limitation, those other than the instant matter, as a result of BRG's performance of these services.

13.    Regardless of the time and manner of interim compensation, BRG understands that, subject to this Court's orders, BRG will be required to follow the procedures for final allowance of fees at the end of the cases.

14.    BRG provided pre-petition services to the Debtors.  In the ninety (90) days prior to the Petition Date, the Debtors paid BRG $1,438,510.64 for professional services performed and expenses incurred, inclusive of unapplied advance payments, in the amount of $37,372.31 (the "**Cash on Account**"), which BRG holds in retainer, pursuant to the terms of the Engagement Letter.  As of the Petition Date, no amounts remained outstanding with respect to the invoice(s) issued by BRG.  Therefore, BRG does not believe it is a "creditor" with respect to fees and expenses of the Debtors within the meaning of section 101(10) of the Bankruptcy Code.

15.    Due to the ordinary course and unavoidable reconciliation of fees and submission of expenses immediately prior, and subsequent to the Petition Date, BRG may have incurred, but not invoiced, fees and reimbursable expenses that relate to the pre-petition period.  BRG intends to apply such amounts against the Cash on Account.  As agreed to with the Debtors, the remainder of the Cash on Account will not be segregated by BRG in a separate account and will be held as a general retainer as security for post-petition services and expenses.

16.    No promises have been received by BRG, nor any employee thereof, as to payment or compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the employees of BRG regarding the sharing of revenue or compensation, neither BRG nor any of its employees has entered into an

agreement or understanding to share compensation with any other entity as described in Bankruptcy Code Section 504 and Bankruptcy Rule 2016.

## BRG'S DISINTERESTEDNESS

17.    In connection with the preparation of this Declaration, BRG [6] undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.  Specifically, BRG obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases ("**Potential Parties in Interest**"). Accordingly, we are relying on the accuracy and completeness of this information in connection with our conflict review and disclosure. A listing of the Potential Parties in Interest is reflected on **Schedule 1** of this Declaration. BRG's internal conflict check procedures consist of the querying of the Potential Parties in Interest within an internal computer database containing names of individuals and entities that are present or former clients of BRG. The database that BRG queries to determine its lack of conflicts and disinterestedness incorporates the names of individuals and entities that are present and former clients both of BRG and all of its affiliates, subsidiary, and parent entities. Additionally, new matters are circulated to all Directors and Managing Directors of BRG with a request to review and advise of any potential conflict of interest concerns. All responses are reviewed and addressed by an attorney on BRG's conflicts team.

18.    To the best of my knowledge, information and belief, neither I nor any other Managing Director or Director of BRG has any connection with or holds any interest adverse to the Debtors, their estates, creditors, shareholders, or any other party in interest herein or their

---

[6] All disclosures herein pertaining to relationships with the Potential Parties in Interest or other elements of BRG's disinterestedness encompass both Berkeley Research Group, LLC and its affiliate, subsidiary, and parent entities.

respective attorneys in the matters for which BRG is proposed to be employed, except that BRG

has provided other consulting services, and may in the future provide such services, to certain of

the Debtors' creditors or other parties-in-interest in matters unrelated to the Debtors' cases. As set

forth herein and in **Schedule 2**, which is attached hereto, BRG has certain relationships with certain

parties-in-interest in these cases, but such relationships are unrelated to either the Debtors or these

cases. To the best of my knowledge, no services have been provided to these Potential Parties in

Interest in matters materially relating to these chapter 11 cases or which involve their rights in the

Debtors' cases, nor does BRG's involvement in these cases compromise its ability to continue

such consulting services.

19.    Further, as part of its diverse practice, BRG appears in numerous cases,

proceedings, and transactions that involve many different professionals, including attorneys,

accountants, investment bankers, and financial consultants, who may represent claimants and

parties-in-interest in the chapter 11 cases. Further BRG has in the past, currently, and may in the

future, be represented by several attorneys and law firms, some of whom may be involved in these

chapter 11 cases. In addition, BRG has been in the past, currently, and likely will be in the future,

engaged in matters unrelated to the Debtors or these chapter 11 cases in which it works with or

against other professionals involved in these cases. Moreover, BRG might have referred work to

other professionals who are retained in these chapter 11 cases. Likewise, certain such professionals

who are retained in these chapter 11 cases might have referred work to BRG. To the best of my

knowledge, information, and belief, insofar as I have been able to ascertain after reasonable

inquiry, none of these business relations constitute interests adverse to the Debtors

20.    BRG does not believe it is a "creditor" with respect to fees and expenses of any of

the Debtors within the meaning of section 101(10) of the Bankruptcy Code.  Further, neither I nor

any other member of the BRG Personnel serving the Debtors, to the best of my knowledge, is a holder of any of the Debtors' outstanding debt instruments or shares of the Debtors' stock. It is possible that certain BRG employees, managing directors, board members, equity holders, or affiliates of any of the foregoing, may own interests in mutual funds or other investment vehicles (including various types of private funds) that own the Debtors' or other parties in interest's debt or equity securities or other financial instruments including bank loans and other obligations. Typically, the holders of such interests have no control over investment decisions related to such investment funds or financial instruments. BRG's policy prohibits its employees from personally trading in the Debtors' securities.

21.     BRG has reviewed the relationship that the members of the BRG Personnel may have against a comprehensive list of employees within the U.S. Trustee's office in this District. Based on this review, no BRG Personnel is related to the United States Trustee for the District of New Jersey or any attorney employed thereby, or to any United States Bankruptcy Judge of the United States Bankruptcy Court for the District of New Jersey.

22.     As such, to the best of my knowledge, BRG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that BRG:

(a)     is not a creditor, equity security holder, or insider of the Debtors;

(b)     is not and was not an investment banker for any outstanding security of the Debtors;

(c)     has not been, within three years before the date of the filing of the Debtors' chapter 11 petitions, (i) an investment banker for a security of the Debtors or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

(d)        was not, within two years before the date of filing of the Debtors' chapter 11

petitions, a director, officer, or employee of the Debtors or of any investment

banker as specified in subparagraph (b) or (c) of this paragraph.

23.       In addition, to the best of my knowledge and based upon the results of the

relationship search described above and disclosed herein, BRG, and its Managing Directors and

Directors, neither hold nor represent an interest adverse to the Debtors within the meaning of

Section 327(a) of the Bankruptcy Code.

24.       To the extent that BRG discovers any additional facts or information bearing on

matters described in this Declaration that require disclosure, during the period of the Debtors'

retention of BRG, I will file a supplemental disclosure with the Court as required by Bankruptcy

Rule 2014.

## <u>INDEMNIFICATION PROVISION</u>

25.       As a material part of the consideration for which BRG has agreed to provide the

services described herein, the Debtors have agreed to the indemnification provisions set forth in

the Engagement Letter (the "**Indemnity**").   The Indemnity provides that the Debtors shall

indemnify and hold harmless BRG, its members, principals, employees, representatives, agents,

counsel and affiliates against any and all losses, claims, damages, liabilities, penalties, judgments,

awards, costs, fees, expenses and disbursements including, without limitation, defending any

action, suit, proceedings or investigation (whether or not in connection with proceedings or

litigation in which BRG is a party), directly or indirectly, caused by, relating to, based upon, arising

out of or in connection with the engagement of BRG or any Services rendered pursuant to this

engagement, unless there is a final non-appealable order of a court of competent jurisdiction

finding BRG directly liable for gross negligence or willful misconduct.   The Debtors and BRG

believe that the Indemnification Provisions are customary and reasonable for firms providing financial advisory services such as those to be provided by BRG during the pendency of these chapter 11 Cases.

26.     Moreover, the terms and conditions of the Indemnity were negotiated by the Debtors and BRG at arm's length and in good faith.  The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of BRG's proposed retention, are reasonable and in the best interests of the Debtors, their estates, and creditors in light of the fact that the Debtors require BRG's services to successfully navigate these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge, information and belief.

Dated: May 12, 2023

/s/ Stephen Coulombe
Name: Stephen Coulombe
Title: Managing Director
Berkeley Research Group, LLC

## SCHEDULE 1

### Entity List

### List of Schedules

| Schedule | Category |
|----------|----------|
| 1(i) | Debtors & Current Affiliates |
| 1(ii) | Direct Equity Holders of the Debtor |
| 1(iii) | Landlords & Management |
| 1(iv) | Lenders & Bondholders |
| 1(v) | Surety Bonds |
| 1(vi) | Litigants |
| 1(vii) | Professionals |
| 1(viii) | Other Ordinary Course Professionals |
| 1(ix) | Banks |
| 1(x) | Utilities |
| 1(xi) | Governmental & Tax Authorities |
| 1(xii) | Benefits Providers |
| 1(xiii) | Insurers |
| 1(xiv) | Bankruptcy Judges for the District of New Jersey |
| 1(xv) | United States Trustee for Region 3 or Employee (New Jersey Office) |
| 1(xvi) | Letters of Credit |
| 1(xvii) | Vendors |

## SCHEDULE 1(i)
### Debtors & Current Affiliates

DBI Investors, Inc.
DBI Holdco II, Inc.
DBI Midco, Inc.
David's Bridal, LLC
Blueprint Registry LLC
Aligned for the Frontline, LLC
David's Bridal UK Limited
Executive Management Limited

Fillberg Ltd.
Wingreat Limited
Maxtel Limited.
The Bridge Holding Limited
Multihulls Trading Limited
Pretty Fashions Inc.

## SCHEDULE 1 (ii)
### Direct Equity Holders of the Debtor

Oaktree
Eaton
Vance
Rimrock

CPPIB
Edgepoint
Petrus
Cion

## SCHEDULE 1(iii)
### Landlords & Management

1000 South Vermont LLC
10345 Magnolia Ave, LLC
11 Point Capital LLC
1210 Weible LLC
1276 Bald Hill Rd., LLC
1997-0506 Cava Ltd.
3133 Erie Boulevard Associates, LLC
3413 Tittabawassee Rd Leasing
3500 48th Street Owner LLC
4212 West Wendover Avenue, LLC
4545 Kennedy, LLC
610 & San Felipe, Inc.
84 South Retail Center, LLC
Acadia Merrillville Realty, LP
ACS Adams Dairy Landing MO, LLC
Agree Limited Partnership
All Centers, L.P.

Almonesson Associates II
Ambra Investments, LLC
ARC CTCHRNC001, LLC
ARC SSSDLLA001, LLC
ARD MacArthur, LLC
ARG CRHAGMD001 LLC
ARG LPLAFIN001 LLC
ARG SPSPRIL001 LLC
Arnot Associates II, LLC
BAM River Valley, LP
Barrywoods Holdings, LLC
Bassett Place Real Estate Co., LLC
BBP Partners, LLC
Belden Park Delaware LLC
Beltway Crossings, LLC
Bentall Green Oak Canada LP
Bershon LV Two, LLC

Bethel Properties, LLC
Billou Corporation
BMLS Investments LLC
Bodester, LLC
Bonefide Estates Inc
Boone Interstate Development
Braehead Glasgow Limited &
Braehead Park Investments Limited
Brixmor
Brixton Real Estate Investments, LLC - Pavilion Series
Broadway & Pearl Associates, LLC
Brookfield Properties
Buckhead Place, LLC
Burlington Interstate Center, LLC
BVA Avenue LLC
Cafaro
Calloway REIT
CalProp Management Company
Carillon Square I, LC
CBL
CDP4/Peoples Crossing
Central Valley Associates
CFC Phase II, LLC
Coliseum Crossing Associates, LLC
College Station Uniprop, LLC
Columbus Park Crossing Southwest, LLC
Columbus Town Center LLC
Core Southside
CREA/PPC Long Beach Towne Center PO, LLC
Cross County Owner, LLC
CSHV Woodlands, LP
CSM Investors Inc
Dartmouth Crossing Master LP
Davis Family LP
DB Taylor, LLC
DDRTC Marketplace at Mill Creek, LLC
Del Amo Fashion Center Operating Co., LLC
Delaware Cumberland Avenue Plaza LLC

Derito Walking Stick South LLC
Dolan and Company, LLC
Donahue Schriber Realty Group, LP
DT Ahwatukee Foothills LLC
East Chase Properties LLC
Easton Gateway LLC
El Dorado Pad 10, LP
Elite Vision Investments LLC
Emser International, LLC
Erving Ridge Consulting and Development LLC
Fayette Town Center, LLC
FB Festival Center LLC
Federal Realty Investment Trust
Forsons Investments, LLC
FP II SC, LLC
FPIP I, Ltd. (Landlord),Sawgrass Mills L.P. (CAM)
FR Pembroke Gardens LLC
Freehold Investments, LLC
G&I X CenterPoint LLC
Gateway Crossing SC, LLC
Gateway Pinole Vista, LLC
GGF 1 North Olmstead 2016, LLC
GP Retail I, LLC - DBA:  GS 92-2 Pavilion
Greenwood Marketplace II, LLC
GSMS 2013-GCJ14 Plaza Dr LLC
GWP-Northridge Grove, LP
Hamilton Commons TEI Equities LLC
Harsch Investment Corporation
Hauppauge Properties LLC
HC Atlantic Development, LP
Hendon FGV Center LLC
Henesta Group, LLC
Henry Real Estate, L.P.
Holderfield Properties, Inc.
HS CompUSA Center, LLC
Hulen Park Associates
ICA BFC Venture LLC
ICE Holdings LLC
Inland Commercial Real Estate
IRC Retail Centers Management Inc.

IVT Renaissance Center Durham I LLC
Jennum Wellington Properties, Inc.
Joan Kevorkian/George L. Wallet
JPMCC 2005-LDP2 Dayton
Kancov Investment LP
Kennewick Associates, Limited Partnership
Kimco
Kite Realty Corp.
Kite Realty Group
Lafayette Furniture Company, Inc.
Layton Antelope, LLC
LBX Evergreen TH, LLC
LBX Harbison TH, LLC
LBX North Rivers, LLC
Levin Properties, LP
Limestone Millenia Plaza LLC
Lorke Development Co.
LRC Northway Mall Acquisitions, LLC
Lund Company
M.J. Peterson Company
Madison Marquette
Madison Place, LLC
Madison-Flint Properties, LLC
Magnolia Commons SC LLC
Mallside Development Corporation
Manana-CDIT, LLC
Market Pointe II, LLC
Market Town Center Owner, LLC
Mattone Group Management LLC
Mayfaire Town Center, LP
May-Sun Company
MCP VOA I & III, LLC
MDG Strategic Acquisition LLC
Mesomorph, LLC
Metro Pointe Retail Associates II
Metroplex West Associates, L.P.
Mishorim Gold Jacksonville LP
Mission Valley Square, L.P.
MPH Associates, LLC
MT San Antonio I LLC

NaperW, LLC
North Academy III, LLC
Northeast Dallas Mall, LLC
Northern Valley Indian Health, Inc
Northway Mall Properties, LLC
NV LLC
Oakdale Village LLC
Oakwood Business Park, LLC
Oneida I LLC
Ontario Gateway SJT Retail XVII, LLC
Orange Grove Utilities, Inc.
Otay Main Street, LLC
Ottawa Train Yards Inc
Oval Properties 1901, Ltd.
Pagosa Partners III, Ltd.
Palladian - Valley View Blvd., L.L.C.
PAPF Dimond LLC
Park Pointe Plaza Associates
PDN Retail Center, LP
Peoria Rental Properties LLC
PGP Fayetteville, LLC
Pierre Bossier Mall Realty Holding LLC
PK Clearwater Springs, LLC
Post Hill Limited Partnership
Potomac Festival, LLC
PR North Dartmouth, LLC
PREP Aurora Real Estate, LLC
Preston Valley View, Ltd.
Principle Life Insurance Company
R46 Realty Associates, LP
Ramco Gershenson Properties, LP
Ramco Jacksonville LLC
Ravines Strongsville I, LLC
RCG-Monroeville LLC
RGR Star Plaza, L.P.
Ridgeline, Inc.
RioCan
Riverchase CC, LP
Robinson Station, LP
ROF Macon LLC
Roko Savannah (MGT) LLC

RPAI Southwest Management, LLC
Rushmore Crossing Associates LLC
Sam's Property LLC
Sansone Group
Schulte 2 Sycamore, LLC
SCM FFA Fargo 1500
Seritage SRC Finance LLC
Shops at Abilene, LP
Shops on Emerald, LLC
Simon
Site Centers
Skyland Legacy LLC
SM Eastland Mall LLC
Solar Holdings, LLC
Sorich & Lasher
South Coast Management, LLC
South Edmonton West JV
Southtown Plaza Realty LLC
Spirit Realty
Spring Creek Improvements, LLC
Springfield Plaza LP
Springfield Square Central, LP
SSI Northside, LLC
Stratford City Shopping Centre No. 2
Summerhill Square, LLC
Sunil Madison, LLC
SunMark Property LLC
Sunrise Promenade Associates
SUSO 5 Riverdale LP
SVF University Westwood, LLC
TCB Elston, LLC

TCSC LLC
Telsec Property Corporation
The Commons Reno, LLC
The Fayner Trust
The Market at Epps Bridge. LLC
The Plaza at Burr Corners, LLC
The Shops at Collins Square LLC
The Shops of Tupelo LLC
TKG Management
TMC Eastgate, LLC
Transandina Holdings LLC
Transform Leasco
Truss Greenwood IN LLC
Tyler Broadway Centennial, LP
United Hampshire US Holdings, LLC
Urban Edge Properties
Urstadt Biddle
USPG Portfolio Five, LLC
Vestar Alderwood Parkway LLC
Villa View, Ltd.
VW Chenal Commons LLC
Walart Management Co.
Washington Prime
Waterford Park North Associates, LLC
WCH LLC
West Broad Marketplace
Westridge Daniels, LLC
WH (Woodbridge) Limited
WIL-CPT Arlington Highlands 1, LP
William Roth Company
ZL Properties LLC

## SCHEDULE 1(iv)
## Lenders & Bondholders

CPPIB Credit Investments III Inc.
Oaktree Capital Management, L.P.
Eaton Vance Management
CION Investment Corporation
Boston Management and Research

Edgepoint Investment Group
Petrus Yield Opportunity Fund
Rimrock Capital Management, LLC
Albacore Capital LLC
Courage Credit Opportunities Fund

Fidelity
Variable Insurance Products Fund
Cowen Special Investments LLC
Cross Sound Management LLC
Ellington Clo Management, LLC
HG Vora Capital Management
JP Morgan Investment Mnagement
Althilon Capital Corp., LLC
Merced Partners Limited Partnership
UBS AG, Stamford Branch
Whitebox Asymmetric Partners, LP

Whitebox Multi-Strategy Investment
Group
Whitehorse VII, Ltd.
Whitehorse
Venture XX Clo, Limited
HSBC Bank plc
Catamaran
Nomura Corporate Research and
Asset Management
Alter Domus (US), LLC
Cantor Fitzgerald Securities
Bank of America, N.A.
Gordon Brothers

## SCHEDULE 1(v)
### Surety Bonds

Canada Border Services Agency
Entergy Louisiana, LLC
Florida Power & Light Company
Knoxville Utilities Board
PG&E
Public Service Company of
Oklahoma
Southern CA Electric
State of North Dakota
State of NV-Department of Taxation

Tampa Electric Company
The Electric Power Board of
Chatanooga
U.S. Customs
U.S. Bureau of Customs and Border
Protection
Liberty Mutual Insurance Company
Safeco Insurance Company of
America

## SCHEDULE 1(vi)
### Litigants

Andrus Intellectual Property Law, LLP
Beverly Hills Trial Attorneys, P.C.
Capstone Law APC
Dapeer Law PA
Hansra Cardenas, LLP
Ironside Law Firm

Locket IP LLC
Morgan & Morgan
State of California
Tianhai Lace USA, Inc.
Victoria's Secret Store Brand
Management, LLC

## SCHEDULE 1(vii)
### Professionals

Kirkland & Ellis LLP                              Houlihan Lokey Capital Inc
Cole Schotz P.C.                                  C Street Advisory Group, LLC
Berkeley Research Group, LLC


## SCHEDULE 1(viii)
### Other Ordinary Course Professionals

Alvarado                                          Michael Best & Friedrich LLP
Daniel Watney LLP                                 Morgan Lewis & Bockius LLP
Deloitte Tax LLP                                  Norton Rose Fulbright US LLP
Douglas Allen LTD                                 One Edje LLC
GARTNER INC                                       Peake Law Group PC
Global Tax Management Inc.                        Reppert Kelly, LLC
Goodman Jones LLP                                 Taft Stettinius &Hollister LLP
Gowling WLG (Canada) LLP                          TaxMatrix Technologies LLC
Gunster Yoakley & Stewart PA                      Taylor Wessing LLP
Gurstel Law Firm PC                               Visionary Financial Solutions
Jackson Lewis PC                                  Weil Gotshal & Manges LLP
Matt Scott Law Firm PLLC                          Wyatt Tarrant & Combs LLP


## SCHEDULE 1(ix)
### Banks

Bank Champaign                                    Key Bank
Bank of America                                   Paypal
Barclays                                          PNC Bank
Central Pacific Bank                              Regions Bank
Chemung Canal Bank                                Rockland Trust
Citizens Bank                                     Stripe
Fifth Third Bank                                  TD Canada Trust
First Citizens Bank                               Trustmark National Bank
First Horizon Bank                                US Bank
Huntington National Bank                          Wells Fargo
JPM Chase Bank                                    Whitney Bank

## SCHEDULE 1(x)
### Utilities

AES Indiana
AES Ohio
Alabama Power
Alectra Utilities Corporation
Alliant Energy/IPL
Alliant Energy/WP&L
Ameren Illinois
Ameren Missouri
American Electric Power
Appalachian Power
Aqua Pennsylvania/70279
Atlantic City Electric/13610
Atmos Energy/630872/740353
ATT
ATT Mobility
ATT-SBC
Avista Utilities
BC Hydro
Benton PUD
BGE
Black Hills Energy
Bowling Green Municipal Utilities
BrightRidge
Brightspeed
British Telecom
Burbank Water and Power
Business Stream
Cascade Natural Gas
Castle Water Limited
CenterPoint Energy Minnegasco
CenterPoint Energy
Central Georgia EMC (elec)
Central Maine Power (CMP)
Chattanooga Gas Company/5408
Chugach Electric Association
Citizens Energy Group/7056
City of Altamonte Springs, FL
City of Austin, TX
City of Buford, GA

City of Columbia, MO
City of Duluth Comfort Systems
City of Lubbock Utilities, TX
City of Naperville, IL
City of Niles, OH
City of Pensacola, FL
City of Richmond, VA
City of Roseville, CA
City of Santa Clara, CA
City of Sunrise, FL
City of Tacoma Public Utilities
City of Tallahassee, FL
City of Tampa Utilities
City Utilities of Springfield, MO
City Water & Light (CWL)
City Water Light & Power,
Springfield IL
Cleco Power LLC
Cobb EMC
College Station Utilities - TX
Colorado Springs Utilities
Columbia Gas of Kentucky
Columbia Gas of Maryland
Columbia Gas of Ohio
Columbia Gas of Pennsylvania
ComEd
ComTech 21
Con Edison
Connecticut Natural Gas Corp (CNG)
Consolidated Communications
Constellation NewEnergy/4640
Consumers Energy
CoServ
CPS Energy
DELMARVA POWER
DE/MD/VA/17000/13609
Direct Energy Regulated Services
Dixie Electric Cooperative
Dominion Energy North Carolina

Dominion Energy Ohio/26785
Dominion Energy South Carolina
Dominion Energy/27031
Dominion VA/NC
Power/26543/26666
DTE Energy
Duke Energy
Duquesne Light Company
Dynegy Energy Services/27679
East Brunswick Water/Sewer
Utilities
Eastward Energy Inc
Edge Communications
El Paso Electric/650801
Enbridge Gas Inc/644
ENMAX/2900
Enstar
Entergy Arkansas, Inc./8101
Entergy Gulf States LA, LLC/8103
Entergy Louisiana, Inc./8108
Entergy Mississippi, Inc./8105
Entergy Texas, Inc./8104
EPB
EPCOR/500
Eugene Water & Electric Board
(EWEB)
Evergy Kansas
Central/219915/219089
Evergy KS MO Metro MO West
219330/219703
Eversource Energy
Federal Realty Investment Trust-
Federal
Festival at Sawmill Centre
Fort Collins Utilities
FortisBC-Natural Gas
FPL - Florida Power & Light
Company
FPL Northwest FL
Gainesville Regional Utilities
Georgia Power
Grandbridge Energy Inc
Granite CAN
Granite US

Green Mountain Power Corporation
Greenville Utilities Commission, NC
Hawaiian Electric/30260
Huntsville Utilities, AL
Hydro Ottawa
Idaho Power
Indiana Michigan Power
Intermountain Gas Company
JEA
Jersey Central Power & Light
JRA HHF Venture LLC
Kansas Gas Service
KUB-Knoxville Utilities Board
KU-Kentucky Utilities Company
Lafayette Utilities Systems (LUS)
LG&E - Louisville Gas & Electric
Liberty Utilities - NH
Liberty Utilities Georgia
Liberty Utilities/219094
Lincoln Electric System
London Hydro
Los Angeles Dept of Water &
Power/30808
Lumen Technologies
Madison Gas and Electric, WI
Manitoba Hydro
Memphis Light, Gas & Water
Division
Met-Ed/3687
Metropolitan Utilities
Distric/2166/3600
MidAmerican Energy Company
Middle Tennessee Electric
Membership
Minnesota Energy Resources
Minnesota Power
Mishawaka Utilities, IN
Modesto Irrigation District
Montana-Dakota Utilities Co
Mountaineer Gas/580211
MTS Communications
Nashville Electric Service
National Fuel/371835

National Grid - New York/371376
National Grid - Pittsburgh
New Mexico Gas Company
Nicor Gas/2020/0632/5407
NIPSCO - Northern Indiana Public
Serv Co
NJNG
North Attleborough Electric
Department
North Shore Gas
NorthWestern Energy, MT
Nova Scotia Power Inc
NOVEC
NV Energy/30073 North Nevada
NV Energy/30150 South Nevada
NW Natural
NYSEG-New York State Electric &
Gas
OG&E -Oklahoma Gas & Electric
Service
Ohio Edison
Oklahoma Natural Gas Co: Kansas
City
Omaha Public Power District
Orange and Rockland Utilities
(O&R)
Orlando Utilities Commission
Pacific Gas & Electric
Pacific Power-Rocky Mountain
Power
Pacific Telemanagement Services
Paducah Power System
Palm Beach County Water Utilities
Dept
Pearl River Valley EPA
PECO/37629
Penelec/3687
Pennsylvania American Water
Peoples Gas
Peoples/644760
PEPCO (Potomac Electric Power
Company)
Piedmont Natural Gas

Pineville Electric And Telephone -
249
Portland General Electric (PGE)
POTOMAC EDISON
PPL Electric Utilities/Allentown
PSE&G-Public Service Elec & Gas
Co
PSEGLI
Puget Sound Energy
RG&E - Rochester Gas & Electric
Rhode Island Energy
Riverside Public Utilities, CA
Roanoke Gas Company
Rochester Public Utilities
Rogers Wireless
Salt River Project/2951
San Diego Gas & Electric
Scana Energy/105046
Scottish & Southern Energy(SSE)
Shell Energy UK Limited
SMECO (Southern Maryland Electric
Coop)
SMUD
Snohomish County PUD
South Jersey Gas Company
Southern California Edison
Southern California Gas (The Gas
Co.)
Southern Connecticut Gas (SCG)
Southwest Gas
Southwestern Electric Power
Spire/Atlanta
Spire/Birmingham
Spire/St Louis
Springfield Plaza LLC
Stratford Utilities Limited
Summit Utilities Arkansas Inc
SVF University Westwood LLC
T Mobile
TDS Telecom
Teco Tampa Electric Company
Texas Gas Service
The Illuminating Company

Toledo Edison
Tombigbee Electric Power Assoc-
Fulton
Toronto Hydro Electric System
Town of Danvers, MA-Electric
Division
Town of Hempstead, NY - Dept of
Water
Town of Tonawanda, NY
Tucson Electric Power Company
UGI Utilities Inc
United Illuminating Company
UNITIL ME Gas Operations
Velocity
Veolia Water New Jersey

Verizon
Verizon Business
Verizon Wireless
Vermont Gas Systems, Inc.
Virginia Natural Gas/5409
Washington Gas/37747
WaterOne
WE Energies/Wisconsin Electric/Gas
Whitehall Township Authority
Wisconsin Public Service
Withlacoochee River Electric
Cooperative
Wright-Hennepin Coop Electric
Xcel Energy

## SCHEDULE 1(xi)
### Governmental & Tax Authorities

Birmingham City Council
Canada Revenue Agency
City Of Edmonton
City Of Langley
City Of Mcallen - Police Dept
Commonwealth Of Mass
County Of Henrico, Virginia
East Brunswick Bur Fire Prev
Elite Revenue Solutions LLC
Joseph Lopinto Sheriff/Tax Col
Kentucky State Treasurer
Manitoba Finance
Ministry of Finance
Minnesota Revenue
NEVADA DEPT OF TAXATION
NEW HAMPSHIRE DRA
Newham London
North Carolina Dept of Rev
NYC Dept Of Finance
Oregon Department Of Revenue
South Carolina,Dept Of Revenue

Springfield Township (PA)
State Of New Jersey
Tennese Dept Of Revenue
Township Of Hamilton
Township Of Maple Shade
Village Of Ashwaubenon
Watford Borough Council
City Of Baton Rouge
Commonwealth of Pennsylvania
County of LA Agricultural Comm
Illinois Wholesale Cash
LABOR & INDUSTRIES (WA)
Marksville City
Meridian Charter Township
Municipality of Monroeville PA
Nevada Unclaimed Property
San Diego Recorder/CountyClerk
Township Of Robinson
US Customs And Border
Workforce Safety & Insurance

## SCHEDULE 1(xii)
### Benefit Providers

24 PetWatch Insurance Programs
Carebridge Corp
CIGNA
CirrusMD Inc
Discovery - Wexhealth
First Stop Health LLC
Ginger.io of CA Medical P.C.
Hawaii Medical Svc Associaton
Hinge Health Inc

Lincoln Life Assurance Co
Lincoln National Life Ins Co
Livongo Health Inc
Mercer
Meritain Health Inc
Omada Health Inc
OptumRX PBM of IL Inc
Quantum Health Inc

## SCHEDULE 1(xiii)
### Insurers

AIG Specialty Insurance Company
Axis Excess Insurance
Berkley Professional Liability
Chubb ACE American Insurance Company
Chubb Group of Insurance Companies
CNA Insurance
Everest EZ Excess
Hudson Insurance Company
ACE American Insurance Company
AIG
AIG Specialty Insurance
America Insurance Corp (Swiss Re)
Ascot Insurance Company
AXA Insurance UK PLC
AM Best:NR
Axis Insurance Company
AXIS Surplus Insurance Company
Beazley Insurance Company, Inc.
Berkley Insurance Company
Chubb
Continental Casualty Company (CNA)
Elite Insurance Corp (Swiss Re)

Everest National Insurance Company
Great American/Firemans Fund (Primary)
Hartford Accident & Indemnity Co.
Hartford Financial
Hartford Fire Insurance Company
Hiscox Insurance Company
Illinois Union Insurance Company (Chubb)
Liberty Ins Underwriters, Inc (Excess)
Lloyds of London - syndicate 1183
Lloyd's of London (Beazley)
Lloyds of London (Excess Stock Policy)
National Union Fire Insurance Company of Pittsburgh, PA (AIG)
Navigators (Excess)
Starr Marine (CAN)
Starr Marine (UK)
Starr Marine (US)
StarStone Specialty Insurance Co (Excess)
Steadfast Insurance Company (Zurich)

| | |
|---|---|
| Travelers Property Casualty Co. (Excess) | United States Fire Insurance Company (C&F) |
| Twin City Fire Insurance Co. | XL Specialty Insurance Company |

### SCHEDULE 1(xiv)
### Bankruptcy Judges for the District of New Jersey

| | |
|---|---|
| Michael B. Kaplan | Vicent F. Papalia |
| Rosemary Gambardella | John K. Sherwood |
| Kathryn C. Ferguson | Jerrold N. Poslusny, Jr. |
| Christine M. Gravelle | Stacey L. Meisel |
| Andrew B. Altenburg, Jr. | |

### SCHEDULE 1(xv)
### United States Trustee for Region 3 or Employee (New Jersey Office)

| | |
|---|---|
| Martha Hildebrandt | Alexandria Nikolinos |
| Adela Alfaro | Tina L. Oppelt |
| Kirsten K. Ardelean | Angeliza Ortiz-Ng |
| Francyne D. Arendas | Robert J. Schneider, Jr. |
| Michael Artis | Adam Shaarawy |
| Lauren Bielskie | Jeffrey Sponder |
| Peter J. D'Auria | Fran B. Steele |
| Neidy Fuentes | James Stives |
| David Gerardi | William J. Ziemer |
| Tia Green | Andrew R. Vara |
| Joseph C. Kern | Joanne E. Clausen |
| Daniel C. Kropiewnicki | Dianne P. Dugan |
| Maggie McGee | |

### SCHEDULE 1(xvi)
### Letters of Credit

| | |
|---|---|
| Constellation Newenergy Inc | Elavon Inc |
| Liberty Mutual Insurance Company | CIT Group/Commercial Services |
| Hartford Fire Insurance Company | Hanover Estates, LLC |
| Travelers Indemnity Company | |

**SCHEDULE 1(xvii)**
**Vendors**

Paypool LLC
Ups - United Parcel Service
Facility Source Llc
Google Inc
Ecova
Ups Supply Chain Solutions Inc
Arthur J Gallagher & Co
Cit Group/Commercial Svcs
Rhombus Services/Brandpoint
January Digital Llc
Meta Platforms Inc
Unique Structures Llc
Liveperson
Haworth Marketing + Media Llc
Microsoft Corporation
Ups Canada
Tc Millwork Inc
Blueberry Technologies Llc
Bliss Designs Inc
Manhattan Associates
Rosenthal & Rosenthal Inc
American Litho Inc
Adobe Systems Inc
Broadspire Svcs Inc
Intellisource Inc
Moschini Productions Inc
Jmj Builders Llc
Milberg Factors Inc
Bunzl Retail
Royal Cyber Inc
Amazon Web Svcs Inc
Icon International Inc
Specialty Freight Svcs Inc
Ceridian
Bridal Veil Company Inc
Hartford Financial Service
Steven Madden Ltd
Unlimited Res & Comm Const Llc
Teksystems Inc
Rm Richards

Kpmg Llp
Ring Central Inc
Affirm Inc
France Lab Inc
Kyndryl Inc
[24]7.Ai, Inc
Attentive Mobile Inc
Computer Design & Integ Llc
Flytevu Agency Llc
Pinterest Inc
Edit TX LLC
Natasha Accessories Ltd
Floors USA
Dhl Express (Usa) Inc
Bluecore Inc
Mss Solutions Llc
Weber Display & Packaging
Birdeye Inc
Rr Donnelley
Cdw Computer Centers, Inc
Summit 360
Hmrc Cumbernauld
Hanesbrands Inc
Sedgwick Claims Mgmt Loss Inv
Rgis (Usa)
Primus Services Llc
Sargenti Architects Pc
Rcs Real Estate Advisors
Braza
Wawak
Global Tax Management Inc
Brides and Hairpins Llc
Employee Justice Legal Group
360 Intel Llc
Creative Circle Llc
Crosscom National Llc
Alex Apparel Group Inc
Interface Americas Inc
Ispace Inc
Tealium Inc
First Insight Inc
Identiti Resources Ltd
Aurus Inc

Adrianna Papell
Sony Music Publishing (Us) Llc
Time Trade Systems Inc
Improove Inc
Pepperjam LLC
Global Industrial
Cybersource Corp
Graham Studios Inc
Trellist Inc
Heirloom Garter Co
Equitable Life Of Canada
Qualtrics LLC
Csc Corporate Domains Inc
Eighty One Intl Inc
Benjamin Walk Corp
Circle Visual Inc
Marketsphere Consulting Llc

## SCHEDULE 2

**List of parties in interest, or affiliates thereof that currently or formerly engage(d) BRG, sorted by their relationship to the Debtors, that are unrelated to these Cases[1]**

**EQUITY HOLDERS**
CANADA PENSION PLAN
    INVESTMENT BOARD
CION
EATON VANCE*
OAKTREE*
RIMROCK*

**LENDERS & BONDHOLDERS**
BANK OF AMERICA, N.A.
CION INVESTMENT CORPORATION
EATON VANCE MANAGEMENT*
FIDELITY
HSBC BANK PLC
JP MORGAN INVESTMENT
    MNAGEMENT
NOMURA CORPORATE RESEARCH
    AND ASSET MANAGEMENT *
OAKTREE CAPITAL MANAGEMENT,
    L.P.*
RIMROCK CAPITAL MANAGEMENT,
    LLC*
UBS AG, STAMFORD BRANCH

**LETTERS OF CREDIT**
CIT GROUP/COMMERCIAL SERVICES
CONSTELLATION NEWENERGY INC
HARTFORD FIRE INSURANCE
    COMPANY*
LIBERTY MUTUAL INSURANCE
    COMPANY
TRAVELERS INDEMNITY COMPANY

**BANKS**
BANK OF AMERICA
BARCLAYS
CITIZENS BANK
FIFTH THIRD BANK
FIRST CITIZENS BANK*

HUNTINGTON NATIONAL BANK*
JPM CHASE BANK
KEY BANK
PAYPAL
PNC BANK
REGIONS BANK*
TD CANADA TRUST*
TRUSTMARK NATIONAL BANK*
US BANK
WELLS FARGO

**INSURERS**
ACE AMERICAN INSURANCE
    COMPANY
AIG
AIG SPECIALTY INSURANCE
AIG SPECIALTY INSURANCE
    COMPANY
BERKLEY INSURANCE COMPANY*
BERKLEY PROFESSIONAL LIABILITY*
CHUBB*
CHUBB ACE AMERICAN INSURANCE
    COMPANY
CHUBB GROUP OF INSURANCE
    COMPANIES*
CNA INSURANCE
CONTINENTAL CASUALTY COMPANY
    (CNA)
EVEREST EZ EXCESS *
EVEREST NATIONAL INSURANCE
    COMPANY*
HARTFORD ACCIDENT & INDEMNITY
    CO.*
HARTFORD FINANCIAL *
HARTFORD FIRE INSURANCE
    COMPANY*
HISCOX INSURANCE COMPANY
ILLINOIS UNION INSURANCE
    COMPANY (CHUBB)*

---

[1] Potential Parties in Interest that are marked with an asterisk are related to closed matters.

LLOYDS OF LONDON - SYNDICATE 1183
LLOYD'S OF LONDON (BEAZLEY)
LLOYDS OF LONDON (EXCESS STOCK POLICY)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA (AIG)
TRAVELERS PROPERTY CASUALTY CO. (EXCESS)
XL SPECIALTY INSURANCE COMPANY*

**SURETY BONDS**
ENTERGY LOUISIANA, LLC*
LIBERTY MUTUAL INSURANCE COMPANY
PG&E*
U.S. BUREAU OF CUSTOMS AND BORDER PROTECTION*
U.S. CUSTOMS*

**ORDINARY COURSE PROFESSIONALS**
DELOITTE TAX LLP*
MICHAEL BEST & FRIEDRICH LLP
MORGAN LEWIS & BOCKIUS LLP

**LITIGANTS**
CAPSTONE LAW APC*
MORGAN & MORGAN*
STATE OF CALIFORNIA
VICTORIA'S SECRET STORE BRAND MANAGEMENT, LLC

**BENEFITS PROVIDERS**
CIGNA
LINCOLN LIFE ASSURANCE CO*
LINCOLN NATIONAL LIFE INS CO*
MERCER*
OPTUMRX PBM OF IL INC

**LANDLORDS & MANAGEMENT**
BROOKFIELD PROPERTIES*
CBL
JPMCC 2005-LDP2 DAYTON
SIMON*

TKG MANAGEMENT

**UTILITIES**
AES INDIANA*
AES OHIO*
AMEREN ILLINOIS
AMEREN MISSOURI
ATMOS ENERGY/630872/740353
ATT
ATT MOBILITY
ATT-SBC
BRITISH TELECOM
CENTRAL GEORGIA EMC (ELEC)*
CITY OF PENSACOLA, FL*
COLUMBIA GAS OF KENTUCKY
COLUMBIA GAS OF MARYLAND
COLUMBIA GAS OF OHIO
COLUMBIA GAS OF PENNSYLVANIA
COMED*
CONSTELLATION NEWENERGY/4640
DIRECT ENERGY REGULATED SERVICES*
DOMINION ENERGY NORTH CAROLINA
DOMINION ENERGY OHIO/26785
DOMINION ENERGY SOUTH CAROLINA
DOMINION ENERGY/27031
DOMINION VA/NC POWER/26543/26666
DUKE ENERGY
ENMAX/2900
ENTERGY ARKANSAS, INC./8101*
ENTERGY GULF STATES LA, LLC/8103*
ENTERGY LOUISIANA, INC./8108*
ENTERGY MISSISSIPPI, INC./8105*
ENTERGY TEXAS, INC./8104*
EVERSOURCE ENERGY*
FORTISBC-NATURAL GAS*
GEORGIA POWER*
INTERMOUNTAIN GAS COMPANY*
LOS ANGELES DEPT OF WATER & POWER/30808*
MANITOBA HYDRO*
MEMPHIS LIGHT, GAS & WATER DIVISION*
NATIONAL GRID - NEW YORK/371376*

NATIONAL GRID - PITTSBURGH*
NICOR GAS/2020/0632/5407*
NIPSCO - NORTHERN INDIANA
    PUBLIC SERV CO*
NV ENERGY/30073 NORTH NEVADA*
NV ENERGY/30150 SOUTH NEVADA*
PACIFIC GAS & ELECTRIC*
PEOPLES GAS*
PEOPLES/644760*
PORTLAND GENERAL ELECTRIC
    (PGE)*
PSE&G-PUBLIC SERVICE ELEC & GAS
    CO
PSEGLI
PUGET SOUND ENERGY*
SMUD*
SOUTHERN CALIFORNIA EDISON*
SPIRE/ATLANTA*
SPIRE/BIRMINGHAM*
SPIRE/ST LOUIS*
T MOBILE*
TORONTO HYDRO ELECTRIC
    SYSTEM*
VERIZON*
VERIZON BUSINESS*
VERIZON WIRELESS*
WASHINGTON GAS/37747*
WE ENERGIES/WISCONSIN
    ELECTRIC/GAS*
WISCONSIN PUBLIC SERVICE*

**VENDOR**
ADOBE SYSTEMS INC*
AFFIRM INC
AMAZON WEB SVCS INC
ARTHUR J GALLAGHER & CO
CERIDIAN*
CIT GROUP/COMMERCIAL SERVICES
CSC CORPORATE DOMAINS INC*
DHL EXPRESS (USA) INC
GOOGLE INC
HANESBRANDS INC
HARTFORD FINANCIAL SERVICE*
HMRC CUMBERNAULD*
INTERFACE AMERICAS INC
KPMG LLP*
MANHATTAN ASSOCIATES*

META PLATFORMS INC
MICROSOFT CORPORATION
PINTEREST INC
RING CENTRAL INC*
RR DONNELLEY
UPS - UNITED PARCEL SERVICE*
UPS CANADA*
UPS SUPPLY CHAIN SOLUTIONS INC*

**GOVERNMENTAL & TAX
    AUTHORITIES**
CANADA REVENUE AGENCY*
CITY OF EDMONTON*
COMMONWEALTH OF MASS*
MINISTRY OF FINANCE
NEVADA DEPT OF TAXATION
NORTH CAROLINA DEPT OF REV
NYC DEPT OF FINANCE*
SAN DIEGO RECORDER/COUNTY
    CLERK
STATE OF NEW JERSEY
US CUSTOMS AND BORDER*
WORKFORCE SAFETY & INSURANCE*