**Order Filed on May 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com
*-and-*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

In re:

DAVID'S BRIDAL, LLC, *et al.,*

Debtors. [1]

Chapter 11

Case No. 23-13131 (CMG)

(Jointly Administered)

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor

**DATED: May 18, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page (2)

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF**

The relief set forth on the following pages, numbered two (2) through fifteen (15), is hereby **ORDERED**.

---

David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

2

Page (3)
Debtor:                    DAVID'S BRIDAL, LLC, *et al.*
Case No.:                  23-13131 (CMG)
Caption of Order:          ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                           ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF
                           CLAIM, APPROVING THE FORM AND MANNER FOR FILING
                           PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

Upon the *Debtors' Motion for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim, Approving the Form and Manner for Filing Proofs of Claim, and Approving Notice Thereof* (the "Motion")[2]; of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (a) establishing deadlines by which certain holders of claims will be required to file written proof of their claim(s); (b) approving the form and manner for filing claims against the Debtors; (c) approving the form and manner of providing notice of the Bar Dates; (d) authorizing the Debtors to establish Supplemental Bar Dates when necessary; and (e) authorizing the Debtors, in their sole discretion, to extend the Bar Date for certain holders of claims; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and good and sufficient cause appearing for the relief set forth in this order;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Bar Dates as proposed by the Debtors are approved and established as follows:

**A.    General Bar Date:**          June 22, 2023 (the "General Bar Date") is the
                                     deadline for all persons and entities, other than
                                     governmental units (as that term is defined in
                                     Bankruptcy Code section 101(27)), holding a

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Page (4) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

claim against the Debtors arising (or deemed to arise) before the Petition Date (each, a "General Claim"), including any claim arising under Bankruptcy Code section 503(b)(9) for the value of goods received by the Debtors within twenty (20) days before the Petition Date.

**B.  Administrative Bar Date:** June 22, 2023 (the "Administrative Bar Date") is the deadline for all persons and entities holding any right to payment constituting a cost or expense of administration of the Debtors' Chapter 11 Cases arising under Bankruptcy Code sections 503(b) (with the exception of any claims arising under Bankruptcy Code section 503(b)(9), which are considered General Claims subject to the General Bar Date above) and 507(a)(2) against the Debtors (each an "Administrative Claim") arising from the Petition Date through May 22, 2023, *provided, however*, that the Debtors' Utility Providers (as that term is defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment for Future Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Authorizing the Payment of Prepetition Administrative Fees Relating to Utility Services, and (V) Granting Related Relief* [Docket No. 10]) shall not be bound by the Administrative Bar Date and any Administrative Claims of the Debtors' Utility Providers shall be subject to further Order of the Court.

**C.  Amended Schedules Bar Date:** In the event any of the Debtors amend their Schedules, the holders of claims subject to such amendment shall be required to file a proof of claim or amend any previously filed proof of claim by the Amended Schedules Bar Date (defined below) if such claimant believes its claim is improperly classified in the amended Schedules or

4

Page (5)

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

is listed in an incorrect amount, or is listed in the amended Schedules of the wrong Debtor, and such claimant desires to assert such claim in a different classification and/or different amount and/or against a different or additional Debtor or Debtors. To the extent applicable, the claimant must file its claim on or before the later of (i) the General Bar Date and (ii) thirty (30) days from the date on which the Debtors serve notice of an amendment to their Schedules on such claimant (such date, the "Amended Schedules Bar Date");

**D. Governmental Bar Date:** October 16, 2023 (the "Governmental Bar Date") is the deadline for governmental units holding a claim against the Debtors arising (or deemed to arise) before the Petition Date;

**E. Rejection Bar Date:** For claims relating to the rejection of a contract or lease, the later of (i) the General Bar Date, (ii) thirty (30) days after the applicable lease rejection date pursuant to the Rejection Procedures Order,[3] and (iii) thirty (30) days from the date the rejection order is entered or notice is served on the affected claimant pursuant to the Rejection Procedures Order, if applicable (the "Rejection Bar Date"). For the avoidance of doubt, if a creditor is served with a rejection notice, the Rejection Bar Date shall apply to all claims arising under the contract or lease in question, and parties holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired contract or lease has been rejected; and

**F. Supplemental Bar Date:** With respect to (a) holders of claims to which a supplemental mailing ("Supplemental Notice") of

---

[3] "Rejection Procedures Order" means the any order granting the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, (II) Authorizing the Removal or Abandonment of Personal Property Remaining at a Rejected Location, and (III) Granting Related Relief*, which motion was filed at Docket No. 131.

Page (6)
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                      ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF
                      CLAIM, APPROVING THE FORM AND MANNER FOR FILING
                      PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

the Bar Date Notice is appropriate but which cannot be accomplished in time to provide at least thirty (30) days' notice of the applicable Bar Date and (b) other holders of claims that become known to the Debtors after the original date on which the Bar Date Notice is served, the deadline shall be thirty (30) days after the party is served a Supplemental Notice (the "Supplemental Bar Date").

3.     The Debtors are authorized, in their sole discretion, to extend the applicable Bar Date for certain holders of Claims by stipulation or otherwise, and to establish Supplemental Bar Dates where the Debtors determine that such extension or Supplemental Bar Date is in the best interest of the estates.  The Debtors shall provide the Committee with notice of any such extension.

4.     Each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a General Claim or an Administrative Claim against the Debtors is required to file the requisite Claim Form (as defined below) in the Chapter 11 Cases, unless otherwise indicated below.

5.     The General Bar Date shall apply to all Persons and Entities (each as defined in sections 101(41) and 101(15), respectively, of the Bankruptcy Code, but excluding governmental units) holding claims against the Debtors, including the following:

(a)     any Person or Entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in any of these Chapter 11 Cases;

(b)     any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

6

Page (7)
Debtor:                DAVID'S BRIDAL, LLC, *et al.*
Case No.:              23-13131 (CMG)
Caption of Order:      ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                       ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF
                       CLAIM, APPROVING THE FORM AND MANNER FOR FILING
                       PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

(c)     any Person or Entity that believes that their prepetition claim(s) as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(d)     any Person or Entity that believes that its claim against a Debtor is or may be entitled to administrative expense priority pursuant to Bankruptcy Code section 503(b)(9).

6.      The Administrative Bar Date shall apply to all Persons and Entities who hold an Administrative Claim (other than Professional Claims or Adequate Protection Claims) arising during the Initial Administrative Claims Period.  Additionally, the Debtors are authorized to establish a Supplemental Administrative Bar Date for any Administrative Claims arising during a Supplemental Administrative Claims Period.  To establish a Supplemental Administrative Bar Date, the Debtors shall provide proper notice in accordance with the following procedures:

(a)     The Debtors shall file with the Court a notice (the "Supplemental Administrative Bar Date Notice") identifying (i) the beginning and ending date of the Supplemental Administrative Claims Period, (ii) the supplemental Bar Date (the "Supplemental Administrative Bar Date") by which such Administrative Claims must be filed, and (iii) the categories of claimants that are subject thereto; and

(b)     Within five (5) business days after filing the Supplemental Administrative Bar Date Notice, the Debtors shall serve the Supplemental Administrative Bar Date Notice on all known creditors that are subject to the Supplemental Administrative Bar Date.  The Supplemental Administrative Bar Date Notice shall include the Supplemental Administrative Bar Date and the procedures for filing any supplemental Administrative Claims, which procedures shall be consistent with the procedures set forth in this Bar Date Order, provided, however, that any such Supplemental Administrative Bar Date Notice shall be served at least thirty (30) days before any Supplemental Administrative Bar Date.

Page (8)

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

7.    The following Persons or Entities whose claims otherwise would be subject to the

General Bar Date, Government Bar Date and/or Administrative Bar Date need not file a claim:

(a)    any Person or Entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with the Debtors' claims and noticing agent, Omni Agent Solutions, Inc. ("Omni," or the "Claims Agent"), in a form substantially similar to Official Form 410;

(b)    any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such Person or Entity does not dispute that their claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    any Person or Entity whose claim has previously been allowed by order of the Court;

(d)    any Person or Entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtors or any other party;

(e)    a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage or benefit; provided, however, that a current or former employee must submit a proof of claim by the General Bar Date for all other claims, including without limitation, claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

(f)    any Debtor having a claim against any other Debtor;

(g)    any Person or Entity whose claim is based on an equity interest in any of the Debtors;

(h)    any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

(i)    claims of professionals retained by the Debtors or the Committee pursuant to orders of the Court who assert administrative claims for fees and

8

65783/0001-45312805v2

Page (9)

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

expenses subject to the Court's approval pursuant to Bankruptcy Code sections 327, 328, 330, 331, 363 and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims");

(j)     claims held by a current officer or director for indemnification, contribution, or reimbursement;

(k)     any Person or Entity that is exempt from filing a proof of claim pursuant to an order of the Court in these Chapter 11 Cases;

(l)     claims held by any Person or Entity solely against a non-Debtor entity;

(m)     expenses of members of the Committee to the extent such claims are related to their service on the Committee;

(n)     the pre-petition secured lenders with respect to any claims such lender may have including any claims for Adequate Protection Payments (as defined in any order approving the Debtors' entry into the DIP ABL Credit Agreement);

(o)     any DIP Agent, DIP Lender, DIP Secured Party, Prepetition ABL Agent, Prepetition FILO Agent, Prepetition ABL Lender or Prepetition ABL Party for any claims (including any DIP Obligations or Prepetition ABL Obligations) arising from, or in connection with, the DIP Documents or the Prepetition ABL Documents (each as defined in the order authorizing the Debtors' postpetition financing and use of cash collateral);

(p)     any Person or Entity holding a Claim payable to the Court or the U.S. Trustee Program pursuant to 28 U.S.C. § 1930; including, for the avoidance of doubt, any Administrative Claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtors;

(q)     for the avoidance of doubt, any Person or Entity that believes that its claim against a Debtor is or may be entitled to administrative expense priority pursuant to Bankruptcy Code section 503(b)(9) shall not be required to file an Administrative Claim Form, but shall be required to file a General Claim Form in accordance with this Order prior to the General Bar Date; and

(r)     any Landlord counterparty of the Debtors whose unexpired Lease has not yet been rejected by the General Bar Date consistent with Paragraph 2.E. of this Order.

9

Page (10)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                     ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF
                     CLAIM, APPROVING THE FORM AND MANNER FOR FILING
                     PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

8.      Any Person or Entity holding an interest in any of the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of Interest on or before the General Bar Date; provided, however, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, shall file a claim by the applicable Bar Date, unless another exception identified in this Order applies.

9.      The Debtors' proposed form and manner for filing claims are approved and established as follows.  The applicant for a General Claim, including any 503(b)(9) claims, must file a proof of claim, substantially in the form of the proof of claim form (the "General Claim Form") attached hereto as **Exhibit A.** The applicant for an Administrative Claim must file a proof of administrative claim, substantially in the form of the administrative claim form (the "Administrative Claim Form") attached hereto as **Exhibit B.**

10.     With respect to all General Claim Forms and Administrative Claim Forms, the Person or Entity submitting the claim must comply with the following requirements:

(a)     each claim must (i) be in English; (ii) include a claim amount denominated in United States dollars; [4] (iii) conform substantially with the General Claim Form or Administrative Claim Form, as applicable; (iv) identify the Debtor

---

[4] For the avoidance of doubt, claims originally denominated in Canadian Dollars shall be filed in United States dollars using the FX rate as of the Petition Date.

Page (11)

Debtor:            DAVID'S BRIDAL, LLC, *et al.*

Case No.:          23-13131 (CMG)

Caption of Order:  ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                   ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF
                   CLAIM, APPROVING THE FORM AND MANNER FOR FILING
                   PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

against which the claim is being asserted and (v) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim;

(b)  each General Claim Form and Administrative Claims Form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such General Claim Form or Administrative Claim Form, as applicable, may include a summary of such documentation or an explanation as to why such documentation is not available; provided, that, upon the request for additional documentation, such creditor that received such request shall be required to transmit such written documentation no later than five (5) business days following the date of such request;

(c)  each General Claim Form or Administrative Claim Form, including supporting documentation, must be submitted in person, by courier service, overnight delivery, hand delivery, or United States mail so as to be **actually received** by the Claims Agent on or before the applicable Bar Date at the following address:

David's Bridal, LLC Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

Additionally, a General Claim Form may be submitted electronically using the interface available on the website maintained by Omni in these cases (https://omniagentsolutions.com/DavidsBridal), so as to be **actually received** by the Claims Agent on or before the applicable Bar Date; and

(d)  except as expressly permitted above in the context of electronic submissions at the Claims Agent's website, **any Claim Forms otherwise sent by facsimile, telecopy, electronic mail, or other form of electronic submissions will not be accepted**.

11.  Additionally, any claimant asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted;

11

| | |
|---|---|
| Page (12) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

12.     Absent further order of the Court to the contrary, any Person or Entity that is required but fails to properly file a General Claim Form or Administrative Claim Form by the applicable Bar Date shall not be treated as a creditor with respect to such claim and shall be prohibited from (a) voting to accept or reject any chapter 11 plan filed in these Chapter 11 Cases on account of such claim, (b) participating in any distribution in these Chapter 11 Cases on account of such claim, and (c) receiving further notices regarding such claim.

13.     Notwithstanding anything to the contrary in this Order, a holder of a claim shall be able to assert any undisputed, noncontingent, and liquidated claims identified in the Schedules on behalf of such holder, in the amount set forth in the Schedules, and vote upon and receive distributions under any plan of reorganization or liquidation in these Chapter 11 Cases on account of such scheduled claim.

14.     Entities asserting claims against more than one Debtor must file a separate form with respect to each such Debtor and identify on each form the particular Debtor against which such creditor asserts its respective claims.  If a form lists more than one of the Debtors, then the Debtors shall treat such claims as filed only against the first listed Debtor.  Any form filed under the jointly administered case number for these Chapter 11 Cases, or any form that otherwise fails to identify a Debtor, shall be deemed as filed only against Debtor David's Bridal, LLC.

15.     No later than five (5) days after entry of this Bar Date Order, the Debtors shall serve notice of the Bar Dates, substantially in the form attached hereto as **Exhibit C** (the "Bar Date

65783/0001-45312805v2

| Page (13) | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

Notice"), by first class United States mail with postage prepaid in accordance with the Case

Management Procedures on:

(a)    the United States Trustee for the District of New Jersey;

(b)    counsel to the Committee;

(c)    the pre-petition secured lenders;

(d)    the Internal Revenue Service;

(e)    all persons or entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(f)    all known creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims against the Debtors;

(g)    all non-debtor parties to executory contracts and unexpired leases listed on the Schedules or their designated representatives;

(h)    all known parties to litigation with the Debtors, if any, including any workers compensation, general liability or other insurance claimants, whether or not any litigation has been commenced;

(i)    the United States Attorney for the District of New Jersey;

(j)    the Office of the Attorney General in all of the states and all taxing authorities in all of the jurisdictions in which the Debtors operate and/or file tax returns, and all known local governmental authorities;

(k)    all regulatory authorities that regulate the Debtors' businesses;

(l)    all current employees, directors and officers;

(m)    all known former employees employed by the Debtors three (3) years before the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

(n)    all parties who have filed proofs of claim in these Chapter 11 Cases as of the date of entry of the Bar Date Order; and

65783/0001-45312805v2

Page (14)
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN
                      ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF
                      CLAIM, APPROVING THE FORM AND MANNER FOR FILING
                      PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

(o)     all other entities listed on the Debtors' respective matrices of creditors.

16.     In addition to the Bar Date Notice, the Debtors shall also serve a General Claim Form on any person or entity holding a potential General Claim and/or an Administrative Claim Form on any person or entity holding a potential Administrative Claim.

17.     Further, the Debtors shall post the General Claim Form, the Administrative Claim Form, and the Bar Date Notice on the Debtors' case website maintained by Omni in these Chapter 11 Cases at https://omniagentsolutions.com/DavidsBridal.

18.     After the initial mailing of the Bar Date Notice, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential holders of claims that become known. In this regard, the Debtors shall make supplemental mailings of the Bar Date Notice in these and similar circumstances and that such parties will be subject to the Supplemental Bar Date set forth in the Bar Date Notice, which will be at least thirty (30) days from the service of such supplemental notice.

19.     No later than ten (10) days after entry of this Bar Date Order, the Debtors shall give notice of the Bar Dates, substantially in the form attached hereto as **Exhibit D** (the "Publication Notice") by publication on one (1) occasion in the New York Times, National Edition and on one (1) occasion in the national edition of *The Globe and Mail* in Canada to holders of claims and interests to whom notice by mail is impracticable, including holders of claims or interests who are

65783/0001-45312805v2

| | |
|---|---|
| Page (15) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF |

unknown or not reasonably ascertainable by the Debtors and holders of claims or interest whose identities are known but whose addresses are unknown by the Debtors.

20.     The Debtors shall consult with the Committee on any extensions of the Bar Dates.

21.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order in accordance with the Motion.

22.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

23.     Nothing contained in the Motion or this Bar Date Order is intended or should be construed as a waiver of the Debtors' or any parties in interests' right to dispute, object to, challenge, or assert offsets or defenses against any claim on any grounds.

24.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this order.

25.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this order.

65783/0001-45312805v2

## EXHIBIT A

**The General Claim Form**

65783/0001-45312805v2

## **EXHIBIT B**

### **The Administrative Claim Form**

## EXHIBIT C

**The Bar Date Notice**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF DATES BY WHICH PARTIES MUST FILE PROOFS OF CLAIM AND ADMINISTRATIVE CLAIMS AND PROCEDURES FOR FILING PROOFS OF CLAIM AND ADMINISTRATIVE CLAIMS AGAINST THE DEBTORS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors-in-possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court") on April 17, 2023 (the "Petition Date").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

**PLEASE TAKE FURTHER NOTICE THAT** on May __, 2023 the Debtors filed the *Debtors' Motion for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim, Approving the Form and Manner for Filing Proofs of Claim, and Approving Notice Thereof* [Docket No. ___] (the "Bar Date Motion").[2]  On May___, 2023, the Court entered an order approving the Bar Date Motion [Docket No. ___] (the "Bar Date Order") and establishing certain dates (collectively, the "Bar Dates" and individually, a "Bar Date") by which parties holding claims against the Debtors must file claims. Each date is expressly set forth below.

Except for those holders of the claims listed below that are specifically excluded from the Bar Date submission requirements, the Bar Dates and the procedures set forth below for submitting proofs of claim apply to all claims against the Debtors that arose prior to the Petition Date.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## Background to the Debtors' Chapter 11 Cases

1.    **General Information about the Debtors' Cases.**  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

2.    **Access to Claim Forms and Additional Information.**  Proofs of claim are to be filed using Official Form 410 or the General Claim Form (the "Claim Form") or in a form that is substantially similar. Administrative Claims are to be filed using the Administrative Claim Form (the "Administrative Claim Form").  If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Motion, the Bar Date Order (which contains a more detailed description of the requirements for filing proofs of claim), a General Claim Form, Administrative Claim Form, or related documents (and/or any other pleadings filed in the Debtors' Chapter 11 Cases) you may do so by contacting the Debtors' court-appointed claims and noticing agent Omni Agent Solutions, Inc. (the "Claims Agent" or "Omni") in writing, at David's Bridal, LLC Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367 or by visiting the Debtors' case website at https://omniagentsolutions.com/DavidsBridal.  If you have any questions concerning the filing or processing of claims, you may contact the Claims Agent at 1-888-946-3502 (toll free) or via electronic mail at DavidsBridalInquiries@omniagnt.com.

## Schedules of Assets and Liabilities

The Debtors filed their statement of financial affairs and schedules of assets and liabilities with the Court on May __, 2023 (as amended or modified, collectively, the "Schedules").  The Debtors' Schedules and the Bar Date Order are also available, free of charge, at https://omniagentsolutions.com/DavidsBridal.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Motion.

## Bar Dates Approved by the Court

The Court has established the following Bar Dates as those dates by which parties holding Claims against the Debtors must file proofs of claim so that they are actually received by the Claims Agent:

|       |                           |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |
|-------|---------------------------|-----------------------------------------------------------------------|
| **A.** | **General Bar Date:**      | June 22, 2023 (the "General Bar Date") is the deadline for all persons and entities, other than governmental units (as that term is defined in Bankruptcy Code section 101(27)), holding a claim against the Debtors arising (or deemed to arise) before the Petition Date (each, a "General Claim"), including any claim arising under Bankruptcy Code section 503(b)(9) for the value of goods received by the Debtors within twenty (20) days before the Petition Date. |
| **B.** | **Administrative Bar Date:** | June 22, 2023 (the "Administrative Bar Date") is the deadline for all persons and entities holding any right to payment constituting a cost or expense of administration of the Debtors' Chapter 11 Cases arising under Bankruptcy Code sections 503(b) (with the exception of any claims arising under Bankruptcy Code section 503(b)(9), which are considered General Claims subject to the General Bar Date above) and 507(a)(2) against the Debtors (each an "Administrative Claim") arising from the Petition Date through May 22, 2023, *provided, however*, that the Debtors' Utility Providers (as that term is defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment for Future Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Authorizing the Payment of Prepetition Administrative Fees Relating to Utility Services, and (V) Granting Related Relief* [Docket No. 10]) shall not be bound by the Administrative Bar Date and any Administrative Claims of the Debtors' Utility Providers shall be subject to further Order of the Court. |
| **C.** | **Amended Schedules Bar Date:** | In the event any of the Debtors amend their Schedules, the holders of claims subject to such amendment shall be required to file a proof of |

3

claim or amend any previously filed proof of claim by the Amended Schedules Bar Date (defined below) if such claimant believes its claim is improperly classified in the amended Schedules or is listed in an incorrect amount, or is listed in the amended Schedules of the wrong Debtor, and such claimant desires to assert such claim in a different classification and/or different amount and/or against a different or additional Debtor or Debtors. To the extent applicable, the claimant must file its claim on or before the later of (i) the General Bar Date and (ii) thirty (30) days from the date on which the Debtors serve notice of an amendment to their Schedules on such claimant (such date, the "Amended Schedules Bar Date");

**D. Governmental Bar Date:**  October 16, 2023 (the "Governmental Bar Date") is the deadline for governmental units holding a claim against the Debtors arising (or deemed to arise) before the Petition Date;

**E. Rejection Bar Date:**  For claims relating to the rejection of a contract or lease, the later of (i) the General Bar Date, (ii) thirty (30) days after the applicable lease rejection date pursuant to the Rejection Procedures Order,[3] and (iii) thirty (30) days from the date the rejection order is entered or notice is served on the affected claimant pursuant to the Rejection Procedures Order, if applicable (the "Rejection Bar Date"). For the avoidance of doubt, if a creditor is served with a rejection notice, the Rejection Bar Date shall apply to all claims arising under the contract or lease in question, and parties holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts unless and until such unexpired contract or lease has been rejected; and

**F. Supplemental Bar Date:**  With respect to (a) holders of claims to which a supplemental mailing ("Supplemental Notice") of the Bar Date Notice is appropriate but which

---

[3] "Rejection Procedures Order" means the any order granting the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, (II) Authorizing the Removal or Abandonment of Personal Property Remaining at a Rejected Location, and (III) Granting Related Relief*, which motion was filed at Docket No. 131.

cannot be accomplished in time to provide at least thirty (30) days' notice of the applicable Bar Date and (b) other holders of claims that become known to the Debtors after the original date on which the Bar Date Notice is served, the deadline shall be thirty (30) days after the party is served a Supplemental Notice (the "Supplemental Bar Date").

## Parties Required to File Proofs of Claim

1.      **Definition of Claim.**  Under Bankruptcy Code section 101(5) and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. An Administrative Claim is a Claim of the kind described in Bankruptcy Code section 503(b)(1), (2), (3), (4), (5), (6), (7), and (8).  Administrative Claims are given priority status pursuant to Bankruptcy Code section 507(a)(2), which means that they are paid before general unsecured claims.

2.      **Parties Who Must File Claims.**  Except as otherwise set forth herein, the General Bar Date applies to all Persons and Entities holding General Claims against the Debtors, including the following:

(a)      any Person or Entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in any of these Chapter 11 Cases;

(b)      any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

(c)      any Person or Entity that believes that their prepetition claim(s) as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(d)      any Person or Entity that believes that its claim against a Debtor is or may be entitled to administrative expense priority pursuant to Bankruptcy Code section 503(b)(9).

3.      **Parties Who Must File Administrative Claims.**  Except as set forth above, all Persons or Entities holding an Administrative Claim against the Debtors that arose (or are deemed to have

65783/0001-45312805v2

arisen) between the Petition Date and May 22, 2023, must file an Administrative Claim on or before the Administrative Claims Bar Date.

**4.      Parties Who Do Not Need To File Proofs of Claim.**  Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring holders of General Claims and Administrative Claims to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following Persons or Entities whose claims otherwise would be subject to the General Bar Date, Government Bar Date and/or Administrative Bar Date need not file a claim:

(a)      any Person or Entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with the Debtors' claims and noticing agent, Omni Agent Solutions, Inc. ("Omni" or the "Claims Agent") in a form substantially similar to Official Form 410;

(b)      any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such Person or Entity does not dispute that their claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)      any Person or Entity whose claim has previously been allowed by order of the Court;

(d)      any Person or Entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtors or any other party;

(e)      a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage or benefit; provided, however, that a current or former employee must submit a proof of claim by the General Bar Date for all other claims, including without limitation, claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

(f)      any Debtor having a claim against any other Debtor;

(g)      any Person or Entity whose claim is based on an equity interest in any of the Debtors;

(h)      any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

(i)      claims of professionals retained by the Debtors or the Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the

6

Court's approval pursuant to Bankruptcy Code sections 327, 328, 330, 331, 363 and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims");

(j)     claims held by a current officer or director for indemnification, contribution, or reimbursement;

(k)     any Person or Entity that is exempt from filing a proof of claim pursuant to an order of the Court in these Chapter 11 Cases;

(l)     claims held by any Person or Entity solely against a non-Debtor entity;

(m)     expenses of members of the Committee to the extent such claims are related to their service on the Committee;

(n)     the pre-petition secured lenders with respect to any claims such lender may have including any claims for Adequate Protection Payments (as defined in any order approving the Debtors' entry into the DIP ABL Credit Agreement);

(o)     any DIP Agent, DIP Lender, DIP Secured Party, Prepetition ABL Agent, Prepetition FILO Agent, Prepetition ABL Lender or Prepetition ABL Party for any claims (including any DIP Obligations or Prepetition ABL Obligations) arising from, or in connection with, the DIP Documents or the Prepetition ABL Documents (each as defined in the order authorizing the Debtors' postpetition financing and use of cash collateral);

(p)     any Person or Entity holding a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; including, for the avoidance of doubt, any Administrative Claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtors; and

(q)     for the avoidance of doubt, any Person or Entity that believes that its claim against a Debtor is or may be entitled to administrative expense priority pursuant to Bankruptcy Code section 503(b)(9) shall not be required to file an Administrative Claim Form, but shall be required to file a General Claim Form as set forth herein prior to the General Bar Date.

**<u>Instructions for Filing Proofs of Claim</u>**

**1.      Contents of Proofs of Claim.**  Each General Claim Form or Administrative Claim Form, as applicable, must (i) be written in English; (ii) include a claim amount denominated in United States dollars; [4] (iii) conform substantially with the General Claim Form or Administrative Claim Form, as applicable; (iv) identify the Debtor against which the claim is being asserted; and (v) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of

---

[4] For the avoidance of doubt, claims originally denominated in Canadian Dollars shall be filed in United States dollars using the FX rate as of the Petition Date.

the claim. Each original claim form must be submitted prior to the applicable Bar Date (photocopies, telecopies, or facsimiles will not be accepted).

Claim Forms that the Debtors are serving on known creditors will each contain the name of the Debtor and case number at the top of the first page.  If the claimant is not using the General Claim Form or Administrative Claim Form supplied by the Debtors, the creditor must provide the name of the Debtor(s) and the corresponding case number.

**2.**      **Supporting Documentation**.  Each claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that, upon the request for additional documentation, any such creditor that received such request shall be required to transmit such written documentation no later than five (5) business days following the date of such request**.**

**3.**      **Timely Service.**  Each Claim Form and Administrative Claim Form, as applicable, including supporting documentation, must be submitted: (i) on or before the applicable Bar Date, by completing the applicable form, copies of which can be accessed at the Claims Agent's website https://omniagentsolutions.com/DavidsBridal and following the directions given therein; or (ii) in person, by courier service, overnight delivery, hand delivery, or United States mail, so as to be actually received by the Claims Agent on or before the applicable Bar Date at the following address:

David's Bridal, LLC Claims Processing
c/o Omni Agent Solutions
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

> **EXCEPT AS EXPRESSLY PERMITTED ABOVE, A CLAIM FORM OTHERWISE SUBMITTED BY FACSIMILE, TELECOPY, ELECTRONIC MAIL, OR OTHER FORM OF ELECTRONIC SUBMISSION WILL NOT BE ACCEPTED.**

**4.**      **Receipt of Service**.  Holders of claims wishing to receive acknowledgment that their proofs of claim were received by the Claims Agent must submit (i) a copy of the proof of claim and (ii) a self-addressed, stamped envelope**.**

<u>**Consequences of Failing to Timely File Your Claim**</u>

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that **YOU (A) SHALL, EXCEPT AS OTHERWISE AUTHORIZED BY ORDER OF THE COURT, BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO) AND, MOREOVER, THE DEBTORS SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM; (B) SHALL BE PROHIBITED FROM VOTING TO ACCEPT OR REJECT ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES; AND (C) SHALL BE**

8

**PROHIBITED FROM PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

### Amendments to the Debtors' Schedules

**5.     Amendments to Schedules.**  In the event the Debtors amend their Schedules after the date of this notice, the Debtors will provide holders of claims that are affected by the amendment notice of the amendment, and such parties will be given an opportunity to file proofs of claim or amend any previously filed claim before a new deadline that will be specified in that future notice.

**6.     Amended Schedules Bar Date.**  The Court has approved the later of (i) the General Bar Date or (ii) thirty (30) days from the date on which the Debtors provided notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which holders of claims affected by the amendment must file proofs of claim with respect to such claim.

### Parties to the Debtors' Leases and Executory Contracts

**7.     Rejection of Leases and Contracts.**  The Bankruptcy Code provides that the Debtors may, at any time before a plan is confirmed by the Court, choose to reject certain executory contracts or unexpired leases.  If your contract or lease is rejected, you may have a claim resulting from that rejection.

**8.     Proofs of Claim Relating to Rejection Damages.**  The deadline to file a proof of claim for damages relating to the rejection of a contract or lease that has already been rejected as of the date hereof is the General Bar Date.  If the Debtors reject a contract or lease subsequent to the datehereof, the deadline to file a proof of claim shall be the later of (i) the General Bar Date, (ii) thirty (30) days after the applicable lease rejection date pursuant to the Rejection Procedures Order, and (iii) thirty (30) days from the date the rejection order is entered or notice is served on the affected claimant pursuant to the Rejection Procedures Order, if applicable.

### Reservation of Rights

Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' or any successors' rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, classification, characterization or validity thereof; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.

*If you have any questions relating to this Notice, contact the Claims Agent at 1-888-482-0714* (toll free) or via electronic mail at DavidsBridalInquiries@omniagnt.com.

**NEITHER THE ATTORNEYS FOR THE DEBTORS NOR THE CLAIMS AGENT IS AUTHORIZED TO PROVIDE YOU WITH LEGAL ADVICE.**

DATED:  May __, 2023                    Respectfully submitted,

                                        **COLE SCHOTZ P.C.**

                                        By:____/s/Michael D. Sirota_____
                                             Michael D. Sirota, Esq.
                                             Felice R. Yudkin, Esq.
                                             Rebecca W. Hollander, Esq.
                                             Court Plaza North
                                             25 Main Street
                                             Hackensack, NJ 07601
                                              (201) 489-3000
                                              (201) 489-1536 Facsimile
                                             Email: msirota@coleschotz.com
                                                     fyudkin@coleschotz.com
                                                     rhollander@coleschotz.com

                                        **KIRKLAND & ELLIS LLP**
                                        **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                             Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
                                             Christopher T. Greco, P.C. (admitted *pro hac vice*)
                                             Rachael M. Bentley (admitted *pro hac vice*)
                                             601 Lexington Avenue
                                             New York, New York 10022
                                              (212) 446-4800
                                              (212) 446-4900 Facsimile
                                             Email: joshua.sussberg@kirkland.com
                                                     christopher.greco@kirkland.com
                                                     rachael.bentley@kirkland.com
                                        -and-
                                             Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
                                             300 North LaSalle Street
                                             Chicago, Illinois 60654
                                              (312) 862-2000
                                              (312) 862-2200 Facsimile
                                             Email: alexandra.schwarzman@kirkland.com

                                        *Proposed Counsel to Debtors*

65783/0001-45312805v2

## EXHIBIT D

**Publication Notice**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ENTRY OF BAR DATE ORDER FOR**
**FILING CLAIMS AGAINST THE DEBTORS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**Entry of the Bar Date Order.** On May __, 2023 the United States Bankruptcy Court for the District of New Jersey entered an order [Docket No. ____] (the "Bar Date Order") establishing the deadlines for the filing of claims (collectively, the "Bar Dates" and individually, a "Bar Date") in the Chapter 11 Cases of David's Bridal, LLC, *et al.* (collectively, the "Debtors") with the Debtors'

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

court-appointed claims and noticing, Omni Agent Solutions, Inc. (the "<u>Claims Agent</u>"). A detailed explanation of the parties that are/are not required to file claims is available in the Bar Date Order, which is available as specified below. The deadlines established by the Court are as follows:

<u>**General Bar Date.**</u> **June 22, 2023** is the deadline for all persons and entities holding a claim against the Debtors **arising (or deemed to arise) before the April 17, 2023 Petition Date** (each, a "<u>General Claim</u>"), including any claim arising under Bankruptcy Code section 503(b)(9) for the value of goods received by the Debtors within twenty (20) days before April 17, 2023 (the "<u>Petition Date</u>").

<u>**Administrative Bar Date.**</u> **June 22, 2023** is the deadline for all persons and entities holding any right to payment constituting a cost or expense of administration of the Debtors' Chapter 11 Cases arising under Bankruptcy Code sections 503(b) (with the exception of any claims arising under Bankruptcy Code section 503(b)(9), which are considered General Claims subject to the General Bar Date above) and 507(a)(2) against the Debtors (each an "<u>Administrative Claim</u>") **arising from the Petition Date through May 22, 2023**, *provided, however*, that the Debtors' Utility Providers (as that term is defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment for Future Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Authorizing the Payment of Prepetition Administrative Fees Relating to Utility Services, and (V) Granting Related Relief* [Docket No. 10]) shall not be bound by the Administrative Bar Date and any Administrative Claims of the Debtors' Utility Providers shall be subject to further Order of the Court.

<u>**Governmental Bar Date.**</u> **October 16, 2023** is the date by which all governmental units holding claims against the Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority, or unsecured non-priority) must file proofs of claim.

<u>**Amended Schedules Bar Date.**</u> In the event the Debtors amend their Schedules, holders of claims subject to such amendment are required to file a proof of claim by later of (i) the General Bar Date or (ii) thirty (30) days from the date on which the Debtors provided notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which holders of claims affected by the amendment must file proofs of claim with respect to such claim.

<u>**Rejection Bar Date.**</u> The deadline to file a proof of claim for damages relating to the rejection of a contract or lease that has already been rejected as of the date hereof is the General Bar Date. If the Debtors reject a contract or lease subsequent to the date hereof, the deadline to file a proof of claim shall be the later of (i) the General Bar Date, (ii) thirty (30) days after the applicable lease rejection date pursuant to the Rejection Procedures Order,[2] and (iii) thirty (30) days from the date the rejection order is entered or notice is served on the affected claimant pursuant to the Rejection Procedures Order, if applicable. For the avoidance of doubt, the deadlines applicable to claims arising from the rejection of unexpired leases as of the Petition Date shall also apply to any claims

---

[2] "<u>Rejection Procedures Order</u>" means the any order granting the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, (II) Authorizing the Removal or Abandonment of Personal Property Remaining at a Rejected Location, and (III) Granting Related Relief*, which motion was filed at Docket No. 131.

65783/0001-45312805v2

under such unexpired leases of the Petition Date, such that parties holding such claims shall not be required to file Proofs of Claim with respect to prepetition amounts unless and until such unexpired lease has been rejected.

**Supplemental Bar Date.** Parties served with Supplemental Notice must file claims by thirty (30) days after the Supplemental Notice is served.

---

**EXCEPT AS TO CERTAIN EXCEPTIONS EXPLICITLY SET FORTH IN THE BAR DATE ORDER, ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM OR ADMINISTRATIVE CLAIM, AS APPLICABLE, ON OR BEFORE THE BAR DATES SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION.**

---

**Contents of Proofs of Claim.** Subject to the Bar Date Order, each General Claim Form or Administrative Claim Form, as applicable, must (i) be written in English; (ii) include a claim amount denominated in United States dollars; [3] (iii) conform substantially with the General Claim Form or Administrative Claim Form, as applicable; (iv) identify the Debtor against which the claim is asserted; and (v) be signed by the holder of the claim or by an authorized agent or legal representative of the holder of the claim. Each original claim form must be submitted prior to the applicable Bar Date (photocopies, telecopies, or facsimiles will not be accepted). A detailed explanation of the parties, the claims requirements and process is available in the Bar Date Order, which is available as specified below.

**Submitting Claims and Timely Service.** Each Claim Form and Administrative Claim Form, as applicable, including supporting documentation, must be submitted: (i) on or before the applicable Bar Date, by completing the applicable form, copies of which can be accessed at the Claims Agent's website https://omniagentsolutions.com/DavidsBridal and following the directions given therein; or (ii) in person, by courier service, overnight delivery, hand delivery, or United States mail so as to be **actually received** by the Claims Agent on or before the applicable Bar Date at the following address:

David's Bridal, LLC Claims Processing
c/o Omni Agent Solutions
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

Additionally, a General Claim Form may be submitted electronically using the interface available on the website maintained by the Claims Agent in these cases (https://omniagentsolutions.com/DavidsBridal) so as to be **actually received** by the Claims Agent on or before the applicable Bar Date.

---

**EXCEPT AS EXPRESSLY PERMITTED ABOVE, A CLAIM FORM OTHERWISE SUBMITTED BY FACSIMILE, TELECOPY, ELECTRONIC MAIL OR OTHER FORM OF ELECTRONIC SUBMISSION WILL NOT BE ACCEPTED.**

---

[3] For the avoidance of doubt, claims originally denominated in Canadian Dollars shall be filed in United States dollars using the FX rate as of the Petition Date.

3

**Consequences of Failing to Timely Submit Your Proof of Claim.** Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that you (a) shall, except as otherwise authorized by order of the Court, be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and, moreover, the Debtors shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim; (b) shall be prohibited from voting to accept or reject any chapter 11 plan filed in these Chapter 11 Cases; and (c) shall be prohibited from participating in any distribution in these Chapter 11 Cases on account of such claim.

**Reservation of Rights**. Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' or any successors' rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, classification, characterization or validity thereof; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Access to Claim Forms and Additional Information.** If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Motion, the Bar Date Order (which contains a more detailed description of the requirements for filing proofs of claim), a General Claim Form, Administrative Claim Form, or related documents you may request them in writing from the Claims Agent.   If you have any questions concerning the filing or processing of claims, you may contact the Claims Agent at 1-888-946-3502 (toll free) or via electronic mail at DavidsBridalInquiries@omniagnt.com.

65783/0001-45312805v2