**COLE SCHOTZ P.C.**

Court Plaza North

25 Main Street

P.O. Box 800

Hackensack, New Jersey 07602-0800

(201) 489-3000

(201) 489-1536 Facsimile

Michael D. Sirota, Esq.

msirota@coleschotz.com

Felice R. Yudkin, Esq.

fyudkin@coleschotz.com

Jacob S. Frumkin, Esq.

jfrumkin@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

601 Lexington Avenue

New York, New York 10022

(212) 446-4800

(212) 446-4900 Facsimile

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)

joshua.sussberg@kirkland.com

Christopher T. Greco, P.C. (admitted *pro hac vice*)

christopher.greco@kirkland.com

Rachael M. Bentley (admitted *pro hac vice*)

rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

300 North LaSalle Street

Chicago, Illinois 60654

(312) 862-2000

(312) 862-2200 Facsimile

Alexandra Schwarzman, P.C. (admitted *pro hac vice*)

alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.*, | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES
## <u>PERTAINING TO SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS</u>

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the

"<u>Schedules and Statements</u>") filed by David's Bridal, LLC ("<u>DB U.S.</u>") and its affiliates as debtors

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") include financial information that is unaudited and was prepared pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in conjunction with the Debtors' management and advisors. Although the Debtors' management team has made reasonable efforts to file complete and accurate Schedules and Statements based upon the information available to it at the time they were prepared, a variety of factors, including, among other things, the complexity of the Debtors' business operations, makes it such that the Schedules and Statements remain subject to further revision and verification by the Debtors.  The Debtors reserve the right to amend their Schedules and Statements from time to time as may be necessary or appropriate.  See Fed. R. Bankr. P. 1009 ("A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.").  The Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") is incorporated by reference in, and comprises an integral part of, the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements.

65783/0001-45286813v1

## INTRODUCTION

1.      <u>Bankruptcy Case</u>.  On April 17, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 28, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") in these Chapter 11 Cases.  As of the date hereof, no request has been made for the appointment of a trustee or examiner.

2.      <u>Basis of Presentation</u>.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("<u>GAAP</u>"), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtors.

3.      <u>Amendment</u>.  While reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors thus reserve the right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate.  <u>See</u> Fed. R. Bankr. P. 1009.

4.      <u>Recharacterization</u>.  The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  The Debtors may, however, have improperly characterized, classified, categorized, or designated certain items.  As such, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate information reported in the Schedules and Statements as necessary or appropriate at a later time as additional information

65783/0001-45286813v1

becomes available, including, but not limited to, whether contracts listed herein were executory as of the Petition Date or remain executory post-petition.

5.    <u>Summary of Reporting Procedures</u>.  The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

a.    <u>Asset/Liability Presentation</u>.  The Debtors' fiscal year is based on a "4-5-4" calendar promulgated by the National Retail Federation.  All asset information contained in the Statements and Schedules, except where otherwise noted, is as of the Petition Date.  The liability information, except where otherwise noted, is as of the Petition Date.  Unless otherwise noted, the Debtors have indicated net book values for assets as of the Petition Date in their Statements and Schedules.

b.    <u>Leases</u>.  In the ordinary course of business, the Debtors lease real property and various articles of personal property, including furniture, fixtures, and equipment, from certain third-party lessors.  Every attempt has been made to set forth all such leases in the Schedules and Statements.  Leased or owned property or assets may not be specifically designated as such in the Schedules and Statements and/or may not be specifically designated as property or assets of third parties within the control of the Debtors.  Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including for purposes of whether to assume and assign or reject a lease or whether a lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to all such issues.

c.    <u>Contingent Assets</u>.  The Debtors may possess certain claims and causes of action against various parties, including contingent claims in the form of various avoidance actions they could commence under the Bankruptcy Code and other relevant non-bankruptcy laws.  The identity and amounts of those claims and causes of action, if any, are not yet known and, therefore,

4

the Debtors reserve all rights with respect to any claims, causes of action, or avoidance actions. Nothing contained or omitted in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion thereof.

      d.    <u>Classifications</u>.  Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E as "priority," or (iii) on Schedule F as "unsecured nonpriority," or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights, if any, of the claimant or a waiver by the Debtors of their rights, if any, to recharacterize or reclassify such claim or contract.  In particular, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

      e.    <u>Disputed, Contingent, and Unliquidated Claims</u>: Schedules D, E, and F permit the Debtors to designate claims as contingent, unliquidated, and/or disputed. Notwithstanding the Debtors' failure to designate any claim on any of these Schedules as contingent, unliquidated, and/or disputed, the Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability, or status.

      f.    <u>Conversion Rate</u>. The Debtors' internal books and records for Debtor David's Bridal Canada, Inc. ("<u>DB Canada</u>") are maintained in both U.S. dollars ("<u>USD</u>") and Canadian dollars ("<u>CAD</u>").  For purposes of these Schedules and Statements, the Debtors have disclosed amounts in USD only, which implies a conversion rate of 0.746603 as of April 17, 2023.

      g.    <u>Predecessor-in-Interest</u>:  In certain instances, liabilities, claims, and contracts may be in the name of David's Bridal Inc., the predecessor in interest to DB U.S.  Such liabilities, claims, and contracts have been included on the Schedules and Statements for DB U.S.

65783/0001-45286813v1

h.    <u>Intercompany Transactions</u>.   The Debtors maintain business relationships and enter into transactions amongst themselves and with their non-Debtor wholly and partially owned foreign affiliates (the "<u>Foreign Affiliates</u>") in the ordinary course of business (the "<u>Intercompany Transactions</u>"). The Intercompany Transactions involving the Foreign Affiliates include purchases of ready-made bridal garments and other inventory at arms' length, under arrangements that the Debtors would enter into with any other vendor. For example, in the ordinary course of business, the Debtors purchase merchandise from Foreign Affiliate Fillberg Limited ("<u>Fillberg</u>"), which is a joint venture that is 50% owned by the Debtors and serves as the exclusive agent for the sourcing of foreign purchased ready-made garments for the Debtors.[2] The Intercompany Transactions also include (a) sales of inventory by DB U.S. to DB Canada and non-debtor David's Bridal UK Limited ("<u>DB U.K.</u>") which are invoiced on a monthly basis, (b) management service fees charged by DB U.S. to DB Canada and DB U.K. representing the cost of U.S. based corporate functions that benefit those entities, and (c) royalty payments by certain Foreign Affiliates or Debtors to other Debtors.

At any given time, as a result of the Intercompany Transactions, there may be claims owing by a Debtor to another Debtor or to a Foreign Affiliate and vice versa (the "<u>Intercompany Accounts</u>"). For example, DB U.S. paid franchise taxes on account of its affiliated Debtors, which amounts are recorded as receivables on the books of DB U.S. (and thus appear on that entity's Schedule A/B) and as payables on the books of its affiliated Debtors (and thus appear on those entities' Schedule F).  The Debtors also incur centrally billed expenses, such as insurance premiums, employee benefits, taxes (other than payroll taxes), workers' compensation obligations,

---

[2] The Debtors' Foreign Affiliates Wingreat Limited and Maxtel Limited source and manufacture garments, which are supplied to Fillberg.

6

and technology equipment expenses, which are paid by DB U.S. and charged to other entities through the Intercompany Accounts. The Intercompany Accounts (i) between the Debtors and the Foreign Affiliates and (ii) between and among the Operating Debtors typically are settled in cash payments from the Cash Management System.  In contrast, amounts due to DB U.S. from DBI Midco, Inc. ("Midco"), DBI Holdco II, Inc., and DBI Investors, Inc. ("Investors") were recorded as book entries but not settled.

Further, in the ordinary course of business, the Debtors have made intercompany loans to each other as well as their wholly owned Foreign Affiliates to fund their operations (the "Intercompany Loans").

65783/0001-45286813v1

## SCHEDULES AND STATEMENTS

1.     <u>Schedules A/B</u>

a.     <u>Personal Property</u>.   The Debtors reserve all rights to recategorize and/or recharacterize the asset holdings described on each Schedule A/B at a later time to the extent they later determine that such holdings were improperly reported.

b.     <u>Question 3 (Checking, savings, money market, or financial brokerage accounts)</u>.  DB U.S. and DB Canada reported amounts in their checking, savings, money market, and financial brokerage accounts based on bank balances and did not account for outstanding checks.

c.     <u>Question 55 (Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest)</u>.  The Debtors have listed the book value of their real property leases in accordance with ASC 842 of GAAP.  The right of use asset and remaining lease liability, if any, have each been listed separately to differentiate between these book value components by lease.  The remaining lease liability will offset the value of the asset and, in many cases, will result in a negative book value for a particular lease.  Because ASC 842 does not require the Debtors to record leased asset and liability amounts for certain leases (primarily leases with initial terms of less than 1 year), not every lease has corresponding asset and liability amounts.

d.     <u>Question 63 (Customer lists, mailing lists, or other compilations)</u>. Although the Debtors maintain customer lists, such assets are not assigned any value on the Debtors' balance sheet nor are they allocated to any particular Debtor.   For purposes of the Schedules and Statements, these assets have been listed as assets of DB U.S.

65783/0001-45286813v1

e.  <u>Question 71 (Notes receivable).</u>  Prior to the Petition Date, DB U.K. and DB U.S. each owed DB Canada on account of Intercompany Loans.  Receivables associated with the Intercompany Loans are disclosed in response to Question 71 of Schedule A/B of the applicable obligee's Schedules and Statements (and the related payables are disclosed on Schedule F of the applicable obligor's Schedules and Statements).

f.  <u>Question 72 (Tax refunds and unused net operating losses).</u>  The Debtors have disclosed their U.S. federal net operating losses, U.S. state net operating losses, section 163J carryforward, and work opportunity tax credits at the tax asset value carried on their books, exclusive of the valuation allowances or other financial statement considerations.  The tax attributes have been reported on a consolidated basis on Investors' Schedules and Statements, notwithstanding the fact that certain of the tax attributes may be allocable to individual Debtors. A more fulsome disclosure of their tax attributes follows:

|  | **Gross amount** | **Tax rate** | **Tax asset** |
|---|---|---|---|
| **NOLs** |  |  |  |
| U.S. Federal NOL | 105,747,000 | 21.0% | 22,206,870 |
| U.S. State NOLs | 122,456,433 | 5.31% | 6,505,498 |
| Section 163J Carryforward | 54,131,808 | 21.0% | 11,367,680 |
| **U.S. Credits** |  |  |  |
| Work Opportunity Tax Credit |  |  | 1,558,025 |

g.  <u>Question 77 (Other property of any kind not already listed).</u>  DB U.S. maintains a long-term receivable from Foreign Affiliate Wingreat.  The receivable is on account of to-be-obsolete fabric (inventory balance) DB U.S. has taken ownership of in order to finance Wingreat's acquisition of fabric used to manufacture the Debtors' inventory.  This amount is credited against invoices payable by DB U.S. as fabric is used and ages out at 180 days.  DB U.S.

9

Also has receivables from Canada and DB U.K. in connection with those entities' Intercompany Transactions.

2.      Claims Listed on Schedules D, E, and F.  The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research they conducted in connection with the preparation of Schedules and Statements.  In the course of preparing these Schedules and Statements, the Debtors have endeavored to include all amounts outstanding as of the Petition Date plus all amounts included on invoices received and processed after the Petition Date but attributable to the pre-petition period.  Unless otherwise stated herein, the Debtors have listed the gross amount of claims as of the Petition Date, even where certain pre-petition obligations have been paid, pursuant to a Bankruptcy Court order, post-petition.  As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.  The Debtors reserve all rights to change the allocation of liabilities to the extent additional information becomes available. Additionally, pursuant to Bankruptcy Court orders (and as set forth in more detail below), the Debtors have been granted authority to pay certain priority pre-petition obligations.

3.      Schedule D.  Debtors have indicated net book values for liabilities on Schedule D as of the Petition Date.  The descriptions provided on each Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

4.      Schedule E.  The Debtors' corporate and retail store employees are employed by DB U.S., for U.S. employees, including employees that work in the distribution center, and those

10

in the marketing, merchandising, and purchasing departments, and DB Canada, for Canadian employees. Certain employees had pre-petition wage claims due to the timing of the Petition Date vis-à-vis the Debtors' pay periods. Those wage claims are afforded priority treatment up to the statutory cap of $15,150. As a result of these pre-petition wage claims, the Debtors also owed monies to various taxing authorities that are afforded priority treatment. On April 17, 2023, the Bankruptcy Court entered an order granting the Debtors authority to pay certain pre-petition employee wage and other obligations in the ordinary course of business on an interim basis [Docket No. 66] (the "Employee Wage Order"). The Debtors subsequently made payments pursuant to the Employee Wage Order. In light of those payments, the Debtors believe that, other than potential claims of certain current and former employees for bonuses, vacation, and/or personal pay in excess of the permitted priority amount, all employee claims and related payroll taxes for pre-petition amounts have been or will be satisfied in the ordinary course of business pursuant to the Employee Wage Order. As a result, pre-petition wage claims and associated payroll taxes have been listed on the relevant Debtor's Schedule E at $0.00.

Taxes and fees other than payroll taxes, including amounts payable to U.S. Customs and Border Protection, may also have been due and owing as of the Petition Date. The Debtors have listed any and all taxing authorities that, to their knowledge, were owed money or had a sales tax or personal property tax audit pending as of the Petition Date on Schedule E. On April 17, 2023, the Bankruptcy Court entered an order granting the Debtors authority to pay certain pre-petition sales and use taxes in the ordinary course of business on an interim basis [Docket No. 56] (the "Tax Order"). The Debtors subsequently made payments pursuant to the Tax Order. In light of those payments, the Debtors believe that their sales and use tax obligations have been or will be satisfied in the ordinary course of business pursuant to the Tax Order. As a result, certain pre-

petition tax claims have been listed on Schedule E at $0.00.  Finally, where the Debtors have received property tax invoices for the full 2023 calendar year, they have disclosed the balance due to the relevant taxing authorities for the pre-petition prorated portion of such tax invoices on Schedule E.

The listing of any claim on any Debtor's Schedule E does not constitute an admission or determination by the Debtors as to the legal status of such claim, including but not limited to an admission or determination that such claim is entitled to priority treatment under Section 507 of the Bankruptcy Code.  The Debtors reserve all rights to dispute the priority status and amount of any claim on any basis.  Moreover, the listing of any tax claim on any Debtor's Schedule E does not constitute an admission or determination by the Debtors as to the legal status of such claim, including but not limited to an admission or determination that such claim in fact exists or should be allowed as a pre-petition tax claim.

In the ordinary course of business, customers of DB U.S. and DB Canada placed deposits or prepaid for dresses that remained in the Debtors' possession, either because such dresses were special orders or because they were purchased on layaway.  The Debtors carry special order and layaway dresses on their books at book value.  DB U.S. and DB Canada also maintained possession of certain dresses in need of alterations and of other dresses their customers purchased from third parties and brought to DB U.S. and DB Canada, respectively, for alterations.  As of the Petition Date, the Debtors possessed approximately 133,000 dresses associated with special orders, layaways, and alterations.  Although many, if not most, of these dresses have since been retrieved by their respective owners, DB U.S. and DB Canada have disclosed liabilities on Schedule F in recognition of their possession of the dresses in question.

12

5.      Schedule F.  As set forth above, the Debtors have indicated net book values for

liabilities on Schedule F as of the Petition Date.  The claims listed in each Schedule F fall into the

following general categories:

a.      Vendor claims: Vendor claims consist of claims of individual creditors for,

among other things, goods and services.  In the ordinary course of business, the Debtors dispute

the amounts and usage of goods and services provided by their vendors.  As a result, the Debtors

may possess certain claims and causes of action against various vendors, including contingent

claims in the form of counterclaims or setoffs.  For purposes of each Schedule F, the Debtors have

scheduled the gross amount of such claims but reserve all rights to supplement such amounts to

reflect additional claims, objections, counterclaims, rebates, allowances, and/or setoffs with

respect to same.

b.      Claims of Counterparties to Leases and Executory Contracts.  Pre-petition

amounts owing to, among other things, counterparties to executory contracts and unexpired leases

may also be reflected on Schedule F.  These amounts do not include rejection damage claims of

the counterparties to executory contracts and unexpired leases that may be rejected.

c.      Claims of Litigation Counterparties and Insurance Claimants.  Claims of

litigation and other insurance claimants have been listed as "unknown" in amount on Schedule F.

The Debtors may have various objections, defenses, counterclaims, third-party claims, and other

rights in connection with such claims, all of which are expressly preserved.

d.      Gift Card Claims.  Historically, DB U.S. maintained a program by which

their customers could purchase gift cards (collectively, the "Gift Cards") that can be redeemed for

the Debtors' merchandise at a later date.  DB U.S. does not maintain records of customers who

have purchased or received Gift Cards.  Accordingly, DB U.S. has disclosed an aggregate liability

associated with this program on Schedule F in the amount set forth on its books and records, which amount does not account for a breakage assumption.  The gross liability associated with the Gift Cards is higher than the amount disclosed.  For purposes of Schedule F, DB U.S. has aggregated its book liability for store credits with its liability for Gift Cards.

        e.    <u>Heirlooming Product Claims</u>.  Historically, DB U.S. and DB Canada sold an heirlooming product pursuant to which customers pre-purchased the right to have dresses dry cleaned and preserved at a later date and time (the "<u>Heirlooming Product</u>").  DB U.S. and DB Canada do not maintain records of customers who have purchased the Heirlooming Product. Accordingly, DB U.S. and DB Canada have disclosed an aggregate liability associated with this product on Schedule F in the amount set forth on its books and records, which amount does not account for a breakage assumption.  The gross liability associated with the Heirlooming Product is higher than the amount disclosed.

        6.    <u>Schedule G</u>.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may exist or have occurred.  Where the Debtors were not able to identify the counterparty to a particular contract or agreement listed on Schedule G, the Debtors have listed their assigned vendor ID as the counterparty.  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements which may not be listed thereon.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space,

14

and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on

Schedule G.  The presence of a contract or agreement on Schedule G does not constitute an

admission that such contract or agreement is an executory contract or unexpired lease.

7.     <u>Insiders</u>.   In the circumstances where the Schedules and Statements require

information regarding insiders and/or officers and directors, the Debtors have attempted to include

therein parties set forth in 11 U.S.C. § 101(31)(B), including each of the Debtors' (a) "directors"

(or persons in similar positions) and (b) employees that may be, or may have been during the

relevant period, "officers" (or persons in control).  The Debtors have attempted to exclude in such

applicable Schedules and Statements information relating to certain of their employees who,

despite the title of their position with the Debtors (including without limitation certain employees

with the title of "officer") are not "officers" of the Debtor as such term is used in the Bankruptcy

Code because, among other things, such employees (i) serve or served in a purely administrative

and/or ministerial capacity, (ii) were not appointed officers of the Debtors, and/or (iii) do not have

and have never had any material inside information as a result of their employment with the

Debtors.  The listing of a party as an insider is not intended to be nor should it be construed as a

legal characterization of such party as an insider and does not act as an admission of any fact,

claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

Employees have been included in this disclosure for informational purposes only and should not

be deemed to be "insiders" in terms of control of the Debtors, management responsibilities,

functions, decision-making, corporate authority, and/or as otherwise defined by applicable law,

including, without limitation, federal securities laws, or with respect to any theories of liability or

for any other purpose.

15

8.    <u>Statement of Financial Affairs</u>

a.    <u>Questions 4 & 30</u>.  In some instances, the Debtors have transferred to certain employees, officers, and directors restricted stock that vests over time. The Debtors have disclosed the full value of such stock as of the date it was granted/transferred.

b.    <u>Questions 16</u>. Although the Debtors maintain personally identifiable information, it is not maintained by any particular Debtor.  For purposes of the Schedules and Statements, it has been listed as maintained by DB U.S.

c.    <u>Question 21 (Property held for another)</u>. The Debtors hold certain funds associated with the Blueprint Registry program in trust for their beneficiaries.  Although these funds are nominally associated with the Blueprint Registry program, they are held by and disclosed on the Schedules and Statements of DB U.S., not Blueprint Registry, LLC.

Separately, and as set forth above, in the ordinary course of business, customers of DB U.S. and DB Canada placed deposits or prepaid for dresses that remained in the Debtors' possession, either because such dresses were special orders or because they were purchased on layaway.  The Debtors carry special order and layaway dresses on their books at book value.  DB U.S. and DB Canada also maintained possession of certain dresses in need of alterations and of other dresses their customers purchased from third parties and brought to DB U.S. and DB Canada, respectively, for alterations.  As of the Petition Date, the Debtors possessed approximately 133,000 dresses associated with special orders, layaways, and alterations.  Although many, if not most, of these dresses have since been retrieved by their respective owners, DB U.S. and DB Canada have disclosed dresses in their possession in response to Question 21.

65783/0001-45286813v1

DATED:  May 22, 2023                    Respectfully submitted,

**COLE SCHOTZ P.C.**

By: _____/s/Michael D. Sirota_____
                       Michael D. Sirota, Esq.
                       Felice R. Yudkin, Esq.
                       Rebecca W. Hollander, Esq.
                       Court Plaza North
                       25 Main Street
                       Hackensack, NJ 07601
                       (201) 489-3000
                       (201) 489-1536 Facsimile
                       Email: msirota@coleschotz.com
                               fyudkin@coleschotz.com
                               rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
                       Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
                       Christopher T. Greco, P.C. (admitted *pro hac vice*)
                       Rachael M. Bentley (admitted *pro hac vice*)
                       601 Lexington Avenue
                       New York, New York 10022
                       (212) 446-4800
                       (212) 446-4900 Facsimile
                       Email: joshua.sussberg@kirkland.com
                               christopher.greco@kirkland.com
                               rachael.bentley@kirkland.com
*-and-*
                       Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
                       300 North LaSalle Street
                       Chicago, Illinois 60654
                       (312) 862-2000
                       (312) 862-2200 Facsimile
                       Email: alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

65783/0001-45286813v1

| Debtor Name | **DBI Midco, Inc.** |
|---|---|
| **United States Bankruptcy Court for the District of New Jersey** | |
| Case number (if known): | **23-13132** |

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1:  Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*      (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*...........................................................................................

| |
|---|
| $0.00 |

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*.......................................................................................

| |
|---|
| $218,219,785.00 |

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*..........................................................................................

| |
|---|
| $218,219,785.00 |

---

### Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property*      (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of Schedule D..........................

| |
|---|
| $256,890,292.95 |

3. *Schedule E/F: Creditors Who Have Unsecured Claims*   (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*..............................................

| |
|---|
| $80,000.00 |

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................................

**+**

| |
|---|
| $1,367.99 |

4. **Total liabilities** ........................................................................................................
Lines 2 + 3a + 3b

| |
|---|
| $256,971,660.94 |

| Debtor Name | **DBI Midco, Inc.** |
|---|---|
| **United States Bankruptcy Court for the  District of New Jersey** | |
| Case number (if known): | **23-13132** |

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1.  **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand**

3.  **Checking, savings, money market, or financial brokerage accounts**
    Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

4.  **Other cash equivalents**

5.  **Total of Part 1**
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6.  **Does the debtor have any deposits or prepayments?**

Debtor  DBI Midco, Inc.                                        Case Number (if known) 23-13132

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

7.   **Deposits, including security deposits and utility deposits**
     Description, including name of holder of deposit

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
     Description, including name of holder of prepayment

9.   **Total of Part 2**
     Add lines 7 through 8.  Copy the total to line 81.

| Part 3: | Accounts Receivable |
|---|---|

10.  **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

11.  **Accounts receivable**

11a. 90 days old or less:    _____  -  _____  =
                             face amount                   doubtful or uncollectible accounts

11b. Over 90 days old:       _____  -  _____  =
                             face amount                   doubtful or uncollectible accounts

12.  **Total of Part 3**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| Part 4: | Investments |
|---|---|

13.  **Does the debtor own any investments?**

Debtor  DBI Midco, Inc.                                             Case Number (if known) 23-13132

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

|  | | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 14. **Mutual funds of publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | | |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses,
including any interest in an LLC, partnership, or joint venture**

Name of entity:                          % of ownership:

| 15.1 | David's Bridal, LLC | 100% | Net Book Value | $218,219,785.00 |
|---|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable
instruments not included in Part 1**

Describe:

17. **Total of Part 4**                                                              $218,219,785.00

Add lines 14 through 16. Copy the total to line 83.

**Part 5:**     **Inventory, excluding agricultural assets**

18. **Does the debtor own any inventory (excluding agricultual assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last<br>physical inventory | Net book value of<br>debtor's interest | | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|---|
| 19. **Raw Materials** | | | | | |
| 20. **Work in progress** | | | | | |
| 21. **Finished goods, including goods held for resale** | | | | | |

Debtor  DBI Midco, Inc.                                                  Case Number (if known) 23-13132

22.  **Other inventory or supplies**

23.  **Total of Part 5**
     Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

     ☐ No.
     ☐ Yes.

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

     ☐ No.
     ☐ Yes.     Book Value $ _____     Valuation Method _____     Current Value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|-------------------------------------------------------------------------------|

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

     ☑ No. Go to Part 7.
     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|----------------------------------------|-------------------------------------|

28.  **Crops - either planted of harvested**

Debtor  DBI Midco, Inc.                                                Case Number (if known) 23-13132

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No.
    ☐ Yes.

Debtor  DBI Midco, Inc.                                         Case Number (if known) 23-13132

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**       Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42. **Collectibles** | | | |

42.  **Collectibles**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

Debtor  DBI Midco, Inc.                                      Case Number (if known) 23-13132

☐ No.
☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**
Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

Debtor  DBI Midco, Inc.                                                    Case Number (if known) 23-13132

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

**Part 9:**       **Real property**

54.  **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.
☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

56.  **Total of Part 9.**
     Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☐ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

Debtor  DBI Midco, Inc.                                                    Case Number (if known) 23-13132

☐ No.

☐ Yes.

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

|  | General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 60. | **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61. | **Internet domain names and websites** | | | |
| 62. | **Licenses, franchises, and royalties** | | | |
| 63. | **Customer lists, mailing lists, or other compilations** | | | |
| 64. | **Other intangibles, or intellectual property** | | | |
| 65. | **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

Debtor  DBI Midco, Inc.                                                          Case Number (if known) 23-13132

67. **Do your lists or records include personally identifiable information of customers?**

    ☐ No.
    ☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

    ☐ No.
    ☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

    ☑ No. Go to Part 12.
    ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

    _____  -  _____  =
    Total face amount      Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

Debtor   DBI Midco, Inc.                                              Case Number (if known) 23-13132

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

     **Nature of claim**

     **Amount Requested**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

     **Nature of claim**

     **Amount Requested**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**
     Examples: Season tickets, country club membership

78. **Total of Part 11.**
     Add lines 71 through 77.  Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

Debtor  DBI Midco, Inc.                                      Case Number (if known) 23-13132

| Part 12: | Summary |
|---|---|

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.**  *Copy line 5, Part 1.* | | |
| 81. **Deposits and prepayments.**  *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.**  *Copy line 12, Part 3.* | | |
| 83. **Investments.**  *Copy line 17, Part 4.* | **$218,219,785.00** | |
| 84. **Inventory.**  *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.**  *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.**  *Copy line 51, Part 8.* | | |
| 88. **Real Property.**  *Copy line 56, Part 9.* | | |
| 89. **Intangibles and intellectual property.**  *Copy line 66, Part 10.* | | |
| 90. **All other assets.**  *Copy line 78, Part 11.* | | |
| 91. **Total.**  Add lines 80 through 90 for each column. 91a. | **$218,219,785.00**  +  91b. | **$0.00** |
| 92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92............ | | **$218,219,785.00** |

| | |
|---|---|
| Debtor Name    **DBI Midco, Inc.** | |
| **United States Bankruptcy Court for the  District of New Jersey** | |
| Case number (if known):    **23-13132** | ☐ Check if this is an<br>amended filing |

<u>Official Form 206D</u>

## Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | **Amount of Claim**<br>Do not deduct the<br>value of collateral | **Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|

**2.1**

**Creditor's name**
ALTER DOMUS (US), LLC, AS AGENT

**Creditor's mailing address**
225 W WASHINGTON ST, 9TH FL
CHICAGO, IL 60606

**Creditor's email address, if known**
emily.ergangpappas@alterdomus.com

Date debt was incurred  04/30/2021

**Last four digits of**
**account number**

**Do multiple creditors have an interest in the same**
**property?**

☐ No

☒ Yes. Specify each creditor, including this
creditor, and its relative priority.

☐ No. Specify each creditor, including this creditor,
and its relative priority.

☒ Yes.  The relative priority of creditors is specified on
lines     para.15 of Dkt.No. 22

**Describe debtor's property that is subject to a lien**
SEE "ABL PRIORITY COLLATERAL" AND "TERM LOAN
PRIORITY COLLATERAL" [DKT.NO. 30]

**Describe the lien**
Senior Superpriority Term Loan Facility; first lien
on Term Loan Priority Collateral and second lien
on ABL Priority Collateral

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

$91,666,475.78                Undetermined

**2.2**

**Creditor's name**
BANK OF AMERICA, N.A., AS ABL AGENT
1903B LOAN AGENT, LLC

**Creditor's mailing address**
BANK OF AMERICA, N.A.
100 FEDERAL ST, 9TH FL
BOSTON, MA 02110
1903B LOAN AGENT, LLC
800 BOYLSTON ST, 27TH FL
BOSTON, MA 02199

**Creditor's email address, if known**
roger.malouf@baml.com; dbraun@gordonbrothers.com

Date debt was incurred  11/26/2019

**Last four digits of**
**account number**

**Do multiple creditors have an interest in the same**
**property?**

☐ No

☒ Yes. Have you already specified the relative
priority?

☐ No. Specify each creditor, including this creditor,
and its relative priority.

☒ Yes.  The relative priority of creditors is specified on
lines     para.15 of Dkt.No. 22

**Describe debtor's property that is subject to a lien**
SEE "ABL PRIORITY COLLATERAL" AND "TERM LOAN
PRIORITY COLLATERAL" [DKT.NO. 30]

**Describe the lien**
ABL Revolving and FILO Term Loan Facility
($38,475,432 and $10,072,891.67, respectively); first
lien on ABL Priority Collateral and fifth lien on Term
Loan Priority Collateral

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

$48,548,323.67                Undetermined

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the**
**Additional Page, if any.**

$256,890,292.95

Debtor Name    **DBI Midco, Inc.**                                          Case number (if known): **23-13132**

| **Part 1:** | **Additional Page(s)** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | **Amount of Claim**<br>Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|

---

**2.3**

**Creditor's name**

CANTOR FITZGERALD SECURITIES, AS AGENT

**Creditor's mailing address**

900 WEST TRADE ST, STE 725
CHARLOTTE, NC 28202

**Creditor's email address, if known**

byoung@cantor.com

**Date debt was incurred**  06/19/2020

**Last four digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☑ Yes.  The relative priority of creditors is specified on lines      para.15 of Dkt.No. 22

**Describe debtor's property that is subject to a lien**

SEE "ABL PRIORITY COLLATERAL" AND "TERM LOAN PRIORITY COLLATERAL" [DKT.NO. 30]

**Describe the lien**

Superpriority Term Loan Facility; second lien on Term Loan Priority Collateral and third lien on ABL Priority Collateral

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

| $29,347,036.46 | Undetermined |
|---|---|

---

**2.4**

**Creditor's name**

CANTOR FITZGERALD SECURITIES, AS AGENT

**Creditor's mailing address**

110 E 59TH ST
NEW YORK, NY 10022

**Creditor's email address, if known**

**Date debt was incurred**  11/26/2019

**Last four digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☑ Yes.  The relative priority of creditors is specified on lines      para.15 of Dkt.No. 22

**Describe debtor's property that is subject to a lien**

SEE "ABL PRIORITY COLLATERAL" AND "TERM LOAN PRIORITY COLLATERAL" [DKT.NO. 30]

**Describe the lien**

First Lien Term Loan Facility; third lien on Term Loan Priority Collateral and fourth lien on ABL Priority Collateral

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

| $74,913,390.94 | Undetermined |
|---|---|

---

Debtor Name    **DBI Midco, Inc.**                                    Case number (if known): **23-13132**

| **Part 1:** | **Additional Page(s)** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | | **Amount of Claim**<br>Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|---|

**2.5**

**Creditor's name**

CANTOR FITZGERALD SECURITIES, AS AGENT

**Describe debtor's property that is subject to a lien**

SEE "ABL PRIORITY COLLATERAL" AND "TERM LOAN PRIORITY COLLATERAL" [DKT.NO. 30]     $12,415,066.10     Undetermined

**Creditor's mailing address**

110 E 59TH ST
NEW YORK, NY 10022

**Describe the lien**

Takeback Term Loan Facility; fourth lien on Term Loan Priority Collateral and fifth lien on ABL Priority Collateral

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Date debt was incurred**  01/18/2019

**Last four digits of account number**

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☑ Yes.  The relative priority of creditors is specified on lines      para.15 of Dkt.No. 22

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

| Debtor Name | **DBI Midco, Inc.** | |
|---|---|---|

**United States Bankruptcy Court for the  District of New Jersey**

| Case number (if known): | **23-13132** |
|---|---|

☐ Check if this is an
amended filing

## Official Form 206E/F

## Schedule E/F - Creditors Who Have Claims Unsecured Claims

12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☐ No. Go to Part 2.

☒ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**   If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| | | | | |

| **2.1** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$80,000.00** | **$80,000.00** |
|---|---|---|---|---|
| | **DELAWARE DIV OF REVENUE**<br>**P.O. BOX 2044**<br>**WILMINGTON, DE 19899-2044** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>**DE FRANCHISE TAX** | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 8    ) | | | |

| **2.2** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$0.00** | **$0.00** |
|---|---|---|---|---|
| | **TENNESSEE DEPT OF REVENUE**<br>**500 DEADERICK ST**<br>**NASHVILLE, TN 37242** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>**TN FRANCHISE TAX** | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 8    ) | | | |

Debtor Name    **DBI Midco, Inc.**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

|  | **Amount of claim** |
|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** |  | **As of the petition filing date, the claim is:** | $1,367.99 |
|---|---|---|---|---|

3.1  **Nonpriority creditor's name and mailing address**

DAVID'S BRIDAL, LLC
1001 WASHINGTON ST
CONSHOHOCKEN, PA 19428

**As of the petition filing date, the claim is:**    $1,367.99

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
INTERCOMPANY PAYABLE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

3.2  **Nonpriority creditor's name and mailing address**

LARISSA JORDAN
C/O CAPSTONE LAW APC
1875 CENTURY PARK EAST, STE 1000
LOS ANGELES, CA 90067

**As of the petition filing date, the claim is:**    Undetermined

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
PENDING LITIGATION

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor Name  **DBI Midco, Inc.**

Case number (if known):  **23-13132**

| | |
|---|---|
| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

Debtor Name     **DBI Midco, Inc.**                                    Case number (if known): **23-13132**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                                            $80,000.00

**5b. Total claims from Part 2**                                                                             $1,367.99

**5c. Total claims of Parts 1 and 2**
   Lines 5a + 5b = 5c                                                                                        $81,367.99

| | |
|---|---|
| Debtor Name | **DBI Midco, Inc.** |
| **United States Bankruptcy Court for the District of New Jersey** | |
| Case number (if known): | **23-13132** |

☐ Check if this is an amended filing

<u>Official Form 206G</u>

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | **PREPETITION ABL AND FILO AGREEMENT** | **1903P LOAN AGENT, LLC, AS FILO AGENT**<br>**800 BOYLSTON ST, 27TH FL**<br>**BOSTON, MA 02199** |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | **PREPETITION SENIOR SUPERPRIORITY TERM LOAN AGREEMENT** | **ALTER DOMUS(US), LLC, AS AGENT**<br>**225 W WASHINGTON ST, 9TH FL**<br>**CHICAGO, IL 60606** |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | **PREPETITION ABL AND FILO AGREEMENT** | **BANK OF AMERICA, N.A., AS ABL AGENT**<br>**100 FEDERAL ST, 9TH FL**<br>**BOSTON, MA 02110** |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | **PREPETITION SUPERPRIORITY TERM LOAN AGREEMENT** | **CANTOR FITZGERALD SECURITIES, AS AGENT**<br>**900 WEST TRADE ST, STE 725**<br>**CHARLOTTE, NC 28202** |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | **PREPETITION FIRST LIEN CREDIT AGREEMENT** | **CANTOR FITZGERALD SECURITIES, AS AGENT**<br>**110 59TH ST**<br>**NEW YORK, NY 10022** |
| | State the term remaining<br>List the contract number of any government contract | | |

Debtor Name      **DBI Midco, Inc.**                                    Case number (if known): **23-13132**

---

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

**List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.6 | State what the contract or lease is for and the nature of the debtor's interest | PREPETITION TERM LOAN AGREEMENT | CANTOR FITZGERALD SECURITIES, AS AGENT<br>110 59TH ST<br>NEW YORK, NY 10022 |
| | State the term remaining<br>List the contract number of any government contract | | |

Debtor Name      **DBI Midco, Inc.**

**United States Bankruptcy Court for the  District of New Jersey**

Case number (if known):      **23-13132**

☐ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**    Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.1 | **BLUEPRINT REGISTRY, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Alter Domus (US), LLC, as Agent Senior Superpriority Term Loan Facility | ☒ D ☐ E/F ☐ G |
| 2.2 | **BLUEPRINT REGISTRY, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Bank of America, NA, as ABL Agent 1903P Loan Agent, LLC, as FILO Agent  ABL Revolving and FILO Term Loan Facility | ☒ D ☐ E/F ☐ G |
| 2.3 | **BLUEPRINT REGISTRY, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent First Lien Term Loan Facility | ☒ D ☐ E/F ☐ G |
| 2.4 | **BLUEPRINT REGISTRY, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent Superpriority Term Loan Facility | ☒ D ☐ E/F ☐ G |
| 2.5 | **BLUEPRINT REGISTRY, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent Takeback Term Loan Facility | ☒ D ☐ E/F ☐ G |

| Debtor Name | **DBI Midco, Inc.** | Case number (if known): **23-13132** |
|---|---|---|

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.6 **DAVID'S BRIDAL CANADA INC.** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Alter Domus (US), LLC, as Agent<br>Senior Superpriority Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.7 **DAVID'S BRIDAL CANADA INC.** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Bank of America, NA, as ABL Agent<br>1903P Loan Agent, LLC, as FILO Agent<br>ABL Revolving and FILO Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 **DAVID'S BRIDAL CANADA INC.** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent<br>First Lien Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 **DAVID'S BRIDAL CANADA INC.** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent<br>Superpriority Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.10 **DAVID'S BRIDAL CANADA INC.** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent<br>Takeback Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 **DAVID'S BRIDAL, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Alter Domus (US), LLC, as Agent<br>Senior Superpriority Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 **DAVID'S BRIDAL, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Bank of America, NA, as ABL Agent<br>1903P Loan Agent, LLC, as FILO Agent<br>ABL Revolving and FILO Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 **DAVID'S BRIDAL, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent<br>First Lien Term Loan Facility | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **DBI Midco, Inc.** | Case number (if known): **23-13132** |
|---|---|---|

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.14 **DAVID'S BRIDAL, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent Superpriority Term Loan Facility | ☑ D ☐ E/F ☐ G |
| 2.15 **DAVID'S BRIDAL, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Cantor Fitzgerald Securities, as Agent Takeback Term Loan Facility | ☑ D ☐ E/F ☐ G |
| 2.16 **DAVID'S BRIDAL, LLC** | **1001 WASHINGTON ST CONSHOHOCKEN, PA 19428** | Larissa Jordan Pending Litigation | ☐ D ☑ E/F ☐ G |

| Debtor Name    DBI Midco, Inc. |
| --- |
| **United States Bankruptcy Court for the  District of New Jersey** |
| **Case Number:**  23-13132 |

<u>Official Form 202</u>

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership,
must sign and submit this form for the schedules of assets and liabilities, any other document that requires a
declaration that is not included in the document, and any amendments of those documents.  This form must
state the individual's position or relationship to the debtor, the identity of the document, and the date.
Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining
money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or
imprisonment for up to 20 years, or both.  18 U.S.C.  152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the
partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true
and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*    (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*    (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206 G)

☑ *Schedule H: Codebtors*    (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*    (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*
  (Official Form 204)

☐ *Other document that requires a declaration*

I, the Officer of the DBI Midco, Inc., declare under penalty of perjury that I have read the foregoing summary and
schedules, consisting of 28 sheets, and that they are true and correct to the best of my knowledge, information, and
belief.

Executed on:  5/22/2023
  MM / DD / YYYY

Signature _____  /s/ Scott Richter

  Scott Richter
Printed Name

  Officer
Title