**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

TO THE HONORABLE CHRISTINE M. GRAVELLE,
JUDGE, UNITED STATES BANKRUPTCY COURT:

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (these "<u>Chapter 11 Cases</u>") state the following in support of this motion (this "<u>Motion</u>"):

## I.    **JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.    This United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are sections 327(a), 329, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

## II.    **BACKGROUND**

4.    On April 17, 2023 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases (the "<u>Chapter 11 Cases</u>") are set forth in greater detail in the *Declaration of James Marcum, Chief Executive*

*Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 21], which is incorporated herein by reference.

5.    The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Court entered an order [Docket No. 69] authorizing joint administration of these Chapter 11 Cases for procedural purposes pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  On April 28, 2023, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases [Docket No. 150].

6.    On the Petition Date, the Court entered the *Order (I) Authorizing David's Bridal, LLC to Act as Foreign Representative, and (II) Granting Related Relief* [Doc. No. 61] (the "Foreign Representative Order").  With that authorization, the Debtor David's Bridal, LLC commenced a recognition proceeding in Canada (the "Canadian Proceedings") under Part IV of the *Companies' Creditors Arrangement Act* ("CCAA").  On April 18, 2023, the Ontario Superior Court of Justice (Commercial List) ("Canadian Court") entered an Initial Recognition Order and a Supplemental Recognition Order, found that the United States is the Debtors' center of main interests, stayed all actions, suits, and proceedings against the Debtors in Canada and granted other customary relief.

### III.    RELIEF REQUESTED

7.    By this Application, the Debtors seek authorization to employ and retain Osler, Hoskin & Harcourt LLP ("Osler") as their Canadian bankruptcy counsel in connection with the filing and prosecution of these Chapter 11 Cases and the related Canadian Proceedings, *nunc pro*

*tunc* to the Petition Date, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  The Debtors further request that the Court approve the retention of Osler under a general retainer and hourly fee arrangement in accordance with Osler's normal hourly rates in effect at the time services are rendered and Osler's normal expense reimbursement policies.   In support of this Application, the Debtors submit the Declaration of Martino Calvaruso (the "Calvaruso Declaration"), attached hereto as <u>Exhibit A</u>, and the Declaration of James Marcum (the "Marcum Declaration"), attached hereto as <u>Exhibit B</u>.

## IV.    <u>OSLER'S QUALIFICATIONS</u>

8.    Osler was retained in April 2023 to work with the Debtors, Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E") and Cole Schotz P.C. ("Cole Schotz"), and the Debtors' other advisors to explore the Debtors' strategic alternatives, including a potential recognition proceeding in Canada under the CCAA.  Since being engaged, Osler has worked closely with the Debtors, their management, K&E, Cole Schotz, and the Debtors' financial advisors, investment bankers, and inventory sale consultants in connection with the Debtors' restructuring initiatives, including preparations for the Canadian Proceedings.  As a result of this work, Osler has acquired significant knowledge about the Debtors, their businesses, and many of the potential legal issues that may arise in the context of these Chapter 11 Cases and the related Canadian Proceedings that makes it uniquely suited to serve as Debtors' Canadian bankruptcy counsel.

9.    The Debtors have selected Osler because the partners, counsel and associates of Osler possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring, and corporate reorganizations, among others.  In addition, the lawyers at Osler also have substantial experience

appearing before the Canadian Court in recognition proceedings under the CCAA, and on complex, cross-border matters involving Chapter 11 cases. The Debtors believe Osler has assembled a team of highly-qualified professionals and paraprofessionals to provide services to them in these Chapter 11 Cases and the related Canadian Proceedings, have determined that the retention of Canadian bankruptcy counsel is necessary to the successful administration of these Chapter 11 Cases and the related Canadian Proceedings, and submit that Osler's employment would be in the best interests of their estates. Osler's substantial experience, as well as its extensive practice before Canadian Court and on complex, cross-border matters involving Chapter 11 cases, make it substantively and geographically ideal to efficiently serve the needs of the Debtors. Osler regularly represents Chapter 11 debtors in recognition proceedings under the CCAA, including retailers, and, thus, is well qualified to serve as Canadian bankruptcy counsel to the Debtors in these Chapter 11 Cases and the related Canadian Proceedings.

10.    Osler has been actively involved in many major recent Chapter 11 cases with recognition proceedings under the CCAA. *See e.g. In re Revlon, Inc., Case No. 22-10760 (DSJ); In re Pier 1 Imports, Inc. Case No. 20-30805 (KRH); In re Brooks Brothers Group, Inc., Case No. 20–11785 (BLS); In re Jack Cooper Ventures, Inc., Case No. 19-62393 (PWB); In re Hollander Sleep Products, LLC, Case No. 19-11608 (MEW); In re Payless Holdings LLC, Case No. 17-42267-659.*

11.    In sum, the Debtors believe that Osler is both well-qualified and uniquely able to represent them in an efficient and timely manner and that the services of Osler are necessary and essential to the Debtors' performance of their duties as debtors in possession in these Chapter 11 Cases and the related Canadian Proceedings.

12.     By separate application, the Debtors have also asked the Court to approve the retention of K&E and Cole Schotz as bankruptcy co-counsel to the Debtors.  In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Osler will coordinate K&E and Cole Schotz and any other firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases and the related Canadian Proceedings.

## V.      SERVICES TO BE PROVIDED

13.     The Debtors seek to retain Osler as their Canadian bankruptcy counsel to represent the Debtors in these Chapter 11 Cases and the related Canadian Proceedings, including in connection with the performance of the following legal services:

(a)     advise the Debtors of their rights, powers, and duties as debtors in possession in continuing to operate and manage their assets and business in Canada;

(b)     prepare on the Debtors' behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents to be filed in the Canadian Proceedings;

(c)     advise the Debtors concerning, and prepare responses to, applications, motions, pleadings, notices, and other pleadings or documents which may be filed in the Canadian Proceedings;

(d)     counsel the Debtors in their efforts to, as applicable, sell their assets, including the Canadian assets on a standalone basis (if applicable), pursuant to section 363 of the Bankruptcy Code and/or formulate, negotiate, and promulgate a chapter 11 plan with respect to the Debtors' business in Canada;

(e)     appear in the Canadian Court and at any meetings with the information officer appointed by the Canadian Court in the Canadian Proceeding;

(f)     review the nature and validity of agreements relating to Debtors' business operations in Canada and advise the Debtors in connection therewith;

(g)     advise the Debtors concerning the actions they might take to collect and recover property in Canada for the benefit of their estates;

(h)    review the nature and validity of liens asserted against the Debtors in Canada and advise as to the enforceability thereof;

(i)    advise with respect to the review, reconciliation, objection to, and settlement of Canadian claims; and

(j)    perform all other legal services for and on behalf of the Debtors which may be necessary or appropriate in the administration of their Chapter 11 Cases and the related Canadian Proceedings, and fulfillment of their duties as debtors in possession.

## VI.    PROFESSIONAL COMPENSATION

14.    The Debtors understand that Osler intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in connection with the Chapter 11 Cases and the related Canadian Proceedings on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

15.    The Debtors understand that, subject to the Court's approval, Osler will be compensated at its standard hourly rates, which are based on the professionals' level of experience. The attorneys and paralegals primarily responsible for representing the Debtors and their current standard hourly rates are:

| Name | Title | Hourly Rate (CAD) |
|---|---|---|
| Marc Wasserman | Partner | $1350 |
| Martino Calvaruso | Partner | $960 |
| Shawn Irving | Partner | $1075 |

| Sven Poysa | Partner | $1050 |
|---|---|---|
| Greg Wylie | Partner | $1375 |
| Mary Angela Rowe | Associate | $840 |
| Marleigh Dick | Associate | $655 |
| Ben Muller | Associate | $655 |

16.    Other attorneys, paralegals, and case management clerks will be involved in representing the Debtors.  The current range of national hourly rates for such professionals are:

| Position | Hourly Rate (CAD) |
|---|---|
| Partners | $770 to $1700 per hour |
| Counsel | $570 to $900 per hour |
| Associates | $290 to $900 per hour |
| Paraprofessionals | $235 to $900 per hour |

17.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  There are no alternative fee arrangements from customary billing. Further, no professional has varied his or her rate based on geographic location.

18.    The Debtors understand and agree that Osler will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Calvaruso Declaration.

19.    Prior to applying any increases in its hourly rates beyond the rates set forth in this Application, Osler shall provide ten (10) days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in these Chapter 11 Cases.

20.    The Debtors understand and agree that Osler will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above and that they will be charged for all

disbursements and expenses incurred in the rendition of services.  These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts).

21.    It is the Debtors' understanding that Osler will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.

## VII.    COMPENSATION RECEIVED FROM THE DEBTORS

22.    As set forth in the Calvaruso Declaration, during the ninety days prior to the Petition Date, the Debtors paid Osler CAD $360,214.75 representing Osler's fees for services rendered and expenses incurred.  This includes the application of a retainer that Osler was holding in the amount of CAD $235,000 to satisfy fees incurred during the pre-filing period (the "Retainer").

## VIII.    DISINTERESTEDNESS OF PROFESSIONALS

23.    The Calvaruso Declaration describes the relationships, if any, that Osler has with creditors of the Debtors and other interested parties.  As set forth in the Calvaruso Declaration, Osler does not believe that any of those relationships would foreclose the Debtors' retention of Osler under section 327(a) of the Bankruptcy Code in that Osler, to the best of its knowledge: (i) does not represent any other entity having an adverse interest to the Debtors, their estates, or any other party-in-interest in connection with these Chapter 11 Cases; (ii) is a disinterested person under section 101(14) of the Bankruptcy Code; and (iii) has no connection with the Office of the United States Trustee (the "U.S. Trustee") or any other person employed therein.  The Debtors have been informed that Osler will continue conducting a review of its files to ensure that no

disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Osler
will supplement its disclosure to the Court.

### IX.    STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24.    Osler recognizes that the U.S. Trustee is charged with reviewing applications for
retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to
evaluate any such applications.

25.    Osler intends to comply with the U.S. Trustee's requests for additional information
and disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application
and the interim and final fee applications to be filed by Osler in these Chapter 11 Cases.

26.    Moreover, as described in the Calvaruso Declaration, and consistent with the U.S.
Trustee Guidelines, the Debtors have undertaken certain steps to ensure that the rate structure
provided by Osler is not significantly different from the rates that (a) Osler charges for other non-
bankruptcy engagements or (b) other comparable counsel would charge to do work substantially
similar to the work Osler will perform in these Chapter 11 Cases and the related Canadian
Proceedings.

### X.    BASIS FOR RELIEF REQUESTED

27.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, with the
court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other
professional persons, that do not hold or represent an interest adverse to the estate, and that are
disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in
possession's] duties under this title."  11 U.S.C. § 327(a).  Moreover, section 1107(b) provides
that "a person is not disqualified for employment under section 327 of this title by a debtor in

possession solely because of such person's employment by or representation of the debtor before the commencement of the case." *Id.* § 1107(b).

28.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

29.    The Debtors request approval of the employment of Osler *nunc pro tunc* to the Petition Date.  Such relief is warranted by the circumstances presented by these Chapter 11 Cases. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See, e.g., Matter of Arkansas Co., Inc.*, 798 F.2d 645, 650 (3d Cir. 1986); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 52 (D. Del. 1989), *app. dismissed,* 909 F.2d 1476 (3d Cir. 1990).  The Debtors' selection of Osler as their Canadian bankruptcy counsel necessitated that Osler immediately commence work on time-sensitive matters and promptly devote resources to the Debtors' cases, including the commencement of the Canadian Proceedings, pending submission and approval of this Application.  Osler's services on the Debtors' behalf have not prejudiced any creditor or party-in-interest in these Chapter 11 Cases, but rather, have served their best interests.

30.    The Debtors submit that, for the reasons stated above and in the Calvaruso and Marcum Declarations, the retention of Osler as their Canadian bankruptcy counsel, as described herein, is warranted.  Accordingly, the retention of Osler as Canadian bankruptcy counsel to the Debtors should be approved.

## XI.    NO PRIOR REQUEST

31.    No prior request for the relief sought in this Application has been made to this Court

or any other court.

## XII.    NOTICE

32.    The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against

the Debtors (on a consolidated basis); (c) counsel for Bank of America, N.A., in its capacity as the

ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Attn: Matthew Furlong, Esq., Julia

Frost-Davies, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Attn: Alan

Brody, Esq.; (d) counsel for 1903P Loan Agent, LLC, in its capacity as First In Last Out Agent,

(i) Riemer & Braunstein LLP, Attn: Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and

(ii) Lowenstein Sandler LLP, Attn: Kenneth A. Rosen, Esq.; (e) counsel for CPPIB Credit

Investments III Inc. and its affiliates and managed accounts, in their capacity as Prepetition Senior

Superpriority Term Loan Lenders, (i) Weil, Gotshal & Manges LLP, Attn: Matt Barr, Esq.,

Matthew P. Goren, Esq. and F. Gavin Andrews, Esq. and (ii) Wollmuth Maher & Deutsch LLP,

Attn: Paul R. DeFilippo, Esq., James N. Lawlor, Esq., and Joseph F. Pacelli, Esq.; (f) the United

States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the

offices of the attorneys general for the states in which the Debtors operate; and (i)  any party that

has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the

nature of the relief requested, such notice is sufficient and no other or further notice need be given.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request entry of the proposed order submitted herewith granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Dated: May 26, 2023                    Respectfully submitted,

                                       **DAVID'S BRIDAL, LLC,** *et al.*

                                       By: _/s/  James Marcum_____
                                               James Marcum
                                               Chief Executive Officer
                                               David's Bridal, LLC, *et al.*

**<u>EXHIBIT A</u>**

**Calvaruso Declaration**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MARTINO CALVARUSO IN SUPPORT OF DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP
AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO
TUNC* TO THE PETITION DATE**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

I, MARTINO CALVARUSO, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare:

1.      I am a lawyer admitted to practice in the Province of Ontario, and am a partner of the firm of Osler, Hoskin & Harcourt LLP ("Osler"). Osler is a law firm of over 550 lawyers, with offices in Toronto at 100 King Street West, 1 First Canadian Place, Suite 6200, P.O. Box 50, Toronto ON M5X 1B8, and with other offices in Montreal, Calgary, Ottawa, Vancouver, and New York.  This Declaration (the "Declaration") is submitted pursuant to sections 327, 329, and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

2.      This Declaration is made in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Osler, Hoskin & Harcourt LLP as Canadian Bankruptcy Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "Application"),[2] filed concurrently herewith.  This Declaration also is submitted as the statement required pursuant to Section D.1 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), promulgated by the Office of the United States Trustee (the "U.S. Trustee").

3.      I am familiar with the matters set forth herein and make this Declaration in support of the Application.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

## I.    OSLER'S QUALIFICATIONS

4.    Osler was retained in April 2023 to work with the Debtors, Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E"), Cole Schotz P.C. ("Cole Schotz") and the Debtors' other advisors to explore the Debtors' strategic alternatives, including a potential recognition proceeding in Canada under the CCAA (the "Canadian Proceedings").  Since being engaged, Osler has worked closely the Debtors, their management, K&E, Cole Schotz, and the Debtors' financial advisors, investment bankers, and inventory sale consultants in connection with the Debtors' restructuring initiatives, including preparations for the Canadian Proceedings.  As a result of this work, Osler has acquired significant knowledge about the Debtors, their businesses, and many of the potential legal issues that may arise in the context of these Chapter 11 Cases and the related Canadian Proceedings that makes it uniquely suited to serve as Debtors' Canadian bankruptcy counsel.

5.    Osler's partners, counsel and associates possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring, and corporate reorganizations, among others.  In addition, Osler's lawyers have substantial experience appearing before the Canadian Court in recognition proceedings under Part IV of the CCAA, and on complex, cross-border matters involving Chapter 11 cases.  Osler has assembled a team of highly-qualified professionals and paraprofessionals to provide services to the Debtors in these Chapter 11 Cases and the related Canadian Proceedings.  Osler's retention as Canadian bankruptcy counsel is necessary to the successful administration of these Chapter 11 Cases and the related Canadian Proceedings, and Osler's employment would be in the best interests of the Debtors' estates.  Osler's substantial experience, as well as its extensive practice before the Canadian Court and on complex, cross-border matters involving Chapter 11

cases, make it substantively and geographically ideal to efficiently serve the needs of the Debtors. Osler regularly represents Chapter 11 debtors in recognition proceedings under Part IV of the CCAA, including retailers and, thus, is well qualified to serve as Canadian bankruptcy counsel to the Debtors in these Chapter 11 Cases and the related Canadian Proceedings.

6.      Osler has been actively involved in many major recent Chapter 11 cases with recognition proceedings under the CCAA. *See e.g. In re Revlon, Inc., Case No. 22-10760 (DSJ); In re Pier 1 Imports, Inc. Case No. 20-30805 (KRH); In re Brooks Brothers Group, Inc., Case No. 20–11785 (BLS); In re Jack Cooper Ventures, Inc., Case No. 19-62393 (PWB); In re Hollander Sleep Products, LLC, Case No. 19-11608 (MEW); In re Payless Holdings LLC, Case No. 17-42267-659.*

7.      In sum, Osler is both well-qualified and uniquely able to represent the Debtors in an efficient and timely manner and the services Osler provides are necessary and essential to the Debtors' performance of their duties as debtors in possession in these Chapter 11 Cases and the related Canadian Proceedings.

8.      By separate application, the Debtors have also asked the Court to approve the retention of K&E and Cole Schotz as bankruptcy co-counsel to the Debtors. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Osler will coordinate with K&E and Cole Schotz and any other firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases and the related Canadian Proceedings.

## II.    SERVICES TO BE PROVIDED

9.    The Debtors seek to retain Osler as their Canadian bankruptcy counsel to represent

the Debtors in these Chapter 11 Cases and the related Canadian Proceedings, including in

connection with the performance of the following legal services:

(a)    advise the Debtors of their rights, powers, and duties as debtors in possession in continuing to operate and manage their assets and business in Canada;

(b)    prepare on the Debtors' behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents to be filed in the Canadian Proceedings;

(c)    advise the Debtors concerning, and prepare responses to, applications, motions, pleadings, notices, and other pleadings or documents which may be filed in the Canadian Proceedings;

(d)    counsel the Debtors in their efforts to, as applicable, sell their assets, including the Canadian assets on a standalone basis (if applicable), pursuant to section 363 of the Bankruptcy Code and/or formulate, negotiate, and promulgate a chapter 11 plan with respect to the Debtors' business in Canada;

(e)    appear in the Canadian Court and at any meetings with the information officer appointed by the Canadian Court in the Canadian Proceeding;

(f)    review the nature and validity of agreements relating to Debtors' business operations in Canada and advise the Debtors in connection therewith;

(g)    advise the Debtors concerning the actions they might take to collect and recover property in Canada for the benefit of their estates;

(h)    review the nature and validity of liens asserted against the Debtors in Canada and advise as to the enforceability thereof;

(i)    advise with respect to the review, reconciliation, objection to, and settlement of Canadian claims; and

(j)    perform all other legal services for and on behalf of the Debtors which may be necessary or appropriate in the administration of their Chapter 11 Cases and the related Canadian Proceedings, and fulfillment of their duties as debtors in possession.

### III.    PROFESSIONAL COMPENSATION

10.    Osler intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the Chapter 11 Cases and the related Canadian Proceedings on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders entered in these Chapter 11 Cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

11.    The attorneys and paralegals primarily responsible for representing the Debtors and their current standard hourly rates are:

| Name | Title | Hourly Rate (CAD) |
|---|---|---|
| Marc Wasserman | Partner | $1350 |
| Martino Calvaruso | Partner | $960 |
| Shawn Irving | Partner | $1075 |
| Sven Poysa | Partner | $1050 |
| Greg Wylie | Partner | $1375 |
| Mary Angela Rowe | Associate | $840 |
| Marleigh Dick | Associate | $655 |
| Ben Muller | Associate | $655 |

12.    Other attorneys, paralegals, and case management clerks will be involved in representing the Debtors.  The range of hourly rates for such professionals are:

| Position | Rates (CAD) |
|---|---|
| Partners | $770 to $1700 per hour |
| Counsel | $570 to $900 per hour |
| Associates | $290 to $900 per hour |

| Paralegals | $235 to $900 per hour |
|---|---|

13.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  There are no alternative fee arrangements from customary billing.  Further, no professional has varied his or her rate based on geographic location.

14.    Osler will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

15.    Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Osler shall provide ten (10) days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in these Chapter 11 Cases.

16.    It is Osler' policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone calls, mail and express mail, special or hand delivery, outgoing facsimiles, photocopying, scanning and/or printing, computer assisted research (which shall not be more than the actual cost incurred by Osler in performing such research), travel, "working meals," transcription, as well as non-ordinary overhead expenses such as secretarial and other overtime. Osler will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients, subject to Local Rule 2016-1.

17.    Osler will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.

### IV.    COMPENSATION RECEIVED FROM THE DEBTORS

18.    During the ninety days prior to the Petition Date, the Debtors paid Osler CAD $360,214.75 representing Osler's fees for services rendered and expenses incurred.  This includes

the application of a retainer that Osler was holding in the amount of CAD $235,000 to satisfy fees incurred during the pre-filing period (the "<u>Retainer</u>").

## V.    <u>DISINTERESTEDNESS OF PROFESSIONALS</u>

19.    Insofar as I have been able to ascertain through diligent inquiry, except as set forth in this Declaration, neither I, Osler, nor any professional employee of Osler have any connection with the Debtors, their creditors, any other party-in-interest, their current respective attorneys or professionals, the U.S. Trustee or any person employed in the Office of the U.S. Trustee, nor do we hold or represent any entity having an adverse interest in the Debtors' Chapter 11 Cases. Notwithstanding the foregoing, Osler has in the past worked with, continues to work with, and has mutual clients with certain professionals who may represent parties-in-interest in these Chapter 11 Cases. Neither I, Osler, nor any professional employee of Osler, to the best of my knowledge, is related professionally to the Debtors, their creditors, or any other party-in-interest herein or their respective attorneys or professionals.

20.    In preparing this Declaration, Osler performed a conflict of interest search to identify any actual or potential conflicts of interest, which included:

(a)    Cole Schotz provided to Osler a list of the following entities that was developed by K&E, the Debtors' financial advisors, and the Debtors' investment bankers, Cole Schotz attorneys, and other resources available to Cole Schotz, a list of the following entities was developed: (i) Debtors & Debtor Affiliates; (ii) Current Directors and Officers; (iii) Former Directors and Officers; (iv) Bankruptcy Judges; (v) Banks; (vi) Benefits Providers; (vii) Equity Holders; (viii) Insurance – Surety Bonds; (ix) Landlords; (x) Lenders; (xi) Letters of Credit; (xii) Litigation Parties; (xiii) Ordinary Course Professionals; (xiv) Restructuring Professionals; (xv) Significant Vendors; (xvi) Taxing Authorities; (xvii) U.S. Trustee Personnel and Bankruptcy Judges; (xviii) Utilities; and (xix) all other parties listed on the attached **Exhibit 1** (collectively, the "<u>Entity List</u>").

(b)    Osler maintains a database of current and former clients and related information (the "<u>Database</u>"). Osler searched the Database and compiled a list of those entities for which Osler's lawyer fees were billed during the past three years (the "<u>Client List</u>").

(c)     Osler compared the names on the Entity List with the names on the Client List to determine whether these matches are with current clients, and, if so, to identify the Osler personnel responsible for such matters.

(d)     Based on the results of that search and other system searches, and by making general and, when applicable, specific inquiries of Osler personnel, insofar as I have been able to ascertain after diligent inquiry, neither I, nor Osler, nor any partner, counsel or associate thereof have any connection with, or have an adverse interest to, the parties on the Entity List except as set forth on **Exhibit 2** hereto (the "Disclosure List") or disclosed in this Declaration.

21.     Osler has represented, currently represents, and may in the future represent entities on the Disclosure List (or their affiliates) in matters unrelated to the Debtors' Chapter 11 Cases. The Disclosure List reflects that an entity is a "Current Client" if, based on the search of the Database described above, such search indicated that Osler has any open matters for such entity and lawyer time charges have been recorded on any such matters within the past three years. The Disclosure List reflects that an entity is a "Former Client" if, based on the search of the Database described above, such search indicated that Osler represented such entity within the past three years based on recorded lawyer time charges on a matter and such matter has been formally closed.

22.     Except as set forth on the Disclosure List, based on this review of the information available to me, to the best of my knowledge and insofar as I have been able to ascertain, Osler has not represented, does not represent, and will not represent any entities on the Disclosure List in matters directly related to the Debtors or these Chapter 11 Cases.

23.     As a part of Osler's bankruptcy and corporate restructuring practice, Osler's clientele includes debtors, creditors, court officers, institutional creditors, asset purchasers, venture capitalists, secured parties, lessors and contract parties, equity holders, directors and officers, court-appointed fiduciaries, plan sponsors, indenture trustees, and bond insurers. The Debtors have numerous creditors and other parties-in-interest. Osler may have in the past represented, and may presently or in the future represent, creditors or parties-in-interest in addition to those

specifically disclosed herein in matters unrelated to these Chapter 11 Cases.  Osler believes that

its representation of such creditors or other parties in such other matters has not affected and will

not affect its representation of the Debtors in these proceedings.

24.     In addition to its bankruptcy and corporate restructuring practice, Osler is a full-

service law firm with active corporate, real estate, finance, construction, commercial, litigation,

environmental, employment, pension and benefits, competition, privacy, intellectual property, tax

and other practices.  Osler appears in cases, proceedings, and transactions involving many different

lawyers, accountants, financial consultants, and investment bankers, some of whom now or may

in the future represent or be deemed adverse to claimants or parties-in-interest in these Chapter 11

Cases.

25.     Despite the efforts described above to identify and disclose Osler's connections

with the Entity List, because the Debtors have numerous creditors and other relationships, Osler

is unable to state with certainty that every client representation or other connection has been

disclosed.  If Osler discovers additional information that requires disclosure, Osler will file

supplemental disclosure(s) with the Court as promptly as possible.

26.     To the best of my knowledge, Osler has not been retained to assist any entity or

person other than the Debtors on matters relating to, or in connection with, these Chapter 11 Cases.

If this Court approves the proposed employment of Osler as Canadian bankruptcy counsel to the

Debtors, Osler will not accept any engagement or perform any services in these Chapter 11 Cases

for any entity or person other than the Debtors.  Osler may, however, continue to provide

professional services to, and engage in commercial or professional relationships with, entities or

persons that may be creditors of the Debtors or parties-in-interest in these Chapter 11 Cases;

*provided*, *however*, that such services do not and will not relate to, or have any direct connection with, these Chapter 11 Cases.

27.    Thus, pursuant to section 327(a) of the Bankruptcy Code, based upon information available to me, Osler does not hold or represent any interests adverse to the Debtors, their creditors, or their estates.

28.    Osler also is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code in that, to the best of my knowledge, Osler, its partners, counsel and associates:

     (a)    are not creditors, equity security holders, or insiders of the Debtors;

     (b)    are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

     (c)    do not hold an interest materially adverse to the interest of the estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

29.    Accordingly, based upon information available to me, I submit that Osler is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the requirements of section 327(a) of the Bankruptcy Code are satisfied in respect of the matters upon which Osler is to be engaged in these Chapter 11 Cases.

## VI.    STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

30.    Osler also will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Osler.

31.    In that regard, the following is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

     **Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

| | | |
|---|---|---|
| Response: | No. | |

**Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question:**    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    Osler represented the Debtors for approximately three weeks prior to the Petition Date.  During that time, Osler did not raise its billing rates.  The material financial terms for the pre-petition engagement remain the same as those disclosed in the Application, as that engagement was undertaken on an hourly-fee basis.

**Question:**     Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:    Osler will work with the Debtors to formulate a budget and staffing plan.

32.    To the best of my knowledge, no promises have been received by Osler nor any partner, counsel or associate thereof, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

33.    Pursuant to section 504 of the Bankruptcy Code, to the best of my knowledge, no agreement or understanding exists between Osler and any other person to share any compensation or reimbursement of expenses to be paid to Osler in these proceedings.

34.    I have been advised by Cole Schotz and understand it to be true that the proposed engagement of Osler is not prohibited by Bankruptcy Rule 5002.

35.     Osler will abide by the terms of any orders entered in these Chapter 11 Cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

36.     By reason of the foregoing, I believe Osler is eligible for employment and retention by the Debtors pursuant to section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2023

*/s/ Martino Calvaruso*
MARTINO F. CALVARUSO

**<u>EXHIBIT 1</u>**

**Entity List**

**<u>List of Exhibits</u>**

| <u>**Exhibit**</u> | <u>**Category**</u> |
|---|---|
| 1(i) | Debtors & Current Affiliates |
| 1(ii) | Direct Equity Holders of the Debtor |
| 1(iii) | Landlords & Management |
| 1(iv) | Lenders & Bondholders |
| 1(v) | Surety Bonds |
| 1(vi) | Litigants |
| 1(vii) | Professionals |
| 1(viii) | Other Ordinary Course Professionals |
| 1(ix) | Banks |
| 1(x) | Utilities |
| 1(xi) | Governmental & Tax Authorities |
| 1(xii) | Benefits Providers |
| 1(xiii) | Insurers |
| 1(xiv) | Bankruptcy Judges for the District of New Jersey |
| 1(xv) | United States Trustee for Region 3 or Employee (New Jersey Office) |
| 1(xvi) | Letters of Credit |
| 1(xvii) | Vendors |

## EXHIBIT 1(i)
### Debtors & Current Affiliates

DBI Investors, Inc.
DBI Holdco II, Inc.
DBI Midco, Inc.
David's Bridal, LLC
Blueprint Registry LLC
Aligned for the Frontline, LLC
David's Bridal UK Limited
Executive Management Limited

Fillberg Ltd.
Wingreat Limited
Maxtel Limited.
The Bridge Holding Limited
Multihulls Trading Limited
Pretty Fashions Inc.

## EXHIBIT 1 (ii)
### Direct Equity Holders of the Debtor

Oaktree
Eaton
Vance
Rimrock

CPPIB
Edgepoint
Petrus
Cion

## EXHIBIT 1(iii)
### Landlords & Management

1000 South Vermont LLC
10345 Magnolia Ave, LLC
11 Point Capital LLC
1210 Weible LLC
1276 Bald Hill Rd., LLC
1997-0506 Cava Ltd.
3133 Erie Boulevard Associates, LLC
3413 Tittabawassee Rd Leasing
3500 48th Street Owner LLC
4212 West Wendover Avenue, LLC
4545 Kennedy, LLC
610 & San Felipe, Inc.
84 South Retail Center, LLC
Acadia Merrillville Realty, LP
ACS Adams Dairy Landing MO, LLC
Agree Limited Partnership
All Centers, L.P.

Almonesson Associates II
Ambra Investments, LLC
ARC CTCHRNC001, LLC
ARC SSSDLLA001, LLC
ARD MacArthur, LLC
ARG CRHAGMD001 LLC
ARG LPLAFIN001 LLC
ARG SPSPRIL001 LLC
Arnot Associates II, LLC
BAM River Valley, LP
Barrywoods Holdings, LLC
Bassett Place Real Estate Co., LLC
BBP Partners, LLC
Belden Park Delaware LLC
Beltway Crossings, LLC
Bentall Green Oak Canada LP
Bershon LV Two, LLC

Bethel Properties, LLC
Billou Corporation
BMLS Investments LLC
Bodester, LLC
Bonefide Estates Inc
Boone Interstate Development
Braehead Glasgow Limited &
Braehead Park Investments Limited
Brixmor
Brixton Real Estate Investments, LLC - Pavilion Series
Broadway & Pearl Associates, LLC
Brookfield Properties
Buckhead Place, LLC
Burlington Interstate Center, LLC
BVA Avenue LLC
Cafaro
Calloway REIT
CalProp Management Company
Carillon Square I, LC
CBL
CDP4/Peoples Crossing
Central Valley Associates
CFC Phase II, LLC
Coliseum Crossing Associates, LLC
College Station Uniprop, LLC
Columbus Park Crossing Southwest, LLC
Columbus Town Center LLC
Core Southside
CREA/PPC Long Beach Towne Center PO, LLC
Cross County Owner, LLC
CSHV Woodlands, LP
CSM Investors Inc
Dartmouth Crossing Master LP
Davis Family LP
DB Taylor, LLC
DDRTC Marketplace at Mill Creek, LLC
Del Amo Fashion Center Operating Co., LLC
Delaware Cumberland Avenue Plaza LLC

Derito Walking Stick South LLC
Dolan and Company, LLC
Donahue Schriber Realty Group, LP
DT Ahwatukee Foothills LLC
East Chase Properties LLC
Easton Gateway LLC
El Dorado Pad 10, LP
Elite Vision Investments LLC
Emser International, LLC
Erving Ridge Consulting and Development LLC
Fayette Town Center, LLC
FB Festival Center LLC
Federal Realty Investment Trust
Forsons Investments, LLC
FP II SC, LLC
FPIP I, Ltd. (Landlord),Sawgrass Mills L.P. (CAM)
FR Pembroke Gardens LLC
Freehold Investments, LLC
G&I X CenterPoint LLC
Gateway Crossing SC, LLC
Gateway Pinole Vista, LLC
GGF 1 North Olmstead 2016, LLC
GP Retail I, LLC - DBA:  GS 92-2 Pavilion
Greenwood Marketplace II, LLC
GSMS 2013-GCJ14 Plaza Dr LLC
GWP-Northridge Grove, LP
Hamilton Commons TEI Equities LLC
Harsch Investment Corporation
Hauppauge Properties LLC
HC Atlantic Development, LP
Hendon FGV Center LLC
Henesta Group, LLC
Henry Real Estate, L.P.
Holderfield Properties, Inc.
HS CompUSA Center, LLC
Hulen Park Associates
ICA BFC Venture LLC
ICE Holdings LLC
Inland Commercial Real Estate
IRC Retail Centers Management Inc.

IVT Renaissance Center Durham I LLC
Jennum Wellington Properties, Inc.
Joan Kevorkian/George L. Wallet
JPMCC 2005-LDP2 Dayton
Kancov Investment LP
Kennewick Associates, Limited Partnership
Kimco
Kite Realty Corp.
Kite Realty Group
Lafayette Furniture Company, Inc.
Layton Antelope, LLC
LBX Evergreen TH, LLC
LBX Harbison TH, LLC
LBX North Rivers, LLC
Levin Properties, LP
Limestone Millenia Plaza LLC
Lorke Development Co.
LRC Northway Mall Acquisitions, LLC
Lund Company
M.J. Peterson Company
Madison Marquette
Madison Place, LLC
Madison-Flint Properties, LLC
Magnolia Commons SC LLC
Mallside Development Corporation
Manana-CDIT, LLC
Market Pointe II, LLC
Market Town Center Owner, LLC
Mattone Group Management LLC
Mayfaire Town Center, LP
May-Sun Company
MCP VOA I & III, LLC
MDG Strategic Acquisition LLC
Mesomorph, LLC
Metro Pointe Retail Associates II
Metroplex West Associates, L.P.
Mishorim Gold Jacksonville LP
Mission Valley Square, L.P.
MPH Associates, LLC
MT San Antonio I LLC

NaperW, LLC
North Academy III, LLC
Northeast Dallas Mall, LLC
Northern Valley Indian Health, Inc
Northway Mall Properties, LLC
NV LLC
Oakdale Village LLC
Oakwood Business Park, LLC
Oneida I LLC
Ontario Gateway SJT Retail XVII, LLC
Orange Grove Utilities, Inc.
Otay Main Street, LLC
Ottawa Train Yards Inc
Oval Properties 1901, Ltd.
Pagosa Partners III, Ltd.
Palladian - Valley View Blvd., L.L.C.
PAPF Dimond LLC
Park Pointe Plaza Associates
PDN Retail Center, LP
Peoria Rental Properties LLC
PGP Fayetteville, LLC
Pierre Bossier Mall Realty Holding LLC
PK Clearwater Springs, LLC
Post Hill Limited Partnership
Potomac Festival, LLC
PR North Dartmouth, LLC
PREP Aurora Real Estate, LLC
Preston Valley View, Ltd.
Principle Life Insurance Company
R46 Realty Associates, LP
Ramco Gershenson Properties, LP
Ramco Jacksonville LLC
Ravines Strongsville I, LLC
RCG-Monroeville LLC
RGR Star Plaza, L.P.
Ridgeline, Inc.
RioCan
Riverchase CC, LP
Robinson Station, LP
ROF Macon LLC
Roko Savannah (MGT) LLC

| | |
|---|---|
| RPAI Southwest Management, LLC | TCSC LLC |
| Rushmore Crossing Associates LLC | Telsec Property Corporation |
| Sam's Property LLC | The Commons Reno, LLC |
| Sansone Group | The Fayner Trust |
| Schulte 2 Sycamore, LLC | The Market at Epps Bridge. LLC |
| SCM FFA Fargo 1500 | The Plaza at Burr Corners, LLC |
| Seritage SRC Finance LLC | The Shops at Collins Square LLC |
| Shops at Abilene, LP | The Shops of Tupelo LLC |
| Shops on Emerald, LLC | TKG Management |
| Simon | TMC Eastgate, LLC |
| Site Centers | Transandina Holdings LLC |
| Skyland Legacy LLC | Transform Leasco |
| SM Eastland Mall LLC | Truss Greenwood IN LLC |
| Solar Holdings, LLC | Tyler Broadway Centennial, LP |
| Sorich & Lasher | United Hampshire US Holdings, LLC |
| South Coast Management, LLC | Urban Edge Properties |
| South Edmonton West JV | Urstadt Biddle |
| Southtown Plaza Realty LLC | USPG Portfolio Five, LLC |
| Spirit Realty | Vestar Alderwood Parkway LLC |
| Spring Creek Improvements, LLC | Villa View, Ltd. |
| Springfield Plaza LP | VW Chenal Commons LLC |
| Springfield Square Central, LP | Walart Management Co. |
| SSI Northside, LLC | Washington Prime |
| Stratford City Shopping Centre No. 2 | Waterford Park North Associates, LLC |
| Summerhill Square, LLC | WCH LLC |
| Sunil Madison, LLC | West Broad Marketplace |
| SunMark Property LLC | Westridge Daniels, LLC |
| Sunrise Promenade Associates | WH (Woodbridge) Limited |
| SUSO 5 Riverdale LP | WIL-CPT Arlington Highlands 1, LP |
| SVF University Westwood, LLC | William Roth Company |
| TCB Elston, LLC | ZL Properties LLC |

## EXHIBIT 1(iv)
## Lenders & Bondholders

| | |
|---|---|
| CPPIB Credit Investments III Inc. | Edgepoint Investment Group |
| Oaktree Capital Management, L.P. | Petrus Yield Opportunity Fund |
| Eaton Vance Management | Rimrock Capital Management, LLC |
| CION Investment Corporation | Albacore Capital LLC |
| Boston Management and Research | Courage Credit Opportunities Fund |

Fidelity
Variable Insurance Products Fund
Cowen Special Investments LLC
Cross Sound Management LLC
Ellington Clo Management, LLC
HG Vora Capital Management
JP Morgan Investment Mnagement
Althilon Capital Corp., LLC
Merced Partners Limited Partnership
UBS AG, Stamford Branch
Whitebox Asymmetric Partners, LP

Whitebox Multi-Strategy Investment
Group
Whitehorse VII, Ltd.
Whitehorse
Venture XX Clo, Limited
HSBC Bank plc
Catamaran
Nomura Corporate Research and
Asset Management
Alter Domus (US), LLC
Cantor Fitzgerald Securities
Bank of America, N.A.
Gordon Brothers

**EXHIBIT 1(v)**
**Surety Bonds**

Canada Border Services Agency
Entergy Louisiana, LLC
Florida Power & Light Company
Knoxville Utilities Board
PG&E
Public Service Company of
Oklahoma
Southern CA Electric
State of North Dakota
State of NV-Department of Taxation

Tampa Electric Company
The Electric Power Board of
Chatanooga
U.S. Customs
U.S. Bureau of Customs and Border
Protection
Liberty Mutual Insurance Company
Safeco Insurance Company of
America

**EXHIBIT 1(vi)**
**Litigants**

Andrus Intellectual Property Law, LLP
Beverly Hills Trial Attorneys, P.C.
Capstone Law APC
Dapeer Law PA
Hansra Cardenas, LLP
Ironside Law Firm

Locket IP LLC
Morgan & Morgan
State of California
Tianhai Lace USA, Inc.
Victoria's Secret Store Brand
Management, LLC

## EXHIBIT 1(vii)
### Professionals

Kirkland & Ellis LLP                          Houlihan Lokey Capital Inc
Cole Schotz P.C.                              C Street Advisory Group, LLC
Berkeley Research Group, LLC

## EXHIBIT 1(viii)
### Other Ordinary Course Professionals

Alvarado                                      Michael Best & Friedrich LLP
Daniel Watney LLP                             Morgan Lewis & Bockius LLP
Deloitte Tax LLP                              Norton Rose Fulbright US LLP
Douglas Allen LTD                             One Edje LLC
GARTNER INC                                   Peake Law Group PC
Global Tax Management Inc.                    Reppert Kelly, LLC
Goodman Jones LLP                             Taft Stettinius &Hollister LLP
Gowling WLG (Canada) LLP                      TaxMatrix Technologies LLC
Gunster Yoakley & Stewart PA                  Taylor Wessing LLP
Gurstel Law Firm PC                           Visionary Financial Solutions
Jackson Lewis PC                              Weil Gotshal & Manges LLP
Matt Scott Law Firm PLLC                      Wyatt Tarrant & Combs LLP

## EXHIBIT 1(ix)
### Banks

Bank Champaign                                Key Bank
Bank of America                               Paypal
Barclays                                      PNC Bank
Central Pacific Bank                          Regions Bank
Chemung Canal Bank                            Rockland Trust
Citizens Bank                                 Stripe
Fifth Third Bank                              TD Canada Trust
First Citizens Bank                           Trustmark National Bank
First Horizon Bank                            US Bank
Huntington National Bank                      Wells Fargo
JPM Chase Bank                                Whitney Bank

**EXHIBIT 1(x)**
**Utilities**

AES Indiana
AES Ohio
Alabama Power
Alectra Utilities Corporation
Alliant Energy/IPL
Alliant Energy/WP&L
Ameren Illinois
Ameren Missouri
American Electric Power
Appalachian Power
Aqua Pennsylvania/70279
Atlantic City Electric/13610
Atmos Energy/630872/740353
ATT
ATT Mobility
ATT-SBC
Avista Utilities
BC Hydro
Benton PUD
BGE
Black Hills Energy
Bowling Green Municipal Utilities
BrightRidge
Brightspeed
British Telecom
Burbank Water and Power
Business Stream
Cascade Natural Gas
Castle Water Limited
CenterPoint Energy Minnegasco
CenterPoint Energy
Central Georgia EMC (elec)
Central Maine Power (CMP)
Chattanooga Gas Company/5408
Chugach Electric Association
Citizens Energy Group/7056
City of Altamonte Springs, FL
City of Austin, TX
City of Buford, GA

City of Columbia, MO
City of Duluth Comfort Systems
City of Lubbock Utilities, TX
City of Naperville, IL
City of Niles, OH
City of Pensacola, FL
City of Richmond, VA
City of Roseville, CA
City of Santa Clara, CA
City of Sunrise, FL
City of Tacoma Public Utilities
City of Tallahassee, FL
City of Tampa Utilities
City Utilities of Springfield, MO
City Water & Light (CWL)
City Water Light & Power,
Springfield IL
Cleco Power LLC
Cobb EMC
College Station Utilities - TX
Colorado Springs Utilities
Columbia Gas of Kentucky
Columbia Gas of Maryland
Columbia Gas of Ohio
Columbia Gas of Pennsylvania
ComEd
ComTech 21
Con Edison
Connecticut Natural Gas Corp (CNG)
Consolidated Communications
Constellation NewEnergy/4640
Consumers Energy
CoServ
CPS Energy
DELMARVA POWER
DE/MD/VA/17000/13609
Direct Energy Regulated Services
Dixie Electric Cooperative
Dominion Energy North Carolina

Dominion Energy Ohio/26785
Dominion Energy South Carolina
Dominion Energy/27031
Dominion VA/NC
Power/26543/26666
DTE Energy
Duke Energy
Duquesne Light Company
Dynegy Energy Services/27679
East Brunswick Water/Sewer
Utilities
Eastward Energy Inc
Edge Communications
El Paso Electric/650801
Enbridge Gas Inc/644
ENMAX/2900
Enstar
Entergy Arkansas, Inc./8101
Entergy Gulf States LA, LLC/8103
Entergy Louisiana, Inc./8108
Entergy Mississippi, Inc./8105
Entergy Texas, Inc./8104
EPB
EPCOR/500
Eugene Water & Electric Board
(EWEB)
Evergy Kansas
Central/219915/219089
Evergy KS MO Metro MO West
219330/219703
Eversource Energy
Federal Realty Investment Trust-
Federal
Festival at Sawmill Centre
Fort Collins Utilities
FortisBC-Natural Gas
FPL - Florida Power & Light
Company
FPL Northwest FL
Gainesville Regional Utilities
Georgia Power
Grandbridge Energy Inc
Granite CAN
Granite US

Green Mountain Power Corporation
Greenville Utilities Commission, NC
Hawaiian Electric/30260
Huntsville Utilities, AL
Hydro Ottawa
Idaho Power
Indiana Michigan Power
Intermountain Gas Company
JEA
Jersey Central Power & Light
JRA HHF Venture LLC
Kansas Gas Service
KUB-Knoxville Utilities Board
KU-Kentucky Utilities Company
Lafayette Utilities Systems (LUS)
LG&E - Louisville Gas & Electric
Liberty Utilities - NH
Liberty Utilities Georgia
Liberty Utilities/219094
Lincoln Electric System
London Hydro
Los Angeles Dept of Water &
Power/30808
Lumen Technologies
Madison Gas and Electric, WI
Manitoba Hydro
Memphis Light, Gas & Water
Division
Met-Ed/3687
Metropolitan Utilities
Distric/2166/3600
MidAmerican Energy Company
Middle Tennessee Electric
Membership
Minnesota Energy Resources
Minnesota Power
Mishawaka Utilities, IN
Modesto Irrigation District
Montana-Dakota Utilities Co
Mountaineer Gas/580211
MTS Communications
Nashville Electric Service
National Fuel/371835

National Grid - New York/371376
National Grid - Pittsburgh
New Mexico Gas Company
Nicor Gas/2020/0632/5407
NIPSCO - Northern Indiana Public
Serv Co
NJNG
North Attleborough Electric
Department
North Shore Gas
NorthWestern Energy, MT
Nova Scotia Power Inc
NOVEC
NV Energy/30073 North Nevada
NV Energy/30150 South Nevada
NW Natural
NYSEG-New York State Electric &
Gas
OG&E -Oklahoma Gas & Electric
Service
Ohio Edison
Oklahoma Natural Gas Co: Kansas
City
Omaha Public Power District
Orange and Rockland Utilities
(O&R)
Orlando Utilities Commission
Pacific Gas & Electric
Pacific Power-Rocky Mountain
Power
Pacific Telemanagement Services
Paducah Power System
Palm Beach County Water Utilities
Dept
Pearl River Valley EPA
PECO/37629
Penelec/3687
Pennsylvania American Water
Peoples Gas
Peoples/644760
PEPCO (Potomac Electric Power
Company)
Piedmont Natural Gas

Pineville Electric And Telephone -
249
Portland General Electric (PGE)
POTOMAC EDISON
PPL Electric Utilities/Allentown
PSE&G-Public Service Elec & Gas
Co
PSEGLI
Puget Sound Energy
RG&E - Rochester Gas & Electric
Rhode Island Energy
Riverside Public Utilities, CA
Roanoke Gas Company
Rochester Public Utilities
Rogers Wireless
Salt River Project/2951
San Diego Gas & Electric
Scana Energy/105046
Scottish & Southern Energy(SSE)
Shell Energy UK Limited
SMECO (Southern Maryland Electric
Coop)
SMUD
Snohomish County PUD
South Jersey Gas Company
Southern California Edison
Southern California Gas (The Gas
Co.)
Southern Connecticut Gas (SCG)
Southwest Gas
Southwestern Electric Power
Spire/Atlanta
Spire/Birmingham
Spire/St Louis
Springfield Plaza LLC
Stratford Utilities Limited
Summit Utilities Arkansas Inc
SVF University Westwood LLC
T Mobile
TDS Telecom
Teco Tampa Electric Company
Texas Gas Service
The Illuminating Company

Toledo Edison
Tombigbee Electric Power Assoc-
Fulton
Toronto Hydro Electric System
Town of Danvers, MA-Electric
Division
Town of Hempstead, NY - Dept of
Water
Town of Tonawanda, NY
Tucson Electric Power Company
UGI Utilities Inc
United Illuminating Company
UNITIL ME Gas Operations
Velocity
Veolia Water New Jersey

Verizon
Verizon Business
Verizon Wireless
Vermont Gas Systems, Inc.
Virginia Natural Gas/5409
Washington Gas/37747
WaterOne
WE Energies/Wisconsin Electric/Gas
Whitehall Township Authority
Wisconsin Public Service
Withlacoochee River Electric
Cooperative
Wright-Hennepin Coop Electric
Xcel Energy

## EXHIBIT 1(xi)
## Governmental & Tax Authorities

Birmingham City Council
Canada Revenue Agency
City Of Edmonton
City Of Langley
City Of Mcallen - Police Dept
Commonwealth Of Mass
County Of Henrico, Virginia
East Brunswick Bur Fire Prev
Elite Revenue Solutions LLC
Joseph Lopinto Sheriff/Tax Col
Kentucky State Treasurer
Manitoba Finance
Ministry of Finance
Minnesota Revenue
NEVADA DEPT OF TAXATION
NEW HAMPSHIRE DRA
Newham London
North Carolina Dept of Rev
NYC Dept Of Finance
Oregon Department Of Revenue
South Carolina,Dept Of Revenue

Springfield Township (PA)
State Of New Jersey
Tennese Dept Of Revenue
Township Of Hamilton
Township Of Maple Shade
Village Of Ashwaubenon
Watford Borough Council
City Of Baton Rouge
Commonwealth of Pennsylvania
County of LA Agricultural Comm
Illinois Wholesale Cash
LABOR & INDUSTRIES (WA)
Marksville City
Meridian Charter Township
Municipality of Monroeville PA
Nevada Unclaimed Property
San Diego Recorder/CountyClerk
Township Of Robinson
US Customs And Border
Workforce Safety & Insurance

**EXHIBIT 1(xii)**
**Benefit Providers**

24 PetWatch Insurance Programs
Carebridge Corp
CIGNA
CirrusMD Inc
Discovery - Wexhealth
First Stop Health LLC
Ginger.io of CA Medical P.C.
Hawaii Medical Svc Associaton
Hinge Health Inc

Lincoln Life Assurance Co
Lincoln National Life Ins Co
Livongo Health Inc
Mercer
Meritain Health Inc
Omada Health Inc
OptumRX PBM of IL Inc
Quantum Health Inc

**EXHIBIT 1(xiii)**
**Insurers**

AIG Specialty Insurance Company
Axis Excess Insurance
Berkley Professional Liability
Chubb ACE American Insurance
Company
Chubb Group of Insurance Companies
CNA Insurance
Everest EZ Excess
Hudson Insurance Company
ACE American Insurance Company
AIG
AIG Specialty Insurance
America Insurance Corp (Swiss Re)
Ascot Insurance Company
AXA Insurance UK PLC
AM Best:NR
Axis Insurance Company
AXIS Surplus Insurance Company
Beazley Insurance Company, Inc.
Berkley Insurance Company
Chubb
Continental Casualty Company (CNA)
Elite Insurance Corp (Swiss Re)

Everest National Insurance Company
Great American/Firemans Fund
(Primary)
Hartford Accident & Indemnity Co.
Hartford Financial
Hartford Fire Insurance Company
Hiscox Insurance Company
Illinois Union Insurance Company
(Chubb)
Liberty Ins Underwriters, Inc (Excess)
Lloyds of London - syndicate 1183
Lloyd's of London (Beazley)
Lloyds of London (Excess Stock Policy)
National Union Fire Insurance Company
of Pittsburgh, PA (AIG)
Navigators (Excess)
Starr Marine (CAN)
Starr Marine (UK)
Starr Marine (US)
StarStone Specialty Insurance Co
(Excess)
Steadfast Insurance Company (Zurich)

| | |
|---|---|
| Travelers Property Casualty Co. (Excess) | United States Fire Insurance Company (C&F) |
| Twin City Fire Insurance Co. | XL Specialty Insurance Company |

### EXHIBIT 1(xiv)
### Bankruptcy Judges for the District of New Jersey

| | |
|---|---|
| Michael B. Kaplan | Vicent F. Papalia |
| Rosemary Gambardella | John K. Sherwood |
| Kathryn C. Ferguson | Jerrold N. Poslusny, Jr. |
| Christine M. Gravelle | Stacey L. Meisel |
| Andrew B. Altenburg, Jr. | |

### EXHIBIT 1(xv)
### United States Trustee for Region 3 or Employee (New Jersey Office)

| | |
|---|---|
| Martha Hildebrandt | Alexandria Nikolinos |
| Adela Alfaro | Tina L. Oppelt |
| Kirsten K. Ardelean | Angeliza Ortiz-Ng |
| Francyne D. Arendas | Robert J. Schneider, Jr. |
| Michael Artis | Adam Shaarawy |
| Lauren Bielskie | Jeffrey Sponder |
| Peter J. D'Auria | Fran B. Steele |
| Neidy Fuentes | James Stives |
| David Gerardi | William J. Ziemer |
| Tia Green | Andrew R. Vara |
| Joseph C. Kern | Joanne E. Clausen |
| Daniel C. Kropiewnicki | Dianne P. Dugan |
| Maggie McGee | |

### EXHIBIT 1(xvi)
### Letters of Credit

| | |
|---|---|
| Constellation Newenergy Inc | Elavon Inc |
| Liberty Mutual Insurance Company | CIT Group/Commercial Services |
| Hartford Fire Insurance Company | Hanover Estates, LLC |
| Travelers Indemnity Company | |

**EXHIBIT 1(xvii)**
<u>Vendors</u>

Paypool LLC
Ups - United Parcel Service
Facility Source Llc
Google Inc
Ecova
Ups Supply Chain Solutions Inc
Arthur J Gallagher & Co
Cit Group/Commercial Svcs
Rhombus Services/Brandpoint
January Digital Llc
Meta Platforms Inc
Unique Structures Llc
Liveperson
Haworth Marketing + Media Llc
Microsoft Corporation
Ups Canada
Tc Millwork Inc
Blueberry Technologies Llc
Bliss Designs Inc
Manhattan Associates
Rosenthal & Rosenthal Inc
American Litho Inc
Adobe Systems Inc
Broadspire Svcs Inc
Intellisource Inc
Moschini Productions Inc
Jmj Builders Llc
Milberg Factors Inc
Bunzl Retail
Royal Cyber Inc
Amazon Web Svcs Inc
Icon International Inc
Specialty Freight Svcs Inc
Ceridian
Bridal Veil Company Inc
Hartford Financial Service
Steven Madden Ltd
Unlimited Res & Comm Const Llc
Teksystems Inc
Rm Richards

Kpmg Llp
Ring Central Inc
Affirm Inc
France Lab Inc
Kyndryl Inc
[24]7.Ai, Inc
Attentive Mobile Inc
Computer Design & Integ Llc
Flytevu Agency Llc
Pinterest Inc
Edit TX LLC
Natasha Accessories Ltd
Floors USA
Dhl Express (Usa) Inc
Bluecore Inc
Mss Solutions Llc
Weber Display & Packaging
Birdeye Inc
Rr Donnelley
Cdw Computer Centers, Inc
Summit 360
Hmrc Cumbernauld
Hanesbrands Inc
Sedgwick Claims Mgmt Loss Inv
Rgis (Usa)
Primus Services Llc
Sargenti Architects Pc
Rcs Real Estate Advisors
Braza
Wawak
Global Tax Management Inc
Brides and Hairpins Llc
Employee Justice Legal Group
360 Intel Llc
Creative Circle Llc
Crosscom National Llc
Alex Apparel Group Inc
Interface Americas Inc
Ispace Inc
Tealium Inc
First Insight Inc
Identiti Resources Ltd
Aurus Inc

Adrianna Papell
Sony Music Publishing (Us) Llc
Time Trade Systems Inc
Improove Inc
Pepperjam LLC
Global Industrial
Cybersource Corp
Graham Studios Inc
Trellist Inc
Heirloom Garter Co
Equitable Life Of Canada
Qualtrics LLC
Csc Corporate Domains Inc
Eighty One Intl Inc
Benjamin Walk Corp
Circle Visual Inc
Marketsphere Consulting Llc

**EXHIBIT 2**

**Disclosure List**

| Name of Entity Searched | Name of Entity that is a Osler Client | Status of Representation |
|---|---|---|
| Affirm Inc. | Affirm Canada Holdings Ltd. | Open |
| AIG | AIG Investments | Open |
| Alter Domus (US), LLC | Alter Domus (US) LLC | Open |
| Amazon Web Svcs Inc | Amazon Web Services Canada, Inc. | Open |
| Axis Insurance Company | Axis Insurance Managers Inc. | Open |
| Beazley Insurance Company, Inc. | Beazley plc | Open |
| Bentall Green Oak Canada LP | BentallGreenOak Prime Canadian Investments I LP | Closed |
| Bentall Green Oak Canada LP | BentallGreenOak (Canada) Limited Partnership | Open |
| Blueprint Registry LLC | Blueprint ADE | Open |
| Brookfield Properties | Brookfield Properties Development LP | Open |
| Brookfield Properties | Brookfield Corporation | Open |
| Cantor Fitzgerald Securities | Cantor Fitzgerald Canada Corporation | Open |
| Chubb | Chubb Insurance Company of Canada | Closed |
| Chubb Group of Insurance Companies | Chubb Insurance Company of Canada | Closed |
| CNA Insurance | CNA Financial Corporation | Open |
| Fidelity | Fidelity | Open |
| Great American/Firemans Fund (Primary) | Great American Insurance Company | Open |
| Hartford Fire Insurance Company | Hartford Fire Insurance Company | Open |
| Hinge Health Inc | Hinge Health, Inc. | Open |
| Houlihan Lokey Capital Inc | Houlihan Lokey Capital, Inc. | Open |
| Hydro Ottawa | Hydro Ottawa Holding Inc. | Open |
| JP Morgan Investment Mnagement | JPMorgan Asset Management Holdings Inc. | Open |

| JP Morgan Investment Mnagement | J.P. Morgan Securities Canada Inc. | Open |
|---|---|---|
| Kyndryl Inc | Kyndryl Holdings, Inc. | Open |
| Kyndryl Inc | Kyndryl Canada Limited | Open |
| Lloyd's of London (Beazley) | Beazley plc | Open |
| Manitoba Hydro | Manitoba Hydro-Electric Board | Open |
| Meta Platforms Inc | Meta Platforms, Inc. | Open |
| Paypal | PayPal Canada Co. | Open |
| RioCan | RioCan Holdings Inc. | Open |
| Spire/Birmingham | Spire Global, Inc. | Open |
| Stripe | Stripe Payments Canada, Ltd. | Open |
| TD Canada Trust | The Toronto-Dominion Bank | Open |
| Velocity | Velocity Waterloo Incubator, LP | Open |
| Wells Fargo | Wells Fargo Bank N.A., Canadian Branch | Open |
| XL Specialty Insurance Company | XL Specialty Insurance Company, Inc (Canada) | Open |

## Exhibit B

**Marcum Declaration**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

*Proposed Counsel to Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. 23-13131 (CMG) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF JAMES MARCUM IN SUPPORT OF DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP**
**AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO***
***TUNC* TO THE PETITION DATE**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

I, James Marcum, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare:

1.      My name is James Marcum.  I am over the age of 21.  I am the Chief Executive Officer of David's Bridal, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").  Accordingly, I am generally familiar with the business operations, business and financial affairs, and books and records of the Debtors and am in all respects competent to make this Declaration (the "<u>Declaration</u>").

2.      Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by Osler, Cole Schotz and/or employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations.  I am authorized to submit this Declaration on the Debtors' behalf.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.      This Declaration is submitted in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Osler, Hoskin & Harcourt LLP As Canadian Bankruptcy Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "<u>Application</u>"),[2] filed concurrently herewith.

4.      This Declaration also is submitted provided pursuant to Section D.2 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>"), promulgated by the Office of the United States Trustee (the "<u>U.S. Trustee</u>").  I am informed by Cole Schotz that the U.S. Trustee Guidelines require that any

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

application for employment of an attorney under section 327 or 1103 of the Bankruptcy Code be
accompanied by a verified statement from the client that addresses the following:

(a)    The identity and position of the person making the verification.  The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b)    The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c)    The number of firms the client interviewed.

(d)    If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e)    The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside general counsel, explain how and why.  In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

5.    In my capacity as CEO of the Debtors outlined above, I am part of the Debtors' team responsible for supervising the Debtors' outside counsel and monitoring and controlling legal costs.

6.    When the Debtors decided to retain Canadian bankruptcy counsel in connection with a potential recognition proceeding of these Chapter 11 Cases in Canada under the CCAA, K&E and the Debtors' financial advisor recommended the retention of Osler on the basis of its expertise in complex, cross-border matters involving Chapter 11 cases and recognition proceedings under the CCAA, as well as its reputation for cost-efficiency.

7.     Since its retention, Osler has provided advice and assisted the Debtors in their restructuring efforts with respect to the Debtors' Canadian operations based on its experience with cases of large and complex companies like the Debtors.  In addition, Osler has provided advise on Canadian law and the procedures and practices for commencing recognition proceedings under the CCAA.  I believe that for these reasons Osler is well-qualified to serve as the Debtors' Canadian bankruptcy counsel in these Chapter 11 Cases and the related Canadian Proceedings.

8.     I have confirmed with Osler that, although its billing rates vary from lawyer to lawyer based on such facts as the lawyer's seniority and position with the firm (*e.g.*, partner, counsel, or associate), years of experience, and the demand for services in the lawyer's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

9.     The Debtors have been informed that Osler endeavors to set the hourly rates for its lawyers and paraprofessionals at levels competitive to those charged by firms with whom they compete.  In addition, the Debtors confirmed that (i) the Osler lawyers staffed to this engagement will not be charging a premium or in any way increasing their hourly rates over the fees charged to non-bankruptcy clients, and (ii) the material terms for the engagement are comparable to terms of other comparably skilled professionals.

10.     The Debtors supervise outside counsel retained in the ordinary course of business and will supervise the fees and expenses incurred by Osler in connection with these Chapter 11 Cases and the related Canadian Proceedings.  More specifically, in my capacity as Chief Executive Officer of the Debtors, my responsibilities extend to the supervision of counsel through the monitoring of costs, including legal costs.  During the course of these Chapter 11 Cases and the related Canadian Proceedings, I, or others working under my direction and guidance, will review

Osler's invoices, monthly fee statements, and interim and final compensation applications in connection with Osler's requests for payment of fees and reimbursement of expenses. Osler has assured me that, in order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Osler will coordinate with K&E, Cole Schotz and any other firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases.

11.     I understand that Osler periodically increases its hourly billing rates for their professionals and paraprofessionals. The Debtors have consented to such ordinary course rate increases.

12.     Osler has indicated that it will work with the Debtors to prepare a prospective budget and staffing plan in accordance with the in accordance with the U.S. Trustee Guidelines. The Debtors recognize, however that in the course of these Chapter 11 Cases and the related Canadian Proceedings, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Osler. The Debtors recognize that it is their responsibility to closely monitor Osler's billing practices and to ensure that the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases and the related Canadian Proceedings. The Debtors will work with Osler to amend the budget and staffing plan as necessary during the pendency of these Chapter 11 Cases and the related Canadian Proceedings.

13.     To the extent the Debtors have an objection to the fees and expenses requested by Osler in any monthly fee statement or interim or final compensation applications that cannot be informally resolved to the Debtors' satisfaction, that the Debtors will file a Notice of Objection to Fee Statement. I understand that Osler reserves all rights to contest any such objection raised to the

allowance or payment of its requested fees and expenses, and the Debtors reserve all rights to retain conflicts counsel to prosecute any such fee objection to the extent it cannot be resolved informally by the parties.

14.    Nothing contained herein is intended to limit Osler's ability to request allowance and payment of fees and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, nor to restrict Osler's rights to defend any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party-in-interest, such as the U.S. Trustee.

15.    Based on the foregoing, I am of the opinion that it is necessary for the Debtors to employ Osler as their Canadian bankruptcy counsel in these Chapter 11 Cases and related Canadian Proceedings, and that such employment is in the best interest of the Debtors' estates.

*[Remainder of page left intentionally blank.]*

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 26, 2023                          Respectfully submitted,

                                             **DAVID'S BRIDAL, LLC,** *et al.*

                                             By: _/s/ James Marcum_____
                                                  James Marcum
                                                  Chief Executive Officer
                                                  David's Bridal, LLC, *et al.*

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com
*-and-*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Proposed Counsel to Debtors*

In re:

DAVID'S BRIDAL, LLC, *et al.*,

Debtors. [1]

Chapter 11

Case No. 23-13131 (CMG)

Judge: Christine M. Gravelle

(Jointly Administered)

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857);

(Page 2)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC., *et al*. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

---

**ORDER APPROVING THE EMPLOYMENT AND RETENTION
OF OSLER, HOSKIN & HARCOURT LLP AS CANADIAN BANKRUPTCY COUNSEL TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (3) through four (5), is hereby **ORDERED**.

---

David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335).  The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

(Page 3)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC., *et al.* |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Osler, Hoskin & Harcourt LLP ("Osler") as their Canadian bankruptcy counsel in these proceedings *nunc pro tunc* to the Petition Date; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Martino Calvaruso and James Marcum in support thereof; and the Court being satisfied that Osler does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 4)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC., *et al*. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

---

**IT IS HEREBY ORDERED THAT:**

1.    The Application is **GRANTED** as set forth herein.

2.    In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to employ and retain Osler as their Canadian bankruptcy counsel in these Chapter 11 Cases effective as of the Petition Date.

3.    Any and all compensation to be paid to Osler for services rendered on the Debtors' behalf, shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred. Osler also shall make a reasonable effort to comply with the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Osler in the Chapter 11 Cases.

4.    In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Osler shall coordinate with Kirkland & Ellis LLP, Kirkland & Ellis International LLP, Cole Schotz P.C. and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases.

5.    Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Osler shall provide ten (10) days' prior notice of any such increases to the Debtors, the United States Trustee, and any official committee appointed in the Debtors' Chapter 11 Cases.

(Page 5)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC., *et al*. |
| Case No. | 23-13131 (CMG) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF OSLER, HOSKIN & HARCOURT LLP AS CANADIAN BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE |

---

6.      The Debtors are authorized to take all action necessary to carry out this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.