UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Jacob S. Frumkin, Esq.
jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (*pro hac vice* pending)
christopher.greco@kirkland.com
Rachael M. Bentley (*pro hac vice* pending)
rachael.bentley@kirkland.com
-and-
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (*pro hac vice* pending)
alexandra.schwarzman@kirkland.com

*Counsel to Debtors*

In re:

DAVID'S BRIDAL, LLC, *et al.,*

                              Debtors. [1]

Order Filed on July 14, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. Case No. 23-13131 (CMG)

Judge:  Christine M. Gravelle

(Jointly Administered)

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI

65783/0001-45709604

**DATED: July 14, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page (2)
Debtor:                DAVID'S BRIDAL, LLC, *et al.*
Case No.:              23-13131 (CMG)
Caption of Order:      FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                       PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                       THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                       THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                       CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                       RELATED RELIEF

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through twenty-four (24), is hereby ORDERED.

---

Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335).  The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

Page (3)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                   PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                   THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                   THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                   CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                   RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the

Debtors to assume and perform under the Consulting Agreement, (b) authorizing the Debtors to

conduct closings or similarly themed Sale at the locations subject to the Consulting Agreement

(the "Stores") in accordance with the terms of the Sale Procedures attached to the Interim Order

as Exhibit 2, with any such related Sale to be free and clear of all Encumbrances; (c) approving

modifications to certain customer programs, including the return policy and acceptance of gift

certificates and gift cards, resulting from the Sale; (d) authorizing the sale or disposition of the

Offered Assets free and clear of Encumbrances; (e) authorizing the abandonment of certain

burdensome Merchandise, FF&E, and personal property; (f) approving the continuation of the non-

insider Sale Incentive Program and (g) granting related relief, all as more fully set forth in the

Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy*

*Court Under Title 11* of the United States District Court for the District of New Jersey, entered

July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and that this Court may enter

a final order consistent with Article III of the United States Constitution; and this Court having

_____

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

65783/0001-45709604

Page (4)
Debtor:                DAVID'S BRIDAL, LLC, *et al.*
Case No.:              23-13131 (CMG)
Caption of Order:      FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                       PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                       THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                       THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                       CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                       RELATED RELIEF

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court; and this Court

having determined that the legal and factual bases set forth in the Motion and at the hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor,

### THE COURT HEREBY FINDS AND DETERMINES THAT:[3]

1.     The Debtors have sound business reasons for seeking to commence the Sale,

assume and perform under the Consulting Agreement, and adopt the Sale Procedures, as set forth

in the Motion and at the Final Hearing, and entering into the Consulting Agreement is a reasonable

exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

2.     The conduct of the Sale in accordance with the Sale Procedures will provide an

efficient means for the Debtors to dispose of the Offered Assets.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Page (5)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:           23-13131 (CMG)
Caption of Order:    FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                     PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                     THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                     THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                     CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                     RELATED RELIEF

3.      The Consulting Agreement was negotiated, proposed, and entered into by the Consultant and the Debtors without collusion, in good faith, and from arm's-length bargaining positions.

4.      The Debtors' assumption of the Consulting Agreement is a sound exercise of the Debtors' business judgment.

5.      The Sale is in the best interest of the Debtors' estates.

6.      The Debtors have represented that they are neither selling nor leasing personally identifiable information pursuant to the Motion, although the Consultant will be authorized to distribute emails and promotional materials to the Debtors' customers consistent with the Debtors' existing policies on the use of customer information.

7.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

8.      The entry of this Final Order is in the best interest of the Debtors and their estates.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Final Order.

Page (6)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                     PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                     THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                     THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                     CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                     RELATED RELIEF

3.      The Debtors' implementation and effectuation of the Sale is approved as set forth herein, pursuant to section 105(a) and 363(b) of the Bankruptcy Code.

4.      The Debtors are authorized, pursuant to sections 105(a), 363(b), and 365 of the Bankruptcy Code and without further notice or relief from the Court except as provided herein, to take any and all actions consistent with this Final Order that are necessary or appropriate in the exercise of their reasonable business judgment to implement the Sale.

5.      To the extent of any conflict between this Final Order, the Interim Order, the Sale Procedures, and the Consulting Agreement, the terms of this Final Order shall control over all other documents and the Sale Procedures shall control over the Consulting Agreement.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective upon its entry.

**I.      <u>Authority to Assume and Perform under the Consulting Agreement.</u>**

8.      The Debtors are authorized to assume and perform under the Consulting Agreement pursuant to sections 363 and 365 of the Bankruptcy Code, including: (a) making payments required by the Consulting Agreement to the Consultant without the need for any application of the

Page (7)

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING RELATED RELIEF |

Consultant or a further order of the Court, (b) allowing the sale of Additional Consultant Goods, and (c) participating in an augmentation program, all as permitted under the Consulting Agreement. Consultant's fees and expenses shall be paid from the gross proceeds of the Sale, without adherence to any weekly, monthly or aggregate limitation in a debtor-in-possession financing or cash collateral budget entered in connection with these chapter 11 cases, but shall be subject to the terms of the Consulting Agreement itself, including as to any expense budget attached thereto.

9.      Subject to the restrictions set forth in this Final Order and the Sale Procedures, the Debtors and the Consultant hereby are authorized to take any and all actions as may be necessary or desirable to implement the Consulting Agreement and the Sale; and each of the transactions contemplated by the Consulting Agreement, and any actions taken from or after the Petition Date.

10.      On a confidential basis and for professionals' "eyes only" and upon the written (including email) request of the U.S. Trustee or the official committee of unsecured creditors, if any, and counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent (as defined in the DIP and Cash Collateral Order), (i) Morgan, Lewis & Bockius LLP, Matthew Furlong, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Alan Brody, Esq., the Debtors shall provide such requesting party, if any, with copies of periodic reports and information regarding the calculation of fees paid to the Consultant and expenses reimbursed

Page (8)
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                      PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                      THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                      THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                      CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                      RELATED RELIEF

concerning the Sales that are prepared by the Debtors, their professionals or the Consultant,

provided, that the foregoing shall not require the Debtors, their professionals, or the Consultant to

prepare or undertake to prepare any additional or new reporting not otherwise being prepared by

the Debtors, their professionals, or the Consultant in connection with the Sales. Within thirty (30)

days of the conclusion of the services rendered under the Consulting Agreement, the Debtors shall

file a summary report of such sales process that will include (i) identification of stores closed; (ii)

gross revenue from Merchandise sold; (iii) gross revenue from Offered FF&E sold; (iv) calculation

of fees paid to the Consultant; and (v) calculation of expenses reimbursed to the Consultant.

## II.    **Authority to Engage in Sale.**

11.    The Debtors are authorized, but not directed, on a final basis, pursuant to

sections 105(a) and 363(b)(1) of the Bankruptcy Code, to immediately continue and conduct the

Sale at the Stores in accordance with this Final Order, the Sale Procedures, and the Consulting

Agreement.

12.    The Sale Procedures are approved in their entirety on a final basis.

13.    The Debtors are authorized to operate at the Stores in accordance with the

Consulting Agreement, this Final Order and the Sale Procedures.

14.    All entities that are presently in possession of some or all of the Offered Assets in

which the Debtors hold an interest that are or may be subject to the Consulting Agreement or this

Page (9)
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                      PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                      THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                      THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                      CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                      RELATED RELIEF

Final Order hereby are directed to surrender possession of such Offered Assets to the Debtors or

the Consultant.  Debtors shall immediately serve a copy of this Final Order on any party alleged

to be in possession of said Offered Assets.

15.     Subject to Section IV of this Final Order, neither the Debtors nor the Consultant

nor any of their officers, employees, or agents shall be required to obtain the approval of any third

party, including (without limitation) any Governmental Unit (as defined in Bankruptcy Code

section 101(27)) or landlord, to conduct the Sale and to take the related actions authorized herein.

16.     Notwithstanding anything to the contrary in the Consulting Agreement, the Debtors

and their estates shall not indemnify the Consultant for any damages arising out of the Consultant's

fraud, willful misconduct, or gross negligence.

**III.    <u>Conduct of the Sale.</u>**

16.     All newspapers and other advertising media in which the Sale may be advertised

and all landlords are directed to accept this Final Order as binding authority so as to authorize the

Debtors and the Consultant to conduct the Sale and the sale of the Offered Assets pursuant to the

Consulting Agreement, including, without limitation, to conduct and advertise the Sale of the

Offered Assets in the manner contemplated by and in accordance with this Final Order, the Sale

Procedures (as may be modified by a Side Letter (as defined below)), and the Consulting

Page (10)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                     PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                     THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                     THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                     CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                     RELATED RELIEF

Agreement. Nothing herein shall be construed to require newspapers or other advertising media to change or modify their normal process for accepting advertising relevant to any Sale.

17. Subject to the Dispute Resolution Procedures (as defined below) provided for in this Interim Order and any Side Letter the Debtors and the Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Consulting Agreement and to conduct the Sale without necessity of further order of this Court as provided in the Consulting Agreement or the Sale Procedures, including, but not limited to, advertising the sale as a "store closing sale," "sale on everything/everything on sale," "everything must go," "going out of business," or similar-themed Sale through the posting of signs (including the use of exterior banners at non-enclosed mall Stores, and at enclosed mall Stores to the extent the applicable closing location entrance does not require entry into the enclosed mall common area), use of sign-walkers, and street signage; provided, however, that only Debtor-approved terminology will be used at each Store in connection with the Sale.

18. Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the Sale of the Offered Assets, to the extent that, prior to the Final Hearing, disputes arise during the course of such sale regarding laws regulating the use of sign-walkers, banners, or other advertising, and the Debtors and the Consultant are unable to resolve the matter consensually, any party may request a telephonic

| | |
|---|---|
| Page (11) | |
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING RELATED RELIEF |

hearing with this Court pursuant to these provisions. Such hearing will, to the extent practicable, be scheduled initially no later than the earlier of (a) the Final Hearing or (b) within two business days of such request. This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

19. Nothing in the Consulting Agreement, the Sale Procedures, or this Final Order releases, nullifies, or enjoins the enforcement of any liability to a Governmental Unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property after the date of entry of this Final Order. Nothing contained in this Final Order, the Consulting Agreement, or the Sale Procedures shall in any way: (a) diminish the obligation of any entity to comply with environmental laws; or (b) diminish the obligations of the Debtors to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code, and the Debtors reserve all rights related thereto.

20. Except as expressly provided in the Consulting Agreement, the sale of the Offered Assets shall be conducted by the Debtors and the Consultant notwithstanding any restrictive provision of any lease, sublease, or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sale, abandonment of assets, or "going dark" provisions. The Debtors and/or the Consultant, and landlords of the Stores are authorized to enter into agreements ("Side

Page (12)
Debtor:           DAVID'S BRIDAL, LLC, *et al.*
Case No.:         23-13131 (CMG)
Caption of Order: FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                  PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                  THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                  THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                  CERTAIN  CUSTOMER  PROGRAMS,  AND  (IV)  GRANTING
                  RELATED RELIEF

Letters") between themselves modifying the Sale Procedures without further order of the Court, and such Side Letters shall be binding as among the Debtors, the Consultant and any such landlords.  In the event of any conflict between the Sale Procedures, this Order and any Side Letter, the terms of such Side Letter shall control.

21.      Except as expressly provided for herein or in the Sale Procedures, no person or entity, including, but not limited to, any landlord, licensor, service providers, utilities, or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sale, or the advertising and promotion (including the posting of signs and exterior banners or the use of sign-walkers) of such Sale, and all such parties and persons of every nature and description, including, but not limited to, any landlord, licensor, service providers, utilities, or creditor and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Sale and/or (b) instituting any action or proceeding in any court (other than in the Court or the Canadian Court) or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sale or other liquidation sale at the Stores and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

Page (13)
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                      PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                      THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                      THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                      CERTAIN  CUSTOMER  PROGRAMS,  AND  (IV)  GRANTING
                      RELATED RELIEF

22.    In accordance with and subject to the terms and conditions of the Consulting

Agreement, the Consultant shall have the right to use the Stores and all related store services,

furniture, fixtures, equipment, and other assets of the Debtors for the purpose of conducting the

Sale, free of any interference from any entity or person, subject to compliance with the Sale

Procedures and this Final Order.

23.    Except as set forth in the Consulting Agreement, all Sales of Offered Assets shall

be "as is" and final.  However, all laws relating to implied warranties for latent defects shall be

complied with and are not superseded by the sale of said goods or the use of the terms "as is" or

"final sale."  The Debtors shall accept return of any goods purchased during the Sale that contain

a defect which the lay consumer could not reasonably determine was defective by visual inspection

prior to purchase for a full refund; *provided*, that the consumer must return the merchandise within

30 days of their purchase, the consumer must provide a receipt for the purchase to the Debtors,

and the asserted defect must in fact be a "latent" defect, which goods shall not be resold by the

Debtors.

24.    The Consultant shall accept return of any goods that contain a defect which the lay

consumer could not reasonably determine was defective by visual inspection prior to purchase for

a full refund, provided that the consumer must return the merchandise within the time period

proscribed by the Debtors' return policy that was in effect when the merchandise was purchased,

Page (14)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                     PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                     THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                     THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                     CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                     RELATED RELIEF

the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect.,

which goods shall not be resold by the Debtors.

25.     The Consultant shall not be liable for sales taxes and the payment of any and all

sales taxes is the responsibility of the Debtors.  The Debtors are directed to remit all taxes arising

from the Sale to the applicable Governmental Units as and when due, provided that in the case of

a bona fide dispute the Debtors are only directed to pay such taxes upon the resolution of the

dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental

Unit.  For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not

be used to pay any creditor or any other party, other than the applicable Governmental Unit for

which the sales taxes are collected.  The Consultant shall collect, remit to the Debtors, and account

for sales taxes as and to the extent provided in the Consulting Agreement.  This Final Order does

not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law, and

does not constitute a declaratory judgment with respect to any party's liability for taxes under state

law.

26.     Pursuant to section 363(f) of the Bankruptcy Code, the Consultant, on behalf of the

Debtors, is authorized to sell the Offered Assets, and all Sales of Offered Assets, whether by the

Consultant or the Debtors, shall be free and clear of any and all of any Encumbrances; provided,

however, that any such Encumbrances shall attach to the proceeds of the sale of the Offered Assets

Page (15)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                   PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                   THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                   THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                   CERTAIN    CUSTOMER    PROGRAMS,    AND    (IV)    GRANTING
                   RELATED RELIEF

with the same validity, in the same amount, with the same priority as, and to the same extent that

any such Encumbrances have with respect to the Offered Assets, subject to any claims and defenses

that the Debtors may possess with respect thereto and the Consultant's fees and expenses (as

provided in the Consulting Agreement).

27.    To the extent that the Debtors propose to sell or abandon any Offered Assets which

may contain personal and/or confidential information about the Debtors' employees and/or

customers (the "Confidential Information"), the Debtors shall remove the Confidential

Information from such Offered Assets before such sale or abandonment.

28.    The Debtors and/or the Consultant (as the case may be) are authorized and

empowered to transfer Offered Assets among the stores.  The Consultant is authorized to sell the

Debtors' Offered Assets and abandon the same, in each case, as provided for and in accordance

with the terms of the Consulting Agreement, provided that, to the extent prohibited by applicable

law, the Consultant and Debtors are not authorized to abandon, and the Debtors are directed to

remove and properly dispose of, any hazardous materials defined under applicable law of the

jurisdiction in which the materials are located from any leased premises as and to the extent

required by applicable law of the jurisdiction in which the lease premises lies.

29.    Consultant is hereby granted a first priority security interest and lien upon (i) the

Additional Consultant Goods and (ii) the proceeds thereof, which security interest shall be deemed

Page (16)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                   PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                   THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                   THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                   CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                   RELATED RELIEF

perfected pursuant to this Final Order without the requirement of filing UCC financing statements or providing notification to any prior secured parties (provided that Consultant is hereby authorized to deliver any notices and file any financing statements and amendments thereof under the applicable UCC identifying Consultant's interest in the Additional Consultant Goods (and any proceeds thereof) as consigned goods thereunder and the Debtors as consignee therefor, and Consultant's security interest in such Additional Consultant Goods and the Additional Consultant Goods proceeds).  As part of the weekly reconciliation, the Debtors shall turnover all proceeds from the sale of Additional Consultant Goods to the Consultant.

30.    Notwithstanding this or any other provision of this Final Order, nothing shall prevent or be construed to prevent the Consultant (individually, as part of a joint venture, or otherwise) or any of its affiliates from bidding on the Debtors' assets  that are not subject to the Consulting Agreement (the "Additional Assets"), pursuant to a consulting agreement, or otherwise.  The Consultant is hereby authorized to bid on and guarantee or otherwise acquire such Additional Assets, provided that such guarantee, transaction or acquisition is approved by separate order of this Court, and provided further that the rights of the U.S. Trustee and all other parties in interest to object to any request that the Consultant or its affiliates be permitted to bid on, guarantee, or otherwise acquire such Additional Assets, pursuant to a consulting agreement or otherwise, are fully reserved.  With  regard to the Debtors' assets that are subject to the Consulting

Page (17)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                   PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                   THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                   THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                   CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                   RELATED RELIEF

---

Agreement (the "Consulting Agreement Assets"), this Order neither approves nor precludes

Consultant from bidding on or otherwise acquiring such Consulting Agreement Assets.  All parties

reserve all rights with regard to the Consultant being either a bidder on or purchaser of such

Consulting Agreement Assets.

## IV.   Dispute Resolution Procedures with Governmental Units.

31.     Nothing in this Final Order is intended to affect any rights of any applicable

Government Unit to enforce any law affecting the Debtors' conduct of any store closing sale that

occurred prior to the Petition Date.

32.     Nothing in this Final Order, the Consulting Agreement, or the Sale Procedures,

releases, nullifies, or enjoins the enforcement of any liability to a Governmental Unit under

environmental laws or regulations (or any associated liabilities for penalties, damages, cost

recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or

operator of the property after the date of entry of this Final Order.  Nothing contained in this Final

Order, the Consulting Agreement, or the Sale Procedures shall in any way (a) diminish the

obligation of any entity to comply with environmental laws or (b) diminish the obligations of the

Debtors to comply with environmental laws consistent with its rights and obligations as debtor in

possession under the Bankruptcy Code.  The Sale shall not be exempt from laws of general

applicability, including, without limitation, public health and safety, criminal, tax, labor,

Page (18)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                     PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                     THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                     THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                     CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                     RELATED RELIEF

employment, environmental, antitrust, fair competition, traffic and consumer protection laws,

including local laws, regulations, ordinances, or police powers of general applicability regarding

matters such as regulating deceptive practices and false advertising (collectively, "General Laws").

Nothing in this Final Order, the Consulting Agreement, or the Sale Procedures, shall alter or affect

obligations to comply with all applicable federal safety laws and regulations.  Nothing in this Final

Order shall be deemed to bar any Governmental Unit (as such term is defined in section 101(47)

of the Bankruptcy Code) from enforcing General Laws in the applicable non-bankruptcy forum,

subject to the Debtors' rights to assert in that forum or before this Court (or the Canadian Court)

that any such laws are not in fact General Laws or that such enforcement is impermissible under

the Bankruptcy Code, this Final Order, or otherwise, pursuant to paragraph 33 herein.

Notwithstanding any other provision in this Final Order, no party waives any rights to argue any

position with respect to whether the conduct was in compliance with this Final Order and/or any

applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.

Nothing in this Final Order shall be deemed to have made any rulings on any such issues.

     33.    To the extent that the sale of Offered Assets is subject to any Applicable Sale Laws,

including any federal, state, or local statute, ordinance, or rule, or licensing requirement directed

at regulating "going out of business," "store closing," similar inventory liquidation sale, or bulk

sale laws, including laws restricting safe, professional, and non-deceptive customary advertising

Page (19)
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                     PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                     THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                     THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                     CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                     RELATED RELIEF

such as signs, banners, posting of signage, and use of sign-walkers solely in connection with the

Sale and including ordinances establishing license or permit requirements, waiting periods, time

limits, or bulk sale restrictions that would otherwise apply solely to the sale of the Offered Assets,

or any similar laws, the dispute resolution procedures in this section shall apply (provided that,

subject to recognition of this Final Order by the Canadian Court, these dispute resolution

procedures shall not apply with respect to the sale of Offered Assets in Canadian stores, and that

any such disputes shall be dealt with by the Canadian Court):

    a.    *Provided* that the Sale is conducted in accordance with the terms of this
Final Order and the Sale Procedures, and in light of the provisions in the
laws of many Governmental Units that exempt court-ordered sales from
their provisions, the Debtors shall be presumed to be in compliance with
any Applicable Sale Laws and are authorized to conduct the Sale in
accordance with the terms of this Final Order and the Sale Procedures
without the necessity of further showing compliance with any Applicable
Sale Laws.

    b.    Within two business days after entry of this Final Order, the Debtor shall
serve copies of this Final Order, the Consulting Agreement and the Sale
Procedures via email, facsimile, or regular mail, on the following: (i) the
United States Trustee; (ii) the state attorney general's office for each state
where the Sale are being held; (iii) the county consumer protection agency
or similar agency for each county where the Sale will be held;
(iv) the division of consumer protection for each state where the Sale will
be held; (v) the chief legal counsel for the local jurisdiction; and (vi) the
landlords for the stores.

    c.    To the extent there is a dispute arising from or relating to the Sale, this Final
Order, the Consulting Agreement, or the Sale Procedures, which dispute
relates to any Applicable Sale Laws (a "Reserved Dispute"), this Court shall

Page (20)
Debtor:                    DAVID'S BRIDAL, LLC, *et al.*
Case No.:                  23-13131 (CMG)
Caption of Order:          FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                           PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                           THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                           THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                           CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                           RELATED RELIEF

retain exclusive jurisdiction to resolve the Reserved Dispute.  Any time within ten days (10) following entry of this Final Order, any Governmental Unit may assert that a Reserved Dispute exists by serving written notice of such Reserved Dispute (which may be by e-mail) on counsel for the Debtors so as to ensure delivery thereof within one business day thereafter.  If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within fifteen days (15) after service of the notice, the non-Debtor party may file a motion with this Court requesting that this Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

d.      In the event a Dispute Resolution Motion is filed, nothing in this Final Order shall preclude the Debtors, a landlord, or other interested party from asserting (i) that the provisions of any Applicable Sale Laws are preempted by the Bankruptcy Code or (ii) that neither the terms of this Final Order nor the conduct of the Debtors pursuant to this Final Order, violates such Applicable Sale Laws. Filing a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of any order or to limit or interfere with the Debtors' or the Consultant's ability to conduct or to continue to conduct the Sale pursuant to this Final Order, absent further order of this Court.  This Court grants authority for the Debtors and the Consultant to conduct the Sale pursuant to the terms of this Final Order, the Consulting Agreement, and/or the Sale Procedures and to take all actions reasonably related thereto or arising in connection therewith.   The Governmental Unit shall be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Applicable Sale Laws or the lack of any preemption of such Applicable Sale Laws by the Bankruptcy Code.  Nothing in this Final Order shall constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

e.      If, at any time, a dispute arises between the Debtors and/or the Consultant and a Governmental Unit as to whether a particular law is an Applicable Sale Law, and subject to any provisions contained in this Final Order related to the Applicable Sale Laws, then any party to that dispute may utilize the provisions hereunder by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs.  Any determination with

Page (21)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                   PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                   THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                   THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                   CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                   RELATED RELIEF

respect to whether a particular law is an Applicable Sale Law shall be made *de novo*.

34.     Except as expressly provided for herein or in the Sale Procedures, and except with respect to any Governmental Unit (as to which paragraphs 32 and 33 shall apply), no person or entity, including but not limited to any landlord, licensor, or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sale, or the advertising and promotion (including the posting of signs or the use of sign walkers) of the Sale, and all such parties and persons of every nature and description, including landlords, licensors, creditors, and utility companies and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, or otherwise impeding, the conduct of the Sale and/or (b) instituting any action or proceeding in any court or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sale and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, or license based upon any relief authorized herein.

35.     Any restrictions in any lease agreement, restrictive covenant, or similar documents purporting to limit, condition, or impair the Debtors' ability to conduct the Sale shall not be enforceable, nor shall any breach of such provisions in these chapter 11 cases constitute a default

Page (22)
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                   PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                   THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                   THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                   CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING
                   RELATED RELIEF

under a lease or provide a basis to terminate the lease; provided that the Sale is conducted in accordance with the terms of this Final Order and the Sale Procedures.

36.     Subject to Paragraphs 32 and 33 above, each and every federal, state, foreign, or local agency, departmental or Governmental Unit with regulatory authority over the Sale and all newspapers and other advertising media in which the Sale are advertised shall consider this Final Order as binding authority that no further approval, license, or permit of any governmental unit shall be required, nor shall the Debtors be required to post any bond, to conduct the Sale.

**V.     Consumer Provisions.**

37.     For the first 30 days following the Petition Date, the Debtors shall accept returns of merchandise sold by the Debtors in the ordinary course prior to any Store Closing; *provided* that such return is otherwise in compliance with the Debtors' return policies in effect as of the date such item was purchased and the customer is not repurchasing the same item so as to take advantage of the sale price being offered in the Sale; provided, further, that (a) returns of items sold on a "final" basis shall not be accepted, and (b) gift cards may not be returned for cash.

38.     For the first 30 days following the Petition Date, stores will continue to accept the Debtors' validly-issued gift certificates and gift cards issued prior to the Petition Date for in-person (and only in person) purchases in the ordinary course of business.  After the expiration of the 30 days to utilize gift certificates and gift cards, all such validly-issued gift certificates and gift cards

Page (23)
Debtor:          DAVID'S BRIDAL, LLC, *et al.*
Case No.:        23-13131 (CMG)
Caption of Order: FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND
                 PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO
                 THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR
                 THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO
                 CERTAIN   CUSTOMER   PROGRAMS,   AND   (IV)   GRANTING
                 RELATED RELIEF

will no longer be accepted by the Debtors and deemed to have no remaining value.

Notwithstanding any policy or law to the contrary, the gift cards are not redeemable for cash at

any time.

39.     In accordance with the Sale Guidelines, the Debtors and the Consultant shall post

conspicuous signs in their stores, including at their cash registers, explaining the above "consumer

provisions" to customers, including the return policies and gift certificate and gift card policy,

which shall remain posted throughout the duration of the Sale.  In addition, the Debtors will post

notice of the changes to gift certificate, gift cards, and customer programs on their website.

## VI.    Store Closing Incentive Program.

40.     The Debtors are authorized to continue and honor obligations related to the Store

Closing Incentive Program; *provided*, however, that such authority shall not extend to any Insider

without further order of this Court.

## VII.    Other Provisions.

41.     In the event the Debtors and the Consultant agree to transition a store from a "soft

sale" to a "store closing," "sale on everything/everything on sale," "everything must go," "going

out of business," or similarly themed Sale, or if the Debtors elect to wind-down their operations at

all of their remaining stores, the Debtors shall file and serve, 3 business days' prior to commencing

such Sale(s), a notice to the landlords and their counsel of record (if applicable)

Page (24)

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME AND PERFORM UNDER THE CONSULTING AGREEMENT RELATED TO THE SALE OF INVENTORY, (II) APPROVING PROCEDURES FOR THE SALE OF INVENTORY, (III) APPROVING MODIFICATIONS TO CERTAIN CUSTOMER PROGRAMS, AND (IV) GRANTING RELATED RELIEF |

42.    The Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against the Consultant, in each case, other than as expressly provided for in the Consulting Agreement.

43.    This Court shall retain exclusive jurisdiction with regard to all issues or disputes relating to this Final Order or the Consulting Agreement, including, but not limited to, (a) any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit banner and sign-walker advertising, including with respect to any allegations that such advertising is not being conducted in a safe, professional, and non-deceptive manner, (b) any claim of the Debtors, the landlords, and/or the Consultant for protection from interference with the Sale, (c) any other disputes related to the Sale, and (d) to protect the Debtors and/or the Consultant against any assertions of any Encumbrances; provided that, notwithstanding anything to the contrary herein and subject to recognition of this Final Order by the Canadian Court in the Canadian Proceeding, the Canadian Court shall retain jurisdiction with regard to all issues or disputes in respect of the Sale at Canadian Stores.  No such parties or person shall take any action against the Debtors, the Consultant, the landlords, or the Sale until this Court has resolved such dispute.  This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.