**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Jacob S. Frumkin, Esq.
jfrumkin@coleschotz.com

*Counsel to the Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Counsel to the Debtors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.,*<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-13131 (CMG)<br><br>(Jointly Administered)<br><br>**HEARING DATE AND TIME: August 29, 2023, at 11:00 a.m. (ET)**<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

## NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDERS
## (I) DISMISSING THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of Orders (I) Dismissing the Chapter 11 Cases and (II) Granting Related Relief* (the "Motion") will be held on **August 29, 2023, at 11:00 a.m. (ET)**, or as soon thereafter as counsel may be heard, before the Honorable Christine M. Gravelle, Clarkson S. Fisher United States Courthouse, 402 East State Street, Courtroom 3, Trenton, New Jersey 08608, to consider the request of the above-captioned debtors and debtors in possession to dismiss their chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that the Motion and the Marcum Declaration (as defined in the Motion) filed contemporaneously herewith set forth the relevant legal and factual bases upon which the relief requested should be granted. Proposed Orders granting the relief requested in the Motion also are submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental

Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

      **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in the above captioned chapter 11 cases may be obtained free of charge by visiting the website of Omni Agent Solutions at https://omniagentsolutions.com/DavidsBridal.  You also may obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of Page Intentionally Left Blank]*

DATED:  August 8, 2023                    Respectfully submitted,

                                 **COLE SCHOTZ P.C.**

                                 By:   */s/ Michael D. Sirota*
           Michael D. Sirota, Esq.
           Felice R. Yudkin, Esq.
           Jacob S. Frumkin, Esq.
           Court Plaza North
           25 Main Street
           Hackensack, NJ 07601
            (201) 489-3000
            (201) 489-1536 Facsimile
           Email: msirota@coleschotz.com
                   fyudkin@coleschotz.com
                   jfrumkin@coleschotz.com

          **KIRKLAND & ELLIS LLP**
          **KIRKLAND & ELLIS INTERNATIONAL LLP**
           Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
           Christopher T. Greco, P.C. (admitted *pro hac vice*)
           Rachael M. Bentley (admitted *pro hac vice*)
           601 Lexington Avenue
           New York, New York 10022
            (212) 446-4800
            (212) 446-4900 Facsimile
           Email: joshua.sussberg@kirkland.com
                   christopher.greco@kirkland.com
                   rachael.bentley@kirkland.com
        *-and-*
           Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
           300 North LaSalle Street
           Chicago, Illinois 60654
            (312) 862-2000
            (312) 862-2200 Facsimile
           Email: alexandra.schwarzman@kirkland.com

          *Counsel to the Debtors*

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Jacob S. Frumkin, Esq.
jfrumkin@coleschotz.com

*Counsel to the Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13131 (CMG)<br><br>(Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF ORDERS (I) DISMISSING THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE CHRISTINE M. GRAVELLE,
UNITED STATES BANKRUPTCY COURT:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of orders, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B** (the "Initial Order" and the "Dismissal Order," respectively) (a) dismissing the chapter 11 cases of the Debtors (the "Chapter 11 Cases"), (b) authorizing, but not directing, the Debtors to abandon and destroy any and all books and records that were not sold pursuant to the Sale (defined below), (c) approving procedures for the filing and approval of final fee applications of professionals retained in the Chapter 11 Cases (collectively, the "Professionals") and providing for payment of fees and expenses incurred by such Professionals (the "Professional Fees"), (d) providing exculpation and debtor releases to the Exculpated and Released Parties,[2] (e) authorizing officers and appropriate corporate representatives of the Debtors to dissolve the Debtors under applicable state law, (f) rejecting all executory contracts and unexpired leases that have not previously been assumed and assigned or rejected, and (g) providing such other related relief as is just and necessary.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of James Marcum, Chief Executive Officer of the Debtors, in Support of the Debtors' Motion for Entry of Orders (I) Dismissing the Chapter 11 Cases and (II) Granting Related Relief* (the "Marcum Declaration") filed contemporaneously herewith, and respectfully represent as follows:

## Preliminary Statement[3]

1.      The Debtors, the Committee, Bank of America, N.A. ("BofA"), and the Purchasers worked tirelessly in these cases to formulate and close a sale of substantially all of the Debtors'

---

[2] The "Exculpated and Released Parties" include each of the Debtors, the Committee, and each of their respective current and former directors, managers, officers, members, employees, partners, attorneys, consultants, advisors, and agents.

[3] Capitalized terms used but not otherwise defined in the Preliminary Statement shall have the meanings ascribed to them elsewhere in the Motion.

assets to preserve the David's Bridal business as a going concern.  The Sale enabled the Debtors to preserve nearly 7,000 jobs, 195 retail stores and a business upon which hundreds of vendors could continue to depend.  The Sale closed on July 21, 2023, resulting in the assumption of the Debtors' obligations to BofA under the Final DIP Order, the assumption of substantial liabilities, and the payment of cure costs arising under executory contracts that were assumed and assigned to the Purchasers.

2.      As a result of the Sale, no material assets remain with the Debtors' estates (the "Estates").  Accordingly, there is no reasonable prospect of distribution from the Estates to any holders of claims against the Debtors (other than in accordance with the assumed liabilities in the Sale).  Although the Debtors explored all alternative options to bring the Debtors' Chapter 11 Cases to a conclusion, it is clear that a dismissal is the most expeditious and cost-effective mechanism to wind down the Debtors' affairs.  In reaching this conclusion, the Debtors, along with their advisors and key constituents in these cases, determined that a dismissal would not negatively impact creditors (vis-à-vis a chapter 11 plan or conversion to chapter 7) because there are no remaining assets of any value to distribute, and insufficient funds exist to support the administrative costs of pursuing anything other than the Debtors' prompt exit from bankruptcy.

3.      Accordingly, with the support of the Committee and the Purchasers, the Debtors request the dismissal of the Chapter 11 Cases and related relief on the terms set forth in Initial Order and Dismissal Order.

**Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

5.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.        The bases for the relief requested herein are sections 105(a), 305, 349, 363(b)(1),

554(a), and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and rules 1017,

2002, 3003, 6007 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").

## Background

### A.        General Background

7.        On April 17, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Chapter 11 Cases are set forth in greater

detail in the *Declaration of James Marcum, Chief Executive Officer of the Debtors, in Support of

Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 21].

8.        The Debtors are operating their businesses and managing their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date,

the Court entered an order [Docket No. 69] authorizing joint administration of these Chapter 11

Cases for procedural purposes pursuant to Bankruptcy Rule 1015(b).  No request for the

appointment of a trustee or examiner has been made in these Chapter 11 Cases.

9.        On April 28, 2023, the Office of the United States Trustee for the District of New

Jersey (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors

(the "Committee") in these Chapter 11 Cases [Docket No. 150].

B.      **Sale and Marketing Processes**

10.     The Debtors filed these Chapter 11 Cases to conduct a going concern sale process for all or some of their assets (the "Going Concern Sale") and simultaneously initiated "soft" sales in their retail stores to monetize certain of their inventory. *See* Marcum Declaration at ¶ 3. This dual path process was necessary to maintain optionality, conserve liquidity, and maximize the value of the Debtors' assets, which has required significant time and effort to be expended by the Debtors and their advisors.

11.     To that end, on the Petition Date, the Debtors filed the *Motion for Entry of Orders (I)(A) Approving Bidding Procedures and Bid Protections, (B) Approving the Form of Asset Purchase Agreement, (C) Scheduling an Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, and (E) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases and (II) (A) Approving the Asset Purchase Agreement, (B) Authorizing the Sale of Assets, and (C) Authorizing the Assumption and Assignment of the Assumed Contracts* [Docket No. 19]. On April 19, 2023, the Court entered the *Order (A) Approving Bidding Procedures and Bid Protections, (B) Approving the Form of Asset Purchase Agreement, (C) Scheduling an Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, and (E) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases* [Docket No. 72] (the "Bidding Procedures Order").

12.     In an effort to effectuate the Going Concern Sale, the Debtors required immediate financing and liquidity, which they sought in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 30] (the "DIP Motion"). On May 24, 2023, the court entered

an order granting the relief requested in the DIP Motion on a final basis [Docket No. 285] (the "Final DIP Order"), authorizing the Debtors to obtain postpetition financing in the aggregate principal amount of up to $85 million (the "DIP Financing").

13.    After the Petition Date, the Debtors, with the assistance of their investment banker, Houlihan Lokey Capital, Inc., actively marketed their assets for sale, as evidenced by the eight (8) bid deadline extensions.  *See* Marcum Declaration at ¶ 5; *see also* Docket No. 531.

14.    On July 6, 2023, the Debtors filed the *Notice of Successful Bidder* [Docket No. 581], selecting the going concern bid package submitted by CION Investment Corporation (the "U.S. Purchaser") as the successful bid.  On July 10, 2023, the Debtors filed the *Notice of Asset Purchase Agreement Related to Successful Bidder* [Docket No. 610], attaching the proposed asset purchase agreement (the "APA") between the Debtors and the Purchaser.

15.    On July 17, 2023, the Court entered an order [Docket No. 660] (the "Sale Order") approving the sale to the Purchaser (the "Sale") and David's Canada Inc. (the "Canadian Purchaser," collectively with the Purchaser, the "Purchasers") proposed in the APA.  On July 21, 2023 (the "Closing Date"), the Debtors closed the Sale.  *See* Marcum Declaration at ¶ 7.

16.    As a result of the Sale and the acquired assets thereunder, the Debtors do not have assets to liquidate to provide for a distribution of proceeds pursuant to a chapter 11 plan or by a Chapter 7 trustee.  *See* Marcum Declaration at ¶ 8.

**C.    The Debtors have Sold Other Assets to Bring Liquidity to the Debtors Estates**

17.    The Debtors, in consultation with A&G Realty Partners, LLC ("A&G") and their other advisors, determined that selling certain of the Debtors' leasehold interests (the "Lease Assets") could elicit additional funds for the Debtors during the Chapter 11 Cases.  *See* Marcum Declaration at ¶ 9.  To that end, the Debtors sought, *see* Docket No. 373, and obtained, *see* Docket No. 533, authority to conduct a separate marketing, bidding, and auction

process for those Lease Assets. *Id.* In connection with those marketing efforts, the Debtors, with the assistance of A&G, sold separate Lease Assets to nationwide brands Dollar Tree Stores, Inc. [Docket No. 534] and Dollar General Corporation [Docket No.532], thereby providing value to the Debtors and reducing their ongoing costs and liabilities associated with those locations. *Id.*

18.     As a separate value maximizing process, the Debtors' management team and advisors determined to close and wind down certain of their stores and, after obtaining Court authority to do so, *see* Docket No. 67, initiated closings of forty-nine (49) of those stores. *See* Marcum Declaration at ¶ 10.

19.     Similarly, the Debtors' management and advisors determined that the Debtors' estates were best served by the rejection of certain leases and executory contracts as documented in the four (4) rejection notices filed with this Court. *See* Marcum Declaration at ¶ 11; *see also* Docket Nos. 266, 501, 543, and 557.

20.     This process required the Debtors to review their leasehold interests in detail, including assessing the underlying business and economic terms, and the profitability of each lease. *See* Marcum Declaration at ¶ 12.

21.     Most recently, on July 10, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 606], seeking an extension of the deadline to assume or reject the Debtors' unexpired leases to preserve the optionality and value of these leases in connection with the designation rights provided to the Purchaser in connection with the Sale. *See* Marcum Declaration at ¶ 13.

**D.     Bar Date and Claims**

22.     On May 18, 2023, the Court entered the *Order Granting Debtors' Motion for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim, Approving the Form and Manner*

Case 23-13131-CMG    Doc 723    Filed 08/08/23    Entered 08/08/23 20:17:50    Desc Main
Document    Page 12 of 44

*for Filing Proofs of Claim, and Approving Notice Thereof* [Docket No. 237] setting June 22, 2023 as the bar date for filing proofs of claims and administrative claims arising from the Petition Date through May 22, 2023 (the "Bar Date"), and setting October 16, 2023 as the deadline for governmental units to file claims.

23.    The Bar Date has passed and the Debtors do not intend to object to any claims, as no assets remain for distributions to creditors. *See* Marcum Declaration at ¶ 15.

**E.    The Debtors' Books and Records**

24.    As of the Petition Date, the Debtors maintained voluminous books and records, including, without limitation, documents relating to: (a) accounting; (b) bank accounts; (c) corporate governance; (d) contracts, leases and other business operations; (e) insurance; (f) human resources and other related employment issues; and (g) the Chapter 11 Cases. Pursuant to the APA, substantially all such books and records pertaining to the Debtors will be transferred to the Purchasers. To the extent that any books and records were left behind with the Debtors (collectively, the "Books and Records"), the continued preservation thereof could be a cost and burden to the Estates, and the destruction or abandonment thereof is necessary for the resolution of the Chapter 11 Cases. *See* Marcum Declaration at ¶ 16. Because the Debtors do not have any ongoing operations—and because there will be no claims reconciliation process—the Debtors do not believe that abandonment and destruction of such Books and Records would be prejudicial to the Debtors' stakeholders. *Id.*

**F.    Professional Fees**

25.    On May 18, 2023, the Court entered the *Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 246] (the "Administrative

Fee Order"). Since that date numerous professionals have filed monthly fee statements. *See, e.g.*, Docket Nos. 380, 383, and 452.

## G.    Executory Contracts and Unexpired Leases

26.    As set forth in Schedule G of the Debtors' schedules of assets and liabilities, the Debtors had various leases and contracts as of the Petition Date. In connection with the Sale, the Debtors have assumed and assigned many of their executory contracts and unexpired leases to the Purchasers.    *See* Marcum Declaration at ¶ 17.    However, there remains a limited number of agreements which were not assumed and assigned as part of the Sale.    *Id.*

**Basis for Relief**

## A.    These Chapter 11 Cases Must be Dismissed if the Elements for "Cause" are Shown Under Section 1112(b)(4) of the Bankruptcy Code

27.    Upon the request of a party in interest, section 1112(b)(1) of the Bankruptcy Code provides that, absent unusual circumstances, a court "shall" dismiss a chapter 11 bankruptcy case (or convert such case to a case under chapter 7) "for cause." *See* 11 U.S.C. § 1112(b)(1). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") changed the statutory language with respect to conversion or dismissal from permissive to mandatory.[4] *See* H.R. Rep. No. 109-31(I), at 442, *reprinted in* 2005 U.S.C.C.A.N. 88, 94 (stating that the Act "mandate[s] that the court convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause, absent unusual circumstances."); *see also Nester v. Gateway Access Sols., Inc. (In re Gateway Access Sols., Inc.)*, 374 B.R. 556 (Bankr. M.D. Pa. 2007) (stating that the amendments to section 1112 limit the court's discretion

---

[4] Prior to the enactment of BAPCPA, a bankruptcy court had the discretion, pursuant to its broad equitable powers, to dispose of a debtor's case, including by means of dismissal. However, a court was not <u>mandated</u> to dismiss a case upon the showing of cause. H.R. Rep. No. 95-595, at 405 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, at 117 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787.

to refuse to dismiss or convert a chapter 11 case upon a finding of cause); *accord In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4).").

28.     The amendments to section 1112 thus limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause. *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court *shall* dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate." (emphasis supplied)); *see also In re Broad Creek Edgewater, LP*, 371 B.R. 752, 759 (Bankr. D.S.C. 2007). For reasons more fully explained below, the Court should dismiss the Chapter 11 Cases because "cause" exists. Further, dismissal (and not conversion to a case under chapter 7) is in the best interests of the Debtors, their creditors, and their estates.

**B.     Cause Exists to Dismiss the Chapter 11 Cases Because the Debtors Will Have Ceased Operations and Will Have Insufficient Assets to Confirm a Plan**

29.     Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of 16 grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)-(P). *See Gateway Access Sols.*, 374 B.R. at 561 ("Generally, such lists are viewed as illustrative rather than exhaustive, and the Court should 'consider other factors as they arise.'") (quoting *First Jersey Nat'l Bank v. Brown (In re Brown)*, 951 F.2d 564, 572 (3d Cir. 1991)); *3 Ram*, 343 B.R. at 117 ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, [and] not exhaustive has not.") (citation omitted);

accord *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b)'s list is non-exhaustive).[5]

30.     One statutory basis to dismiss a case is where a party in interest shows that (a) there has been a "loss" or "diminution" of value of the estate and (b) the debtor does not have a "reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A); *see also In re Citi-Toledo Partner*s, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) (finding that additional administrative expenses and accumulation of real estate taxes impaired the value of the estate); *Clarkson v. Cooke Sales & Serv. Co. (In re Clarkson)*, 767 F.2d 417, 420 (8th Cir. 1985) (stating that dismissal was warranted where "the absence of financial data and certain sources of income for the [debtors] indicate[d] the absence of a reasonable likelihood of rehabilitation"). Further, the dismissal of a chapter 11 case has been found appropriate where "a feasible plan is not possible." *3 Ram*, 343 B.R. at 117-18. "If [a] chapter 11 [debtor] cannot achieve a reorganization within the statutory requirements of the [Bankruptcy] Code, then there is no point in expending estate assets on administrative expenses . . . ." *Id.* at 118 (citing, *inter alia*, *Brown*, 951 F.2d at 572).

31.     As the Court is aware, the Debtors sold substantially all of their assets in connection with the Sale to the Purchasers.  In light of the foregoing, the Estates continue to accrue professional fees and U.S. Trustee fees, which have been reserved for and segregated pursuant to the Final DIP Order and Sale Order, however, there are no assets remaining with the Debtors to generate liquidity.  As of the closing date of the Sale, there is no longer a business to reorganize or assets to distribute, and thus there is no reason to pursue a plan of liquidation, nor are funds

---

[5] In *TCR of Denver*, the court recognized the apparent typographical error in § 1112(b)(4) of the Bankruptcy Code. The sixteen illustrative examples of "cause" set forth in that section are linked by the word "and" after subsection (O). Accordingly, strict construction of the statute would require that a debtor establish all of the items constituting "cause" before a case can be dismissed by the court. The *TCR* Court held that Congress could not have intended to require a "perfect storm" of all sixteen circumstances listed before a case may be dismissed. *See* 338 B.R. at 498.

available to do so. Accordingly, cause exists to dismiss the Chapter 11 Cases pursuant to section 1112(b)(4) of the Bankruptcy Code and related relevant case law.

**C.      Dismissal Is Warranted Under Section 305(a) of the Bankruptcy Code**

32.     Cause further exists to dismiss the Chapter 11 Cases under section 305(a) of the Bankruptcy Code, which provides that "[t]he court, after notice and a hearing, may dismiss a case under this . . . title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismiss or suspension . . . ." 11 U.S.C. § 305(a).

33.     Dismissal pursuant to section 305(a) of the Bankruptcy Code is an extraordinary remedy and is only appropriate where the court finds that both creditors and the debtor would be better served by dismissal. *In re AMC Investors, LLC,* 406 B.R. 478, 487-88 (Bankr. D. Del. 2009).

34.     Whether dismissal is appropriate under this provision is determined on a case-by-case basis and rests within the sound discretion of the bankruptcy court. *In re Northshore Mainland Servs., Inc.,* 537 B.R. 192, 203 (Bankr. D. Del. 2015); *In re Sky Grp. Int'l, Inc.,* 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989). Many factors are considered when determining the best interests of creditors and the debtor, including: (i) the economy and efficiency of administration, (ii) whether federal proceedings are necessary to reach a just and equitable solution, (iii) whether there is an alternative means of achieving an equitable distribution of assets, and (iv) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case. *AMC Investors,* 406 B.R. at 488.

35.     Dismissal of the instant cases is warranted under section 305(a)(1) for the same reasons that "cause" exists to dismiss these cases pursuant to section 1112(b) of the Bankruptcy Code. Simply stated, dismissal represents, and will effectuate, the most efficient and effective administration of these Chapter 11 Cases. Given the absence of assets in the Estates or a business

to reorganize, the Debtors further submit that proceeding with chapter 11 plan process would be wasteful, time consuming, and of no benefit to their estates or creditors.

**D.      Dismissal is in the Best Interests of the Debtors' Creditors and Their Estates**

36.      Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must then evaluate whether dismissal is in the best interests of the debtor's creditors and the estate. *See, e.g.*, *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert."). A variety of factors demonstrate that it is in the best interest of the Debtors' Estates and their creditors to dismiss the Chapter 11 Cases.

37.      *First*, a dismissal of a chapter 11 bankruptcy case meets the "best interests of creditors" test where a debtor has nothing to reorganize and the debtor's assets are fixed and liquidated. *See Camden Ordinance Mfg. Co. of Ark., Inc. v. U.S. Tr. (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 799 (E.D. Pa. 2000) (finding reorganization to salvage company which ceased business was infeasible); *Royal Tr. Bank, N.A. v. Brogdon Inv. Co. (In re Brogdon Inv. Co.)*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing chapter 11 proceeding in part where there was "simply nothing to reorganize" and no reason to continue the reorganization). As noted above, the Debtors have nothing left to reorganize—substantially all of their assets and operations were transferred to the Purchasers upon the closing of the Sale, and there is no cash remaining with the Estates with which to satisfy distributions to creditors pursuant to a chapter 11 plan or upon conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

38.      *Second*, courts have found that dismissal is in the "best interests of creditors" where an interested party, other than the debtor, supports the dismissal of the debtor's chapter 11 case. *See Camden Ordinance*, 245 B.R. at 798; *In re Mazzocone*, 183 B.R. 402, 414 (Bankr. ED. Pa.

1995), *aff'd*, 200 B.R. 568 (E.D. Pa. 1996) (explaining that factors weighed more heavily in favor of dismissal of chapter 11 case rather than conversion to chapter 7 where debtor and U.S. Trustee both favored dismissal). Here, as noted above, the Committee and the Purchasers all support dismissal of the Chapter 11 Cases.

39.     *Third*, a court may find dismissal to be in the "best interests of the creditors" where a debtor demonstrates the ability to oversee its own liquidation. *See Camden Ordinance,* 245 B.R. at 797-98; *Mazzocone,* 183 B.R. at 412 ("Only when a Chapter 11 debtor has no intention or ability to reorganize or perform its own liquidation otherwise fulfill pertinent bankruptcy obligations should a debtor be permitted to remain in bankruptcy . . . ."). Here, the Debtors have already liquidated their assets and have otherwise demonstrated themselves to be capable of overseeing their own liquidation.

40.     *Fourth,* and finally, dismissal is appropriate where, as here, dismissal of the Chapter 11 Cases will maximize the value of the Estates because the alternative—conversion to a chapter 7 liquidation and appointment of a trustee—(a) is unnecessary and would provide no benefit to creditors and (b) would impose significant additional administrative costs upon the Estates without any meaningful source of funds to satisfy such costs.

41.     Under the circumstances, a chapter 7 trustee would have no source of assets or funds to satisfy additional claims arising after conversion to cases under chapter 7 of the Bankruptcy Code.  As a result, creditors would not receive greater recoveries in a chapter 7 liquidation.  For these reasons, the Debtors submit that a dismissal pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code is in the best interest of the Debtors' creditors and their estates.

**E.     The Proposed Dismissal Complies with Applicable Law Governing Distributions**

42.     The proposed dismissal complies with applicable law governing distributions of estate property.  Specifically, a final disposition "in connection with the dismissal of a Chapter 11

14

case cannot, without the consent of the affected parties, deviate from the basic priority rules" contained within the Bankruptcy Code. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 978 (2017). In other words, a debtor may not use a dismissal as a means to distribute assets to a favored class of "low-priority general unsecured creditors" while "skipping" a disfavored class that would otherwise be entitled to priority of payment under a plan of liquidation. *See id*. Here, neither the Initial Order nor the Dismissal Order provides for the distribution of estate property. Because there will be no property to distribute, *Jevic* and concerns about "class skipping" are not relevant to these Chapter 11 Cases.

F.     **The Court Should Authorize the Debtors to Abandon and Destroy the Books and Records**

43.     Section 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007 authorize a debtor-in-possession, upon notice and a hearing, to abandon estate property that is of little value to the estate or otherwise is burdensome to maintain. As one bankruptcy court has noted, if a debtor "feels an asset is of inconsequential value and benefit to the estate *or* that it is 'burdensome to the estate,' [the debtor] may abandon it." *Reich v. Burke (In re Reich)*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985) (emphasis added).

44.     Here, the Debtors request that the Court, pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, authorize, but not direct, the Debtors to abandon and destroy the Books and Records to the extent such Books and Records were not sold to the Purchasers under the APA. As previously discussed, the Debtors have sold substantially all of their assets through the Sale, no longer maintain an operating business, and have largely wound down their affairs. The Debtors believe that their Books and Records have been (or will be) transferred to the Purchasers as part of the Sale. However, to the extent any Books and Records are retained, they will simply be of no value to the Debtors after dismissal of the Chapter 11 Cases. The Debtors

15

should not incur the potentially significant costs associated with maintaining and storing Books and Records that have no value to their estates.

45.     The Debtors therefore submit that the relief requested herein with respect to the Books and Records is necessary, prudent, and in the best interests of the Debtors' estates and creditors, and should therefore be granted.

**G.     The Court Should Establish a Procedure to Approve Professional Fees**

46.     In connection with winding down the Debtors' estates and dismissing the Chapter 11 Cases, and notwithstanding any provisions to the contrary in the Administrative Fee Order, the Debtors seek the Court's approval of procedures for the final payment of Professional Fees incurred by Professionals on behalf of the Debtors' estates throughout the Chapter 11 Cases. Courts in this circuit have routinely granted similar relief in the context of dismissals. *See, e.g.*, *In re Sunco Liquidation, Inc.*, No. 17-10561 (KG) (Bankr. D. Del. Aug. 18, 2017) [Docket No. 706]; *In re Old Towing Co.*, No. 17-10249 (LSS) (Bankr. D. Del. May 30, 2017) [Docket No. 381]; *In re TAH Window, Inc.*, No. 16-11599 (MFW) (Bankr. D. Del. Jan. 13, 2017) [Docket No. 408].

47.     Specifically, the Debtors request that the Court schedule a final omnibus fee hearing on September 26, 2023 at 11:00 a.m. (ET).[6] The Debtors further request that the Court require all Professionals retained in the Chapter 11 Cases to file, by September 5, 2023, final fee applications for (a) Professional Fees incurred from the Petition Date up to and including July 31, 2023, and (b) estimated Professional Fees that are expected to be incurred through the Dismissal Date (*i.e.*, for the period from August 1, 2023 through, approximately, September 28, 2023). The Debtors

---

[6] No interim fee applications pursuant to the Administrative Fee Order have been filed in the Chapter 11 Cases.

further request that the Court require any objections to the final fee applications be filed and served

on counsel for the Debtors and the applicable Professional by September 19, 2023, at 4:00 p.m.

(prevailing Eastern Time).  Professional Fees incurred in connection with the Chapter 11 Cases

after the Closing Date will be paid through a combination of funds in the Professional Fee Escrow

Account (as defined in the APA) and by the Purchasers.

**H.    The Court Should Authorize Dissolution of the Debtors**

48.    Because the Debtors have sold substantially all of their assets and ceased

operations, the Court is empowered by sections 105 and 363(b)(1) of the Bankruptcy Code and its

general equitable powers to authorize dissolution of the Debtors. *See, e.g.*, *Weir v. JMACK, Inc.*,

No. 3263-CC, 2008 WL 4379592, at *2 (Del. Ch., decided Sept. 23, 2008) (granting dissolution

of corporation by court order and stating that "[i]t is well settled that this Court, as a court of equity,

has the power to order the dissolution" of a corporation). Further, courts in this Circuit have

previously approved the dissolution of debtors by court order in connection with the dismissal of

a chapter 11 case. *See, e.g.*, *In re Sunco Liquidation, Inc.*, No. 17-10561 (KG) (Bankr. D. Del.

Nov. 6, 2017) [Docket No. 865]; *In re TAH Windown, Inc.*, No. 16-11599 (MFW) (Bankr. D. Del.

Jan. 13, 2017) [Docket No. 408]; *In re Hospitality Liquidation I, LLC*, No. 13-12740 (BLS)

(Bankr. D. Del. Jan. 5, 2015) [Docket No. 447].

49.    Here, the Debtors respectfully submit that it is appropriate and necessary for the

Court to authorize the dissolution of the Debtors. The Debtors have no further business to conduct

or other purpose to remain active corporate entities in their jurisdictions, and absent their prompt

dissolution, the Debtors may incur additional taxes and statutory fees owing to their continued

corporate existence. Accordingly, it is in the best interests of the Estates for the Debtors to dissolve

as soon as practicable following entry of the Dismissal Order.

I.      **All Prior Releases, Stipulations, Settlements, Rulings, Orders and Judgments Should Remain Binding and Continue to Have Full Force and Effect**

50.      The dismissal of a chapter 11 case ordinarily provides for what is, in effect, a restoration of the prepetition financial status quo. *See* 11 U.S.C. § 349(b). A bankruptcy court may, however, "for cause, order[] otherwise . . . ." *Id.* Courts in this Circuit have regularly allowed orders, including those approving releases and settlements, to be given continued effect after a dismissal, notwithstanding section 349 of the Bankruptcy Code. *See, e.g.*, *In re In-Shape Holdings, LLC, et al.,* No. 20-13130 (LSS) (Bankr, D. Del. September 10, 2021) [Docket No. 467] (giving continued effect to all prior orders, releases, stipulations, settlements, rulings, and judgments); *In re Sunco Liquidation, Inc.*, No. 17-10561 (KG) (Bankr. D. Del. Nov. 6, 2017) [Docket No. 865] (giving continued effect to orders entered throughout the pendency of the chapter 11 cases); *In re Old Towing Co.*, Case No. 17-10249 (LSS) (Bankr. D. Del. May 30, 2017) [Docket No. 381] (giving continued effect to 363 sale order and any releases, injunctions and successor liability provisions provided for in such sale).

51.      Cause exists to do the same in this case. Here, numerous parties in interest, including the Purchasers, the Committee, and creditors—as well as the Debtors' employees, customers, directors, officers, and other stakeholders—have relied upon the orders entered by the Court in connection with the Chapter 11 Cases.  Similarly, the finality of the releases, stipulations, and protections contained in the Final DIP Order constituted a substantial and necessary inducement for the extension of postpetition financing under the DIP financing facility. *See* Final DIP Order, pgs. 23-24, ¶ G(x) (granting releases to the Debtors' secured lenders). Moreover, both the Final DIP Order and the Sale Order expressly survive dismissal of the Chapter 11 Cases by their terms, and the parties relied on such provisions in entering into these arrangements. *See* Final DIP Order, pg. 47, ¶ 12(b)(ii), pg. 92 ¶ 45, pg. 97, ¶ 51; Sale Order, ¶¶ 48. Not only would it be

inequitable and highly prejudicial to all parties in interest to vacate the Sale Order, the Final DIP

Order, and other orders upon the dismissal of these cases (and contrary to the terms of many such

orders), but, as a practical matter, many of the transactions consummated in reliance upon those

orders would be both infeasible and cost-prohibitive to unwind.

52.    Given the circumstances and posture of the Chapter 11 Cases, the Debtors submit

that ample cause exists to allow all prior orders, releases, stipulations, settlements, rulings, and

judgments entered by the Court in connection with the Chapter 11 Cases to be given continued

effect, notwithstanding the requested dismissal.

**J.    The Exculpation and Debtor Release Provisions in the Dismissal Order are Appropriate and Should be Approved**

53.    Exculpation and debtor releases, such as those sought by the Debtors in the

Dismissal Order, are appropriate when they are fair, necessary, and supported by the factual record.

*See Gillman v. Cont'l Airlines (In re Cont'l Airlines)*, 203 F.3d 203, 214 (3d Cir. 2000); *see also*

*In re Indianapolis Downs, LLC*, 486 B.R. 286, 303 (Bankr. D. Del. 2013) (citing *In re Zenith Elecs.*

*Corp.*, 241 B.R. 92 (Bankr. D. Del. 1999)).  Specifically, the exculpation provision protects the

Exculpated and Released Parties from any action, claim, cross-claim, third-party claim, cause of

action, controversy, dispute, demand, right, lien, indemnity, contribution, guaranty, suit,

obligation, liability, loss, debt, fee or expense, damage, interest, judgment, cost, account, defense,

remedy, offset, power, privilege, proceeding, license, and franchise of any kind or character

whatsoever, known, unknown, foreseen or unforeseen, existing or hereafter arising, contingent or

non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated,

disputed or undisputed, secured or unsecured, assertable directly or derivatively (including any

alter ego theories), whether arising before, on, or after the Petition Date, in contract or in tort, in

law or in equity or pursuant to any other theory of law (including under any state or federal

19

securities laws), including any right of setoff, counterclaim, or recoupment and any claim for breach of contract or for breach of duties imposed by law or in equity, any claim pursuant to chapter 5 of the Bankruptcy Code, and any state law fraudulent transfer claim (each, a "Cause of Action" and collectively, the "Causes of Action") based on actions taken by the Exculpated and Released Parties in connection with the Debtors' restructuring and related matters. The debtor release provision effectuates a release of estate and derivative causes of action against the Exculpated and Released Parties.  In both instances, the Exculpated and Released Parties would not be relieved from liability for actual fraud, gross negligence, or willful misconduct, and the Exculpated and Released Parties are limited to include only estate fiduciaries.  Importantly, courts in this Circuit have approved similar relief in the past. *See, e.g.*, *In re Golfsmith Int'l Holdings, Inc.*, No. 16-12033 (LSS) (Bankr. D. Del. Jan. 24, 2018) [D.I. 1246] (approving form of dismissal order containing broad releases); *In re City Sports, Inc.*, No. 15-12054 (KG) (Bankr. D. Del. Mar. 4, 2016) [D.I. 647] (approving broad exculpation provision); *In re Coach Am Grp. Holdings Corp.*, No. 12-10010 (KG) (Bankr. D. Del. May 31, 2013) [D.I. 1568] (approving consensual releases and broad exculpation).

54.     The Debtors submit that this relief is appropriate because the Exculpated and Released Parties made significant contributions to the success of these Chapter 11 Cases by, among other things, working tirelessly and diligently to implement and consummate the Sale of the Debtors' business as a going concern.  The success of the Sale cannot be overstated—as a result of their efforts, the Exculpated and Released Parties have preserved 7,000 jobs, maintained valuable business and customer relationships, caused the Purchasers to assume significant liabilities, and provided the Debtors with the ability to wind down their Estates in an orderly and efficient manner.  Moreover, the inclusion of these provisions is supported by a key constituent in

these cases – the Committee.  Finally, all creditors and other parties in interest in the Chapter 11

Cases will be provided with notice of, and an opportunity to object to, the proposed exculpation

and release provisions. Therefore, the Debtors submit that the exculpation and release provisions

in the Dismissal Order are appropriate, and request that they be approved.

**K.      Rejection of the Unexpired Leases and Executory Contracts.**

55.      Pursuant to Section 365(a) of the Bankruptcy Code, the Debtors "may assume or

reject any executory contract or unexpired lease of the debtor" subject to the court's approval. 11

U.S.C. § 365. The Debtors' determination to reject a contract or lease is subject to the "business

judgment" test which requires a showing that rejection of the executory contract or unexpired lease

will benefit the debtor's estate. *In re Extraction Oil & Gas*, 622 B.R. 608, 614–15 (Bankr. D. Del.

2020), *motion to certify appeal granted sub nom. Extraction Oil & Gas, Inc.*, No. 20-11548, 2021

WL 3722229 (D. Del. Aug. 23, 2021). Courts generally will not second-guess a debtor's business

judgment concerning the rejection of an executory contract or unexpired lease. *Id.*

56.      The Debtors have assumed and assigned most of their executory contracts and

unexpired leases to the Purchasers pursuant to the Sale. The Debtors submit that any contracts

remaining after the conclusion of the Designation Rights Period (as defined in the APA) are not

necessary to maintain given that the Debtors are no longer operating. Therefore, the Debtors

request that the Court order that any remaining executory contracts or unexpired leases which are

not rejected or assumed and assigned to the Purchasers before the conclusion of the Designation

Rights Period, be rejected.

**L.      The Certification Process and the Request for Entry of the Final Dismissal Order is
          Reasonable Under the Circumstances**

57.      As soon as reasonably practicable following the filing of a certification of counsel

stating that the conditions precedent to dismissal have been met (the "Certification"), the Debtors

request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, dismissing the Chapter 11 Cases. Among other things, the Certification will verify that: (a) the filing of all monthly operating reports of the Debtors, including the report for the month in which the case is to be closed, (b) the payment of all quarterly fees due and owing in the Chapter 11 Cases to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930, including those for the quarter in which the case is to be closed (the "Quarterly Fees"), (c) the payment in full of all Professional Fees and expenses approved on a final basis (to the extent applicable); and (d) the conclusion of the Designation Rights Period.   The Dismissal Order will dismiss the Chapter 11 Cases immediately upon entry.

58.    The Debtors intend to serve the Certification on (a) counsel to the Committee, (b) the U.S. Trustee, and (c) all entities that have requested notice pursuant to Bankruptcy Rule 2002, but will not send the Certification to the Debtors' entire matrix of creditors and parties in interest, as such parties will receive reasonable notice of the proposed dismissal through notice of the present Motion.

### Waiver of Memorandum of Law

59.    Because the legal bases upon which the Debtors rely are incorporated herein, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

### No Prior Request

60.    No prior request for the relief sought herein has been made by the Debtors to this or any other court.

**Notice**

61.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Paul J. Labov, Esq. and Bradford J. Sandler, Esq.; (c) counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Attn: Matthew Furlong, Esq., Julia Frost-Davies, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Attn: Alan Brody, Esq.; (d) counsel for 1903P Loan Agent, LLC, in its capacity as First In Last Out Agent, (i) Riemer & Braunstein LLP, Attn: Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and (ii) Lowenstein Sandler LLP, Attn: Kenneth A. Rosen, Esq.; (e) counsel for CPPIB Credit Investments III Inc. and its affiliates and managed accounts, in their capacity as Prepetition Senior Superpriority Term Loan Lenders, (i) Weil, Gotshal & Manges LLP, Attn: Matt Barr, Esq., Matthew P. Goren, Esq., and F. Gavin Andrews, Esq. and (ii) Wollmuth Maher & Deutsch LLP, Attn: Paul R. DeFilippo, Esq., James N. Lawlor, Esq., and Joseph F. Pacelli, Esq.; (f) counsel for the Purchasers, (i) White & Case LLP, Attn: Scott Greissman, Esq., Adam Cieply, Esq. and Eric Klar, Esq., and (ii) Blake, Cassels & Graydon LLP, Attn: Aryo Shalviri, Esq., Milly Chow, Esq. and Daniel Loberto, Esq.; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the offices of the attorneys general for the states in which the Debtors operate; and (j) any party that has filed a  notice of appearance.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED:  August 8, 2023        Respectfully submitted,

**COLE SCHOTZ P.C.**

By:    */s/ Michael D. Sirota*
        Michael D. Sirota, Esq.
        Felice R. Yudkin, Esq.
        Jacob Frumkin, Esq.
        Court Plaza North
        25 Main Street
        Hackensack, NJ 07601
        (201) 489-3000
        (201) 489-1536 Facsimile
        Email: msirota@coleschotz.com
             fyudkin@coleschotz.com
             jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
        Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
        Christopher T. Greco, P.C. (admitted *pro hac vice*)
        Rachael M. Bentley (admitted *pro hac vice*)
        601 Lexington Avenue
        New York, New York 10022
        (212) 446-4800
        (212) 446-4900 Facsimile
        Email: joshua.sussberg@kirkland.com
             christopher.greco@kirkland.com
             rachael.bentley@kirkland.com
*-and-*
        Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
        300 North LaSalle Street
        Chicago, Illinois 60654
        (312) 862-2000
        (312) 862-2200 Facsimile
        Email: alexandra.schwarzman@kirkland.com

*Counsel to the Debtors*

## <u>EXHIBIT A</u>

**Initial Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Jacob S. Frumkin, Esq.
jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Counsel to Debtors*

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.*,<br><br>                             Debtors.[1] | Chapter 11<br>Case No. Case No. 23-13131 (CMG)<br><br>Judge: Christine M. Gravelle<br><br>(Jointly Administered) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

(Page 2)
Debtors:               DAVID'S BRIDAL, LLC, *et al.*
Case No.               23-13131-CMG
Caption of Order:      INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE
                       CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

---

### INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE
### CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through seven (7) is

**ORDERED**.

(Page 3)
Debtors:              DAVID'S BRIDAL, LLC, *et al.*
Case No.              23-13131-CMG
Caption of Order:     INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE
                      CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of Orders (I) Dismissing The Chapter 11 Cases and (II) Granting Related Relief* (the "Motion")[2] of the Debtors, for entry of an initial order (this "Initial Order") pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017, 2002, 3003, and 6007, dismissing the Chapter 11 Cases and granting related relief, as set forth in the Motion and the Marcum Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No. | 23-13131-CMG |
| Caption of Order: | INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF |

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.     Each Professional retained in the Chapter 11 Cases shall, by September 5, 2023, file a final fee application (a "Final Fee Application") for (a) Professional Fees and expenses incurred from the Petition Date up to and including July 31, 2023, and (b) estimated Professional Fees and expenses that are expected to be incurred from August 1, 2023, through the Dismissal Date (*i.e.*, through, approximately, September 28, 2023); provided, that each Professional shall be required to file by September 25, 2023 at 4:00 p.m. (Eastern Time) a supplement to its Final Fee Application setting forth the actual fees and expenses incurred by such Professional from August 1, 2023 up through and including September 25, 2023 and estimated fees for the period from September 26, 2023 through the Dismissal Date.   The Final Fee Applications shall be in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 246]. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and the Professional submitting the application to which an objection is being filed by September 19, 2023 (Eastern Time). The Court will hold a hearing, if necessary, on September 26, 2023 at 11:00 a.m. (Eastern Time), to resolve any disputes related to fee applications, or to address any questions or concerns of the Court regarding the same.

(Page 5)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, *et al*. |
| Case No. | 23-13131-CMG |
| Caption of Order: | INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF |

---

4.      As soon as reasonably practicable following the completion of (a) the filing of all monthly operating reports of the Debtors, including the report for the month in which the case is to be closed, (b) the payment of all quarterly fees due and owing in the Chapter 11 Cases to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930, including those for the quarter in which the case is to be closed (the "Quarterly Fees"), (c) the payment in full of all Professional Fees and expenses approved on a final basis (to the extent applicable); and (d) the conclusion of the Designation Rights Period (as defined in the APA) (collectively, the "Dismissal Conditions"), the Debtors may file a certification (the "Certification") of counsel requesting entry of the Dismissal Order, which shall attach a form of order dismissing the Chapter 11 Cases substantially in the form annexed to the Motion as Exhibit B. Among other things, the Certification should verify that all Dismissal Conditions have been satisfied. The Certification shall indicate that it was provided to the U.S. Trustee before its filing, and shall indicate whether the U.S. Trustee concurs that all Quarterly Fees have been paid.

5.      The Certification shall be served only on the counsel to the Committee, the U.S. Trustee, and all entities that have requested notice pursuant to Bankruptcy Rule 2002, and no further notice regarding the dismissal of the Chapter 11 Cases shall be required.

6.      Notwithstanding any provision of this Initial Order to the contrary, the obligation of each of the Debtors to file monthly operating reports and to pay Quarterly Fees to the U.S. Trustee shall continue until such Debtor's case is dismissed pursuant to the provisions of this Initial Order.

(Page 6)

| | |
|---|---|
| Debtors: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No. | 23-13131-CMG |
| Caption of Order: | INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF |

7. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Initial Order shall be effective and enforceable immediately upon entry of this Initial Order.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Initial Order.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Initial Order.

**<u>EXHIBIT B</u>**

**Dismissal Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Jacob S. Frumkin, Esq.
jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
rachael.bentley@kirkland.com

*-and-*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Counsel to Debtors*

| | |
|---|---|
| In re:<br><br>DAVID'S BRIDAL, LLC, *et al.,*<br><br>                     Debtors. [1] | Chapter 11<br>Case No. Case No. 23-13131 (CMG)<br><br>Judge: Christine M. Gravelle<br><br>(Jointly Administered) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

(Page 2)
Debtors:              DAVID'S BRIDAL, LLC, *et al*.
Case No.              23-13131-CMG
Caption of Order:     ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

---

### **ORDER DISMISSING DEBTORS' CHAPTER 11 CASES**

The relief set forth on the following pages, numbered three (3) through seven (7) is

**ORDERED**.

(Page 3)
Debtors:         DAVID'S BRIDAL, LLC, *et al*.
Case No.         23-13131-CMG
Caption of Order:   ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

---

Pursuant to the (a) *Debtors' Motion for Entry of Orders (I) Dismissing the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. __] (the "Motion")[2], filed on July [●], 2023, (b) the Initial Order granting the Motion entered on _____ __, 2023 [Docket No. __], and (c) the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Cases*, filed on _____ __, 2023 [Docket No. __], **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, the Chapter 11 Cases of the following debtors (as the same may be subsequently renamed) are hereby dismissed:

| Case No. | Debtor Name | EIN | Formerly Known As |
|---|---|---|---|
| 23-13131 | David's Bridal, LLC | 65-0214563 | David's Bridal, Inc. |
| 23-13132 | DBI Midco, Inc. | 90-0883096 | CDR DB Midco, Inc.<br>DB Midco, Inc. |
| 23-13133 | DBI Holdco II, Inc. | 84-3727512 | DBI New Holdco, Inc.<br>CDR DB Holding, Inc<br>DB Holdco, Inc |
| 23-13134 | DBI Investors, Inc. | 46-0868503 | CDR DB Investors, Inc.<br>DB Investors, Inc. |
| 23-13135 | David's Bridal Canada, Inc. | N/A | N/A |
| 23-13136 | Blueprint Registry, LLC | 83-4552335 | N/A |

3.      Any executory contracts or unexpired leases neither assumed and assigned nor rejected by the Debtors prior to the dismissal of these Chapter 11 Cases shall be deemed rejected as of the date of this Dismissal Order.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page 4)
Debtors:            DAVID'S BRIDAL, LLC, *et al*.
Case No.            23-13131-CMG
Caption of Order:   ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

4.      As soon as reasonably practicable after the entry of this Dismissal Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the Debtors, to the extent not previously dissolved, the Debtors are authorized, but not directed, to dissolve their corporate entities in accordance with applicable state law, and the Debtors shall not be required to pay any taxes or fees in order to cause such dissolution. Any officer or other authorized corporate representative of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with the laws of the states in which they are formed.

5.      Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*. For the avoidance of doubt, all assets acquired by the Purchasers pursuant to the Sale Order and the APA, shall remain assets of the Purchasers (or a subsequent transferee of the Purchasers) following entry of this Dismissal Order and shall not revest with the Debtors pursuant to section 349(b)(3) of the Bankruptcy Code.

(Page 5)
Debtors:               DAVID'S BRIDAL, LLC, *et al*.
Case No.               23-13131-CMG
Caption of Order:      ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

---

6.      Each Professional's retention by the Debtors' estates is terminated without the need for further action on the part of this Court, the Debtors, or such firms.

7.      The Committee is hereby dissolved without need for further action on the part of this Court or the Committee or its members; *provided, however*, that obligations arising under confidentiality agreements, joint interest agreements, and protective orders, if any, entered into during the Chapter 11 Cases shall remain in full force and effect in accordance with their terms.

8.      Pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to destroy, abandon, or otherwise dispose of the remaining Books and Records of the Debtors in their discretion, and to make all payments necessary to effectuate such destruction; <u>provided</u> that any documents containing personally identifiable information must be shredded.

9.      Omni Agent Solutions, as the Debtors' claims and noticing agent ("<u>Omni</u>"), is relieved of its responsibilities as the Debtors' claims and noticing agent in these cases; *provided* that Omni shall provide the services described in this paragraph and to the extent its fees and costs have not otherwise been satisfied shall be entitled to payment and reimbursement of such fees and costs from the Professional Fee Escrow Account.  Within thirty (30) days of the later of the entry of (a) this Dismissal Order or (b) a final decree closing the Chapter 11 Cases, Omni shall (w) forward to the Clerk of the Court an electronic version of all imaged claims, (x) upload the creditor mailing list into CM/ECF, (y) docket a combined final claims register containing claims against each Debtor, and (z) box and transport all original claims to the Philadelphia Federal

Debtors:            DAVID'S BRIDAL, LLC, *et al*.
Case No.            23-13131-CMG
Caption of Order:   ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

---

Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a

completed SF-135 Form indicating the accession and location numbers of the archived claims.

      10.      From and after the date of this Dismissal Order, no Exculpated and Released

Party shall have or incur liability for, and each Exculpated and Released Party is hereby released

and exculpated from any Cause of Action, whether known or unknown, foreseen or unforeseen,

matured or unmatured, liquidated or unliquidated, existing or hereafter arising, in law, equity,

contract, tort or otherwise, whether arising under federal or state statutory or common law, or any

other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty,

requirement or otherwise, based on or relating to, or in any manner arising from, in whole or in

part, the Debtors or the Estates, the Chapter 11 Cases, any restructuring transactions, the subject

matter of, or the transactions or events giving rise to, any claim against or interest in the Debtors,

the business or contractual arrangements or interactions between the Debtors and any Released

Party, the restructuring of any claim against, or interest in the Debtors, before or during the Chapter

11 Cases, the negotiation, formulation, preparation, or consummation of the sale of the Debtors'

assets, including but limited to the Sale, any restructuring transactions, the DIP Financing and

related documents and orders, in all cases based upon any act or omission, transaction, agreement,

event, or other occurrence taking place on or before the date of this Dismissal Order, except for

Causes of Action related to any act or omission that constitutes actual fraud, willful misconduct,

or gross negligence.

      11.      From and after the date of this Dismissal Order, each Exculpated and Released

Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever

(Page 7)
Debtors:              DAVID'S BRIDAL, LLC, *et al*.
Case No.              23-13131-CMG
Caption of Order:     ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

_____

released and discharged by the Debtors and their estates, in each case on behalf of themselves and

their respective successors, assigns, and representatives, and any and all other persons or entities

who may purport to assert any Cause of Action, directly or derivatively, by or through the

foregoing persons or entities, from any and all Causes of Action (including any derivative claims,

asserted or assertable on behalf of the Debtors or the Estates), whether known or unknown,

foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, existing or hereafter

arising, in law, equity, contract, tort or otherwise, whether arising under federal or state statutory

or common law, or any other applicable international, foreign, or domestic law, rule, statute,

regulation, treaty, right, duty, requirement or otherwise, that the Debtors, the Estates, or their

affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys,

representatives, consultants, agents, and any other persons or entities claiming under or through

them would have been legally entitled to assert in their own right (whether individually or

collectively) or on behalf of the holder of any claim against or interest in the Debtors, or other

person or entity, based on or relating to, or in any manner arising from, in whole or in part, the

Debtors or the Estates, the Chapter 11 Cases, any restructuring transactions, the subject matter of,

or the transactions or events giving rise to, any claim against or interest in the Debtors, the business

or contractual arrangements or interactions between the Debtors and any Released Party, the

restructuring of any claim against, or interest in the Debtors, before or during the Chapter 11 Cases,

the negotiation, formulation, preparation, or consummation of the sale of the Debtors' assets,

including but limited to the Sale, any restructuring transactions, the DIP Financing and related

documents and orders, in all cases based upon any act or omission, transaction, agreement, event,

(Page 8)
Debtors:               DAVID'S BRIDAL, LLC, *et al*.
Case No.               23-13131-CMG
Caption of Order:      ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

---

or other occurrence taking place on or before the date of this Dismissal Order, except for Causes of Action related to any act or omission that constitutes actual fraud, willful misconduct, or gross negligence.

12.     To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Dismissal Order shall be effective and enforceable immediately upon entry

13.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Dismissal Order.

14.     Notwithstanding the dismissal of the Chapter 11 Cases, to the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other order of this Court entered in the Chapter 11 Cases, including the Final DIP Order and Sale Order.