**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Stephen J. Steinlight
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 704-6008
stephen.steinlight@troutman.com

James K. Donaldson, Esq.
   (*pro hac vice forthcoming*)
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA  23219
Telephone: (804) 697-1200
jed.donaldson@troutman.com

*Counsel for David's Bridal, Inc.*

---

| | |
|---|---|
| *In re*: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al*., | Case No. 23-13131-CMG |
|   *Debtors*.[1] | (Jointly Administered) |
| | Hon. Christine M. Gravelle |

## MOTION TO REOPEN MAIN CHAPTER 11 CASE

David's Bridal, Inc. (together with all affiliates and subsidiaries, the "Purchaser"), the

purchaser of substantially all of the assets of David's Bridal, LLC and its affiliated debtors (the

"Debtors") in the above-referenced Chapter 11 case through counsel and pursuant to 11 U.S.C. §§

105(a) and 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), respectfully files this Motion to Reopen the Chapter 11 proceedings in order to enforce

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

this Court's *Order (A) Approving the Asset Purchase Agreement, (B) Authorizing the Sale of Acquired Assets, and (C) Authorizing the Assumption and Assignment of the Assigned Contracts* (the "Sale Order"). (ECF No. 660; **Exhibit A**, attached hereto, is a true and accurate copy of the Sale Order.)  In support, the Purchaser states as follows:

## PRELIMINARY STATEMENT

1. On July 17, 2023, the Court entered the Sale Order, authorizing and approving the Asset Purchase Agreement ("APA") (ECF No. 660; **Exhibit B**, attached hereto, is a true and accurate copy of the APA) and related transactions by which the Debtors sold substantially all of their assets to the Purchaser, and the sale closed on July 21, 2023. Prior to the Petition Date, prior to the entry of the Sale Order, and prior to the Closing Date, Candi Davis (the "Plaintiff") alleges that she was injured at the David's Bridal retail location at 12801 Chenal Parkway, Little Rock, Arkansas 72211 (the "Little Rock Location"). Critically, at the time of the incident, the Little Rock location was owned and operated by the Debtors—***not*** the Purchaser.

2. The Purchaser acquired the assets of the Little Rock Location free and clear of all Encumbrances,[2] including any and all claims of the Plaintiff. Nevertheless, despite having received notice of the pending bankruptcy case, the Plaintiff waited until months *after* the Closing to assert her pre-Closing claims—suing the Purchaser in Arkansas state court.

3. The Plaintiff asserts against the Purchaser in state court claims that are expressly barred and enjoined by the APA and the Court's Sale Order, which rests firmly on the basic tenets of § 363(f) of the Code. The Sale Order expressly reserves this Court's exclusive jurisdiction to interpret, implement, and enforce the terms of the APA and the Sale Order. The Purchaser is prepared to file promptly a Motion to Enforce the Sale Order.  (**Exhibit C**, attached hereto, is a

---

[2] Capitalized terms not defined herein have the meanings assigned to them in the Sale Order and APA.

proposed draft of that motion.)[3] The Purchaser, first, requests that the Court reopen the Debtors'

main chapter 11 case, which is case number 23-13131 (the "Chapter 11 Case"), so that the

Purchaser may properly present that motion to be heard by the Court. Accordingly, and as

explained below, the Purchaser submits that cause exists to reopen the Chapter 11 Case under the

meaning of § 350(b) of the Bankruptcy Code. *See, e.g., In re Atari, Inc.*, No. 13-10176, 2016 WL

1618346, at *8 (Bankr. S.D.N.Y. Apr. 20, 2016) (citing *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d

418, 422–23 (3d Cir. 2013) (citation modified) ("Indeed, courts have specifically held that cause

exists under § 350(b) to reopen a closed case to permit a bankruptcy court to interpret and enforce

its own prior orders.")).

## PROCEDURAL BACKGROUND

**A.  The Debtors' Chapter 11 Case and Sale of Assets to David's Bridal, Inc.**

4.      On April 17, 2023 (the "Petition Date"), the Debtors filed with this Court voluntary

petitions seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code"). (ECF No. 1.)

5.      On April 19, 2023, this Court entered an *Order (A) Approving Bidding Procedures

and Bid Protections; (B) Approving the Form Asset Purchase Agreement; (C) Scheduling An

Auction and a Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E)

Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases*

(the "Bid Procedures Order"), which approved the process to facilitate the sale of the Debtors'

operating assets.  (ECF No. 72.)

---

[3] The Purchaser is also aware of another pending state court action related to assets, which in that case, the Purchaser did not acquire as part of the asset sale.  Upon reopening of this bankruptcy case, the Purchaser will likely seek enforcement of the Sale Order for that matter as well.

3

6.      Pursuant to the Bid Procedures Order, the Debtors selected the going concern bid of CION Investment Corporation as the successful bidder. (ECF No. 581.) Thereafter, the Debtors and David's Bridal, Inc. (with CION Investment Corporation as Guarantor) negotiated and executed the APA dated July 14, 2023, concerning the transaction and the Debtors' conveyance of the Acquired Assets to David's Bridal, Inc. (ECF No. 660.)

7.      The Court approved the APA and the sale, and on July 17, 2023, the Court entered the Sale Order. (ECF No. 660.)

8.      In relevant part, the Sale Order provides that "the Debtors may sell the Acquired Assets free and clear of any Encumbrances in the property . . . ." (**Ex. A**, at 14-15; ECF No. 660, at 14-15.) Similarly, the APA provides that the Purchaser did not assume any "Excluded Liabilities," which include "any Liabilities of, or Action against, any Seller, the Business or any of the Acquired Assets of any kind or nature whatsoever . . . as a result of any act, omission, or circumstances taking place *on or prior to the Closing* . . . ." (**Ex. B**, at 14; ECF No. 660, at 64 (emph. added).)

9.      The Sale Order further provides that all persons and entities holding any Encumbrances or other interests of any kind or nature whatsoever against the Acquired Assets, arising under or out of, in connection with, or in any way relating to the Debtors, the Acquired Assets, or the operation of the Debtors' businesses prior to the Closing Date, are "forever barred, estopped, and permanently enjoined from asserting against Purchasers, their successors or assigns, their property, or the Acquired Assets" such Encumbrances, including without limitation: "(a) commencing or continuing in any manner any action or other proceeding against Purchasers, their successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering in any manner

4

any judgment, award, decree, or order against Purchasers, their successors, or their assets or properties . . . ." (**Ex. A**, at 28; ECF No. 660, at 28.)

10.     The Sale Order decrees that David's Bridal, Inc. is not a successor of David's Bridal, LLC, or any other Debtors. (**Ex. A**, at 13-14; ECF No. 660, at 13-14.)

11.     Specifically, the Sale Order states that "[t]he transactions contemplated under the APA do not amount to a consolidation, merger, or de facto merger of Purchasers and the Debtors and/or the Debtors' estates; . . . there is no continuity of enterprise between the Debtors and Purchasers (or any Affiliate) . . . and none of the Purchasers . . . is a successor or assignee of the Debtors . . . for any purpose, including but not limited to under any . . . state or local statute or common law . . . with respect to the Debtors' liability under such law, rule, or regulation or doctrine or common law . . . ."  (**Ex. A**, at 13; ECF No. 660, at 13.)

12.     Further, the Sale Order decrees that this Court retains "exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order." (**Ex. A**, at 49; ECF No. 660, at 49.)

13.     After entry of the Sale Order, the Sale closed on July 21, 2023, in accordance with the terms of the Sale Order and the APA attached to the Sale Order. (ECF No. 685.)

14.     Among the assets acquired by the Purchaser was the assigned lease and related assets from the Little Rock Location. (ECF No. 573-5, at 14.)

15.     Subsequently, on January 30, 2024, the Court entered a Final Decree stating that the Debtors' estate had been fully administered, and the Court closed the Chapter 11 Case. (ECF No. 918.)

**B.  The Arkansas State Court Litigation**

16.     On October 4, 2024, more than fifteen months after the Closing Date, the Plaintiff filed a complaint in the Circuit Court of Pulaski County, Arkansas, Civil Division, Case No. 60CV-24-8642 (the "Arkansas Action"), alleging negligence against David's Bridal of Arkansas, Inc. d/b/a David's Bridal of Little Rock West AR, David's Bridal of Little Rock, Inc., John Does Nos. 1–5, and John Doe Corporations Nos. 1–5 related to an incident that allegedly occurred at the Little Rock Location on February 10, 2022. On April 4, 2025, the Plaintiff filed an amended complaint adding a store employee, Melissa McDaniel, as a named defendant. (**Exhibit D**, attached hereto, is a true and accurate copy of the operative complaint for the Arkansas Action.)

## **RELIEF REQUESTED**

17.     Pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, the Purchaser requests entry of an Order in the form substantially similar to that attached hereto, reopening the Debtors' Chapter 11 Case for the limited purpose of permitting the Purchaser to file a motion seeking relief that interprets, implements, and enforces the terms of the Sale Order against the Plaintiff (and potentially another state court action referenced in footnote two above).

18.     The Purchaser will seek relief that the Purchaser acquired the assets associated with the Little Rock Location free and clear of all Encumbrances arising before the Closing.

19.     Importantly, granting this Motion requires only the reopening of the lead Chapter 11 Case (No. 23-13131), and the Purchaser does not anticipate that the rights of any third parties— including the Debtors and/or any other creditors—will be affected or impaired.  Further, the Purchaser requests that any administrative requirements that may be otherwise imposed on the Debtors, including, without limitation, reporting requirements and the payments of quarterly fees be suspended if the Court reopens the Chapter 11 Case.

20.     The relief that the Purchaser seeks pertains solely to the Purchaser and the Plaintiff. Given this Court's retention of exclusive jurisdiction over the Sale Order, the Purchaser's request is narrowly focused, well-founded, and will not unnecessarily expend judicial resources.

**ARGUMENT AND AUTHORITY**

21.     Section 350(b) of the Bankruptcy Code states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy Rule 5010 states that "[o]n the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case." Fed. R. Bankr. P. 5010.

22.     The Purchaser, as a party in interest, has standing to seek the reopening of the Debtors' Chapter 11 Case to seek enforcement of the Sale Order because this Court, through the Sale Order, retained exclusive jurisdiction to interpret, implement, and enforce the terms of the Sale Order. (**Ex. A**, at 49; ECF No. 660, at 49.)

23.     "A bankruptcy court exercises broad discretion in deciding whether to reopen a case." *In re Dimogerodakis*, No. 10–0004, 2011 WL 1362342, *4 (D.N.J. Apr. 11, 2011) (citing *In re Zinchiak*, 406 F.3d 214, 223 (3d Cir. 2005)).

24.     "The moving party has the burden of establishing cause to reopen." *In re Phillips*, No. 09–28759, 2012 WL 1232008, at *3 (Bankr. D.N.J. Apr. 12, 2012) (quoting *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y.2011)).

25.     There is not a specific test for determining whether to reopen a bankruptcy case. Rather, the appropriateness of reopening a case depends on the specific circumstances of the case. *In re One2One Commc'ns, LLC*, 627 B.R. 273, 283 (Bankr. D.N.J. Mar. 30, 2021).

26.     Courts in this district generally consider "a nonexhaustive list of factors when ruling on a motion to reopen, including: (1) the length of time that has passed; (2) whether any parties would be prejudiced if the case were or were not reopened; (3) the availability of

7

nonbankruptcy courts, such as state courts, to entertain the claim; and (4) whether parties would be entitled to any relief after the case was reopened." *Id*. (citing *Reinert v. Vara*, 620 B.R. 536, 543 (W.D. Pa. 2020)).

27.    Here, each of these factors weighs in favor of reopening the Chapter 11 Case.

28.    With respect to timing, although the Chapter 11 Case was closed on January 30, 2024, the Purchaser has since been named as a defendant in the Arkansas Action, which directly implicates the Sale Order. The passage of time does not diminish the enforceability of the Sale Order or the Purchaser's right to invoke this Court's retained jurisdiction.

29.    The Purchaser would be severely prejudiced if the Chapter 11 Case were not reopened because this Court has exclusive jurisdiction and is the only forum that can enforce the Sale Order. Without reopening, the Purchaser faces the prospect of being held liable in the Arkansas Action based on an impermissible theory of successor liability related to assets it purchased free and clear of all Encumbrances. Moreover, the Arkansas Action remains pending, and any theoretical prejudice to the opposing party is far outweighed by the concrete prejudice to the Purchaser if the Chapter 11 Case is not reopened.

30.    No other court can enforce the Sale Order. The Sale Order decrees that "[t]his Court retains *exclusive* jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order." (**Ex. A**, at 49; ECF No. 660, at 49 (emph. added).) Because no court other than this Court may interpret, implement, or enforce the Sale Order and its terms, this Court should reopen the Chapter 11 Case.

31.    Finally, the Purchaser is likely to obtain meaningful relief if the case is reopened. Upon reopening, the Purchaser intends to file promptly a motion substantially in the form of **Exhibit C**, attached hereto, seeking narrowly tailored relief to enforce the Sale Order's prohibition

against the commencement or continuation of the Arkansas Action against the Purchaser. The relief sought falls squarely within the Court's retained jurisdiction and is well-supported by the express terms of the Sale Order.

## NOTICE

32.   The Purchaser has provided notice of this Motion, and will provide notice of any hearing on the Motion, to: (1) the Plaintiff and her counsel of record; (2) the Office of the United States Trustee for the District of New Jersey; and (3) any former counsel to the Debtors, in accordance with the Certificate of Service attached hereto. Other than the Plaintiff, there are no additional or new parties in interest or creditors to be added to the above-captioned proceedings.

## NO PRIOR REQUEST

33.   The Purchaser has made no prior request for the relief requested in this Motion.

## RESERVATION OF RIGHTS

34.   The Purchaser reserves all its rights, claims, defenses, and remedies, including, without limitation, those in any way concerning the Arkansas Action and any contested matter and/or adversary proceeding that may be commenced in connection with this Chapter 11 Case. Nothing in this Motion should be deemed, or construed, to waive, release, or otherwise discharge any of the Purchaser's rights, claims, defenses, and remedies arising under applicable law, equity, or contract.

## CONCLUSION

**WHEREFORE**, the Purchaser respectfully requests that this Court grant this Motion, enter an order reopening the above-captioned Chapter 11 Case for the limited purpose described herein, and grant such other and further relief as this Court deems just and proper.

DATED: June 17, 2026                    Respectfully submitted,


 */s/ Stephen J. Steinlight*
Stephen J. Steinlight
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY  10022
Telephone: (212) 704-6008
stephen.steinlight@troutman.com

James K. Donaldson, Esq.
   (*pro hac vice forthcoming*)
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA  23219
Telephone: (804) 697-1200
jed.donaldson@troutman.com

*Counsel to David's Bridal, Inc.*

10