# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Jacob S. Frumkin, Esq.
jfrumkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
(212) 446-4900 Facsimile
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
joshua.sussberg@kirkland.com
Christopher T. Greco, P.C. (admitted *pro hac vice*)
christopher.greco@kirkland.com
Rachael M. Bentley (admitted *pro hac vice*)
Rachael.bentley@kirkland.com
-and-
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 Facsimile
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
alexandra.schwarzman@kirkland.com

*Counsel to Debtors*

Order Filed on July 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In re: | Chapter 11 |
|---|---|
| DAVID'S BRIDAL, LLC, *et al.,* | Case No. Case No. 23-13131 (CMG) |
| Debtors. [1] | (Jointly Administered) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

**DATED:** July 17, 2023

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page **2**
Debtor:          DAVID'S BRIDAL, LLC, *et al.*
Case No.:        23-13131 (CMG)
Caption of Order: ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                 (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                 (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                 ASSIGNED CONTRACTS

**ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
(B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS**

The relief set forth on the following pages, numbered three (3) through forty-nine (49), is hereby ORDERED.

Page **3**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Sale Order"), authorizing and approving,

among other things, (a) the proposed sale (the "Sale") of the Acquired Assets free and clear of all

Encumbrances, other than Permitted Encumbrances, pursuant to the terms of that certain *Asset*

*Purchase Agreement*, dated July 14, 2023, a copy of which is annexed hereto as **Exhibit A**, which

for purposes of this Order shall include all exhibits, schedules, and ancillary documents related

thereto, and authorizing the Debtors to perform thereunder (the "APA"); (b) entry into the APA

with David's Bridal, Inc., a Delaware corporation, and David's Bridal Canada Inc., an Ontario

corporation (each, a "Purchaser" and collectively, the "Purchasers") and CION Investment

Corporation, as guarantor (the "Guarantor"); (c) assumption and assignment of those Contracts

and Acquired Real Property Leases of the Debtors identified in the APA (collectively,

the "Assigned Contracts") and assignment of the Assigned Contracts to the applicable Purchaser;

and (d) granting related relief, all as more fully set forth in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to*

*the Bankruptcy Court Under Title 11* of the United States District Court for the District of New

Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

having found that this Court may enter a final order consistent with Article III of the United States

---

[2] Except as otherwise set forth herein, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order or the APA, as applicable.

3

Page **4**

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an order [Docket No. 72] (the "Bidding Procedures Order") approving the Bidding Procedures; and the Debtors having identified the bid by Purchasers as the highest or otherwise best bid for the Acquired Assets, and the Court having conducted a hearing on the Motion commencing on July 14, 2023 (the "Sale Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Sale Hearing; and this Court having found that, after an extensive marketing process by the Debtors, the Purchasers have submitted the highest or otherwise best bid for the Acquired Assets; and adequate and sufficient notice of the Bidding Procedures, the APA, and all transactions contemplated thereunder and in this Sale Order, the assumption and assignment of the Assigned Contracts, were given pursuant to and consistent with the Bidding Procedures and Bidding Procedures Order; and reasonable and adequate notice of the Motion, Bidding Procedures Order, APA, and the assumption and assignment of the Assigned Contracts having been provided to all persons required to be served in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Rules"); and all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon; and upon the arguments and statements in support of the Motion presented at the Sale Hearing before the Court; and this Court having determined that the legal and

Page **5**
Debtor:             DAVID'S BRIDAL, LLC, *et al.*
Case No.:           23-13131 (CMG)
Caption of Order:   ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                    (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                    (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                    ASSIGNED CONTRACTS

factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief requested in the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is HEREBY FOUND AND DETERMINED THAT:[3]

1.      **Jurisdiction and Venue**.  This Court has jurisdiction over the Motion and the Transactions pursuant to 28 U.S.C. §§ 157 and 1334 and may enter a final order on the Motion consistent with Article III of the United States Constitution.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d) or any other applicable Bankruptcy Rule, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and the terms and conditions of this Sale Order should be immediately effective and enforceable upon its entry, and expressly directs entry of judgment as set forth herein.

---

[3]   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  Furthermore, any findings of fact or conclusions of law made by the Court on the record at the close of the Hearing are incorporated herein pursuant to Fed. R. Bank. P. 7052.

5

Page **6**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

3.      **Statutory Predicates**.  The legal predicates for the relief requested in the Motion are sections 105(a), 363, 365, and 503 of the Bankruptcy Code.  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, and 9014.

4.      **Notice**.  Actual written notice of the Motion and the relief requested therein (including the assumption and assignment of the Assigned Contracts to the applicable Purchaser and any Cure Costs related thereto) was provided to the following parties (the "Notice Parties"): (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Paul J. Labov, Esq. and Bradford J. Sandler, Esq.; (c) counsel for Bank of America, N.A., in its capacity as the ABL Agent and DIP Agent, (i) Morgan, Lewis & Bockius LLP, Attn: Matthew Furlong, Esq., Julia Frost-Davies, Esq. and Christopher L. Carter, Esq., and (ii) Greenberg Traurig, LLP, Attn: Alan Brody, Esq.; (d) counsel for 1903P Loan Agent, LLC, in its capacity as First In Last Out Agent, (i) Riemer & Braunstein LLP, Attn: Steven E. Fox, Esq. and Brendan C. Recupero, Esq., and (ii) Lowenstein Sandler LLP, Attn: Kenneth A. Rosen, Esq.; (e) counsel for CPPIB Credit Investments III Inc. and its affiliates and managed accounts, in their capacity as Prepetition Senior Superpriority Term Loan Lenders, (i) Weil, Gotshal & Manges LLP, Attn: Matt Barr, Esq., Matthew P. Goren, Esq., and F. Gavin Andrews, Esq. and (ii) Wollmuth Maher & Deutsch LLP, Attn: Paul R. DeFilippo, Esq., James N. Lawlor, Esq., and Joseph F. Pacelli, Esq.; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the offices of the attorneys general for the states in which the Debtors operate; (i) all parties who have expressed a written interest in some or all of the Acquired Assets; (j) all known holders of liens, encumbrances, and other claims

Page **7**
Debtor:             DAVID'S BRIDAL, LLC, *et al.*
Case No.:           23-13131 (CMG)
Caption of Order:   ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                    (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                    (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                    ASSIGNED CONTRACTS

secured by the Acquired Assets; (k) all applicable state and local taxing authorities; (l) the Federal

Trade Commission; (m) each governmental agency that is an interested party with respect to the

Sale and transactions proposed thereunder; and (n) all parties that have requested or that are

required to receive notice pursuant to Bankruptcy Rule 2002.

5.      Notice of the Motion, the time and place of the Sale Hearing, and the time for filing

objections to the Motion was reasonably calculated to provide all interested parties with timely

and proper notice of the Sale, the Auction, and the Sale Hearing.

6.      As evidenced by the certificates of service previously filed with the Court, proper,

timely, adequate, and sufficient notice of the Motion, APA, Sale Hearing, Sale, and the

transactions contemplated thereby (including, but not limited to, the assumption and assignment

of the Assigned Contracts), has been provided in accordance with the Bidding Procedures Order,

Bankruptcy Code sections 363 and 365, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008.

The Debtors have complied with all obligations to provide notice of the Motion as set forth in the

Bidding Procedures and the Bidding Procedures Order.  The notices described above were good,

sufficient, and appropriate under the circumstances, and no other or further notice of the Motion,

APA, Sale Hearing, Sale, and the transactions contemplated thereby (including, but not limited to,

the assumption and assignment of the Assigned Contracts) is or shall be required.  The disclosures

made by the Debtors concerning the Motion, APA, Sale Hearing, Sale, and the transactions

contemplated thereby were good, complete, and adequate.

7.      In accordance with the Bidding Procedures and the Bidding Procedures Order, the

Debtors have served a Contract Assumption Notice [Docket No. 216] and a Supplemental

Page **8**

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

Assumption Notice [Docket No. 573] on, among others, the counterparties to the Available Contracts, which Notice(s) identified, based on the Debtors' books and records, all Cure Costs. The service and provision of the Contract Assumption Notice and any Supplemental Assumption Notice was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of assumption and assignment of the Assigned Contracts or establishing a Cure Cost for any such Assigned Contract. Counterparties to the Assigned Contracts have had an adequate opportunity to object to assumption and assignment of the Assigned Contracts and the Cure Costs (including objections related to the adequate assurance of future performance and objections based on whether applicable law excuses the counterparty from accepting performance by, or rendering performance to, Purchasers for purposes of section 365(c)(1) of the Bankruptcy Code). The deadline to file an objection to the stated Cure Cost (a "Cure Objection") has expired and to the extent any counterparty timely filed a Cure Objection, all such Cure Objections have been resolved, withdrawn, overruled, or continued to a later hearing by agreement of the parties (an "Adjourned Cure Objection"). To the extent that any such party did not timely file a Cure Objection by July 10, 2023 (the "Cure Objection Deadline"), or such other date agreed to between the Debtors and such counterparty, such counterparty shall be deemed to have consented to (i) the assumption and assignment of the Assigned Contract and (ii) the proposed Cure Cost. Notwithstanding anything herein to the contrary, to the extent not resolved prior to the Sale Hearing, any objection to the Cure Costs set forth in an Adjourned Cure Objection are hereby fully preserved until the parties have negotiated a consensual resolution or is otherwise determined by further order of this Court; furthermore, any objection (the "Adjourned Assignment Objection")

Page **9**
Debtor:          DAVID'S BRIDAL, LLC, *et al.*
Case No.:        23-13131 (CMG)
Caption of Order:   ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
(B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
(C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
ASSIGNED CONTRACTS

to the assignment of an Available Contract, including to the Purchaser's ability to provide adequate assurance of future performance pursuant to section 365 of the Bankruptcy Code, is hereby fully preserved.

8.  **Corporate Authority**. (i) The Debtors have full power and authority to execute the APA and all other documents contemplated thereby and the Debtors' sale of the Acquired Assets has been duly and validly authorized by all necessary corporate action, (ii) the Debtors have all of the power and authority necessary to consummate the transactions contemplated by the APA, (iii) the Debtors have taken all actions necessary to authorize and approve the APA and the consummation of the transactions contemplated thereby, and (iv) no consents or approvals, other than those expressly provided for in the APA, are required for the Debtors to consummate such transactions.

9.  The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia, or any other applicable law.  Neither the Debtors nor the Purchasers is entering into the transactions contemplated by the APA fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

10.  The Debtors are the sole and lawful owner of the Acquired Assets.  Subject to sections 363(f) and 365(a) of the Bankruptcy Code and the entry of the Canadian Sale Order, the transfer of each of the Acquired Assets to Purchasers, in accordance with the APA will be, as of the Closing Date (as defined in the APA), a legal, valid, and effective transfer of the Acquired Assets, which transfer vests or will vest the applicable Purchaser with all right, title, and interest

Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                     (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                     (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                     ASSIGNED CONTRACTS

---

of the Debtors to the Acquired Assets free and clear of all Encumbrances, other than the Permitted

Encumbrances.  For the avoidance of doubt, on the Closing Date, the Purchasers shall have good

and marketable title to, and a valid interest in, the Acquired Assets free and clear of Encumbrances

other than Permitted Encumbrances.

11.    **Sale in Best Interests of the Debtors' Estates**.  Good and sufficient reasons for

approval of the APA and the Sale have been articulated, and the relief requested in the Motion is

in the best interests of the Debtors, their estates, their creditors, and other parties in interest.  The

Debtors have demonstrated both (a) good, sufficient, and sound business purposes and

justifications and (b) compelling circumstances for the Sale other than in the ordinary course of

business, pursuant to Bankruptcy Code section 363(b), outside of a plan of reorganization, and,

pursuant to Bankruptcy Code section 363(f), free and clear of all Encumbrances (other than the

Permitted Encumbrances or as otherwise set forth in this Sale Order with respect to Assigned

Contracts), in that, among other things, the immediate consummation of the Sale to Purchasers is

necessary and appropriate to maximize the value of the Debtors' estates.

12.    The Sale must be approved and consummated promptly in order to maximize the

value of the Debtors' estates.  Time is of the essence in consummating the Sale.  Given all of the

circumstances of these chapter 11 cases and the adequacy and fair value of the Purchase Price, the

proposed Sale constitutes a reasonable and sound exercise of the Debtors' business judgment and

should be approved.

13.    The consummation of the Sale and the assumption and assignment of the Assigned

Contracts are legal, valid, and properly authorized under all applicable provisions of the

Page **11**
Debtor: DAVID'S BRIDAL, LLC, *et al.*
Case No.: 23-13131 (CMG)
Caption of Order: ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
(B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
(C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
ASSIGNED CONTRACTS

Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

14. **Good Faith of Purchasers and Seller**. The APA was negotiated, proposed, and entered into by the Debtors and Purchasers without collusion, in good faith, and from arm's-length bargaining positions and is substantively and procedurally fair to all parties. Purchasers are not an "insider" of any of the Debtors, as that term is defined in Bankruptcy Code section 101(31). Neither any of the Debtors, nor any of the Purchasers has engaged in any conduct that would cause or permit the APA to be avoided under Bankruptcy Code section 363(n). Specifically, Purchasers have not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among bidders. Purchasers are purchasing the Acquired Assets, in accordance with the APA, in good faith and are good faith buyers within the meaning of section 363(m) of the Bankruptcy Code with respect to the Sale and all transactions related thereto (including, but not limited to, the assumption and assignment of the Assigned Contracts). As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, substantial marketing efforts and a competitive sale process were conducted in accordance with the Bidding Procedures and the Bidding Procedures Order and, among other things: (a) the Debtors and Purchasers complied with the provisions in the Bidding Procedures Order; (b) Purchasers agreed to subject its bid to the competitive bid procedures set forth in the Bidding Procedures and the Bidding Procedures Order; (c) Purchasers in no way induced or caused any chapter 11 filing by the Debtors; and (d) all

Page **12**
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                     (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                     (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                     ASSIGNED CONTRACTS

payments to be made by Purchaser in connection with the Sale have been disclosed. Purchasers

are therefore entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code,

and otherwise have proceeded in good faith in all respects in connection with the Debtors' chapter

11 cases.

15.    **Highest or Otherwise Best Offer**.  The Debtors' marketing process with respect

to the Acquired Assets, including the Debtors' prepetition marketing process with respect to the

Acquired Assets, afforded a full, fair, and reasonable opportunity for any person or entity to make

a higher or otherwise better offer to purchase the Acquired Assets.  The APA constitutes the

highest or otherwise best offer for the Acquired Assets, and will provide a greater recovery for the

Debtors' estates than would be provided by any other available alternative. The Debtors'

determination that the APA constitutes the highest or otherwise best offer for the Acquired Assets

constitutes a valid and sound exercise of the Debtors' fiduciary duties business judgment and

constitutes a valid and sound exercise of the Debtors' business judgment.

16.    **Consideration; No Fraudulent Transfer**.  The consideration provided by

Purchasers pursuant to the APA (a) is fair and reasonable, (b) is the highest or otherwise best offer

for the Acquired Assets, and (c) constitutes reasonably equivalent value and fair consideration (as

those terms are defined in each of the Uniform Voidable Transactions Act (formally the Uniform

Fraudulent Transfer Act), Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy

Code) under the laws of the United States any state, territory, possession, or the District of

Columbia.

Page **13**

Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

17.    **No Successor Liability**. The transactions contemplated under the APA do not amount to a consolidation, merger, or de facto merger of Purchasers and the Debtors and/or the Debtors' estates; there is not substantial continuity between Purchasers (or any Affiliate) and the Debtors; there is no continuity of enterprise between the Debtors and Purchasers (or any Affiliate); None of the Purchasers (nor any Affiliate thereof) is a mere continuation of the Debtors or their estates; and none of the Purchasers (nor any Affiliate thereof) is a successor or assignee of the Debtors or their estates for any purpose, including but not limited to under any federal, state or local statute or common law, or revenue, pension, ERISA, tax, labor, employment, environmental, escheat, or unclaimed property laws, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules, or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule, or regulation or doctrine or common law, or under any product warranty liability law or doctrine with respect to the Debtors' liability under such law, rule, regulation, or doctrine, and Purchasers and their Affiliates shall have no liability or obligation under the Workers Adjustment and Retraining Act (the "WARN Act"), 929 U.S.C. §§ 210 et seq. or the Comprehensive Environmental Response Compensation and Liability Act and shall not be deemed to be a "successor employer" for purposes of the Internal Revenue Code of 1986, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disability Act, the Family Medical Leave Act, the National Labor Relations Act, the Labor Management Relations Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Civil Rights Act of 1866 (42 U.S.C. 1981), the Employee Retirement Income Security Act, the Multiemployer Pension Protection Act, the

Page **14**
Debtor:             DAVID'S BRIDAL, LLC, *et al.*
Case No.:           23-13131 (CMG)
Caption of Order:   ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                    (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                    (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                    ASSIGNED CONTRACTS

Pension Protection Act, and/or the Fair Labor Standards Act. Except for the Permitted

Encumbrances, or as otherwise set forth in this Order with respect to Assigned Contracts, the

(i) execution of the APA and the consummation of the transactions contemplated therein by the

Debtors and Purchasers, (ii) transfer of the Acquired Assets to Purchasers, and (iii) assumption

and assignment to Purchasers of the Assigned Contracts do not and will not subject Purchasers to

any Liability whatsoever with respect to the operation of the Debtors' business or the ownership

of the Debtors' assets before the Closing Date or by reason of such transfer under the laws of the

United States, any state, territory, or possession thereof, or the District of Columbia, based, in

whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation,

any theory of equitable law, including, without limitation, any theory of antitrust or successor or

transferee liability.

18.     **No *Sub Rosa* plan**. The Sale and the transactions arising thereunder do not

constitute a *sub rosa* chapter 11 plan. The Sale neither impermissibly restructures the rights of the

Debtors' creditors nor impermissibly dictates a chapter 11 plan for any of the Debtors.

19.     **Free and Clear**. The conditions of Bankruptcy Code section 363(f) have been

satisfied in full; therefore, the Debtors may sell the Acquired Assets free and clear of any

Encumbrances in the property, other than the Permitted Encumbrances or as otherwise set forth in

this Sale Order with respect to Assigned Contracts. Purchasers would not have entered into the

APA and would not consummate the transactions contemplated thereby if the Sale to Purchasers

and the assumption of any Permitted Encumbrances by Purchasers were not free and clear of all

Encumbrances other than the Permitted Encumbrances, or if the Purchaser (or any of their

Page **15**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

respective Affiliates or representatives), would, or in the future could, be liable for any such interests. The Debtors may sell the Acquired Assets free and clear of any Encumbrances of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Each entity with an Encumbrance on the Acquired Assets to be transferred on the Closing Date (i) has, subject to the terms and conditions of this Sale Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Encumbrance; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of Encumbrances who did not object to the Motion are deemed, subject to the terms of this Sale Order, to have consented pursuant to Bankruptcy Code section 363(f)(2).  Those holders of Claims that did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code or are adequately protected.

20.     **Cure/Adequate Assurance**.  The assumption and assignment of the Assigned Contracts pursuant to the terms of this Sale Order is integral to the APA and is in the best interests of the Debtors and their estates, creditors, and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.  Payment of the Cure Costs by the Debtors shall (i) to the extent necessary, cure or provide adequate assurance of cure, within the meaning of 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a monetary default prior to the date hereof with respect to the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B) and 365(f)(2)(A).

Page **16**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

Purchasers' financial wherewithal to consummate the transactions contemplated by the APA and the evidence presented at the Sale Hearing demonstrating Purchasers' ability to perform the obligations under the Assigned Contracts after the Closing Date shall constitute adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B).

21.    Except with respect to an Adjourned Cure Objection, any objections to the assumption and assignment of any of the Assigned Contracts by Purchasers in accordance with the APA that have not been resolved or adjourned by agreement of the parties, are hereby overruled. To the extent that any counterparty failed to timely object to the proposed Cure Costs, such counterparty is deemed to have consented to such Cure Costs and the assumption and assignment of its respective Assigned Contract(s) to Purchasers in accordance with the APA and this Sale Order.

It is HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    Except with respect to an Adjourned Cure Objection or Adjourned Assignment Objection, any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing (the full record of which is incorporated herein by reference), by stipulation filed with the Court, or by representation by the Debtors in a separate pleading, or adjourned to a later

Page **17**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

hearing by agreement of the parties, and all reservations of rights included therein, if any, hereby are denied and overruled on the merits with prejudice.

3. The APA, and all other ancillary documents related thereto or contemplated thereby, and all of the terms and conditions thereof, are hereby approved in all respects. Subject only to the entry of the Canadian Sale Order, pursuant to Bankruptcy Code sections 363(b), 363(f), and 365(f), the Debtors are hereby authorized to and shall (a) execute the APA, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the APA, provided that such additional documents do not materially change its terms adversely to the Debtors' estates; (b) consummate the Sale in accordance with the terms and conditions of the APA and the instruments or documents contemplated thereby; and (c) execute and deliver, perform under, consummate, implement, and close fully the transactions contemplated by the APA, including the assumption and assignment to Purchasers (in accordance with the APA) of the Assigned Contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale. Purchasers shall not be required to seek or obtain relief from the automatic stay under Bankruptcy Code section 362 to enforce any of its remedies under the APA or any other Sale-related document. The automatic stay imposed by Bankruptcy Code section 362 is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

4. This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of Encumbrances or other

| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
|---|---|
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

interests in, against, or on all or any portion of the Acquired Assets (whether known or unknown), Purchasers and all of their successors and assigns, the Acquired Assets, and all successors and assigns of the foregoing, including, without limitation, any trustees, if any, subsequently appointed in the Debtors' chapter 11 cases or upon a conversion of the Debtors' cases to cases under chapter 7 under the Bankruptcy Code. This Sale Order and the APA shall inure to the benefit of the Debtors, their estates and creditors, Purchasers, and the respective successors and assigns of each of the foregoing.

5. Subject only to the entry of the Canadian Sale Order and the terms of this Sale Order, pursuant to Bankruptcy Code sections 105(a), 363(b) 363(f), and 365(f), the Debtors are authorized to transfer the Acquired Assets to Purchasers in accordance with the APA and such transfer shall constitute a legal, valid, binding, and effective transfer of such Acquired Assets and shall vest Purchasers with title in and to the Acquired Assets. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full, and, other than the Permitted Encumbrances or as otherwise set forth in this Sale Order with respect to Assigned Contracts, Purchasers shall take title to and possession of the Acquired Assets free and clear of all Encumbrances and other interests of any kind or nature whatsoever, including but not limited to successor or successor-in-interest liability and Claims in respect of the Excluded Liabilities, with all such Encumbrances and other interests to attach to the cash proceeds received by the Debtors that are ultimately attributable to the Acquired Assets against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances with the same validity, force, and effect, and in the same order of priority, which such Encumbrances now have against the Acquired Assets or their proceeds, if any, subject

Page **19**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto.  For the avoidance of doubt, and notwithstanding anything to the contrary in this Sale Order, no Available Contracts shall be part of the Acquired Assets under this Sale Order or the APA until such time as they have been designated for assumption and assignment to the Purchaser pursuant to the terms of the APA and this Sale Order and become Assigned Contracts.

6.      Except as expressly provided otherwise in the APA or this Sale Order, Purchasers shall not be responsible for any Encumbrances including in respect of the following: (a) any labor or employment agreements; (b) any mortgages, deeds of trust, and security interests; (c) any pension, welfare, compensation, or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of the Debtors; (d) any other employee, worker's compensation, occupational disease, unemployment, or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the WARN Act, (vii) the Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act, (ix) the Family Medical Leave Act, (x) the Labor Management Relations Act, (xi) the Multiemployer Pension Protection Act, (xii) the Pension Protection Act, (xiii) the Consolidated Omnibus Budget Reconciliation Act of 1985, (xiv) the Comprehensive Environmental Response Compensation and Liability Act, (xv) state discrimination laws, (xvi) state unemployment compensation laws or any other similar state laws, or (xvii) any other state or federal benefits or claims relating to any employment with the Debtors

Page **20**
Debtor:                 DAVID'S BRIDAL, LLC, *et al.*
Case No.:               23-13131 (CMG)
Caption of Order:       ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                        (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                        (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                        ASSIGNED CONTRACTS

or any of their respective predecessors; (e) any bulk sales or similar law; (f) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended or any state or local tax laws; (g) any escheat or unclaimed property laws; (h) to the extent not included in the foregoing, any of the Excluded Liabilities under the APA; and (i) any theories of successor or transferee liability.

7.     To the extent provided for in the APA, any and all deposits (including maintenance deposits, and security deposits for rent, electricity, telephone or otherwise) or prepaid or deferred charges and expenses, including all lease and rental payments, that have been prepaid by any Seller under the Assigned Contracts are being transferred and assigned to, and shall be the property of, the Purchasers from and after the Closing, which transfer and assignment of security deposits or other deposits shall satisfy in full the requirements of section 365(l) of the Bankruptcy Code for all contracts, leases, and licenses assumed and assigned pursuant to this Sale Order or the APA.

8.     All persons and entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to Purchasers in accordance with the APA on the Closing Date or at such time thereafter as Purchasers may request. On the Closing Date, each of the Debtors' creditors is authorized to and shall execute such documents and take all other actions as may be reasonably necessary to release its Encumbrances or other interests in the Acquired Assets, if any, as such Encumbrances may have been recorded or may otherwise exist.

9.     If any person or entity that has filed statements or other documents or agreements evidencing Encumbrances on, against, or in, all or any portion of the Acquired Assets (other than

Debtor:                DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS

statements or documents with respect to the Permitted Encumbrances) shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Encumbrances that the person or entity has or may assert with respect to all or any portion of the Acquired Assets, the Debtors are hereby authorized, and Purchasers are hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Acquired Assets.

10.     On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to Purchasers of the Debtors' interests in the Acquired Assets. This Sale Order is and shall be effective as a determination that, on the Closing Date, all Encumbrances or other interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing Date, other than the Permitted Encumbrances, and except as otherwise set forth in this Order or the APA, shall have been unconditionally released, discharged, and terminated and that the conveyances described herein have been effected. This Sale Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may

Page **22**
Debtor: DAVID'S BRIDAL, LLC, *et al.*
Case No.: 23-13131 (CMG)
Caption of Order: ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
(B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
(C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
ASSIGNED CONTRACTS

be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions or release of Encumbrances contemplated by the APA. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Encumbrances or other interests of record except those assumed as Permitted Encumbrances. Without limiting the foregoing, this Sale Order shall constitute all approvals and consents, if any, required by the corporate laws of the states of formation of the Debtors and all other applicable business, corporation, trust, and other laws of the applicable governmental authorities with respect to the implementation and consummation of the APA, any related agreements or instruments and this Sale Order, and the transactions contemplated thereby and hereby. Except for the Permitted Encumbrances and except as otherwise expressly set forth in this Sale Order, the Canadian sale Order or the APA, Purchasers shall not assume or be deemed to assume any liability or other obligation of the Debtors arising under or related to any of the Acquired Assets or other Permitted Encumbrances.

11. On the Closing Date, (i) the Carve Out Trigger Notice (as defined in the Final DIP Order) shall be deemed to be delivered, and the Carve Out Reserves (as defined in the Final DIP Order) shall be funded into the Professional Fee Escrow Account (as defined in the APA) on the Closing Date in accordance with the APA, and (ii) the Allocable Share (as defined in the Final DIP Order) shall be deemed to have been satisfied and the Senior Superpriority Term Lenders shall have no obligations or liability with respect to the Allocable Share or any other fees, costs, expenses or other amounts under, or in connection with, the Final DIP Order. The DIP Agents

| Page **23** | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

(as defined in the Final DIP Order) shall be deemed to have satisfied each of its obligations with respect to the Carve Out and the Carve Out Reserves as set forth in the Final DIP Order upon the Closing Date. The creation and funding of the Professional Fee Escrow Account is approved pursuant to section 363(b) of the Bankruptcy Code. Funds deposited in the Professional Fee Escrow Account shall be applied solely in accordance with the Carve Out provisions of the Final DIP Order. Such funds (including any residual funds) may be released and applied in accordance with the terms of the Final DIP Order and the terms of the APA, upon entry of an order of this Court approving such fees and expenses on a final basis. Upon entry of this Order and the closing of the Sale, and funding of the Professional Fee Escrow Account in accordance with the APA, all ongoing commitments under the DIP ABL Facility (as defined in the Final DIP Order) and the Final DIP Order shall be deemed terminated and canceled, and the DIP Agents' obligations under paragraph 32 of the Final DIP Order shall be satisfied and none of the DIP Agents or DIP Lenders shall have any further liability whatsoever for any fees or amounts constituting the Carve Out, regardless of when arising or incurred.

12. On the Closing Date, each of the DIP Agents and DIP Lenders (each as defined in the Final DIP Order) and their respective affiliates, agents, attorneys, advisors, professionals, officers, directors and employees shall be deemed released and discharged by each and all of the Debtors, the Debtors' estates, any party acting on behalf of the Debtors or their Estates, and the Purchaser, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all

23

claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Debtors' estates and the Purchaser, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Debtors' estates, the Purchaser or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim against, or interest in, the Debtors or the Purchaser, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the transactions or events giving rise to, the business or contractual arrangements between any Debtors and the DIP Agents or DIP Lenders, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Sale, the DIP Agreements, the DIP ABL Facility, the Bankruptcy Cases, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, the DIP Agreements, the DIP ABL Facility, the filing of the Bankruptcy Cases, this Order, or the distribution of proceeds from the Sale or any other related agreement, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the closing; *provided* that any right to enforce this Order, the APA, and/or the Transaction Agreements, is not so released.

13. On the Closing Date, each of the Debtors and their respective affiliates, agents, attorneys, advisors, professionals, officers, directors and employees shall be deemed released and discharged by each of the DIP Agents and DIP Lenders (each as defined in the Final DIP Order), any party acting on behalf of the DIP Agents and DIP Lenders, in each case on behalf of themselves

Page **25**

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the DIP Agents and DIP Lenders, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the DIP Agents and DIP Lenders or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim against, or interest in, the DIP Agents and DIP Lenders, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the transactions or events giving rise to, the business or contractual arrangements between any Debtors and the DIP Agents or DIP Lenders, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Sale, the DIP Agreements, the DIP ABL Facility, the Bankruptcy Cases, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, the DIP Agreements, the DIP ABL Facility, the filing of the Bankruptcy Cases, this Order, or the distribution of proceeds from the Sale or any other related agreement, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the closing; *provided* that any right to enforce this Order, the APA, and/or the Transaction Agreements, is not so released; *provided, further*, that no such release by the DIP Agents or the DIP Lenders shall apply with respect to any DIP Obligations that are not assumed by the Purchaser.

Page **26**

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

14. On the Closing Date, CPPIB Credit Investments III Inc. and its affiliates and managed accounts (collectively, "CPPIB") shall receive from Purchaser, ten percent (10%) of the shares of common stock of Purchaser (which shares issued to CPPIB shall have no voting or participation rights) on a Fully Diluted Basis as of the Closing Date. For purposes of this Paragraph 14, "Fully Diluted Basis" shall mean, on a fully diluted basis, assuming (x) all offerings, conversions, exchanges, and all other equity transactions specified in the APA or any other documents or agreements entered into in connection with, or in contemplation of, the Sale, are consummated and settled (as applicable) and (y) the full conversion, exercise and exchange (as applicable) of all options, warrants and other rights to acquire shares of common stock outstanding on the Closing Date or otherwise contemplated to be issued in connection with the APA or any other documents or agreements entered into in connection with, or in contemplation of, the Sale (including, without limitation, shares reserved, or contemplated to be reserved, for issuance under any employee or management stock option or incentive plan, in an amount not to exceed 20% of the shares of common stock of the Company issued on the Closing Date).

15. The HQ Property will be transferred to Purchaser on the Closing Date in accordance with the APA and shall not thereafter be sold or otherwise transferred for a period of 365 days from the Closing Date (unless such 365-day period is otherwise extended with the consent of both (a) a majority in prepetition principal amount of the Remaining Term Lenders[4] and (b) Bank of

---

[4] The "Remaining Term Lenders" means the Senior Superpriority Term Lenders (as defined in the Final DIP Order) other than Cion Investment Corporation and any of its affiliates and subsidiaries (collectively, "Cion").

Page **27**
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                     (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                     (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                     ASSIGNED CONTRACTS

America, N.A.).   Promptly following the Closing Date, Purchaser and the Remaining Term

Lenders shall cause the HQ Property to be marketed for sale on terms acceptable to the Remaining

Term Lenders, in the Remaining Term Lenders sole discretion; provided, that, Purchaser shall be

entitled to occupy the HQ Property until the expiration of the 365-day period (which period may

be extended as set forth in the immediately preceding sentence).   As of the Closing Date, the HQ

Property shall be subject to *pari passu* senior, first priority liens in favor of (i) Bank of America,

N.A. as collateral to secure up to $10,000,000 under the new ABL Credit Agreement (the "First

Out Tranche"), and (ii) the Remaining Term Lenders.   Bank of America, N.A.'s lien to secure the

First Out Tranche shall be entitled to 33.3% of the proceeds of the HQ Property and the Remaining

Term Lenders' liens shall be entitled to 66.7% of the proceeds of the HQ Property.   Purchaser and

Cion shall have no obligation or successor liability with respect to the HQ Property.   To the extent

the HQ Property is sold or otherwise liquidated at any time prior to repayment in full of the First

Out Tranche, Bank of America, N.A. shall be entitled to 33.3% of the net proceeds of such sale or

liquidation.   Upon repayment in full of the First Out Tranche, Bank of America, N.A. shall release

its lien on the HQ Property at which time, the Remaining Term Lenders' liens shall include, and

the Remaining Term Lenders' shall be entitled to receive, 100% of the net proceeds of the HQ

Property.   For the avoidance of doubt, Purchaser and Cion shall not be entitled to, and shall have

no rights in, any proceeds from any sale of the HQ Property following the Closing Date.   From

time to time, as and when requested, each party shall execute and deliver, or cause to be executed

and delivered, all such documents and instruments, and shall take, or cause to be taken, all such

further or other actions as such other party may reasonably deem necessary or desirable to

consummate the transactions contemplated in this Paragraph 15 including, without limitation, such actions as may be necessary to create a valid and enforceable lien, mortgage, deed of trust or the like on the HQ Property for the benefit of the Remaining Term Lenders and Bank of America, N.A or to vest, perfect, or confirm, of record or otherwise, in the Remaining Term Lenders and Bank of America, N.A., their respective rights and interests with respect to the HQ Property.

16. Except with respect to the Permitted Encumbrances, or as otherwise expressly provided for in this Sale Order, the Canadian Sale Order or the APA, all persons and entities, including, but not limited to, all debt holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors holding Encumbrances or other interests of any kind or nature whatsoever against or in all or any portion of the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Acquired Assets, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Acquired Assets to Purchasers in accordance with the APA, hereby are forever barred, estopped, and permanently enjoined from asserting against Purchasers, their successors or assigns, their property, or the Acquired Assets, such persons' or entities' Encumbrances in and to the Acquired Assets, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against Purchasers, their successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Purchasers, their successors, or their assets or properties; (c) creating, perfecting, or

Page **29**
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                      (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                      (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                      ASSIGNED CONTRACTS

enforcing any Encumbrance against Purchasers, their successors, their assets, or their properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due Purchasers or their successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

17. Upon the Debtors' assumption and assignment of the Acquired Real Property Leases to Purchasers, as applicable, David's Bridal, Inc., a Delaware corporation, or David's Bridal Canada Inc., an Ontario corporation, shall be the tenant under the applicable Acquired Real Property Lease. To the greatest extent available under applicable law, Purchasers shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Acquired Assets to the extent transferred in the APA, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to Purchasers as of the Closing Date.

18. To the extent provided by section 525 of the Bankruptcy Code, no Governmental Unit may revoke or suspend any grant, permit, or license relating to the operation of the Acquired Assets sold, transferred, assigned, or conveyed to the Purchasers on account of the filing or pendency of the Debtors' chapter 11 cases or the consummation of the Sale. Each and every federal, state, and local governmental agency or department is hereby authorized and directed to

29

Page **30**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

accept any and all documents and instruments necessary and appropriate to consummate the Sale set forth in the APA.

19.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Acquired Assets to Purchasers in accordance with the terms of the APA and this Sale Order or the ability of the Purchasers to acquire, take possession of, use and operate the Acquired Assets in accordance with the terms of the APA and this Sale Order.

20.     Purchasers have given substantial consideration under the APA for the benefit of the Debtors, their estates, and creditors. The consideration given by Purchasers shall constitute valid and valuable consideration for the releases of any potential Encumbrances pursuant to this Sale Order which releases shall be deemed to have been given in favor of Purchasers by all holders of Encumbrances against any of the Debtors or any of the Acquired Assets, other than with respect to the Permitted Encumbrances. The consideration provided by Purchasers for the Acquired Assets under the APA is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable Law.

21.     The APA and the transactions contemplated therein are not subject to avoidance by any person or for any reason whatsoever, including, without, limitation, pursuant to section 363(n) of the Bankruptcy Code and the Purchasers and their Affiliates shall not be subject to damages, including any costs, fees, or expenses under section 363(n) of the Bankruptcy Code.

Page **31**
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                      (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                      (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                      ASSIGNED CONTRACTS

22.     Notwithstanding the foregoing, nothing herein shall prevent (i) the Debtors from pursuing an action against Purchasers arising under the APA or the related documents to the extent permitted therein, (ii) the Purchasers from pursuing an action against the Debtors arising under the APA or the related documents to the extent permitted therein, or (iii) any administrative agencies, governmental, tax, and regulatory authorities, secretaries of state, federal, state, and local officials from properly exercising their police and regulatory powers.

23.     Except as to an Available Contract to be designated for assumption and assignment to the Purchaser pursuant to the APA and the designation rights procedures set forth in this Sale Order, the Debtors are hereby authorized and shall, in accordance with Bankruptcy Code sections 105(a) and 365, (a) assume and assign to Purchasers, in accordance with the APA, effective upon the Closing Date, the Assigned Contracts free and clear of all Encumbrances and other interests of any kind or nature whatsoever (other than the Assumed Liabilities and Permitted Encumbrances, and except as otherwise set forth in the APA or this Sale Order) and (b) execute and deliver to Purchasers such documents or other instruments as Purchasers deem may be necessary to assign and transfer the Assigned Contracts and the Permitted Encumbrances to Purchasers in accordance with the APA.

24.     On the Closing Date, the Debtors shall assume and assign each of the Assigned Contracts set forth on **Exhibit B**.

25.     To the extent that a landlord under an Assigned Contract has not received monthly rent for the month of July 2023 or payment of Allowed Stub-Rent Claims (as defined in the Final DIP Order), such amounts shall be added to the Cure Amount for the applicable Assigned Contract.

Debtor:                    DAVID'S BRIDAL, LLC, *et al.*
Case No.:                  23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                               (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                               (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                               ASSIGNED CONTRACTS

26.      With respect to the Assigned Contracts: (a) each Assigned Contract is an executory contract or unexpired lease under Bankruptcy Code section 365; (b) the Debtors shall assume each of the Assigned Contracts in accordance with Bankruptcy Code section 365; (c) the Debtors shall assign each Assigned Contract in accordance with Bankruptcy Code sections 363 and 365, and any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract, solely with respect to the assumption and assignment of the Assigned Contract pursuant to the APA or this Sale Order, or allow the counterparty to such Assigned Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Assigned Contract, solely with respect to the assumption and assignment of the Assigned Contract pursuant to the APA or this Sale Order, constitute unenforceable anti-assignment provisions which are void and of no force and effect as to the transactions contemplated by the APA and this Sale Order; (d) all other requirements and conditions under Bankruptcy Code sections 363 and 365 for the assumption by the Debtors and assignment to the applicable Purchaser of each Assigned Contract, in accordance with the APA have been satisfied; (e) the Assigned Contracts shall be transferred and assigned to, and following the Closing Date remain in full force and effect for the benefit of, Purchasers in accordance with the APA, notwithstanding any provision in any such Assigned Contract (including those of the type described in Bankruptcy Code sections 365(b)(2) and (f)) that prohibits, restricts, or conditions such assignment or transfer and, upon payment of the applicable Cure Costs, pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Assigned Contracts from and after such assignment to and assumption by Purchasers

Page **33**

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

in accordance with the APA and this Sale Order; and (f) upon the Closing Date (or later effective date of the assignment of an Available Contract), in accordance with Bankruptcy Code sections 363 and 365, Purchasers shall be fully and irrevocably vested in all right, title, and interest of each Assigned Contract. To the extent any provision in any Assigned Contract assumed and assigned pursuant to this Sale Order or to the Canadian Sale Order (i) prohibits, restricts, or conditions, or purports to prohibit, restrict, or condition, such assumption and assignment (including, without limitation, any "change of control" provision), or (ii) is modified, breached, or terminated, or deemed modified, breached, or terminated by any of the following: (A) the commencement of the Debtors' chapter 11 cases, (B) the insolvency or financial condition of any of the Debtors at any time before the closing of the Debtors' chapter 11 cases, (C) the Debtors' assumption and assignment of such Assigned Contract, (D) a change of control or similar occurrence, or (E) the consummation of the Sale, then in each case, such provision shall be deemed unenforceable in connection with the Sale so as not to entitle the non-Debtor counterparty to prohibit, restrict, or condition such assumption and assignment, to modify, terminate, or declare a breach or default under such Assigned Contract, or to exercise any other default-related rights or remedies with respect thereto, including without limitation, any such provision that purports to allow the non-Debtor counterparty to terminate or recapture such Assigned Contract, impose any penalty, additional payments, damages, or other financial accommodations in favor of the non-Debtor counterparty thereunder, condition any renewal or extension thereof, impose any rent acceleration or assignment fee, or increase or otherwise impose any other fees or other charges in connection therewith. All such provisions constitute unenforceable anti-assignment provisions that are void

Page **34**
Debtor:             DAVID'S BRIDAL, LLC, *et al.*
Case No.:           23-13131 (CMG)
Caption of Order:   ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                    (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                    (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                    ASSIGNED CONTRACTS

and of no force and effect in connection with the Sale pursuant to sections 365(b), 365(e), and 365(f) of the Bankruptcy Code. Notwithstanding anything to the contrary herein or in the APA, the Sale shall not be free and clear of easements, rights of way, restrictive covenants, encroachments and similar nonmonetary encumbrances or non-monetary impediments as required under the Bankruptcy Code.

27.    All monetary defaults or other obligations of the Debtors under the Assigned Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2)) shall be cured on the Closing Date or as soon thereafter as practicable by payment of the Cure Costs by the Debtors. To the extent that any counterparty to an Assigned Contract did not object to its Cure Cost by the Cure Objection Deadline, such counterparty is deemed to have consented to such Cure Cost and the assumption and assignment of its respective Assigned Contract(s) to Purchasers in accordance with the APA. The Purchasers and their Affiliates shall have no liability arising or accruing under the Assigned Contracts on or prior to the Closing, except as otherwise expressly provided in the APA, this Sale Order, the Canadian Sale Order.

28.    Unless otherwise represented by the Debtors in a separate pleading, in open court at the Sale Hearing, or pursuant to a contract or lease amendment or other agreement entered into by the Debtors, Purchasers, and the appropriate Contract counterparty (any such amendment or agreement being deemed approved by this Sale Order), or as asserted in a filed Cure Objection by the appropriate Contract counterparty, the Contract Assumption Notice and the Supplemental Assumption Notice reflects the sole amounts necessary under Bankruptcy Code section 365(b) to

Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

cure all monetary defaults under the Assigned Contracts, and no other amounts are or shall be due

in connection with the assumption by the Debtors and the assignment to Purchasers of the Assigned

Contracts in accordance with the APA. Notwithstanding anything to the contrary herein, with

respect to the Assumed Liabilities of Canadian Seller to be assumed by Canadian Purchaser

pursuant to the APA, such Purchase Price shall be satisfied solely by the assumption of Assumed

Liabilities that are accrued liabilities of Canadian Seller.

29.      Upon the Debtors' assignment of the Assigned Contracts to Purchasers under the

provisions of this Sale Order and any additional orders of this Court and payment of any Cure Cost

by the Debtors and/or Purchasers, no monetary default shall exist under any Assigned Contract,

and no counterparty to any Assigned Contract shall be permitted to (a) declare a default by

Purchasers under such Assigned Contract, (b) raise or assert against the Debtors or the Purchasers,

or any property of either of them, any assignment fee, default, breach, or claim of pecuniary loss,

or condition to assignment, arising or related to the Assigned Contract, or (c) otherwise take action

against Purchasers as a result of Debtors' financial condition, bankruptcy, or failure to perform

any of their obligations under the relevant Assigned Contract. Each counterparty to an Assigned

Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting

against the Debtors or Purchasers, or the property of any of them, any default or claim arising out

of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of

the Closing, including those constituting Excluded Liabilities or any counterclaim, defense, setoff,

recoupment or any other Claim asserted or assertable against the Debtors; provided, however, that

any Lease Counterparty may seek to recover from the Debtors indemnification obligations, if any,

Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS

arising from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of the leased premises prior to the Closing Date for which the Debtors has a duty to indemnify such Lease Counterparty pursuant to any Lease, solely with respect to available insurance coverage; provided further, that the Purchaser shall not have any obligations to reimburse or indemnify the Debtors or the Debtors' insurer for any such recovery, and (ii) imposing or charging against Purchasers any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtors' assumption and assignment to Purchasers of any Assigned Contract in accordance with the APA and this Sale Order. The validity of the assumption and assignment of each Assigned Contract shall not be affected by any dispute between the Debtors, the Purchaser, and any counterparty to an Assigned Contract relating to such Assigned Contract's Cure Cost. With respect to any Adjourned Cure Objection not resolved on or prior to the Closing, if the Purchaser, the Debtors and the applicable Counterparty to an Assigned Contract, are unable to resolve such objection within thirty (30) days of the Closing, the Debtors shall schedule the matter for a hearing with the Bankruptcy Court on no less than seven (7) day's notice, Notwithstanding the foregoing, the Debtors, the Purchaser and the applicable Counterparty to an Assigned Contract shall be authorized to resolve any Adjourned Cure Objection pursuant to an agreement as between such parties on the terms set forth in such agreement, including with respect to any Cure Cost, which shall be effective on the date set forth in the agreement, without further order of Court, unless the applicable Counterparty and the Purchaser agree otherwise, or the Court adjudicates otherwise.

Page **37**
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                     (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                     (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                     ASSIGNED CONTRACTS

30.      Except as provided in the APA, this Sale Order or the Canadian Sale Order after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Permitted Encumbrances and all holders of such Encumbrances are forever barred and estopped from asserting such Claims against the Debtors, their successors or assigns, their property, or their assets or estates. The failure of the Debtors or Purchasers to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions or of the Debtors' and Purchasers' rights to enforce every term and condition of the Assigned Contracts.

31.      Notwithstanding anything herein to the contrary, and subject to the APA and Canadian Sale Order, prior to the Closing Date, Purchasers may remove any contract or lease from the list of Assigned Contracts (and thereby exclude such Contract from the definition of Assigned Contracts) pursuant to the procedures set forth in the APA. Purchasers shall have the right to notify Sellers in writing of any Available Contract (including purchase orders but excluding JV Purchase Orders and any Assigned Contract set forth on Schedule 1.1(a) to the APA) that they do not wish to assume or an Available Contract that Purchasers wish to add as an Assigned Contract during the Designation Rights Period, and (i) (x) any such Available Contract or previously considered Assigned Contract (other than any JV Purchase Order or Assigned Contract on Schedule 1.1(a) to the APA) that Purchasers no longer wish to assume shall be automatically deemed removed from Schedule 1.5 to the APA and automatically deemed to be an Excluded Contract, in each case, without any adjustment to the Purchase Price, and (y) to the extent such notice is provided to Sellers following the Closing, any such Contract shall be rejected by the

37

Page **38**
Debtor:              DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                     (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                     (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                     ASSIGNED CONTRACTS

Sellers upon Sellers' receipt of Purchasers' written request that such Contracts be rejected pursuant to the Rejection Procedures (as defined herein), and (ii) any Available Contract or previously considered Excluded Contract that Purchasers wish to assume as an Assigned Contract shall be automatically deemed added to Schedule 1.5 to the APA, automatically deemed not to be an Excluded Contract, and assumed by the applicable Seller to sell and assign to the applicable Purchaser in each case, without any adjustment to the Purchase Price. Purchasers shall be solely responsible for the payment, performance and discharge when due of the Liabilities and obligations under the Assigned Contracts arising or that are otherwise payable from the time of and after the Closing. During the Designation Rights Period, Sellers shall not reject or terminate and shall not amend, supplement, modify, waive any rights under or create an adverse interest with respect to any Available Contract, or take any affirmative action not required thereby, other than in accordance with the APA, without the prior written consent of Purchasers, given in their sole discretion. At least one (1) day prior to the Closing Date, the Purchaser shall provide the Debtors, and the Debtors shall file, schedules of (a) all Assigned Contracts to be assumed and assigned as of the Closing Date, and (b) all Excluded Contracts. Any Contract that is not designated as an Assigned Contract or an Excluded Contract as of the Closing Date shall constitute an Available Contract under the APA.

32.    To the extent applicable, the Debtors shall file a schedule of the final Assigned Contracts reasonably promptly after expiration of the Designation Rights Period.

33.    During the Designation Rights Period, Purchasers shall be responsible for any and all payment of Liabilities and performance of obligations of Purchasers, Sellers or any of their

Page **39**
Debtor:             DAVID'S BRIDAL, LLC, *et al.*
Case No.:           23-13131 (CMG)
Caption of Order:   ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                    (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                    (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                    ASSIGNED CONTRACTS

respective Affiliates (i) under the Available Contracts and/or (ii) as a result of, arising out of or in connection with the operation of any store or distribution center governed by any such Available Contracts that are incurred and come due and payable during the Designation Rights Period in accordance with the APA, in each case other than any Liabilities arising in connection with any breach of the APA by any Seller or any of its Affiliates; *provided* that, the Purchaser shall only be responsible for the payment of Liabilities relating to an Available Contract that is rejected under section 365 of the Bankruptcy Code to the extent required under section 503(b) of the Bankruptcy Code to compensate the counterparty to such rejected Available Contract for an actual and necessary benefit to the Debtors' estate that are incurred and come due and payable pursuant to the Available Contract during the Designation Rights Period and prior to the service of a notice to reject an Available Contract; *provided, further,* notwithstanding the foregoing and without relieving Purchaser of its obligations under this Sale Order or the APA, nothing in this Sale Order or the APA shall relieve the Debtors or the Purchasers of their obligations to lease counterparties of unexpired leases of nonresidential real property under Section 365(d)(3) of the Bankruptcy Code, to the extent applicable, prior to and through the effective date of any assumption or notice of rejection of any Assigned Contract or Available Contract, as applicable.

34.     Each of Purchasers and Sellers shall (as set forth in the APA) take all actions reasonably required for Sellers to assume and assign the Assigned Contracts to Purchasers; *provided*, that Purchasers and their Affiliates shall control and be responsible for the negotiation and verification of all Cure Costs for each Assigned Contract.

Debtor:           DAVID'S BRIDAL, LLC, *et al.*
Case No.:        23-13131 (CMG)
Caption of Order: ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                 (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                 (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                 ASSIGNED CONTRACTS

35.     For any Available Contract that Purchaser directs the Debtors to assume and assign to Purchaser during the Designation Rights Period pursuant to the terms of this Order and the APA (the "Designation Rights"), the Debtors shall file a notice on the docket (the "Assumption Notice") and serve such notice via email and/or by overnight delivery upon the applicable Counterparty to the Available Contract and its counsel, if known, which notice shall include, among other things, (i) a deadline (the "Objection Deadline") of no less than seven (7) days' notice for objections to be raised to the assumption and assignment of such Available Contract (an "Assignment Objection"); (ii) the identity of the applicable Counterparty and the Available Contract to be assumed and assigned to the Purchaser; (iii) the proposed effective date of the assumption and assignment for each Available Contract; and (iv) the proposed Cure Cost, and be accompanied by a proposed form of order authorizing the assumption and assignment of the Available Contract to the Purchaser (the "Assumption Order") and any supplemental adequate assurance of future performance information from the Purchaser. If no objection is timely filed by the Objection Deadline and any outstanding Adjourned Assignment Objection has been resolved, the Debtors shall submit the Assumption Order to the Court in the form attached to the Assumption Notice assuming and assigning the Available Contract to the Purchaser effective as of the date set forth in the Assumption Notice. Nothing in this Sale Order shall extend or be deemed to extend the Designation Rights Period beyond any applicable deadline to assume or reject Contracts and Leases set forth in section 365(d)(4) of the Bankruptcy Code. If an Assignment Objection is timely filed, and the Purchaser, the Debtors or the applicable Counterparty to the Available Contract are unable to resolve such objection or an Adjourned Assignment Objection, the Debtors shall

Page **41**

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

schedule the matter for hearing with the Bankruptcy Court on no less than seven (7) days' notice.

Notwithstanding the foregoing, and without the need for the filing of an Assignment Notice, during the Designation Rights Period, the Purchaser and the applicable Counterparty to an Available Contract shall be authorized to file an agreed order under certification of counsel reflecting the entry into an agreement as between such parties pursuant to which such applicable Counterparty to an Available Contract consents to the assumption and assignment to Purchaser of such contract on the terms set forth in the agreement, including the payment of any Cure Cost. The assumption and assignment of such Available Contract, as agreed, shall be effective on the date set forth in the parties' agreement without further order of Court, unless (a) the applicable Counterparty and the Purchaser agree otherwise, or (b) the Court adjudicates otherwise.

36. Purchasers shall as promptly as reasonably practicable, but in any event within three (3) Business Days of assuming any Assigned Contract under the APA, pay all Cure Costs (if any) in connection with any such assumption in accordance with Section **Error! Reference source not found.** and Section **Error! Reference source not found.** of the APA.

37. For each Available Contract not listed on Schedule 1.5 as of the expiration of the Designation Rights Period, the Debtors shall seek to reject such Available Contract pursuant to the procedures (the "Rejection Procedures") provided in the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases, (II) Authorizing the Removal or Abandonment of Personal Property at a Rejected Location, and (III) Granting Related Relief* (DI 242), unless otherwise provided in a written agreement between the Debtors, Purchasers, and the applicable counterparty to an Available Contract.

Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:            23-13131 (CMG)
Caption of Order:    ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                     (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                     (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                     ASSIGNED CONTRACTS

38.    Notwithstanding anything to the contrary in this Sale Order, the Canadian Sale Order or the APA, with respect to any unexpired lease of nonresidential real property that constitutes an Assigned Contract, Purchasers shall be liable for: (a) amounts under an assumed and assigned unexpired lease of nonresidential real property that are unbilled or not yet due as of the effective date of the assignment, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges under an assumed and assigned unexpired lease of nonresidential real property that are not due or have not been determined as of the date of the effective date of the assignment; (c) any percentage rent that may come due under the Assigned Contract; (d) indemnification obligations, if any, up to the date of the effective date of the assignment; and (e) any unpaid Cure Costs under the unexpired lease of nonresidential real property that constitutes an Assigned Contract, calculated in accordance with the terms of any applicable amendment to such unexpired lease of nonresidential real property or other agreement of the Parties.

39.    Notwithstanding anything to the contrary in this Sale Order or the APA, and subject to the parties reaching a separate agreement on any Cure Payment for monetary defaults due under that certain lease dated June 2, 2021, by and between FR Pembroke Gardens, LLC (the "FR Pembroke Landlord") and David's Bridal, LLC (the "Federal Lease") as set forth in the FR Pembroke Landlord's Cure Objection, the Federal Lease shall be assumed and assigned to the Purchaser as of the Closing Date, subject to certain non-monetary defaults relating to outstanding repairs obligations under the Lease in connection with (i) sewer line damage noticed on or about April 27, 2023; and (ii) storefront maintenance noticed on or about June 30, 2023 (the "Non-

Debtor: DAVID'S BRIDAL, LLC, *et al.*
Case No.: 23-13131 (CMG)
Caption of Order: ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS

Monetary Defaults"), and the assumption and assignment of the Federal Lease shall not be free and clear of the Non-Monetary Defaults. The Purchaser and FR Pembroke Landlord shall work to reach an agreement to perform or address the Non-Monetary Defaults within (30) days of the assignment of the Federal Lease, which deadline may be extended by mutual written agreement of the parties. Should no resolution be reached, Purchaser and the FR Pembroke Landlord shall have all of their rights, remedies and defenses available to them under the Federal Lease and at law or equity with respect to the Non-Monetary Defaults, which rights are expressly preserved until such time as there is a resolution reached, or there is a determination by a court of competent jurisdiction.

40. Notwithstanding anything to the contrary in this Sale Order, or any notice related thereto, the Cigna Contracts (as defined in the *Objection of Cigna Health and Life Insurance Company to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 249] and the *Objection of Cigna Health and Life Insurance Company to Amended Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 580] (jointly, the "Cigna Objections")) shall be assumed and assigned to the Purchasers as of the Closing Date, and, in lieu of cure, all obligations due and unpaid under the Cigna Contracts accruing prior to the Closing Date shall pass through and survive assumption and assignment, and nothing in this Sale Order or section 365 of the Bankruptcy Code shall affect such obligations.

41. Notwithstanding anything to the contrary in this Sale Order, Comenity Capital Bank f/k/a World Financial Capital Bank ("Comenity") in connection with that certain Private

Page **44**
Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:        23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

Label Credit Card Plan Agreement between Comenity, David's Bridal, Inc. and Priscilla of Boston, Inc. dated as of May 27, 2010 (as amended or modified from time to time, the "Program Agreement") shall be permitted to use the Debtors' trademarks and service marks through the later of (i) April 1, 2024 or (ii) nine (9) months after the last date on which Comenity is required to operate under the terminated Program Agreement, solely as necessary to administer the private label open-ended credit card accounts and collect the balances due on any accounts pursuant to the Program Agreement. Additionally, Comenity shall have the right to use the un-stylized name of the Debtors for as long as needed *solely* to service the private label open-ended credit card accounts (e.g, process, customer care, and collect any balances), including, but not limited to, through liquidation of the portfolio.

42.    The Customs Bonds may not be subject to assumption because they may be deemed financial accommodations.  Liberty Mutual Insurance Company ("Liberty"), the surety for these bonds, has not agreed at this time to the transfer of the bonds to the Purchaser.  Liberty has agreed before the closing of the sale to discuss with the Debtor and Purchaser the transfer of the bonds, or the issuance of new bonds for the Purchaser, or, if the underwriters determine that Liberty will not extend surety credit to the Purchaser, Liberty will commit to agreeing to terms that enable the Purchaser to find a new surety before proceeding with cancellation of its bonds.  These terms assume that the Liberty bonds will be adequately collateralized during any transition to a new surety.

| | |
|---|---|
| Debtor: | DAVID'S BRIDAL, LLC, *et al.* |
| Case No.: | 23-13131 (CMG) |
| Caption of Order: | ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS |

43. Notwithstanding anything in the APA or this Order to the contrary, statutory fees pursuant to 28 U.S.C. 1930(a)(6) shall be payable pursuant to paragraph 1.3(h) of the APA, subject to the Wind-Down Cap.

44. The transactions contemplated by the APA and this Sale Order are undertaken by Purchasers without collusion and in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not alter, affect, limit, or otherwise impair the validity of the Sale (including the assumption and assignment of the Assigned Contracts) with Purchasers. Each Purchaser is a good faith purchaser of the Acquired Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

45. Except to the extent expressly preserved pursuant to the APA, this Sale Order and/or the Canadian Sale Order, upon the Closing Date, each of the Debtors and the Purchasers (each a "Releasing Party"), to the fullest extent permissible under applicable law, mutually releases and discharges each other Releasing Party and such Releasing Parties' respective current and former predecessors, successors, Affiliates (regardless of whether such interests are held directly or indirectly), assigns, subsidiaries, direct and indirect equity holders, funds, portfolio companies, management companies, current, and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, advisory board members, investment advisors, and other professionals, each in their capacity as such (collectively, in such capacity, the "Released Parties" and each a "Released Party"), from any and all claims, interests, obligations, rights,

suits, damages, causes of action, remedies, and liabilities of every kind, nature and description whatsoever, which such Releasing Party ever had, now has or may have on or by reason of any matter, cause or thing whatsoever to the Closing Date, including any derivative claims that such Releasing Party (or someone on its behalf) would have been legally entitled to assert, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in Law, equity, or otherwise, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of a holder of any claim against a Releasing Party, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any claim, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Sale, entry into the APA, the chapter 11 cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Sale, the APA, or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, the APA, the filing of these chapter 11 cases, the pursuit of the Sale, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Closing Date related or relating to the foregoing; *provided* that this paragraph 43 shall not affect the liability of any Releasing Party for claims or liabilities arising out of or relating to any act or omission of a Releasing Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a final order of a court of competent jurisdiction.

46. The failure specifically to include any particular provisions of the APA in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety; *provided*, *however*, that this Sale

Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

Order shall govern if there is any inconsistency between the APA (including all ancillary documents executed in connection therewith) and this Sale Order.  Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Sale Order shall control.

47.     The APA and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

48.     Nothing contained in any chapter 11 plan confirmed in the Debtors' cases, any order confirming any such plan, any other order in these chapter 11 cases (including any order entered after any dismissal of any of these cases or conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code), or any related proceeding (including the CCAA Recognition Proceedings) subsequent to entry of this Sale Order shall alter, conflict with, or derogate from, the provisions of the APA or this Sale Order.

49.     By no later than three (3) Business Days after entry of this Sale Order, David's Bridal, LLC, in its capacity as the foreign representative of the Sellers, shall file with the Canadian Court a motion seeking the Canadian Sale Order.

50.     Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, this Sale Order shall not be stayed for

Page **48**
Debtor:               DAVID'S BRIDAL, LLC, *et al.*
Case No.:             23-13131 (CMG)
Caption of Order:     ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                      (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                      (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                      ASSIGNED CONTRACTS

fourteen days after the entry hereof but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the transactions referenced herein, and the Debtors and Purchasers intend to close the Sale as soon as practicable and there is no credible basis for concluding that a delay in the sale of the Acquired Assets would result in a higher or better offer for the Acquired Assets other than the offer in the APA. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot.

51.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006.

52.     From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments, and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the APA including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in Purchasers its right, title, and interest in and to the Acquired Assets.

53.     This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtors to Purchasers in accordance with the APA, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale,

Debtor:            DAVID'S BRIDAL, LLC, *et al.*
Case No.:          23-13131 (CMG)
Caption of Order:  ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT,
                   (B) AUTHORIZING THE SALE OF ACQUIRED ASSETS, AND
                   (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE
                   ASSIGNED CONTRACTS

including, but not limited to, retaining jurisdiction to (a) interpret, implement, and enforce the provisions of this Sale Order and the APA; (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale; (c) protect Purchasers against any Encumbrances or other interests in the Debtors or the Acquired Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (d) enter any orders under section 363 and 365 of the Bankruptcy Code with respect to the Assigned Contracts.

54. The Debtors have demonstrated that the requested relief is necessary to avoid immediate and irreparable harm, as contemplated by Bankruptcy Rule 6003.

55. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

56. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Sale Order are immediately effective and enforceable upon its entry.

57. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Sale Order in accordance with the Motion.

58. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order.