# EXHIBIT C

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** |
| **DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Stephen J. Steinlight |
| TROUTMAN PEPPER LOCKE LLP |
| 875 Third Avenue |
| New York, NY  10022 |
| Telephone: (212) 704-6008 |
| stephen.steinlight@troutman.com |
| |
| James K. Donaldson, Esq. |
|    (*pro hac vice forthcoming*) |
| TROUTMAN PEPPER LOCKE LLP |
| 1001 Haxall Point, Suite 1500 |
| Richmond, VA  23219 |
| Telephone: (804) 697-1200 |
| jed.donaldson@troutman.com |
| |
| *Counsel for David's Bridal, Inc.* |

| | |
|---|---|
| *In re*: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.*, | Case No. 23-13131-CMG |
| *Debtors.*[1] | (Jointly Administered) |
| | Hon. Christine M. Gravelle |

### MOTION OF DAVID'S BRIDAL, INC. FOR ENTRY OF AN ORDER ENFORCING THE SALE ORDER AGAINST PLAINTIFF CANDI DAVIS

David's Bridal, Inc. (together with all affiliates and subsidiaries, the "Purchaser"), the

purchaser of substantially all of the assets of David's Bridal, LLC and its affiliated debtors (the

"Debtors"), through counsel and pursuant to §§ 105 and 363 of chapter 11 of title 11 of the U.S.

Code (the "Code") and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

2

Rules"), files this Motion seeking entry of an order, (i) implementing and enforcing the *Order (A) Approving the Asset Purchase Agreement, (B) Authorizing the Sale of Acquired Assets, and (C) Authorizing the Assumption and Assignment of the Assigned Contracts* (the "Sale Order"), entered on July 17, 2023 (ECF No. 660), (ii) directing Candi Davis (the "Plaintiff") to dismiss with prejudice all purported claims against the Purchaser in Case No. 60CV-24-8642 (the "Arkansas Action") filed in the Circuit Court of Pulaski County, Arkansas, Civil Division, and (iii) awarding the Purchaser attorneys' fees incurred in bringing this Motion. In support of this Motion, the Purchaser states as follows:

## I.    INTRODUCTION

1.    The Purchaser brings this Motion to implement and enforce the terms and provisions of the Sale Order. The Plaintiff sued the Purchaser, seeking recovery for pre-Closing tort claims, which lawsuit violates the Sale Order, by which the Purchaser acquired substantially all of the Debtors' assets free and clear of all Encumbrances[2] in July 2023. Plaintiff's claims arise from an incident that occurred on February 10, 2022—*before* the commencement of the Chapter 11 proceedings, *before* the entry of the Sale Order, and *before* the Closing Date. Pursuant to the Sale Order and § 363(f) of the Code, the Purchaser acquired the Debtors' assets free and clear of all liens, claims, interests, and encumbrances of any kind or nature whatsoever, including the claims asserted by Plaintiff in the Arkansas Action, and the Purchaser is not liable for the Debtors' pre-Closing actions and omissions under any theory of successor liability.

## II.    JURISDICTION

---

[2] Unless stated otherwise, capitalized terms not defined herein, shall have the meanings assigned to them in the Sale Order and the Asset Purchase Agreement (the "APA"; **Exhibit B**, attached hereto, is a true and accurate copy of the APA; ECF No. 660.)

3

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The Sale Order provides that "[t]his Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order." (ECF No. 660 at 49; also, **Exhibit A**, attached hereto, is a true and accurate copy of the Sale Order.) The Sale Order further provides that this Court retains jurisdiction to "interpret, implement, and enforce the terms and provisions of this Sale Order and the APA" and to "adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale" and to "protect Purchasers against any Encumbrances . . . ." (Ex. A at 48–49; ECF No. 660.)

4.      Accordingly, the Purchaser's request to enforce the Sale Order is squarely within this Court's retained exclusive jurisdiction. This Court is the only appropriate forum that may interpret, implement, and enforce the Sale Order and its protections.

### III.      RELIEF REQUESTED

5.      By this Motion, the Purchaser requests, pursuant to §§ 105 and 363 of the Code, entry of an order: (i) implementing and enforcing the terms of the Sale Order; (ii) directing Plaintiff to dismiss the claims in the Arkansas Action, with prejudice; (iii) permanently enjoining Plaintiff from asserting, commencing, or continuing any action or proceeding against the Purchaser based on claims arising from events occurring prior to the Closing Date; and (iv) awarding attorneys' fees to the Purchaser.

### IV.      BACKGROUND FACTS

6.      On April 17, 2023 (the "Petition Date"), the Debtors filed with this Court voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code. (ECF No. 1.)

7.      On April 19, 2023, this Court entered an Order (A) Approving Bidding Procedures and Bid Protections, (B) Approving the Form Asset Purchase Agreement, (C) Scheduling An Auction and a Sale Hearing, (D) Approving the Form and Manner of Notice Thereof, and (E) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases (the "Bidding Procedures Order"). (ECF No. 72.)

8.      Pursuant to the Bidding Procedures Order, on April 28, 2023, notice of the proposed sale and auction was published in the *New York Times* to provide notice to all potential claimants and parties in interest. (ECF No. 168.) Additionally, on May 25, 2023, a Bar Date Notice was published in the *New York Times*. (ECF No. 295.)

9.      The Debtors selected the going concern bid of CION Investment Corporation as the successful bidder. (ECF No. 581.) Thereafter, the Debtors and David's Bridal, Inc. (with CION Investment Corporation as Guarantor) negotiated and executed the APA dated July 14, 2023, concerning the Debtors' conveyance of the Acquired Assets to the Purchaser. (Ex. B; ECF No. 660.)

10.     On July 17, 2023, the Court approved the APA and entered the Sale Order, authorizing the sale of substantially all of the Debtors' assets to the Purchaser free and clear of all Encumbrances, other than Permitted Encumbrances, pursuant to §363(f) of the Code. (Ex. A; ECF No. 660.)

11.     Specifically, the Sale Order provides that "the Debtors may sell the Acquired Assets free and clear of any Encumbrances in the property . . . ." (Ex. A at 14; ECF No. 660.)

12.     The Sale Order further provides that all persons and entities holding any Encumbrances or other interests of any kind or nature whatsoever against the Acquired Assets, arising under or out of, in connection with, or in any way relating to the Debtors, the Acquired

Assets, or the operation of the Debtors' businesses prior to the Closing Date, are "forever barred, estopped, and permanently enjoined from asserting against Purchasers, their successors or assigns, their property, or the Acquired Assets" such Encumbrances, including without limitation: "(a) commencing or continuing in any manner any action or other proceeding against Purchasers, their successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Purchasers, their successors, or their assets or properties." (Ex. A at 28; ECF No. 660.)

13.     The Sale Order states that "[a]ll persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere" with the Purchaser's ability to operate the Acquired Assets pursuant to the terms of the Sale Order or APA. (Ex. A at 30; ECF No. 660.)

14.     The Sale Order decrees that the Purchaser is not a successor of the Debtors and shall not have any successor liability for the Debtors' pre-Closing operations and that the transfer of the Acquired Assets to Purchasers, and the assumption and assignment to Purchaser of the Assigned Contracts, do not and will not subject Purchaser to any Liability whatsoever with respect to the operation of the Debtors' assets before the Closing Date. (Ex. A at 14; ECF No. 660.)

15.     The APA further provides that the Purchaser did not assume any "Excluded Liabilities," which include "any Liabilities of, or Action against, any Seller, the Business or any of the Acquired Assets of any kind or nature whatsoever . . . as a result of any act, omission, or circumstances taking place on or prior to the Closing . . . ." (Ex. B at 14; ECF No. 660 at 64.)

16.     After entry of the Sale Order, the Sale closed on July 21, 2023. (ECF No. 685.)

17.     Among the assets acquired by the Purchaser, the Debtors assigned, and the Purchaser assumed, the lease and related assets from the David's Bridal location at 12801 Chenal Parkway, Little Rock, Arkansas 72211 (the "Little Rock Location"). (ECF No. 573-5 at 14.)

18.     Subsequently, on January 30, 2024, the Court entered a Final Decree stating that the Debtors' estate had been fully administered, and closed the case. (ECF No. 918.)

19.     On February 10, 2022—more than fourteen months prior to the Petition Date and more than seventeen months prior to the Closing Date—Plaintiff was allegedly injured at the David's Bridal Little Rock Location, then operated by the Debtors.

20.     On October 4, 2024, more than a year after the Closing, Plaintiff filed a complaint in the Circuit Court of Pulaski County, Arkansas, Civil Division, commencing the Arkansas Action, alleging negligence against David's Bridal of Arkansas, Inc. d/b/a David's Bridal of Little Rock West AR, David's Bridal of Little Rock, Inc., John Does Nos. 1–5, and John Doe Corporations Nos. 1–5, related to the alleged incident at the Little Rock Location. Plaintiff's counsel attached to the original complaint an affidavit stating that she "made reasonable efforts to obtain the individual names of the entities who are likely to be additional Defendants in Plaintiff's Complaint."

21.     On April 4, 2025, Plaintiff filed an amended complaint in the Arkansas Action, adding a store employee, Melissa McDaniel, as a named defendant. (**Exhibit C**, attached hereto, is the operative complaint for the Arkansas Action.) Plaintiff's counsel attached to the amended complaint an affidavit stating that she "made reasonable efforts to obtain the individual names of the entities who are likely to be additional Defendants in Plaintiff's Complaint." (Ex. C.)

22.     Accordingly, Plaintiff's counsel was aware or should have been aware of the bankruptcy of David's Bridal, LLC, and knew or should have known about the existence of the Sale Order.

23.     In the Arkansas Action, Plaintiff seeks compensatory damages including personal injuries, medical expenses, lost income, disfigurement, and other alleged damages—all arising from the purported February 10, 2022 incident at the Little Rock Location, which occurred before the Petition Date, the Sale Order, and the Closing Date.

## V.     ARGUMENT

### A.     Pursuant to the Sale Order and Section 363 of the Bankruptcy Code, the Acquired Assets Were Cleansed of Plaintiff's Claims, and Plaintiff is Enjoined from Bringing Her Claims Against the Purchaser.

24.     The Sale Order released all Encumbrances against the assets acquired by the Purchaser. The Sale Order provides that the Debtors' assets were transferred free and clear of all Encumbrances; that all holders of Encumbrances, including "litigation claimants," are "forever barred, estopped, and permanently enjoined from asserting" their Encumbrances; that the Purchaser shall have no successor liability arising under, or related to, the Acquired Assets or any Encumbrances arising or attributable to periods prior to the Closing Date; and that all persons are permanently enjoined from asserting claims against the Purchaser related to pre-Closing conduct. (Ex. A at 13-14, 28, 30; ECF No. 660.)

25.     The Sale Order imposes a broad injunction against bringing any claims against the Purchaser arising from the Debtors' pre-Closing actions or omissions:

> Except with respect to the Permitted Encumbrances, or as otherwise expressly provided for in this Sale Order, the Canadian Sale Order or the APA, all persons and entities, including, but not limited to, all debt holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors holding Encumbrances or other

interests of any kind or nature whatsoever against or in all or any portion of the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Acquired Assets, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Acquired Assets to Purchasers in accordance with the APA, hereby are forever barred, estopped, and permanently enjoined from asserting against Purchasers, their successors or assigns, their property, or the Acquired Assets, such persons' or entities' Encumbrances in and to the Acquired Assets, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against Purchasers, their successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Purchasers, their successors, or their assets or properties; (c) creating, perfecting, or enforcing any Encumbrance against Purchasers, their successors, their assets, or their properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due Purchasers or their successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

(Ex. A at 28; ECF No. 660.)

26.    Plaintiff's injury allegedly occurred on February 10, 2022, more than fourteen months prior to the Petition Date of April 17, 2023, and more than seventeen months prior to the Closing Date of July 21, 2023. Plaintiff's negligence claims are plainly "claim[s]" as defined in section 101(5) of the Bankruptcy Code—a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5). The Sale Order bars any such claims.

9

27.     The United States Court of Appeals for the Third Circuit has held that a sale of assets pursuant to § 363(f) of the Code bars holders of claims against the debtor-seller from asserting their claims against the purchaser of such assets. *See In re Trans World Airlines, Inc.*, 322 F.3d 283, 290–91 (3d Cir. 2003) (claims predating entry of sale order qualified as "interests in property" under section 363 and were reducible to monetary judgment, so as to permit sale of debtor's assets free and clear of such claims); *see also In re East Orange General Hospital, Inc.*, 587 B.R. 53, 80 (D.N.J. 2018) ("[L]ater assertions of purchaser/successor liability may be barred by a sale order.").

28.     This applies specifically to tort claims that arise before an asset sale under § 363. For example, in *Molla v. Adamar of N.J., Inc*, the United States District Court for the District of New Jersey held that assets were sold free and clear of tort claims that arose before a purchaser bought assets "free and clear of all claims and interests arising prior to the sale." No. 11–6470, 2014 WL 2114848, at *5 (D.N.J. May 21, 2014).

29.     As in *Trans World Airlines* and *Molla*, the Acquired Assets were sold free and clear of Plaintiff's claims pursuant to § 363(f), as the Sale Order plainly states. Accordingly, the Sale Order cleansed the Acquired Assets of Plaintiff's claims upon Closing, and the Sale Order enjoins Plaintiff's continued pursuit of the Arkansas Action against the Purchaser.

30.     Plaintiff was an unknown creditor because she did not bring suit until more than a year after the Closing Date, making her interests at the time of the bankruptcy merely conjectural and future claims of which Debtors had no notice. *In re CTE 1 LLC*, No.: 19-30256, 2024 WL 2349620, at *5 (D. N.J. May 21, 2024) (quoting *Mullane v. Cent. Hanover Bank and Tr. Co.*, 339 U.S. 306, 317 (1950)).

31.     "For unknown creditors, notification by publication will generally suffice." *Id.* (citing *Chemetron Corp. v. Jones*, 72 F.3d 345 (3d Cir. 1995)); *see also In re Energy Future Holdings Corp*, 949 F.3d 806, 822 (3d Cir. 2020) ("claimants who were unknown . . . were entitled only to publication notice of a property deprivation.").

32.     Notice by publication satisfies Due Process:  "[E]mployment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank and Tr. Co.*, 339 U.S. 306, 317 (1950).

33.     Plaintiff had notice of the Chapter 11 Case and Bar Date by virtue of the multiple publications in the *New York Times*, and otherwise nationally publicized bankruptcy of David's Bridal, LLC.

34.     Accordingly, enforcement of the Sale Order against Plaintiff is consistent with § 363(f)'s policy of "maximizing property value and expeditiously liquidating property in the bankruptcy estate by providing the purchaser the asset free and clear of any interests in the property, including potential successor liability claims." *In re CTE 1 LLC*, No.: 19-30256, 2024 WL 2349620, at *8 (citing *Trans World Airlines*, 322 F.3d at 292).

**B.     <u>The Court Should Exercise Its Inherent Power to Enforce the Sale Order.</u>**

35.     The Court should enter an order enforcing the Sale Order against Plaintiff's continued prosecution of the Arkansas Action. "It is axiomatic that a court possesses the inherent authority to enforce its own orders." *Protarga, Inc. v. Webb* (*In re Protarga, Inc.*), 329 B.R. 451, 479 (Bankr. D. Del. 2005) (citing *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325–26 (Bankr. D. Del. 1999), *aff'd*, 279 F.3d 226 (3d Cir. 2002)). Under § 105 of the Code, "a bankruptcy court is authorized to issue any order, process or judgment necessary to carry out the provisions of the

Bankruptcy Code, and [the Code] gives the bankruptcy court the power and the jurisdiction to enforce its valid orders." *Id.* at 479 (citation modified) (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir.1991)); 11 U.S.C. § 105(a); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (bankruptcy court has jurisdiction to interpret and enforce its own prior orders).[3]

36.     Here, the Sale Order expressly retains this Court's exclusive jurisdiction to enforce its terms. The Purchaser has no adequate remedy at law, as the Arkansas state court lacks jurisdiction to interpret or enforce the Sale Order. Absent enforcement by this Court, the Purchaser will be forced to litigate in a forum that cannot provide the relief to which it is entitled under the Sale Order—a result that would undermine the finality and integrity of this Court's prior orders and the protections afforded to purchasers under § 363 of the Code.

37.     Plaintiff's prosecution of the Arkansas Action is in clear violation of the Sale Order, including its injunctive provisions. Accordingly, the Court should enter the proposed order enforcing the Sale Order and directing Plaintiff to dismiss the Arkansas Action with prejudice.

## VI.    NOTICE

38.     The Purchaser will provide notice of this Motion, as well as any hearing on the Motion, to: (1) Plaintiff and her counsel of record; (2) the Office of the United States Trustee for the District of New Jersey; and (3) any former counsel to the Debtors, in accordance with the Certificate of Service attached hereto. Other than Plaintiff, there are no additional or new parties in interest or creditors to be added to the above-captioned proceedings.

---

[3] An adversary complaint is not required to enforce a prior order; a motion brought under Bankruptcy Rule 9020 as a contested matter governed by Bankruptcy Rule 9014 will suffice. *In re Texaco, Inc.*, 182 B.R. 937, 946 (S.D.N.Y. 1995).

## VI.    NO PRIOR REQUEST

39.    No prior request for the relief sought in this Motion has been made to this or any other court.

## VII.    CONCLUSION

WHEREFORE, the Purchaser respectfully requests that this Court grant this Motion and enter an order substantially in the form attached hereto: (i) enforcing the Sale Order, (ii) directing Plaintiff to dismiss the Arkansas Action with prejudice, (iii) permanently enjoining Plaintiff from asserting, commencing, or continuing any action or proceeding against the Purchaser based on claims arising from events occurring prior to the Closing Date, (iv) awarding the Purchaser its attorneys' fees and costs incurred in bringing this Motion, and (v) granting such other and further relief as this Court deems just and proper.