# EXHIBIT D

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Apr-04 13:54:33
60CV-24-8642
C06D03 : 8 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY ARKANSAS
## CIVIL DIVISION

**CANDI DAVIS**                                                                                    **PLAINTIFF**

**vs.**                                    **Case No. 60CV-24-8642**

**DAVID'S BRIDAL OF ARKANSAS, INC.**
**D/B/A DAVID'S BRIDAL OF LITTLE ROCK WEST AR;**
**DAVID'S BRIDAL of LITTLE ROCK, INC.;**
**MELISSA MCDANIEL;**
**JOHN DOES Nos. 2-5; and**
**JOHN DOE CORPORATIONS Nos. 1-5**                                       **DEFENDANTS**

### FIRST AMENDED COMPLAINT

Comes the Plaintiff, Candi Davis, by and through her attorneys, the Minton Law Firm, and for her First Amended Complaint in negligence against the Defendants, David's Bridal of Arkansas, Inc., doing business as David's Bridal Little Rock West AR; David's Bridal of Little Rock, Inc; Melissa McDaniel; John Does Nos. 2-5; and John Doe Corporations Nos. 1-5, states as follows:

### JURISDICTIONAL STATEMENT and
### RELEVANT BACKGROUND FACTS

1. That the Plaintiff, Candi Davis ("Davis" or "Plaintiff"), is a resident of Ward, Lonoke County, Arkansas.

2. That the Defendant, David's Bridal of Arkansas, Inc., is doing business as David's Bridal Little Rock West AR, located at 12801 Chenal Parkway, Little Rock, Arkansas 72211 ("David's Bridal").

1

3.      David's Bridal is a foreign corporation; its agent for service is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

4.      At all relevant times herein, David's Bridal of Little Rock, Inc. is an Arkansas corporation; its agent for service is The Corporation Company, 320 S Izard St, Little Rock, AR 72201.

5.      David's Bridal of Little Rock, Inc. is composed with the above defendant as "David's Bridal," and is at all times responsible for the negligent acts of its employees, agents, and contractors under the doctrine of *respondeat superior*.

6.      At all relevant times, David's Bridal is responsible for the negligent acts and omissions of its employee, agents, and contractors under the doctrine of *respondeat superior.*

7.      Plaintiff hereby substitutes Melissa McDaniel, for the person described as John Doe No. 1.

8.      That the identities and residencies of John Does Nos. 2-5 who are, through information and belief, store employees, and managers, and attached the Affidavit of Plaintiff's Counsel as **Exhibit "A"** pursuant to Ark Code Ann. § 16-56-105. Plaintiff will amend her Complaint to substitute the real names for the pseudo-names upon ascertaining this information.

9.      That the identities and residencies of John Doe Corporations Nos. 1 through 5, who are, through information and belief, the related and subsidiary corporations of David's Bridal,  or other entities doing business with said defendant are unknown at this time; hence, Plaintiff has designated them as John Doe Corporations Nos. 1 through 5 and attached the Affidavit of Plaintiff's Counsel as **Exhibit "A"** pursuant to Ark. Code Ann. §16-56-105. Plaintiff will amend her complaint to substitute the real names for the pseudo-names upon ascertaining this information.

At all times, Defendant John Doe Corporations Nos. 1-5 are vicariously liable for the acts and omissions of their employees and/or agents and contractors.

10.     That the events giving rise to this cause of action occurred in Little Rock, Pulaski County, Arkansas.

11.     That the facts giving rise to this cause of action occurred within the three years last past.

12.     That jurisdiction and venue are proper in this Court, pursuant to Ark. Code Ann. §§16-13-201 and 16-60-112, over the parties and subject matter of this cause of action.

## FACTUAL ALLEGATIONS

13.     Plaintiff restates and incorporates each and every paragraph herein.

14.     On or about February 10, 2022, the Plaintiff and a friend went to David's Bridal for a fitting appointment of the maid-of-honor dress that she had recently purchased.

15.     At all relevant times, Davis was a business invitee.

16.     After her fitting for the alterations employee to perform the necessary work on the dress, Davis changed back into her clothes in a dressing room and went back into the fitting area.

17.     For unknown reasons, the alterations employee, Melissa grabbed Davis on her arm, causing her to lose her balance and fall, which is the proximate cause of Davis's injuries and other damages as more fully described herein below.

## NEGLIGENCE
## APPLIES TO ALL DEFENDANTS

18.     Plaintiff restates and incorporates all paragraphs contained herein.

19.     Defendants owed a duty of care to Plaintiff, Candi Davis and other business invitees.

3

20. Defendants breached this duty of care and was negligent in the following respects, which was the proximate cause of the damages sustained by the Plaintiff, and for which Defendants are vicariously liable under the doctrine of *respondeat superior*, specific acts of negligence include, but are not limited to, the following:

a) Failing to provide a safe space in the fitting area of David's Bridal;

b) Failing to have precautionary warnings in the fitting area of David's Bridal;

c) Failing to properly train its alterations personnel and other personnel, including but not limited to John Doe No. 1, in David's Bridal;

d) Letting too many people in the small fitting room;

e) Negligently grabbing Davis's arm; and

f) Otherwise failing to exercise ordinary care under the circumstances.

21. As a proximate result of the afore-mentioned negligence, the Plaintiff, Candi Davis, sustained injuries as more fully set forth herein below.

### INJURIES AND DAMAGES APPLIES TO ALL DEFENDANTS

22. Plaintiff restates and incorporates each of the paragraphs contained herein and incorporates same by reference.

23. As a proximate result of the negligence of the Defendants, the Plaintiff, Candi Davis, sustained injuries, and other damages, including but not limited to:

a) painful and permanent personal injuries and should be compensated for the nature, duration, and permanency of her injuries;

b) medical expenses in the past and will incur medical expenses in the future, including the transportation required for treatment;

4

        c)      lost income and lost wages in the past and in the future;

        d)      loss of ability to earn;

        e)      disfigurement, scarring and other visible injuries; and

        f)      other consequential damages.

24.    Plaintiff demands a trial by jury.

25.    Plaintiff reserves the right to amend their complaint pending further discovery.

**WHEREFORE**, the Plaintiff, Candi Davis, prays for judgment of and from the Defendants, David's Bridal of Arkansas, Inc., doing business as David's Bridal Little Rock West AR; David's Bridal of Little Rock, Inc.; Melissa McDaniel; John Does Nos. 2-5; and John Doe Corporations Nos. 1-5, for an amount of money adequate to compensate them for the damages they have sustained with said amount of damages being in excess of that required for Federal Court jurisdiction in diversity of citizenship cases. Plaintiff further prays for costs, interest, and all other proper relief to which she may be entitled. Plaintiff further prays that she be granted a jury trial.

Respectfully submitted,

MINTON LAW FIRM
2610 Salem Road
Benton, AR 72019
(501) 794-0001 Telephone
(501) 274-0222 Facsimile

By:    /s/ Connie Grace
        Connie Grace Arkansas Bar No. 97101
        M. Justin Minton, Ark. Bar No. 2009112
        connie@justinmintonlaw.com
        justin@justinmintonlaw.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2025, a true and correct copy of the above and foregoing instrument was sent through the Court's e-flex filing system to:

Michael Vanderford vanderford@amhfirm.com

/s/ Connie Grace
Connie Grace

EXHIBIT "A"

## IN THE CIRCUIT COURT OF PULASKI COUNTY ARKANSAS
## CIVIL DIVISION

CANDI DAVIS                                                                              PLAINTIFF

vs.                              Case No. 60CV-24-8642

DAVID'S BRIDAL OF ARKANSAS, INC.
D/B/A DAVID'S BRIDAL OF LITTLE ROCK WEST AR;
DAVID'S BRIDAL of LITTLE ROCK, INC.;
MELISSA MCDANIEL;
JOHN DOES Nos. 2-5; and
JOHN DOE CORPORATIONS Nos. 1-5                                           DEFENDANTS

---

### AFFIDAVIT OF PLAINTIFF'S COUNSEL

---

COMES NOW, Connie Grace, of the Minton Law Firm, counsel of record for the Plaintiffs, and being of sound mind, legal age, and otherwise competent to testify, states that the following facts are true based on personal knowledge and observation:

1.      I am a licensed attorney in good standing in the State of Arkansas and one of the attorneys of record for the Plaintiff in the attached Complaint.

2.      Plaintiff has made reasonable efforts to obtain the individual names of the individuals who are likely additional Defendants in Plaintiff's Complaint.

3.      Plaintiff has made reasonable efforts to obtain the names of the entities who are likely to be additional Defendants in Plaintiff's Complaint.

4.      Because the identity of these individuals and entities are unknown, Plaintiff has designated John Does Nos.1 through 5, and John Doe Corporations Nos. 2-5 for the purpose of tolling the statute of limitation pursuant to Ark. Code Ann. §16-56-125.

5.      The pseudo-names will be substituted with the actual name upon further discovery, if applicable.

6.      Further, Affiant sayeth naught.

_____
Connie Grace, ABN 97101

## ACKNOWLEDGEMENT

STATE OF ARKANSAS)
COUNTY OF SALINE)

On this day, the 4th day of April, 2025, before me, the undersigned, a Notary Public, duly qualified and acting in and for the county and state aforesaid, personally appeared Connie Grace, to me well known to be the person whose signature appears in the foregoing instrument and stated that he had executed same for the consideration, uses and purposes therein stated.

_____
NOTARY PUBLIC

My Commission Expires:

10 / 26 / 2132

