| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Stephen J. Steinlight<br>TROUTMAN PEPPER LOCKE LLP<br>875 Third Avenue<br>New York, NY  10022<br>Telephone: (212) 704-6008<br>stephen.steinlight@troutman.com<br><br>James K. Donaldson, Esq.<br>　(*pro hac vice forthcoming*)<br>TROUTMAN PEPPER LOCKE LLP<br>1001 Haxall Point, Suite 1500<br>Richmond, VA  23219<br>Telephone: (804) 697-1200<br>jed.donaldson@troutman.com<br><br>*Counsel for David's Bridal, Inc.* |

| | |
|---|---|
| *In re*: | Chapter 11 |
| DAVID'S BRIDAL, LLC, *et al.*, | Case No. 23-13131-CMG |
| 　*Debtors*.[1] | (Jointly Administered) |
| | Hon. Christine M. Gravelle |

## ORDER GRANTING MOTION TO REOPEN

This matter is before the Court on the Motion to Reopen Main Chapter 11 Case (the "Motion"[2]) filed with the Court on June 17, 2026, by David's Bridal, Inc. (together with all affiliates and subsidiaries, the "Purchaser"), through counsel and pursuant to 11 U.S.C. §§ 105(a) and 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: David's Bridal, LLC (4563); DBI Midco, Inc. (7392); DBI Holdco II, Inc. (7512); DBI Investors, Inc. (3857); David's Bridal Canada, Inc. (N/A); and Blueprint Registry, LLC (2335). The location of debtor David's Bridal, LLC's principal place of business and the debtors' service address in these chapter 11 cases is 1001 Washington Street, Conshohocken, Pennsylvania 19428.

[2] Unless stated otherwise, capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

seeking entry of an Order reopening the above-captioned chapter 11 proceeding; and the Court

having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court

may enter a final Order consistent with Article III of the U.S. Constitution; and the Court having

found that venue of this proceeding and the Motion before this District is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found

that the relief requested in the Motion is proper under the circumstances; and the Court having

found that proper notice of the Motion and any hearing on the Motion has been given and no other

notice is necessary; and the Court having found that good and sufficient cause exists for the

granting of the relief requested in the Motion after due deliberation of the Motion and all of the

proceedings before the Court in connection with the Motion, it is **HEREBY ORDERED THAT**:[3]

1.      The Motion is **GRANTED**, as set forth in this Order.

2.      The lead chapter 11 case of David's Bridal, LLC, case number 23-13131 is

**REOPENED**.  No other case or proceeding of the Debtors' shall be reopened.

3.      Any requirement that one, or more, of the Debtors file with the Court—or otherwise

prepare, serve, or produce on any party, including to the Office of the U.S. Trustee—monthly

operating reports or other reports concerning operations, asset sales or dispositions, or financial or

tax status is **WAIVED** and **SUSPENDED**, until further Court Order.  All reporting requirements

imposed on the Debtors that ceased upon closure and dismissal of the Debtors' chapter 11

proceedings shall remain **SUSPENDED**, until further Court Order.

4.      Any fees, expenses, costs, or other assessments required to be paid by the Debtors,

---

[3] Where applicable, findings of fact shall be construed as conclusions of law, and conclusions of
law shall be construed as findings of fact.  *See* Fed. R. Bankr. P. 7052.

including, without limitation, quarterly fees due to the Office of the U.S. Trustee, that ceased upon closure and dismissal of the Debtors' chapter 11 proceedings shall remain **SUSPENDED**, until further Court Order.

5.      Pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, the Court finds and rules that: (A) the Purchaser is a proper party-in-interest to seek to reopen the above-captioned chapter 11 proceedings; and (B) the Purchaser has demonstrated sufficient and good cause to reopen the above-captioned Chapter 11 proceedings, and reopening the Chapter 11 proceedings is not futile and would not waste judicial resources.

6.      Any objections or responses to the Motion that have not been otherwise withdrawn, resolved, or deemed moot are hereby **OVERRULED**.

7.      The Purchaser is authorized to take all actions necessary to effectuate the relief granted in this Order and in accordance with the Motion.

8.      The Clerk's Office for the U.S. Bankruptcy Court for the District of New Jersey is directed to take all necessary action consistent with this Order to reopen the above-captioned chapter 11 proceedings, including, without limitation, to permit the filing of any contested matter and motion to enforce the Sale Order or any adversary proceeding.

9.      Any stay that would otherwise delay the effectiveness of this Order or the relief authorized by this Order is **WAIVED**, and this Order shall be deemed effective immediately upon entry on the Court's docket.

10.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from, or related to, the implementation, interpretation, or enforcement of this Order.